UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                    CASE NO.:  00 - 60 2 0

      Plaintiff,                          **CIV-FERGUSON**

                                             MAGISTRATE JUDGE

v.                                                     SNOW

AMERIJET INTERNATIONAL, INC.,

      Defendant.

_____/

## NOTICE OF REMOVAL

      AMERIJET INTERNATIONAL, INC., (hereinafter "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of this action to the United States District Court for the Southern District of Florida, and respectfully states as follows:

      1.     This is a petition for removal of an action filed by Plaintiff, PATRICK SCOTT MAJOR, in the Circuit Court of the 17th Judicial Circuit in and for Broward County Florida on December 22, 1999. The complaint filed in state court was served on Defendant on December 27, 1999.

      2.     Plaintiff's state court action specifically alleges two violations of the ADEA, 29 U.S.C. § 621 et seq., a Federal Statute, which raises federal question jurisdiction.

      3.     The Plaintiff's complaint alleges two violations under the Florida Whistle Blower Act, Fl. St. section 448.102 *et seq.* and two violations under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621 *et seq.* Specifically, Plaintiff alleges that Defendant violated the ADEA by not promoting Plaintiff and by retaliating against Plaintiff after he filed a complaint with the Equal Employment Opportunity Commission. Additionally,

69473_1

Plaintiff, alleges that Defendant violated the Florida Whistle Blower Act by terminating his employment because Plaintiff reported Defendant's alleged violations of federal law, including but not limited to Federal Aviation Administration regulations and refused to participate in Defendant's alleged violations of same.

4.     Pursuant to 28 U.S.C. § 1331 District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States.

5.     Pursuant to 28 U.S.C. § 1367(a) the District Court has supplemental jurisdiction over the Plaintiff's other claims as these are so related to the ADEA claims that they form part of the same case for which the District Court has original jurisdiction.

6.     Pursuant to 28 U.S.C. § 1441(a), Defendant may remove this State case to the United States District Court for the Southern District of Florida because the District Court has original jurisdiction over Plaintiff's ADEA claims and supplemental jurisdiction over Plaintiff's other claims.

7.     This Notice of Removal is filed with this Court within thirty (30) days of service of the Summons and Complaint on the Defendant, AMERIJET INTERNATIONAL, INC.

8.     Copies of all pleadings filed in the state court to date are attached hereto as Exhibit A and are incorporated herein by reference.

Date:   January  14  , 2000.

Respectfully submitted,

S. P. Norton

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

69473_1

**2**

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Telephone (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on this _14_ day of January, 2000 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE
WEIHE & JAMES, P.A.
500 East Broward Boulevard
Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

69473_1

**3**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## CIVIL COVER SHEET

The Civil Cover Sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

I.     **CASE STYLE:**
       Name of Court: 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

       Plaintiff: PATRICK SCOTT MAJOR

       CASE NO. _____
       JUDGE: _____                    **99021746**

       vs.

       Defendant: AMERIJET INTERNATIONAL, INC.

II.    **TYPE OF CASE:**    (Place "X" in one box only. If the case fits more than one type case, select the most definitive)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| ____ Simplified Dissolution | ____ Professional Torts | __ _ Contracts |
| ____ Dissolution | ____ Products Liability | ____ Condominium |
| ____ Support - IY-D | ____ Auto Negligence | ____ Real Property/ |
| ____ Support - Non- IY-D | ____ Other Negligence | ____ Mortgage |
| ____ URESA - IV-D | | ____ Foreclosure |
| ____ URESA - Non IY-D | | ____ Eminent Domain |
| ____ Domestic Violence | | __X__ Other |
| ____ Other Domestic Violence | | |

III.   **Is Jury Trial Demanded in Complaint?**

       __X__ Yes
       _____ No

DATE: December 22, 1999              **SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION**

                                     _Valerie Shea_

                                     Valerie Shea, Esq.
                                     Florida Bar No.: 436800
                                     HEINRICH GORDON HARGROVE
                                       WEIHE & JAMES, P.A.
                                     Attorneys for Plaintiff, PATRICK SCOTT MAJOR
                                     Broward Financial Centre, Suite 1000
                                     500 East Broward Boulevard
                                     Fort Lauderdale, FL 33394
                                     Phone:  (954) 527-2800
                                     Fax:    (954) 524-9481

G:\LAW\81975\002\Pleadings\civil cover sheet.doc

**EXHIBIT**

A



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION

CASE NO.    99021746

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL,
INC.

