UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,

    Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11

## MOTION FOR REMAND WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, pursuant to 28 U.S.C. § 1447(c), moves the Court for the entry of an order remanding this case to state court, and as grounds states:

1. In its notice of removal dated January 14, 2000, defendant states that federal jurisdiction exists in that plaintiff's state court action alleges violations of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §1621 et. seq. Defendant alleges original jurisdiction as to these claims exists pursuant to 28 U.S.C. §1331.

2. Defendant acknowledges that plaintiff's complaint also alleges violations under the Florida Whistleblower Act, and states that these are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. As demonstrated in the memorandum which follows, claims under the Fair Labor Standards Act are not removable to federal court. As the ADEA is part of that Act, ADEA claims are not removable. Because there is no federal question jurisdiction, the Court should decline to exercise supplemental jurisdiction.



1

## MEMORANDUM OF LAW

The exact issues presented here were recently before the Middle District in <u>Lemay v. Budget Rent-A-Car Systems, Inc.</u>, 993 F.Supp. 1448 (M.D. Fla. 1997). There, the district court remanded an action which included both an ADEA claim, and a claim which would fall into the court's supplemental jurisdiction, on grounds that the ADEA claim, if instituted in state court is legislatively mandated to be maintained there.

<u>Lemay</u> cites a number of cases which have analyzed the removability of an ADEA claim, and acknowledges that there is no Eleventh Circuit or Supreme Court case decision concerning this issue. However, Lemay follows the Eighth Circuit and other courts which have held that, due to certain language in the Fair Labor Standards Act, an ADEA claim is not subject to removal. This is so because the ADEA remedies provision, section 626(b), expressly adopts certain provisions of the Fair Labor Standards Act, 29 USC §201-219. In pertinent part, the FLSA holds that "an action may be **maintained** against any employer...in any federal or state court of competent jurisdiction." 29 U.S.C. §216 (emphasis added). By this language, Congress provided that an FLSA claim would be continued in the same court in which it was commenced. Numerous cases construing the statute have so held. See 993 F.Supp. at 1449, n.1. The <u>Lemay</u> court also analyzed the policy reasons against removing FLSA claims. Finally, it declined to exercise supplemental jurisdiction over the FCRA claim, which accompanied the claim in that case. The court relied on 28 U.S.C. section 1367(c)(3), which states that a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. Since the ADEA claim was not removable and there was no original jurisdiction over the FCRA claim, complete remand was proper.

2

## CONCLUSION

Plaintiff, Patrick Scott Major, respectfully requests that the Court enter an order remanding this case to state court, on grounds that the ADEA claim is not removable and that original jurisdiction over the FCRA claim is lacking.

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing instrument was furnished via U.S. Mail to Susan Potter Norton, Esq., Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Third Floor, Coral Gables, Florida 33134, this 21st day of January, 2000.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:  954-527-2800
Facsimile:  954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\Mtn for Remand.doc