UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR     CASE NO.: 00-6070-CIV-FERGUSON
            Plaintiff,                              Magistrate Judge Snow

v.

AMERIJET INTERNATIONAL, INC.,

            Defendants.
_____/



## MOTION TO AMEND
## DEFENDANT'S MOTION TO DISMISS COUNTS I AND V OF
## PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

     COMES NOW Defendant, AMERIJET INTERNATIONAL INC., (hereinafter "Defendant"), by and through its undersigned, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules for the United States District Court for the Southern District of Florida, hereby files this Motion to Amend its Motion to Dismiss Counts I and V of Plaintiff's Complaint and in support thereof states as follows:

     1.      Defendant served its Motion to Dismiss on January 31, 2000.

     2.      Defendant inadvertently cited to Federal Rule of Civil Procedure 12(b)(3) as the basis for its Motion to Dismiss.

     3.      Defendant's Motion to Dismiss is amended to reflect the correctly cited Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, as the basis of its motion. A copy of the amended Motion to Dismiss is attached.



4. Although Defendant inadvertently cited to the incorrect Federal Rule of Civil Procedure for the basis of its motion, Defendant is not amending its arguments or supporting Memorandum of Law as these correctly address Federal Rule of Civil Procedure 12(b)(6).

5. On February 1, 2000, the undersigned spoke with Plaintiff's attorney, Ms. Valerie Shea, who stated she had no opposition to Defendant's Motion to Amend.

WHEREFORE, Defendant respectfully requests that its Motion to Amend its Motion to Dismiss be granted.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this ___ day of February, 2000 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
  WEIHE & JAMES
500 East Broward Boulevard
Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

70049_1                                2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.
_____/

CASE NO.: 00-6070-CIV-FERGUSON
Magistrate Judge Snow

### DEFENDANT'S MOTION TO DISMISS COUNTS I AND V OF PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Defendant, AMERIJET INTERNATIONAL INC., (hereinafter "Defendant"), by and through its undersigned, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, hereby files this Motion to Dismiss Counts I and V of Plaintiff's Complaint and in support thereof states as follows:

1. Plaintiff has filed a Complaint against Defendant, a private sector employer, under Fla. Stat. § 448.102(1), Private Whistleblower's Act.

2. Plaintiff reported Defendant to the National Aeronautics and Space Administration (Aviation Safety Reporting System), (hereinafter "NASA (ASRS)"), an agency that is not charged with the enforcement of laws, rules, or regulations.

3. Since NASA (ASRS) is not an agency charged with the enforcement of laws, rules, or regulations, Count I of Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

69888_1

4. In order to sustain an action under Fla. Stat. § 448.102(1) Plaintiff must disclose or threaten to disclose the employers' violation to any appropriate governmental agency.

5. An appropriate government agency is defined in Fla. Stat. § 448.101(1) as an agency of government charged with the enforcement of laws, rules, or regulations governing an activity, policy, or practice of an employer.

6. NASA (ASRS) is an agency that was established to collect information on safety in order to assist the Federal Aviation Administration (hereinafter "FAA") in evaluating and enhancing safety throughout the Airline industry, not to enforce any law, rule, or regulation.

7. Count V Plaintiff's Complaint alleges a violation under Fla. Stat. § 760, the Florida Civil Rights Act.

8. Plaintiff correctly acknowledges that he is barred from filing a complaint alleging a Florida Civil Rights violation until April 2000, therefore, Count V of Plaintiff's Complaint should be dismissed without prejudice.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss Counts I and V of Plaintiff's Complaint.

