UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

CASE NO. 00-6070-CIV-FERGUSON
Magistrate Judge Snow

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Amerijet International Inc., (hereinafter "Defendant"), by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof states as follows:

#### JURISDICTION AND VENUE

1. Defendant admits the allegations in paragraph 1.

2. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2, therefore, denies same.

3. Defendant admits the allegations paragraph 3.

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4, therefore, denies same.

#### GENERAL ALLEGATIONS

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant admits that Plaintiff filed a complaint with the EEOC and FCHR, but denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

### JUNE 8, 1999 INCIDENT

12. Defendant admits Plaintiff was the first officer on Flight 823, but is without sufficient knowledge to admit or deny the remaining allegations in paragraph 12, therefore, denies same.

13. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13, therefore, denies same.

14. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 14, therefore, denies same.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

### AUGUST 17, 1999 INCIDENT

17. Defendant admits the allegations in paragraph 17.

18. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18, therefore, denies same.

19. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19, therefore, denies same.

20. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20, therefore, denies same.

21. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 21, therefore, denies same.

22. Defendant admits the allegations in paragraph 22.

23. Defendant admits that Plaintiff said he was submitting a copy of the report to NASA Aviation Safety Reporting System, but denies remaining allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies that Plaintiff was abruptly terminated, but admits the remaining allegations in paragraph 26.

27. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 27, therefore denies same.

28. Defendant denies the allegations in paragraph 28.

## COUNT I
### Violation of Florida Whistle Blower Act,
### Section 448.102(1), Florida Statutes

29. Defendant readopts and realleges its answers contained in paragraphs 1 - 28.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

Defendant denies Plaintiff is entitled to any relief requested under the WHEREFORE clause.

69675_1

3

## COUNT II
### Violation of Florida Whistle Blower Act, Section 448.102(3), Florida Statutes

33. Defendant readopts and realleges its answers contained in paragraphs 1 - 28.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

Defendant denies Plaintiff is entitled to any relief requested under the WHEREFORE clause.

## COUNT III
### Violation of Age Discrimination in Employment Act, 29 U.S.C. §§ 621 – 634

36. Defendant readopts and realleges its answers contained in paragraphs 1 - 28.

37. Defendant admits the allegations in paragraph 37.

38. Defendant admits the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits that Plaintiff was not promoted, but denies the remaining allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

Defendant denies Plaintiff is entitled to any relief requested under the WHEREFORE clause.

## COUNT IV
### Violation of the ADEA Anti-Retaliation Provision

42. Defendant readopts and realleges the allegations contained in paragraphs 1-28.

43. Defendant admits Plaintiff made a charge to the EEOC, but denies the remaining allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

Defendant denies Plaintiff is entitled to any relief requested under the WHEREFORE clause.

## COUNT V
### Violation of Florida Civil Rights Act, Fla. Stats. Chapter 760

46. Defendant readopts and realleges the allegations contained in paragraphs 1 - 28.

47. Defendant admits the allegations in paragraph 47.

48. Defendant admits the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant admits Plaintiff was not promoted, but denies the remaining allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

Defendant denies that Plaintiff is entitled to any of the relief requested under the WHEREFORE clause.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiff's allegations fail to state a claim upon which relief may be granted.

2. All of Defendant's actions with regard to Plaintiff were motivated by legitimate non-discriminatory reasons unrelated to Plaintiff's age or his EEOC complaint.

3. Assuming *arguendo*, Plaintiff's age was a factor in the employment decision Defendant made with regard to Plaintiff, Defendant would have made the same employment decision notwithstanding Plaintiff's age.

4. Assuming *arguendo*, Plaintiff is entitled to recovery on the claims presented, Plaintiff's recovery must be offset by Plaintiff's failure to mitigate damages.

5. Plaintiff has failed to satisfy all conditions precedent.

6. Plaintiff has failed to exhaust all administrative remedies.

7. Plaintiff has failed to show that Defendant's alleged conduct was with malice or reckless indifference as to award punitive damages.

8. Assuming *arguendo* that Plaintiff is entitled to any damages, Plaintiff's damages are subject to the limitations of Florida Civil Rights Act § 760.01 *et seq.*

9. Plaintiff is unable to establish a prima facie case of age discrimination because Defendant promoted persons to Captain who were older than Plaintiff.

10. Defendant reserves the right to raise additional affirmative defenses as discovery progresses.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail, on this 31 day of January, 2000 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES, P.A.
500 East Broward Blvd., Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney