UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.
_____/

CASE NO.: 00-6070-CIV-FERGUSON
Magistrate Judge Snow

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant, AMERIJET INTERNATIONAL INC., (hereinafter "Defendant"), by and through its undersigned, and pursuant to Rule 6(e) of the Federal Rules of Civil Procedure and Rule 7.1(C)(1)(a) of the Local Rules for the United States District Court for the Southern District of Florida, hereby serves its Response to Plaintiff's Motion to Remand and in support thereof states as follows:

1. Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441(a) which states in pertinent part, "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending..." (emphasis added).

2. The district courts have original jurisdiction over the Age Discrimination in Employment Act (hereinafter "ADEA") and since Congress has not expressly provided otherwise, an ADEA claim may be removed to federal court.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

3. In its Motion to Remand dated January 21, 2000, Plaintiff states that claims under the Fair Labor Standards Act (hereinafter "FLSA") are not removable to federal court, and that the ADEA is part of the FLSA, therefore, ADEA claims can not be removed to federal court.

4. The majority of courts, however, reject Plaintiff's minority view and hold that the 1948 amendment to 28 U.S.C § 1441(a), *"except as otherwise expressly provided by Act of Congress,"* permits defendants to remove FLSA cases commenced in state courts.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Remand.

## MEMORANDUM OF LAW

**I.    Plaintiff's Motion To Remand Must Fail Because 28 U.S.C. Section 1441(a) Permits Defendants To Remove Cases To Federal Court And Congress Has Not Expressly Prohibited the Removal of ADEA Claims**

It is undisputed that district courts have original jurisdiction of claims arising under the ADEA. *Baldwin v. Sears Roebuck and Company*, 667 F2d 458 (5th Cir. 1982). The issue in this case in not original jurisdiction of the ADEA but, rather, whether or not removal of the ADEA is barred by its incorporation of the FLSA.

The Plaintiff relies solely on *Lemay v. Budget Rent-A-Car Systems, Inc.*, 993 F.Supp 1448 (M.D. Fla. 1997) to support its position to remand the case. In *Lemay*, the plaintiff brought an action in state court pursuant to the ADEA. The defendant removed the case to federal court. The district court reasoned that because the ADEA is governed *"in certain aspects"* by the FLSA, specifically in section 626(b), enforcement, that the FLSA must be considered in determining whether to remove the case. *Id.* at 1449. Thus, the district court turned its attention to section 626(b) of the ADEA, which states in pertinent part, "the provisions of this Act shall be enforced in accordance with the power, remedies, and procedures in sections 11(b), 16 (except

70093_1

2

for subsection (a) thereof), and 17 of the Fair Labor Standards Act of 1938, as amended...,and subsection (c) of this section." As a result of this reference to the FLSA, the district court remanded the ADEA claim using an FLSA analysis. It held that an FLSA claim is not removable and since the ADEA is governed by the FLSA, then an ADEA claim is also not removable. *Id.* at 1450.

Plaintiff cites to no other case that considered removal of an ADEA claim. In fact, none of the cases relied upon by *Lemay* are ADEA cases, see *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir. 1947) (FLSA case); *Pauly v. Eagle Point Software Co.*, 958 F.Supp 437 (N.D. Iowa 1997) (FLSA case); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp 647 (N.D. Tex. 1964) (FLSA case); *Carter v. Hill and Hill Truck Line Inc.*, 259 F.Supp 429 (S.D. Tex 1966) (FLSA case); and *Haun v. Retail Credit Company*, 420 F.Supp 859 (W.D. Pa. 1976) (Federal Credit Reporting Act case). Moreover, the most recent case cited by *Lemay* is *Pauly* (1997). *Pauly* is an Eighth Circuit Court case, and although it ruled that FLSA claims are not removable it is clear that the court was following the precedent set by its Court of Appeals in *Johnson supra* (holding FLSA claims are not removable). Furthermore, *Pauly* recognized that the view expressed by *Johnson*, that FLSA cases are not removable, is a <u>minority view</u>.

> It is true that since the decision in *Johnson*, the *majority* of district courts, and the only circuit courts which have addressed the removal issue, have concluded that *Johnson* is no longer good authority in light of the 1948 amendment to section 1441(a). However, this court continues to believe that it is controlling precedent in this circuit unless and until the Court of Appeals rules otherwise. (emphasis added). *Id.* 439.

The cases which do address removal of an ADEA claim come to the opposite conclusion of *Lemay*. In *Baldwin supra*, as in the instant case, the plaintiff brought a suit in state court pursuant to the ADEA. The case was removed to federal court and the plaintiff's motion to

remand was denied. The district court granted summary judgment in favor of the defendant and the plaintiff appealed. The plaintiff argued that the district court must look to the FLSA to determine the removal the ADEA claim. The 5th Circuit Court of Appeals rejected this argument and focused on the language contained in section 626(c)(1) and 28 U.S.C. 1441(a).

Section 626(c) of the ADEA provides that a person "may bring a civil action in any court of competent jurisdiction... for purposes of the this Act." This language allows for a plaintiff to file an action in either federal or state court. *Id.* at 461. However, there is no language in this section that expressly states that an ADEA claim must be prosecuted to its end in state court. *Id.* at 461.

Section 1441(a) states:

> "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending..." (emphasis added). 28 U.S.C.§1441(a).

The court surmised that unless there is an express prohibition stated by Congress to the contrary, all civil cases which have concurrent jurisdiction are removable. *Id.* at 460. After examining the language of the ADEA and the FLSA the court found no express prohibition pursuant to 28 U.S.C. § 1441(a) against removing an ADEA claim to federal court.

Numerous cases follow this same rationale. *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp 17 (W.D. Ky. 1993), (court denied plaintiff's motion to remand holding that ADEA actions begun in state court are removable); *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471 (7th Cir. 1988), (stating that the ADEA specifically provides plaintiff their choice of federal or state forum, subject to the defendant's prerogative to remove the case to federal court); *Jacobi v.*

*High Point Label, Inc.*, 442 F.Supp 518 (M.D. NC 1977), (holding that there is nothing in either the FLSA or the ADEA that supports the conclusion that Congress expressly provided for the nonremovability of ADEA claims originally brought in state court); and *Ching v. Mitre Corporation*, 921 F.2d 11 (1st Cir. 1990), (holding that removal of plaintiff's ADEA claim was authorized pursuant to 28 U.S.C. § 1441(a) and (c)).

In the absence of guidance within the 11th Circuit[1] it is the Defendant's position that the ADEA and the FLSA do not contain any language which would support the conclusion that Congress expressly prohibited these cases from being removed. While *Lemay* is persuasive authority, so to are the numerous other cases cited above that concluded ADEA cases brought in state courts are removable.

It is the Defendant's position that 28 U.S.C § 1441(a) allows for the removal of ADEA claims, especially in light of the fact that there is no contrary prohibition expressed by Congress precluding removal and that section 626(c)(1) of the ADEA provides for concurrent jurisdiction.

WHEREFORE, Defendant respectfully requests that this court deny Plaintiff's Motion to Remand.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

---

[1] See *Lemay supra*.

70093_1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 2nd day of February, 2000 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney