UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,

    Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11

NIGHT BOX
FILED

FEB 1 8 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND V OF COMPLAINT

Plaintiff, Patrick Scott Major, submits this memorandum in opposition to Defendant, Amerijet International Inc.'s motion to dismiss served January 31, 2000.

### Plaintiff's Allegations under the Whistleblower Act State a Cause of Action

Defendant relies on a hypertechnical and ultimately misplaced point to argue that plaintiff's Count I fails to state a cause of action under the Florida Whistleblower Act. As defendant readily concedes, there is no case law interpreting an "appropriate governmental agency" under Fla. Stat., § 448.102(1). Yet defendant contends that Amerijet should not answer for firing the plaintiff for reporting a safety violation because a pilot making a report to NASA may, under some limited circumstances, escape FAA disciplinary measures. Amerijet relies on two pages of a six-page fax which is an excerpt from a 1975 Federal Register, and which is some form of agreement that is to expire in 1980. It cites no other authority for its position.

Defendant's argument falls short for a variety of reasons.



**First**, the NASA reporting system came about precisely to try to encourage pilots to report safety violations. As recently acknowledged by President Clinton, pilots operate in an atmosphere of reprisal. See Jan. 14, 2000 article attached as Exhibit A. The problem is so rampant among air carriers that today, 25 years after the NASA system was set up, the attached article reflects that new programs are being started to protect pilots from the kind of vituperative conduct visited on Pat Major by Amerijet. The fact that NASA was created to encourage pilot reports and prevent reprisals, for the ultimate good of the public, should not support the distortion that Major cannot "blow the whistle" to this entity and then seek damages.

**Second**, NASA is a mere agent of the FAA for the receipt of reports of safety violations. The FAA's current circular AL00-46D, describing the program, is attached as Exhibit B. NASA receives reports but submits the information to the FAA. A pilot reporting a safety violation to NASA may escape disciplinary action, but is subject to being found in violation. Moreover, if the violation is deemed deliberate, the pilot loses all benefit of the program and is subject to full disciplinary action. Id. at 9(c). For an overview of the pilot's vulnerability in these situations, see Armstrong, A., Pilot Certificate Actions and Civil Penalties, 52 J. Air L. & Com. 77 (1986) (Exhibit C). Federal case law confirms that, while reporting to NASA can mitigate fines and suspensions, if the FAA investigates and finds a violation, the pilot can still be charged with it. See, e.g., Copsey v. Nat'l. Transportation Safety Board, 993 F.2d 736, 738 (10th Cir. 1993) (pilot who reported violation to NASA not entitled to waiver of sanction on finding of deliberate violation). In Jackson v. Nat'l. Transportation Safety Board, 114 F. 3d 283, 285 (D.C. Cir. 1997), the court likewise upheld FAA findings that a pilot was subject to discipline for misunderstanding an air traffic controller, notwithstanding the pilot's own NASA report.

CASE NO. 99-21746 (11)

An excellent analysis of the tremendous public policy considerations supporting whistleblower protection for pilots such as Major can be found in Marksteiner, P; The Flying Whistleblower: It's Time for Federal Statutory Protection for Aviation Industry Workers, 25 J. Legis. 39 (1999) (available on Westlaw database JLR). Footnote 55, inter alia, discusses the relationship between the NASA reporting system and the FAA.

All NASA does is provide an avenue for pilots to report **indirectly** to the FAA. While its anonymity provisions offer some solace, the reporting party is still subject to FAA action. It would grossly circumvent the purposes of the Florida Whistleblower Act if Amerijet could use the slender promises of this vital reporting system as a means to circumvent accountability for a retaliatory firing.

**Third**, Amerijet **itself** is an "appropriate governmental agency." Pursuant to federal regulations, anytime a flight crew is on a trip under Parts 121 or 125, the carrier **is** an agency of the FAA. When a crewmember reports a safety violation, to the Director of Operations, the Director is encouraged to **self-disclose** to the FAA. Amerijet's general operations manual (GOM) **requires** that a crew member report any safety infraction or regulatory violation to the Director of Operations. This manual has the force of an FAR. It is does so promptly, it is subject to the same protections as a pilot. See AC00-58 (Exhibit D).

Major alleges that in August 1999, he was a member of a flight crew that, over his protest, violated federal safety regulations in taking off, overweight, from a wet runway. Complaint, ¶¶17-21. After this incident, he furnished a written report to Amerijet's chief pilot and Director of Operations. (Complaint ¶22). He sent it as well to Amerijet's safety officer. Id. at 24. He held the report back from NASA to allow Amerijet time for corrective action. Id. at ¶23. He did not actually report to NASA until he made two written reports to Amerijet and

afforded Amerijet a reasonable opportunity to correct the practice. Id. at ¶31. Pursuant to HBAT 99-19 (an offshoot of the regulations), attached as Exhibit E, Amerijet is required to have a Director of Safety who will disclose all instances of noncompliance to management, take necessary corrective action, and report to the FAA as required.

Amerijet is not just a private employer. Based on Amerijet's unique role and obligations as an air carrier/FAA certificate holder, it clearly meets the definitions of an agency charged with enforcement of laws, rules, or regulations governing an activity, policy, or practice of an employer. Fla. Stats. §448.101(1). It is **both** the employer **and** the appropriate governmental agency for reporting of safety violations. Pat Major did exactly the right thing in going to his employer and giving **it** the chance to self-disclose on a protected basis.

The Florida Supreme Court has just affirmed the remedial intent of the Whistleblower Act. The Golf Channel v. Jenkins, 2000 WL 31834 (Fla.). Id. at *5. In Jenkins, it rejected an argument that written notice to the employer is a prerequisite in every case. Despite ambiguities, the court opted to liberally construe the Act to provide access to the remedy provided. Id. at *6. The court also discussed the impracticalities of imposing a writing requirement. Its pragmatic approach is applicable to the situation here, in which Amerijet would have plaintiff's claim thrown out because Pat Major reported first to it, and then to an agency which affords him some qualified personal protection. This result has no legal support.

Plaintiff alleged each and every element necessary to a claim under section 448.102(1), Florida Statutes. Defendant's motion to dismiss should be denied.

CASE NO. 99-21746 (11)

## Defendant's Motion to Dismiss Court V is Improvident

Defendant's motion to dismiss Count V is based on an apparent misapprehension of its scope. As Major alleges, while he was still employed at Amerijet, in February 1999, he filed an EEOC/FCHR charge. (Complaint ¶10) The gravamen of that charge was that Amerijet discriminated against him, in the promotion process, on the basis of age; and that he was also denied promotion due to have been vocal on prior occasions when Amerijet appeared to be cutting corners on safety. Id. Major received a right-to-sue on this first charge dated December 7, 1999. Id. at ¶27. As Major alleges, he satisfied all prerequisites to file suit under the FCRA for the matters raised in his first charge. Id at ¶28.

Count V, which defendant improvidently seeks to dismiss, is the state counterpart to Count III: Major's ADEA claim based on Amerijet's failure to promote him. This claim is procedurally ripe, and there is no basis to dismiss it. Well over 180 days passed between the filing of the first charge and Major's Count V.

What Major's complaint makes clear, however, is that he went back to the EEOC after he was fired and filed a **second** EEOC/FCHR complaint, alleging he was fired in retaliation for the initial complaint. Id. at ¶27. The EEOC issued a right-to-sue on this charge on December 8, 1999. Based on this, Major filed Count IV of his complaint for violation of the ADEA anti-retaliation provision. He did **not** file a Count VI, for retaliation under the FCRA, because 180 days have not passed since the second charge was filed. Instead, Major simply alleged that in April 2000, he intends to amend the complaint to add an FCRA claim for retaliation. Id at 28.

Plaintiff believes the complaint is extraordinarily clear in apprising the Court and Amerijet as to what is now claimed and what will be added. However, Amerijet argues that plaintiff's statement in paragraph 28 is an acknowledgment that "his FCRA claim" is not ripe.

5

Amerijet simply missed the boat as to the distinction between the two claims. The complaint correctly alleges ripeness as to Count V, for failure to promote. Defendant's motion to dismiss Count V should be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Counts I and V should be denied, and defendant should be ordered to fully answer the complaint.

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing instrument was furnished via U.S. Mail to Susan Potter Norton, Esq., Attorney for Defendant, Allen, Norton and Blue, P.A., 121 Majorca, Third Floor, Coral Gables, Florida 33134, this ___ day of February 2000.

HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:   954-527-2800
Facsimile:   954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\law\81975\002\Response in Opposition to Mt to Dismiss.doc

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE