UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,   CASE NO. 00-6070-Ferguson/Snow
                       L.T. Case No. 99-021746-11
    Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/



## JOINT STATUS REPORT

The parties hereby file this Joint Status Report pursuant to this court's Notice of Status Conference Pursuant to Local Rule 16.1(B)(7) dated January 31, 2000, as follows:

1. **Nature of claim and amount of damages claimed or relief sought:**

   This is an action under the Florida Whistleblower Act, Fla. Stat. §448.102 through .109; the Federal Age Discrimination and Employment Act, 29 U.S.C. §§621-634; and the Fla. Stat. Chap. 760 (The Florida Civil Rights Act). Plaintiff, Patrick Major, seeks the array of remedies available under these statutes, including injunctive and equitable relief, reinstatement, compensatory damages (lost wages and intangible); attorney's fees and costs; front pay; and punitive damages.

2. **Summary of uncontested or stipulated facts:**

   A. Amerijet is a Florida corporation, with its principal place of business in Broward County.

   B. Plaintiff, Major, was employed by Amerijet from March 1991 until September 1, 1999.

   C. Amerijet is a privately owned company that has been in the air carrier business since 1974. Its principal business is the operation of all cargo aircraft.

 D. Plaintiff, Major, started with Amerijet as a Flight Engineer and, in November 1994, was promoted to First Officer.

 E. In February 1999, Major filed a complaint with the EEOC and FCHR.

 F. Major was terminated by Amerijet on September 1, 1999.

 G. While at Amerijet, Major had sought promotion to Captain and had not been promoted.

 H. Major was born in 1953 and is within the class of workers older than age 40.

3. **Summary of issues presently known:**

 A. Whether Amerijet took retaliatory personnel action against Major, in violation of the Florida Whistleblower Act, based on Major's complaints concerning alleged unsafe and illegal practices at Amerijet.

 B. Whether Amerijet took retaliatory personnel action against Major, based on his objection and refusal to participate in alleged illegal activities and practices directed by Amerijet.

 C. Whether Major's age was a determinative factor in Amerijet's decisions not to promote Major to Captain.

 D. Whether there is a causal relationship between Major's EEOC complaint of age discrimination and Amerijet's termination of his employment.

 E. Whether Amerijet's decision not to promote Major to Captain violated the Florida Civil Rights Act as well as the ADEA.

 G. Whether plaintiff has mitigated damages.

 H. Whether plaintiff has exhausted administrative remedies.

 I. Whether Count I of Major's complaint states a cause upon which relief can be granted.

 J. Whether defendant's alleged actions warrant punitive damages.

 K. Whether Major was subjected to a hostile work environment as a result of filing a Complaint with the EEOC in February 1999.

4. **Summary of pending motions:**

    A. Defendant's motion to dismiss counts I and V of plaintiff's complaint, and memorandum of law in support.

5. **Progress of discovery and estimated time to be ready for trial or final pretrial conference:**

    A. Defendant has responded to plaintiff's initial document requests and interrogatories.

    B. Plaintiff's response to defendant's initial document requests and interrogatories are due on March 20, 2000.

    C. The parties conducted their Rule 16 conference, exchanged documents and witness lists, and filed their scheduling report on March 7, 2000.

    D. The parties' estimate of time to be ready for trial is the January 2001.

6. **Projected time for trial and statement whether case is a jury or non-jury trial:**

    A. The parties' estimate for the time required for trial is 4 to 5 days; the case is a jury trial.

7. **Unique legal or factual aspects of case requiring special consideration:**

    A. None determined at this time.

8. **Status of potential settlement:**

    A. There have been no settlement discussions to date, however, the parties will explore the likelihood of settlement as appropriate throughout this litigation.

9. **Magistrate Judge:**

    A. Election to proceed before Magistrate Judge:

    The parties have declined to make such an election at this time.

    B. Unique issues to be referred to Magistrate Judge:

    The parties are unaware of any at this time.

**10. Other matters that may aid the Court:**

    A. The parties are unaware of any other matters at this time that would aid the Court in the fair and expeditious administration of this action.

In order to expedite the service of this Joint Status Report, the parties have agreed that the signature of Valerie Shea, attorney for the plaintiff, will represent both parties' agreement with the terms contained herein.

| | |
|---|---|
| HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.<br>Attorneys for Plaintiff<br>500 East Broward Boulevard, Suite 1000<br>Fort Lauderdale, Florida 33394<br>Telephone: 954-527-2800<br>Facsimile: 954-524-9481 | ALLEN, NORTON & BLUE, P.A.<br>Attorneys for Defendant<br>121 Majorca, Suite 300<br>Coral Gables, FL 33134<br>Telephone: (305) 445-7801<br>Facsimile: (305) 442-1578 |
| By: _/s/ Valerie Shea_<br>VALERIE SHEA<br>Florida Bar No. 436800 | By: _/s/ Valerie Shea for_<br>SUSAN POTTER NORTON<br>Florida Bar No. 0201847<br>STEPHEN SANTIAGO<br>Florida Bar No. 0964425 |

G:\law\81975\002\Pleadings\Status Report.doc