IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,  CASE No. 00-6070-CIV-FERGUSON
  Magistrate Judge Snow
    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## CONFIDENTIALITY STIPULATION

The parties to this action recognize that discovery requests and document disclosure orders have been made which call upon the party to whom the request is directed to divulge information which that party considers confidential, such as trade secrets, personal information regarding non-parties, and sensitive financial information. In order to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material deemed worthy of protection:

**IT IS HEREBY STIPULATED AND AGREED** by the parties, through their undersigned counsel, that:

1. This Stipulation governs the handling of all information contained in all documents, deposition testimony, deposition exhibits, answers to interrogatories, requests for admission, trial testimony, and other written, recorded or graphic matter produced by or obtained by any party during all the proceedings in this action (hereinafter referred to as discovery material or document). Either party may designate as confidential any documents produced prior to the execution of this Stipulation and such document(s) shall be subject to this Stipulation. The designating party shall identify each such document to be designated as confidential, by the



70716_1

stamped designation of "confidential." This Stipulation does not restrict a party's use of material that they obtain from any third party, subject to any further agreement. However, any attorney may designate third party production as confidential if so stamped and the other party is advised of such designation. Such designation may apply to any medical records produced in this case.

2. A party producing discovery material (producing party) or any other party may designate all or any part of such discovery material as Confidential, to be treated in accordance with the provisions of this Stipulation (as Confidential Material). Such designation shall be either in a letter identifying the document being designated, or by a confidentiality stamp or other appropriate mark on the document or other discovery material, or on the record at a deposition or other proceeding.

3. Confidential Material shall not be disclosed to or discussed with any person except:

    (a) the parties, the undersigned counsel for the parties, and the employees of such counsel (including legal assistants, court reporters, and other persons employed and supervised by such counsel);

    (b) experts hired by a party to this action for the purpose of giving advice or testimony this action provided that said Confidential Material may not be disclosed to such experts for any other purpose whatsoever;

    (c) any person who is deposed or testifies during such person's deposition or testimony and preparation therefor and at no other time and only such information as is necessary for the preparation of or taking of the deposition;

    (d) the Court;

70716_1

 (e) other persons only upon written consent of the party or parties whose Confidential Material is to be reviewed or as duly ordered by the Court;

 (f) nothing herein shall preclude either party from using document(s) at trial; and,

 (g) nothing herein shall preclude either party for moving for any other restrictions on disclosure it deems necessary.

4. Each person referred to in subparagraphs 3 (a), (b) and (c), who is given access to the parties' Confidential Material shall be advised of this Stipulation and agrees to be bound by its provisions.

5. In the event that counsel for any party determines to file or submit to the Court any Confidential Material or any papers containing or making reference to such material or information, such documents shall be redacted of all social security numbers, financial data including, but not limited to, account numbers, monetary amounts, credit card numbers, or financial institutions, and all medical information.

6. Promptly upon conclusion of both actions and any appeals thereof, all Confidential Material supplied by any party and all copies, summaries or other compilations thereof shall be returned to the party which produced such material, or such Confidential Material shall be certified to have been destroyed; provided, however, that parties and their counsel may retain copies of briefs and other papers filed with the Court which contain or constitute Confidential Material, so long as such briefs and other papers are maintained in accordance with the provisions hereof.

7. Any Confidential Material that is inadvertently produced without notice or identification as to its Confidential nature as provided in paragraph 2, may be so designated by the producing party or any party within a reasonable period following the discovery that the Confidential Material has been produced without such designation. Furthermore, any party may challenge the designation of confidentiality within a reasonable period of time following receipt of the materials so designated.

8. This Stipulation is without prejudice to the right of any party to seek relief from or modification of any provision contained herein by appropriate motion.

So stipulated on behalf of the respective parties.

_____
Susan Potter Norton, Esq.
Florida Bar No. 201847
Stephen P. Santiago, Esq.
Florida Bar No. 0964425

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Phone: (305) 445-7801
Fax: (305) 442-1578
Attorney for Defendant

_____
Valerie Shea, Esq.
Florida Bar No. 436800

Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394
Phone: (954) 527-2800
Fax:   (954) 524-9481
Attorney for Plaintiff

70716_1