UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                :       CASE NO. 00-6070-Ferguson/Snow
                                            L.T. Case No. 99-021746-11
    Plaintiff,                      :

vs.                                 :

AMERIJET INTERNATIONAL, INC.,       :

    Defendant.                      :
_____/

## AMENDED COMPLAINT

Plaintiff, Patrick Scott Major, sues defendant, Amerijet International, Inc., (Amerijet) and alleges:

1. This is an action under the Florida Whistleblower Act, Fla. Stats. sections 448.102-.109; the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; and Florida Statutes Chapter 760 (the Florida Civil Rights Act).

2. Major is a resident of Broward County.

3. Amerijet is a Florida corporation with its principal place of business in Broward County.

4. Damages in excess of $15,000 are sought, together with injunctive and other equitable relief.

## GENERAL ALLEGATIONS

5. Plaintiff Major was employed by Amerijet from March 1991 until September 1, 1999.

6. Amerijet is a privately-owned company which has been in the air carrier business since 1974. Its primary business is the operation of all-cargo aircraft.

CASE NO. 00-6070-Ferguson/Snow

7. Major started with Amerijet as a flight engineer and, in November 1994, was promoted to first officer.

8. Major was periodically reviewed, and was always evaluated as satisfactory to superior in all areas.

9. On several occasions in 1996, 1997, and 1998; and three times in 1999, Major applied for a promotion to the rank of captain. In each instance, Amerijet promoted younger pilots, with less seniority, to the position.

10. In February 1999, Major filed a complaint with the EEOC and FCHR, alleging Amerijet discriminated against him, in the promotion process, on the basis of age. Major further alleged that he had been denied promotion due to having been vocal on prior occasions when Amerijet appeared to be cutting corners on safety.

11. Immediately after Amerijet learned of the EEOC complaint, its management became hostile to Major and began to harass him. In April 1999, Major was falsely accused of having "stalked" another employee.

## JUNE 8, 1999 INCIDENT

12. On June 8, 1999, Major was first officer on Amerijet Flight 823 out of Miami, Florida, serving with Captain Brian Steele. It had rained 10 inches the previous 24 hours, and was still raining when the flight prepared for takeoff. The flight crew was furnished information that reflected the plane's gross weight was 195,300 pounds. On information and belief, the actual weight was greater by at least five thousand pounds.

13. After taxiing out, air traffic control offered the flight runway RW-12; a runway declined by a Continental 727 immediately ahead of Amerijet 823. Major declined that runway and

CASE NO. 00-6070-Ferguson/Snow

requested permission to take off from the longest runway to which the Continental flight had just been re-routed. Captain Steele became angry at Major and insisted that he radio back and accept the shorter runway. Major refused; and after some tense moments the flight was cleared to depart from the longer runway.

14. Amerijet departed on 9L, the longer runway, using nearly all of it before becoming airborne. Given the plane's excessive weight and runway conditions, use of the shorter runway may well have resulted in an accident.

15. Captain Steele complained to Amerijet's chief pilot, Derry Huff, concerning Major; and Major submitted written and oral reports as to the incident.

16. Major expressed concern about the facts that Amerijet was relocating to the Ft. Lauderdale airport, with even shorter runways; and that Amerijet's protocols did not adequately address wet runway takeoff performance limits.

## AUGUST 17, 1999 INCIDENT

17. On August 17, 1999, Major was again assigned to fly with Captain Brian Steele, on Amerijet Flight 827 out of Fort Lauderdale.

18. The conditions were again bad. There was intermittent heavy rain on the field, large puddles of water throughout the ramp area, and surrounding thunderstorms.

19. Major recommended that the crew assume a condition of standing water on the runway, requiring a significant weight and decision speed (V-1) reduction. This would have delayed the flight, and was rejected by Captain Steele and the check airman on board.

20. Using the weight and speed reductions is mandatory when there is an official report of standing water. Here, just prior to being cleared for takeoff, the tower reported that there was

CASE NO. 00-6070-Ferguson/Snow

standing water. Pursuant to federal aviation regulations, this mandated that the flight comply with the reduced weight and decision speed calculations Major had provided. Amerijet's captain, however, advanced the throttles, released the brakes and commenced takeoff before Major could ask for permission to taxi clear of the runway.

21. The takeoff of Amerijet Flight 827 exceeded aircraft performance limitations and violated FAA regulations, including but not limited to 14 C.F.R. § 91.9; 91.13; 91.103; 91.605; 121.189; 121.537; 121.599; and 121.603. It endangered life and property by taking off from a wet runway in an aircraft that weighed fifteen thousand pounds more than the maximum specified for the circumstances, and into conditions ripe for wind shear.

22. The following day, Major furnished a written report of the incident to Amerijet's chief pilot and Director of Operations; requesting that it be copied to the company's safety officer.

23. Major said in the report that he had submitted a copy of it to the NASA Aviation Safety Reporting System; however, in fact, he held it to allow Amerijet time for corrective action.

24. Major sent a copy of his report to David Bassett, CEO and Designated Safety Officer, on August 25, 1999.

25. Immediately on receipt of Major's report, Huff ordered Major removed from the schedule.

26. On September 1, 1999, Major was abruptly terminated from employment, for the stated reason that Amerijet lost confidence in his ability to perform the duties of an airman.

27. Major filed a second EEOC/FCHR complaint, alleging his termination was in retaliation for his initial EEOC complaint. On December 7 and 8, 1999, the EEOC issued rights-to-sue with respect to both charges. Major has satisfied all administrative prerequisites to his ADEA claims.

4

CASE NO. 00-6070-Ferguson/Snow

28. Major has satisfied all administrative prerequisites to his FCRA claims for the matters raised in both EEOC/FCHR charges.

## COUNT I
### VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT, SECTION 448.102 (1), FLORIDA STATUTES

29. This is an action for Amerijet's violations of section 448.102 (1), Florida Statutes. Paragraphs 1-28 are incorporated by reference.

30. Amerijet took retaliatory personnel action against Major because Major disclosed, after warning that he would disclose, Amerijet's practices that violated federal law, including but not limited to FAA regulations.

31. Plaintiff's report to NASA was not made until he had made two written reports to Amerijet concerning the same policy and practice; and had afforded Amerijet a reasonable opportunity to correct the practice.

32. Amerijet's refusal to promote Major, and its abrupt termination of him, were in retaliation for his complaints concerning unsafe and illegal practices at Amerijet.

WHEREFORE, plaintiff demands the remedies of section 448.103 (3) as follows:

(a) an injunction against Amerijet's continued violation of the subject acts;

(b) reinstatement of his position;

(c) reinstatement of full fringe benefits and seniority rights;

(d) compensation for lost wages, benefits, and other remuneration;

(e) other compensatory damages including but not limited to damages to reputation, embarrassment, mental anguish and humiliation;

CASE NO. 00-6070-Ferguson/Snow

(f)  attorney's fees and costs pursuant to section 448.104, Florida Statutes;

(g)  plaintiff reserves the right to amend to add a claim for punitive damages; and

(h)  all other interests, costs, or damages allowable in law or equity.

COUNT II
VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT,
SECTION 448.102 (3), FLORIDA STATUTES

33.  This is an action for Amerijet's violation of section 448.102(3), Florida Statutes. Paragraphs 1 - 28 are incorporated by reference.

34.  Major objected to, or refused to participate in, activities, and practices of Amerijet which violated federal law, including but not limited to FAA regulations. Specifically, on June 8 and August 17, 1999, Major objected to Amerijet's overweight takeoff under unsafe conditions; a practice of Amerijet that violates federal regulations.

35.  Major's Amerijet employment was terminated in retaliation for his objection to, and refusal to participate in, the illegal activities and practices directed by Amerijet in the June and August 1999 incidents; as well as for his earlier complaints and opposition to directions which would require him to violate federal regulations.

WHEREFORE, plaintiff demands the remedies of section 448.103 (3) as follows:

(a)  an injunction against Amerijet's continued violation of the subject acts;

(b)  reinstatement of his position;

(c)  reinstatement of full fringe benefits and seniority rights;

(d)  compensation for lost wages, benefits, and other remuneration;

(e)  other compensatory damages including but not limited to damages to reputation; embarrassment, mental anguish and humiliation;

CASE NO. 00-6070-Ferguson/Snow

(f) attorney's fees and costs pursuant to section 448.104, Florida Statutes;

(g) plaintiff reserves the right to amend to add a claim for punitive damages; and

(h) all other interests, costs, or damages allowable in law or equity.

## COUNT III
### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

36. This is an action for Amerijet's violations of the Age Discrimination in Employment Act, U.S.C. §§ 621-634; as amended by the Older Workers' Benefits Protection Act of 1990. Paragraphs 1 through 28 are incorporated by reference.

37. Major was born in 1953 and is therefore in the protected class of workers older than age 40.

38. Between 1996 and 1999, Major applied to be promoted to captain at Amerijet.

39. Major at all times was eligible for promotion to the position of captain. As of December 1998, Major was fully qualified for the position of captain.

40. Major was not promoted. Amerijet promoted younger employees who are not in the protected class; who are junior to Major; and whose qualifications are inferior to Major's.

41. Amerijet's failure to promote Major is due to a pattern and practice of age discrimination.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a) an injunction against Amerijet's continued violation of the subject act;

(b) reinstatement of Major and promotion to the position of captain;

(c) award of full fringe benefits and seniority rights associated with the position;

CASE NO. 00-6070-Ferguson/Snow

(d) compensation for back pay and front pay;

(e) liquidated damages based on Amerijet's willful violation;

(f) attorney's fees and prejudgment interest and all costs; and

(h) all other relief as the court deems just.

## COUNT IV
### VIOLATION OF THE ADEA ANTI-RETALIATION PROVISION

42. This is an action for violation of the ADEA anti-retaliation provision, 29 U.S.C. §623(d). Paragraphs 1 through 28 are incorporated by reference.

43. Major opposed unlawful age discrimination practices at Amerjet, and made a charge to the EEOC and FCHR.

44. Following the EEOC/FCHR complaint, Major suffered adverse employment action by being harassed, intimidated, subjected to a hostile work environment and eventually by being terminated.

45. Major's termination, and the other conduct described above, was causally related to his statutorily protected activity.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a) an injunction against Amerijet's continued violation of the subject acts;

(b) reinstatement of Major to his position as a first officer;

(c) award of full fringe benefits and seniority rights associated with the position;

(d) compensation for back pay and front pay;

(e) liquidated damages based on Amerijet's willful violation;

CASE NO. 00-6070-Ferguson/Snow

(f) attorney's fees and prejudgment interest and all costs; and

(h) all other relief as the court deems just.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLA. STATS. CHAPTER 760

46. This is an action for violation of Florida Civil Rights Act, §§ 760-01-.11, Florida Statutes. Paragraphs 1 through 28 are incorporated by reference.

47. Major was born in 1953 and is therefore in the protected class of workers older than age 40.

48. Between 1996 and 1999, Major applied to be promoted to captain at Amerijet.

49. Major at all times was eligible for promotion to the position of captain. As of December 1998, Major was fully qualified for the position of captain.

50. Major was not promoted. Amerijet promoted younger employees who are not in the protected class; who are junior to Major; and whose qualifications are inferior to Major's.

51. Amerijet's failure to promote Major is due to a pattern and practice of age discrimination.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a) an injunction prohibiting age discrimination;

(b) an order providing affirmative relief from the effects of prior age discrimination, including back pay;

(c) compensatory damages, including but not limited to damages, for mental anguish, loss of dignity, and other intangible injuries;

(d) punitive damages pursuant to §760.11(5);

(e) costs and attorney's fees; and

9

CASE NO. 00-6070-Ferguson/Snow

(f) such other relief as the court deems just.

## COUNT VI
### VIOLATION OF THE FCRA ANTI-RETALIATION PROVISION

52. This is an action for violation of the FCRA anti-retaliation provision, section 760.10(7), Florida Statutes. Paragraphs 1 through 28 are incorporated by reference.

53. Major opposed unlawful age discrimination practices at Amerjet, and made a charge to the EEOC and FCHR.

54. Following the EEOC/FCHR complaint, Major suffered adverse employment action by being harassed, intimidated, subjected to a hostile work environment and eventually by being terminated.

55. Major's termination, and the other conduct described above, was causally related to his statutorily protected activity.

WHEREFORE, plaintiff demands the remedies allowable by statute:

(a) an injunction prohibiting age discrimination;

(b) an order providing affirmative relief from the effects of prior age discrimination, including back pay;

(c) compensatory damages, including but not limited to damages, for mental anguish, loss of dignity, and other intangible injuries;

(d) punitive damages pursuant to §760.11(5);

(e) costs and attorney's fees; and

(f) such other relief as the court deems just.

CASE NO. 00-6070-Ferguson/Snow

PLAINTIFF DEMANDS A TRIAL BY JURY.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via United States Mail to: **SUSAN POTTER NORTON, ESQUIRE** and **STEPHEN P. SANTIAGO, ESQUIRE**, Attorney for Defendant, of Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 25th day of April, 2000, and will be deemed served as of the date of the order granting plaintiff's motion to amend.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394
Telephone: 954/527-2800
Facsimile: 954/524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

vjr-G:\LAW\81975\002\Pleadings\complaint002.doc