UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                    :          CASE NO.  00-6070-Ferguson/Snow
                                                   L.T. Case No.  99-021746-11
        Plaintiff,                      :

vs.                                     :

AMERIJET INTERNATIONAL, INC.,           :

        Defendant.                      :
_____/

## PLAINTIFF'S UNOPPOSED MOTION TO AMEND
## WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, pursuant to Rule 15(a), Federal Rules of Civil Procedure,

files this, his motion to amend, and as grounds states:

1.  This is an action under the Florida Whistleblower Statute, the ADEA, and the Florida

Civil Rights Act.  Plaintiff, Patrick Scott Major, was terminated from his job as an airline pilot

for Amerijet, allegedly in retaliation for having made an EEOC charge and complaining to

management concerning unsafe and illegal practices at Amerijet.

2.  The case was removed to this Court in January 2000.  The plaintiff's Rule 16 report

advises the Court that he intended to file this motion, and this issue was also raised at the Court's

scheduling conference of March 20, 2000.  The case is currently set for trial on the Court's

January 16, 2001, docket.

CASE NO.  00-6070-Ferguson/Snow

3.  The purpose of the proposed amended complaint is to add Count VI, which is a retaliation claim under the Florida Civil Rights Act, which is the counterpart to plaintiff's Count IV, a retaliation claim under the ADEA.

4.  As is explained in plaintiff's initial complaint, plaintiff filed his first EEOC/FCHR charge in February 1999, alleging age discrimination.  Thereafter, he was retaliated against and eventually, in September 1999, terminated.  He then filed a second EEOC/FCHR claim for retaliation.  He received a right to sue on the discrimination claim on December 7, 1999, and a right to sue on the retaliation claim on December 8, 1999.

5.  Florida Statute 760.11, the Administrative and Civil Remedies provision of the Florida Civil Rights Act, in essence requires a party that has dual filed a claim with both the EEOC and FCHR to wait 180 days before proceeding on an FCRA claim, even though the EEOC's right to sue notice indicates that neither agency intends to take any action on the claim. Accordingly, while plaintiff had to file his basic federal age discrimination claim within 90 days of December 7, 1999, and was permitted to file an FCRA claim for age discrimination (because more than 180 days had passed since the filing of the first charge) and although he had to file his federal retaliation claim within 90 days of December 8, 1999, his state retaliation claim was not ripe to be filed until 180 days had passed since the filing of his EEOC/FCHR retaliation charge.

6.  That date has now passed, making plaintiff's state retaliation claim ripe.

7.  Defendant has been on notice of plaintiff's intention to amend the complaint, to add this claim, since it was disclosed in Major's original complaint.  The amendment will not have any impact on discovery or the schedule, and is not interposed for purposes of delay.

2

CASE NO.  00-6070-Ferguson/Snow

8.  Counsel for defendant, Steve Santiago, Esquire, has authorized the undersigned to represent that he is unopposed to the entry of the relief requested.

## MEMORANDUM OF LAW

Pursuant to Section 760.11, Florida Statutes (1999), an individual filing a charge with the Florida Commission on Human Relations may not proceed on an FCRA claim until 180 days has elapsed.  Thereafter, the charging party has one year to commence a civil action.  Fla. Stat. §760.11(8), (4).  Filing an FCRA action prematurely, even when the FCHR is taking no action and an EEOC right to sue has been issued on the same dual-filed charge, has some instances been held a jurisdictional defect, which is fatal to the plaintiff's claim.  See, e.g., Sweeney v. Florida Power & Light Co., Inc., 725 So. 2d 380, 381 (Fla. 3d DCA 1998).  To avoid the "catch 22" of missing the EEOC 90 day window while waiting for the 180 days to pass, plaintiff filed his ADEA retaliation claim and, in his initial claim, announced at that time to file this proposed amendment.

## CONCLUSION

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that the Court grant him motion to amend his complaint and deemed filed upon granting of this motion, the proposed amended complaint attached to this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via United States Mail to:  **SUSAN POTTER NORTON, ESQUIRE** and **STEPHEN P. SANTIAGO,**

CASE NO.  00-6070-Ferguson/Snow

**ESQUIRE**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral

Gables, FL 33134, this 25th day of April, 2000.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida  33394
Telephone:     954-527-2800
Facsimile:     954-524-9481


By: _VALERIE SHEA_
VALERIE SHEA
Florida Bar No.  436800

vjr-G:\LAW\81975\002\Pleadings\m-amend001.doc

4