UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

PATRICK SCOTT MAJOR            CASE NO.: 00-6070-CIV-FERGUSON
                                                   Magistrate Judge Snow
       Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

       Defendants.
_____/



## PARTIES' JOINT MOTION FOR CONTINUANCE OF TRIAL
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Parties, by and through their respective counsels, and pursuant to Rule 6(b) Federal Rules of Civil Procedure and Rule 7.6 of the Local Rules for the Southern District of Florida, hereby file this Joint Motion for a Sixty (60) day Continuance of the Trial, which is currently scheduled for the two-week trial period commencing on January 15, 2001. The Parties further request that all discovery deadlines and motion deadlines be adjusted accordingly to correspond with the new Trial date and in support thereof states as follows:

1. Plaintiff filed a lawsuit against Defendant alleging discrimination based on the Age Discrimination in Employment Act, a violation of section 760, the Florida Civil Rights Act and a violation of section 448.102, Florida Private Whistleblower's Act.

2. On March 31, 2000, this Court issued its Order Setting Trial Date and Discovery Schedule.

3. The trial date set for this case is the two-week trial calendar beginning on January 15, 2001. The discovery deadlines were set according to the two-week trial period.

75881_1

4. On October 27, 2000, Plaintiff filed an Unopposed Motion to Extend certain discovery deadlines in this case. On November 8, 2000 Defendant filed a separate Motion joining Plaintiff's request to extend these deadlines.

5. Although the parties have worked closely together in order to accomplish the discovery deadlines, numerous events have caused the parties serious delay.

6. Plaintiff has recently begun a new job and is currently participating in mandatory training to fulfill his requirements. Plaintiff does not have the benefit of being scheduled in advance and is on a standby work schedule, which has caused substantial delays in completing the depositions. Neither party wants to deprive the Plaintiff of his right to attend the depositions or to deny him or cause him to suffer in his current employment.

7. Both counsels for each party have been on other trial dockets in various courts, taking or attending numerous depositions for other cases and have been out of town during the discovery, which has impacted the ability to take depositions in this case.

8. In addition, the majority of the witnesses that Plaintiff is seeking to depose no longer work for Defendant, several of them live and work outside of Broward County and outside the state of Florida. This has also impacted the taking of depositions.

9. Both parties have made good faith efforts to try and schedule depositions in this case and only after not being able to comply with the Court's previous deadlines do we raise this motion.

10. This Motion for a sixty (60) day Continuance of Trial supercedes all prior motions by Plaintiff and Defendant requesting any enlargement of the discovery deadlines, which were previously filed with this Court on October 27, 2000 and November 8, 2000, respectively.

75881_1

2

WHEREFORE, the parties respectfully request that this Court grant their Joint Motion for a sixty (60) day Continuance of Trial and also extend the discovery and motion deadlines to correspond with the new Trial date.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.6 permit this Court to grant continuance of trial upon a showing of good cause. Good cause exists in that the parties have amicably worked together in order to take the depositions of the witnesses in this case, but due to scheduling conflicts of the attorneys, scheduling conflicts with Plaintiff's training schedule for his new employment, and scheduling conflicts with witnesses who no longer work for Defendant the parties have been unable to do so.

Both parties have diligently proceeded in due course to accomplish the deadlines set by the Court and neither party has engaged in dilatory tactics.

Granting of this continuance of trial will not prejudice either party and the relief is necessary to allow the parties to properly prepare their cases.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425
Attorneys for Defendant

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

Valerie Shea
Florida Bar No. 436800

HEINRICH GORDON HARGROVE
  WEIHE & JAMES P.A.
Attorney for Plaintiff
500 East Broward Blvd., Suite 1000
Fort Lauderdale, FL 33394
Tel: (954) 527-2800
Fax: (954) 524-9481

75881_1

3

## AFFIDAVIT

STATE OF FLORIDA        )
                                        ) ss:
COUNTY OF MIAMI-DADE )

By their signatures below the attorneys do hereby depose and state the facts contained in the Joint Motion to Continue the Trial in *Major vs. AmeriJet International* are true and correct to the best of their knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Susan Potter Norton
Attorney for Defendant

SWORN AND SUBSCRIBED before me this  15th  day of November, 2000.

_____
NOTARY PUBLIC, State of Florida
My Commission expires: 2/22/2002
(SEAL)

Personally known ✓ Or Produced Identification _____
Type of Identification _____

OFFICIAL NOTARY SEAL
MARCIA R LECLERE
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC719111
MY COMMISSION EXP. FEB. 22,2002

_____
Valerie Shea
Attorney for Plaintiff

SWORN AND SUBSCRIBED before me this  16th  day of November, 2000.

_____
NOTARY PUBLIC, State of Florida
My Commission expires:
(SEAL)

Personally known ✓ Or Produced Identification _____
Type of Identification _____

Victoria Jean Ryder
My Commission CC841992
Expires April 27, 2001

75881_1

4