      Defendant.

_____/

## COMPLAINT

Plaintiff, Patrick Scott Major, sues defendant, Amerijet International, Inc., (Amerijet) and alleges:

1.    This is an action under the Florida Whistleblower Act, Fla. Stats. sections 448.102-.109; the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; and Fla. Stat. Chapter 760 (the Florida Civil Rights Act).

2.    Major is a resident of Broward County.

3.    Amerijet is a Florida corporation with its principal place of business in Broward County.

**4.**    Damages in excess of $15,000 are sought, together with injunctive and other equitable relief.

## GENERAL ALLEGATIONS

5.    Plaintiff Major was employed by Amerijet from March 1991 until September 1, 1999.

1

6.    Amerijet is a privately-owned company which has been in the air carrier business since 1974. Its primary business is the operation of all-cargo aircraft.

7.    Major started with Amerijet as a flight engineer and, in November 1994, was promoted to first officer.

8.    Major was periodically reviewed, and was always evaluated as satisfactory to superior in all areas.

9.    On several occasions in 1996, 1997, and 1998; and three times in 1999, Major applied for a promotion to the rank of captain. In each instance, Amerijet promoted younger pilots, with less seniority, to the position.

10.    In February 1999, Major filed a complaint with the EEOC and FCHR, alleging Amerijet discriminated against him, in the promotion process, on the basis of age. Major further alleged that he had been denied promotion due to having been vocal on prior occasions when Amerijet appeared to be cutting corners on safety.

11.    Immediately after Amerijet learned of the EEOC complaint, its management became hostile to Major and began to harass him. In April 1999, Major was falsely accused of having "stalked" another employee.

<u>June 8, 1999 Incident</u>

12.    On June 8, 1999, Major was first officer on Amerijet Flight 823 out of Miami, Florida, serving with Captain Brian Steele. It had rained 10 inches the previous 24 hours, and was still raining when the flight prepared for takeoff. The flight crew was furnished information that reflected the plane's gross weight was 195,300 pounds. On information and belief, the actual weight was greater by at least five thousand pounds.

13.     After taxiing out, air traffic control offered the flight runway RW-12; a runway declined by a Continental 727 immediately ahead of Amerijet 823. Major declined that runway and requested permission to take off from the longest runway to which the Continental flight had just been re-routed. Captain Steele became angry at Major and insisted that he radio back and accept the shorter runway. Major refused; and after some tense moments the flight was cleared to depart from the longer runway.

14.     Amerijet departed on 9L, the longer runway, using nearly all of it before becoming airborne. Given the plane's excessive weight and runway conditions, use of the shorter runway may well have resulted in an accident.

15.     Captain Steele complained to Amerijet's chief pilot, Derry Huff, concerning Major; and Major submitted written and oral reports as to the incident.

16.     Major expressed concern about the facts that Amerijet was relocating to the Ft. Lauderdale airport, with even shorter runways; and that Amerijet's protocols did not adequately address wet runway takeoff performance limits.

August 17, 1999 Incident

17.     On August 17, 1999, Major was again assigned to fly with Captain Brian Steele, on Amerijet Flight 827 out of Ft. Lauderdale.

18.     The conditions were again bad. There was intermittent heavy rain on the field, large puddles of water throughout the ramp area, and surrounding thunderstorms.

19.     Major recommended that the crew assume a condition of standing water on the runway, requiring a significant weight and decision speed (V-1) reduction. This would have delayed the flight, and was rejected by Captain Steele and the check airman on board.

3

20.     Using the weight and speed reductions is mandatory when there is an official report of standing water. Here, just prior to being cleared for takeoff, the tower reported that there was standing water. Pursuant to federal aviation regulations, this mandated that the flight comply with the reduced weight and decision speed calculations Major had provided. Amerijet's captain, however, advanced the throttles, released the brakes and commenced takeoff before Major could ask for permission to taxi clear of the runway.

21.     The takeoff of Amerijet Flight 827 exceeded aircraft performance limitations and violated FAA regulations, including but not limited to 14 C.F.R. § 91.9; 91.13; 91.103; 91.605; 121.189; 121.537; 121.599; and 121.603. It endangered life and property by taking off from a wet runway in an aircraft that weighed fifteen thousand pounds more than the maximum specified for the circumstances, and into conditions ripe for wind shear.

22.     The following day, Major furnished a written report of the incident to Amerijet's chief pilot and Director of Operations; requesting that it be copied to the company's safety officer.

23.     Major said in the report that he had submitted a copy of it to the NASA Aviation Safety Reporting System; however, in fact, he held it to allow Amerijet time for corrective action.

24.     Major sent a copy of his report to David Bassett, CEO and Designated Safety Officer, on August 25, 1999.

25.     Immediately on receipt of Major's report, Huff ordered Major removed from the schedule.

26.     On September 1, 1999, Major was abruptly terminated from employment, for the stated reason that Amerijet lost confidence in his ability to perform the duties of an airman.

27.     Major filed a second EEOC/FCHR complaint, alleging his termination was in retaliation for his initial EEOC complaint. On December 7 and 8, 1999, the EEOC issued rights-to-

sue with respect to both charges.  Major has satisfied all administrative prerequisites

claims.

28.    Major has satisfied all administrative prerequisites to his FCRA claim f

raised in his first EEOC charge.  Pursuant to Florida Statutes, Major must wait until

prosecute an FCRA claim for his retaliatory firing and other matters raised in his s

Major advises the Court and Amerijet that he intends to amend his complaint to add ar

for the second charge issues at that time.

## COUNT I
### Violation of The Florida Whistleblower Act,
### Section 448.102 (1), Florida Statutes

29.    This is an action for Amerijet's violations of section  448.102 (1), Flo

Paragraphs 1-28 are incorporated by reference.

30.    Amerijet took retaliatory personnel action against Major because Major di

warning that he would disclose, Amerijet's practices that violated federal law, inclu

limited to FAA regulations.

31.    Plaintiff's report to NASA was not made until he had made two writt

Amerijet concerning the same policy and practice; and had afforded Amerijet

opportunity to correct the practice.

32.    Amerijet's refusal to promote Major, and its abrupt termination of h

retaliation for his complaints concerning unsafe and illegal practices at Amerijet.

WHEREFORE, plaintiff demands the remedies of section 448.103 (3) as follow

(a)    an injunction against Amerijet's continued violation of the subject acts;

(b)    reinstatement of his position;

(c)    reinstatement of full fringe benefits and seniority rights;

(d)    compensation for lost wages, benefits, and other remuneration;

(e)      other compensatory damages including but not limited to damages to reputation;

embarrassment, mental anguish and humiliation;

(f)      attorney's fees and costs pursuant to section 448.104, Florida Statutes;

(g)      plaintiff reserves the right to amend to add a claim for punitive damages; and

(h)      all other interests, costs, or damages allowable in law or equity.

**COUNT II**
**Violation of The Florida Whistleblower Act,**
**Section 448.102 (3), Florida Statutes**

33.      This is an action for Amerijet's violation of section 448.102(3), Florida Statutes. Paragraphs 1 - 28 are incorporated by reference.

34.      Major objected to, or refused to participate in, activities, and practices of Amerijet which violated federal law, including but not limited to FAA regulations. Specifically, on June 8 and August 17, 1999, Major objected to Amerijet's overweight takeoff under unsafe conditions; a practice of Amerijet that violates federal regulations.

35.      Major's Amerijet employment was terminated in retaliation for his objection to, and refusal to participate in, the illegal activities and practices directed by Amerijet in the June and August 1999 incidents; as well as for his earlier complaints and opposition to directions which would require him to violate federal regulations.

WHEREFORE, plaintiff demands the remedies of section 448.103 (3) as follows:

(a)      an injunction against Amerijet's continued violation of the subject acts;

(b)      reinstatement of his position;

(c)      reinstatement of full fringe benefits and seniority rights;

(d)      compensation for lost wages, benefits, and other remuneration;

6

(e)     other compensatory damages including but not limited to damages to reputation embarrassment, mental anguish and humiliation;

(f)     attorney's fees and costs pursuant to section 448.104, Florida Statutes;

(g)     plaintiff reserves the right to amend to add a claim for punitive damages; and

(h)     all other interests, costs, or damages allowable in law or equity.

## COUNT III
### Violation of Age Discrimination in Employment Act,
### 29 U.S.C. §§ 621-634

36.     This is an action for Amerijet's violations of the Age Discrimination in Employment Act, U.S.C. §§ 621-634;  as amended by the Older Workers' Benefits Protection Act of 1990 Paragraphs 1 through 28 are incorporated by reference.

37.     Major was born in 1953 and is therefore in the protected class of workers older than age 40.

38.     Between 1996 and 1999, Major applied to be promoted to captain at Amerijet.

39.     Major at all times was eligible for promotion to the position of captain.  As of December 1998, Major was fully qualified for the position of captain.

40.     Major was not promoted.  Amerijet promoted younger employees who are not in the protected class; who are junior to Major; and whose qualifications are inferior to Major's.

41.     Amerijet's failure to promote Major is due to a pattern and practice of age discrimination.

WHEREFORE, plaintiff demands the remedies of section 448.103 (3) as follows:

(a)     an injunction against Amerijet's continued violation of the subject act;

(b)     reinstatement of Major and promotion to the position of captain;

(c)     award of  full fringe benefits and seniority rights associated with the position;

(d)     compensation for  back pay and front pay;

7

(e)    liquidated damages based on Amerijet's willful violation;

(f)    attorney's fees and prejudgment interest and all costs; and

(h)    all other relief as the court deems just.

## COUNT IV
### Violation of the ADEA Anti-Retaliation Provision

42.    This is an action for violation of the ADEA anti-retaliation provision, 29 U.S.C. §623(d). Paragraphs 1 through 28 are incorporated by reference.

43.    Major opposed unlawful age discrimination practices at Amerijet, and made a charge to the EEOC.

44.    Following the EEOC complaint, Major suffered adverse employment action by being harassed, intimidated, subjected to a hostile work environment and eventually by being terminated.

45.    Major's termination, and the other conduct described above, was causally related to his statutorily protected activity.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a)    an injunction against Amerijet's continued violation of the subject acts;

(b)    reinstatement of Major to his position as a first officer;

(c)    reinstatement of full fringe benefits and seniority rights;

(d)    compensation for lost wages, benefits, and other remuneration;

(e)    other compensatory damages including but not limited to damages for mental pain and suffering;

(f)    attorney's fees and the costs of this action; and

(g)    plaintiff reserves the right to amend to add a claim for punitive damages.

## COUNT V
### Violation of Florida Civil Rights Act, Fla. Stats. Chapter 760

46.    This is an action for violation of Florida Civil Rights Act, §§ 760-01-.11, Florida Statutes. Paragraphs 1 through 28 are incorporated by reference.

47.    Major was born in 1953 and is therefore in the protected class of workers older than age 40.

48.    Between 1996 and 1999, Major applied to be promoted to captain at Amerijet.

49.    Major at all times was eligible for promotion to the position of captain. As of December 1998, Major was fully qualified for the position of captain.

50.    Major was not promoted. Amerijet promoted younger employees who are not in the protected class; who are junior to Major; and whose qualifications are inferior to Major's.

51.    Amerijet's failure to promote Major is due to a pattern and practice of age discrimination.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a)    an injunction prohibiting age discrimination;

(b)    an order providing affirmative relief from the effects of prior age discrimination, including back pay;

(c)    compensatory damages, including but not limited to damages, for mental anguish, loss of dignity, and other intangible injuries;

(d)    punitive damages pursuant to §760.11(5);

(e)    costs and attorney's fees; and

(f)    such other relief as the court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY .

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394
Telephone: 954/527-2800; fax: 954/524-9481

By: _Vmarez Stta_____
 VALERIE SHEA
 Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\complaint.doc

10

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION

CASE NO. 99021746

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL,
INC.

    Defendant.

_____/

### PLAINTIFF, PATRICK SCOTT MAJOR'S, NOTICE OF PROPOUNDING FIRST SET OF INTERROGATORIES TO PLAINTIFF

    Plaintiff, Patrick Scott Major, by and through his undersigned attorney, pursuant to Rule

1.350, Fla.R.Civ.P., propounds the following interrogatories be answered by Plaintiff fully and in

writing within forty-five (45) days after service.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served simultaneously with the
complaint, to: Amerijet International, Inc., 498 S. W. 34 Street, Ft. Lauderdale, FL 33315.

HEINRICH GORDON HARGROVE
   WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394
Telephone: 954/527-2800; fax: 954/524-9481

By: _Valerie Shea_____
   VALERIE SHEA
   Florida Bar No. 436800

1

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

## DEFINITIONS AND INSTRUCTIONS

A.    The term "you" as used in these interrogatories means Defendant, Amerijet International, Inc., its agents, employees, and/or assigns, and includes any and all persons or entities under its control or direction and any and all records held by said entities or persons.

B.    The term "documents" shall mean any written, printed, typed, photographed or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, non-identical copies and drafts and both sides thereof, and including, but not limited to, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, charts, manuals, brochures, schedules, memoranda, notes, reports, studies, work papers, bills of sale, bills of lading, transcripts, minutes, evaluations, analyses, summaries, records and recordings of telephone or other conversations, statements, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printout, data processing input or output, and all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated by you, in your possession, custody or control, or of which you have knowledge.

C.    "All documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent search.

D.    "Concerning" includes referring to, responding to, relating to, connected with, supporting, memorializing, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying or constituting.

E.    "Identify" with respect to a person means that you will provide his or her name,

2

present or last known address, phone number, current and relevant former employment, similar identifying information.  If the person is not a natural person, state whether such entity a corporation, partnership or other organization, its name, present or last known address, phone number, and similar identifying information.

F.    "Identify" with respect to a document means that you will describe the type document (such as letter, memorandum, report, and so on), its date, the name of its addressee addresses, the name of its signer or signers or author or authors, the identity of the person entity having possession or custody of the original document (or, if the original is unavailab the most legible copy), and any similar identifying information.

G.    Please insert your Answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your Answer on a separate paper and attach.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION

CASE NO.

99021746

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL,
INC.

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE
## TO DEFENDANT

Plaintiff, Patrick Scott Major, by and through his undersigned attorney, pursuant to Rule
1.350, Fla.R.Civ.P., hereby requests the Defendant, Amerijet International, Inc., to produce the
items and matters hereinafter set forth at the law offices of the undersigned attorneys within forty-
five (45) days:

## DEFINITIONS

A.     The term "you" as used in this request to produce means Defendant, Amerijet
International, Inc., its agents, employees, and/or assigns, and includes any and all persons or entities
under its control or direction and any and all records held by said entities or persons.

B.     The term "documents" shall mean any written, printed, typed, photographed or other
demonstrative material, however produced or reproduced, of any kind or description, whether or not
sent or received, including originals, non-identical copies and drafts and both sides thereof, and

including, but not limited to, papers, books, letters, correspondence, telegrams, bi

announcements, charts, manuals, brochures, schedules, memoranda, notes, reports

papers, bills of sale, bills of lading, transcripts, minutes, evaluations, analyses. sum

and recordings of telephone or other conversations, statements, contracts, agreen

statistical records, desk calendars, appointment books, diaries, lists, tabulations, sou

computer printout, data processing input or output, and all other records kept

photographic or mechanical means, and things similar to the foregoing, however d

you, in your possession, custody or control, or of which you have knowledge.

C.      "All documents" means every document or group of documents as

that are known to you or that can be located or discovered by reasonably diligent searc

D.      "Concerning" includes referring to, responding to, relating to, cc

supporting, memorializing, regarding, discussing, analyzing, evidencing, showi

describing, reflecting, implying or constituting.

E.      "Identify" with respect to a person means that you will provide his

present or last known address, phone number, current and relevant former employme

identifying information.    If the person is not a natural person, state whether su

corporation, partnership or other organization, its name, present or last known a

number, and similar identifying information.

F.      "Identify" with respect to a document means that you will describ

document (such as letter, memorandum, report, and so on), its date, the name of its

addresses, the name of its signer or signers or author or authors, the identity of the pe

having possession or custody of the original document (or, if the original is unavaila

legible copy), and any similar identifying information.

## **REQUEST FOR PRODUCTION**

1.      Every file or document of any kind maintained by defendant with respect to Pat

Major, including but not limited to:

     a)     his personnel file;
     b)     his complete training records;
     c)     any supervisory file or other file maintained by any manager
              or executive at Amerijet;
     d)     all performance appraisals;
     e)     any disciplinary records; and
     e)     all proficiency reports.

2.      Any and all documentation concerning "stalking" by Major of any Ameri employee.

3.      Any documents setting forth the policies or requirements for filling the position captain at Amerijet from January 1, 1996 – September 1, 1999.

4.      Any documents concerning Major's qualifications or lack of qualifications to b captain at Amerijet between January 1, 1996 and September 1, 1999.

5.      All crewmember seniority lists for Amerijet between January 1, 1996 and Septemi 1, 1999.

6.      All documents concerning upgrades of existing employees to the rank of capt: between January 1, 1996 and September 1, 1999; including but not limited to all job opportun bulletins; upgrade bid sheets; all notifications of bid awards; and upgrade bids awarded.

7.      The tape, and any transcription of the tape, of the meeting between Major, Huff a John Washington, Jr. on September 1, 1999.

8.      All paperwork for Amerijet Flight 823 on June 8, 1999; including but not limited t
     a)     the aircraft log;
     b)     flight release form;
     c)     weight and balance record;
     d)     cargo manifest;
     e)     fuel receipts;
     f)     airway bills; and
     g)     freight management reports (FMR).

Copies are requested of **each** of the three retained versions of the flight log: t white, pink, and yellow.

# IN THE CIRCUIT COURT OF THE
## SEVENTEENTH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

PATRICK SCOTT MAJOR,                          )                    99021746        **11**
                                              )
    Plaintiff,                                )
                                              )          CASE NO.: _____
v.                                            )
                                              )          JUDGE: _____
AMERIJET INTERNATIONAL, INC.,                 )
                                              )
    Defendant.                                )
_____ )

C. R-P.I.
## SUMMONS

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons, a copy of the Complaint, Plaintiff's First Request to Produce to Defendant, and Plaintiff's First Set of Interrogatories in this lawsuit on Defendant:

### AMERIJET INTERNATIONAL, INC.

by serving the registered agent:

        **Miami Center Registered Agents, Inc.**
        **201 South Biscayne Boulevard**
        **Suite 1700**
        **Miami, Florida 33131**

Defendant is required to serve written defenses to the Complaint on attorney for the Plaintiffs named below:

        VALERIE SHEA, ESQ.
        HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.
        500 E. Broward Boulevard, Suite 1000
        Fort Lauderdale, Florida 33394
        Telephone: (954) 527-2800; Fax: (954) 524-9481

within **20** days after service of the Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If the Defendant fails to do so, default will be entered against that Defendant for relief demanded in the Complaint.

WITNESS my hand and seal of said Court as Clerk of said Court by:

DATED on _____, 19___.

(SEAL)

ROBERT E. LOCKWOOD
AS CLERK OF THE COURT

By: _____
As Deputy Clerk

DEC 2 2 1999

Valerie Shea, Esq.
Florida Bar No. 436800
Heinrich Gordon Hargrove
   Weihe & James, P.A.
Attorneys for Plaintiff
500 East Broward Blvd., Suite 1000
Fort Lauderdale, FL 33394
(954) 527-2800 (telephone)
(954) 524-9481 (facsimile)

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recit
notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribu
llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defer
presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de l
interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y p
despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del
Existen otros requisitos legales.    Si lo desea, puede usted consultar a un
inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de a
legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que pr
respuesta ante el bribunal, debera usted enviar por correo o entregar una copia de su re
la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abc
Demandante).

VALERIE SHEA, ESQ.
HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.
500 E. Broward Boulevard, Suite 1000
Fort Lauderdale, Florida  33394
Telephone:  (954) 527-2800

3

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

VALERIE SHEA, ESQ.
HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.
500 E. Broward Boulevard, Suite 1000
Fort Lauderdale, Florida  33394
Telephone:  (954) 527-2800

G:\LAW\81975\002\Pleadings\summons.doc

VERIFIED

Case Number: **99021746 (11,**               **BROWAR. CIRCUIT COURT CACE**

PLAINTIFF.,:
**PATRICK SCOTT MAJOR,**
    vs.
DEFENDANT.,:
**AMERIJET INTERNATIONAL, INC.,**

For:
**VALERIE SHEA, ESQ.**
**HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.**

Received by Burke Investigative, Process Service on **12/22/99** to be served on
**AMERIJET INTERNATIONAL, INC., by serving the registered agent: Miami Center
Registered Agents, Inc., 201 South Biscayne Boulevard, Suite 1700, Miami, FL 33131.**
I, _PK Perry #271_ , who, being duly sworn, depose and say that on the
_27_ day of _Dec_ , 19_99_ at _10:49_ a.m., executed service by delivering a true
copy of the **SUMMONS, COMPLAINT, REQUEST TO PRODUCE, INTERROGATORIES,** in accordance
with state statutes in the manner marked below.

( )   **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant/Witness) a true copy of
this writ with the date and hours of service endorsed thereon by me and a copy of the
Plaintiff's complaint, petition or initial pleading.

( )   **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of
service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished
by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with
any person residing the age of 15 years or older to wit: _____
_____, or _____
to_____ spouse of defendant, at _____
_____, or to _____ manager of
defendant business _____ and informing such person of their
contents pursuant to: []F.S.48.031., []F.S.48.031(2)(a), []F.S.48.031(2)(b).

(X)   **CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's
initial pleading to _____ as _____
_____ of said corporation in the absence of any superior officer as
defined in F.S. 48.081, or by serving _____ as an employee of
defendant corporation in compliance with F.S. 48.081 (3) or by serving _____
_STEVE PERETZ / Miami Center_ as registered agent in compliance with
F.S. 48.091.   _Registered Agents Inc_

( )   **PARTNERSHIP SERVICE:** By serving _____, partner, or to
_____ a designated employee or person in charge of _____
partnership.

( )   **POSTED:**___**COMMERCIAL,**___**RESIDENTIAL, 1ˢᵗ Attempt_____/___**AM PM**2ⁿᵈ Attempt_____/_____**AM PM

( )   **NO SERVICE:** For the reason that after diligent search and inquiry failed to
find said _____ in _____County, Florida.

COMMENTS: _____
_____
_____

Subscribed and Sworn to before me
on the _28_ day of _December_
1999 by the affiant who is
personally known to me.

NOTARY PUBLIC
Commission Expires:

OFFICIAL NOTARY SEAL
RYAN C BURKE
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC759042
MY COMMISSION EXP. AUG. 3,2002

_PR Per #271_

PROCESS SERVER # ___271___
Appointed in accordance with State
Statutes
**Burke Investigative, Inc.**
**P.O. Box 4490**
**Fort Lauderdale, FL 33338**
**(954) 522-6194**

# CIVIL COVER SHEET

00-6070

CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Patrick Scott Major

**DEFENDANTS**

AmeriJet International, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

A-Broward  00cv6070  Ferguson / Snow

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Allen, Norton & Blue, P.A.
121 Majorca, Third Floor
Coral Gables, Fl 33134 Ph: (305) 445-7801

ATTORNEYS (IF KNOWN)
Susan Potter Norton
Stephen P. Santiago

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. 621 et.seq. Age Discrimination in Employment Act
Failure to promote and termination.

**IVa.** 5 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS — PERSONAL INJURY | B FORFEITURE / PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending  B | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits  B | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure  B | ☒ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A  CLASS ACTION  ☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
01/14/2000

SIGNATURE OF ATTORNEY OF RECORD
Stephen P. [signature]

Amount: 150 oc

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____
Date Paid: 1/18/00

M/fp: _____