## MEMORANDUM OF LAW

I. **Since Plaintiff Filed His Disclosure With NASA (ASRS), A Government Agency That Is Not Charged With The Enforcement A Law, Rule, Or Regulation, He Has Failed To State A Claim Under Fla. Stat. § 448.102(1) Upon Which Relief Can Be Granted**

There is a paucity of Florida case law interpreting exactly what is an appropriate governmental agency. Nor does a review of the legislative history give any insight into this novel question of an appropriate government agency. In the absence of such, we look to the principles of statutory construction. Under a statutory construction analysis the legislative intent

69888_1

2

is determined from the language of the statute. *Haynes v. Shoney's, Inc.*, 803 F.Supp 393 (N.D. Fla. 1992). A cardinal rule of statutory construction is that the language of the statute should be interpreted in accordance with its ordinary and common meaning. *Gonzales v. Garner Food Services, Inc.*, 89 F.3d 1523 (11th Cir. 1996). Furthermore, absent clearly expressed legislative intent to the contrary, the plain language of the statute should be conclusive. *Id.*

The language of the statute is unambiguous. The legislature defined an appropriate government agency as:

> ...any agency of government *charged with the enforcement of* laws, rules, or regulations governing an activity, policy, or practice of an employer. (emphasis added)

Fla. Stat. § 448.101(1). Black's Law Dictionary defines enforcement as "the act or process of compelling compliance with a law, mandate or command." *Black's Law Dictionary* (7th ed. 1999).

The Plaintiff has filed a claim under the Private Sector Whistleblower Fla. Stat. § 448.102(1) that states in pertinent part that an employer may not take retaliatory personnel action against an employee if the employee has:

> (1) Disclosed, or threatened to disclose, *to any appropriate governmental agency*, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation...(emphasis added).

In order to state a claim under § 448.102(1) the Plaintiff must give written notice to the employer to allow the employer a reasonable opportunity to correct the alleged violation prior to sending a written complaint to "an appropriate government agency." *The Golf Channel v. Martin Jenkins*, 2000 Fla. Lexis 9. Here, Plaintiff relies on his reporting to NASA (ASRS), an agency that is not

69888_1

3
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

*charged with* the enforcement of a law, rule, or regulation, as the basis for establishing a claim under Count I. (Complaint ¶ 23).

NASA (ASRS) was established in 1976 to replace the FAA Aviation Safety Reporting System. *Aviation Safety Reporting Program* 41 Fed. Reg. 15903 (attached as exhibit 1). The purpose of the reporting system is to identify, prevent or correct unsafe conditions before they occur. The reason the reporting system was placed in the hands of NASA was to ensure the anonymity and to underscore the FAA's commitment to waive disciplinary action in cases covered by the NASA (ASRS) program. *Id.* In otherwords, to encourage the aviation community to report unsafe conditions without fear of reprisal by the FAA, an enforcement agency.

To effectuate the free flow of information, no reports submitted on or after April 15, 1976 will be used by, or be made available to the FAA for disciplinary purposes, unless there is a criminal violation or an accident. *Id.* Furthermore, all disciplinary action will be waived against the person submitting the report and against any other person mentioned in the report. *Id.* To further ensure anonymity and prevent against FAA disciplinary action, NASA (ASRS) is required to "de-identify," within twenty-four (24) to forty-eight (48) hours, all information contained in the reported incident that identifies the person(s) filing the report and any other person mentioned in the report. *Id.*

Plaintiff alleges that as a result of his report to NASA (ASRS) Defendant retaliated against him. However, NASA (ASRS) is not an agency charged with the enforcement a law, rule, or regulation. In fact, NASA (ASRS) was created to do exactly the opposite of an enforcement agency; it is *charged with* protecting all parties involved in a report by "de-

69888_1

4

identifying" all names and withholding the report from the FAA. Since NASA (ASRS) is not an enforcement agency as defined by the statute, Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

II. **Plaintiff Is Barred From Filing A Florida Civil Rights Act Violation Because The 180 Day Time-Limit Has Not Expired**

Plaintiff acknowledges that his Florida Civil Rights Act (hereinafter "FCRA") claim is not ripe. (Complaint ¶ 28). The FCRA requires that a complainant must wait 180 days after filing the complaint with the Commission before the complainant's right to bring a civil action accrues. Fla. Stat. § 760.11(3). Since Plaintiff has not satisfied the administrative remedies of the FCRA, Count V of Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss Counts I and V of Plaintiff's Complaint.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this __1__ day of February, 2000 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard
Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney