UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6070-Civ-Ferguson/Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

FILED by _____ D.

DEC - 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D.␣FLA.␣FT.␣LAUD.

**REPORT AND RECOMMENDATION**

This cause is before the Court on the Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint (Docket Entry 28), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

I. PROCEDURAL HISTORY

The complaint was filed December 22, 1999, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging Count I, violation of the Florida Whistleblower Act, Fla. Stat. § 448.102(1); Count II, violation of the Florida Whistleblower Act, Fla. Stat. § 448.102(3); Count III, violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-624; Count IV, violation of the anti-retaliation

provisions of ADEA, 29 U.S.C. § 623(d), and Count V, violation of Florida's Civil Rights Act ("FCRA"), Fla. Stat. § 760.01-.11. The defendant removed the complaint to this Court on January 25, 2000.

After the parties briefed the defendant's motion to dismiss Counts I and IV, the plaintiff amended the complaint to add a Count VI claim of violation of the anti-retaliation provisions of the FCRA, Fla. Stat. § 760.10(7).

The defendant filed the instant motion to dismiss Count I of the amended complaint. The plaintiff filed a response; no reply memorandum was filed. The matter is ripe for consideration.

## II. RECOMMENDATIONS OF LAW

"The complaint should not be dismissed unless it appears that the [plaintiff] could 'prove no set of facts which would entitle him to relief.' " Jenkins v. McKeithen, 395 U.S. 411, 422, 89 S.Ct. 1843, 1849 (1969), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The allegations of the complaint are taken as admitted; the complaint must be construed liberally in favor of the plaintiff. Id. Consideration of matters beyond the four corners of the complaint is improper in the context of a

motion to dismiss. Thomas v. Burlington Industries, Inc., 769 F.Supp. 368, 370 (S.D. Fla 1991).

The amended complaint states that the plaintiff, a pilot serving as a flight engineer for the defendant air cargo company, submitted six applications for promotion to the rank of captain, but was not selected for promotion. The plaintiff alleges that on each occasion the promotion was given to a younger pilot with less seniority. The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR"). The amended complaint alleges that thereafter management became hostile to the plaintiff and began to harass him.

The amended complaint describes incidents on two flights involving conflicts between the captain and the plaintiff which resulted in the plaintiff submitting written reports to the defendant documenting the captain's alleged violations of FAA regulations. The second report included the statement that a copy had been sent to the NASA Aviation Safety Reporting System ("NASA(ASRS)"), when in fact it had not been; the plaintiff intended to permit the defendant time for corrective action before submitting the report to the agency. However, a week later the

3

plaintiff sent a copy of the second report to David Bassett, Chief Executive Officer and Designated Safety Officer.[1]

The plaintiff was immediately removed from the flight schedule and was discharged within a week. The plaintiff filed a second EEOC/FCHR complaint alleging retaliatory discharge.

Count I alleges violation of Florida's Whistleblower Act because the plaintiff, after warning the defendant and allowing reasonable time for correction, disclosed to NASA(ASRS) that the defendant twice violated federal law and FAA regulations in the two incidents reported by the plaintiff.

The defendant contends that Count I must be dismissed because NASA(ASRS) is not a agency charged with enforcement of laws, rules or regulations. Thus, the plaintiff's report to NASA(ASRS) was not a report to an "appropriate governmental agency" as defined in the Whistleblower Act.

Florida's Private Sector Whistleblower Act, Fla. Stat. § 448.102 provides:

> An employer may not take any retaliatory personnel action against an employee because the employee has

---

[1] The complaint is unclear whether Mr. Bassett worked for the defendant or for NASA's Aviation Safety Reporting System.

4

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

Fla. Stat. § 448.101(1) defines "appropriate government agency as "any agency of government charged with the enforcement of laws, rules, or regulations governing an activity, policy, or practice of an employer."

The parties agree that no court has ruled on whether NASA(ASRS) has an enforcement function,[2] or whether it may qualify as an agent[3] for the enforcing agency, the FAA. The parties raise

---

[2] The defendant has provided a portion of the Federal Register describing the functions of NASA(ASRS) and two Federal Aviation Administration ("FAA") bulletins describing the responsibilities of NASA(ASRS), in support of its argument that the agency has no enforcement function. (DE 28, Exhibits 1 and 2). In response, the plaintiff cites another FAA bulletin and legal journal articles which describe the interaction of the FAA and the NASA(ASRS). These exhibits constitute evidence beyond the allegations of the complaint, which cannot be considered by the Court in a motion to dismiss. Thomas, supra.

[3] For example, providing information to an HUD-approved independent auditor, which information the auditor will inevitably

5

various arguments about the two cases cited by the defendant: <u>Copsey v. National Transportation Safety Board</u>, 993 F.2d 736 (10th Cir. 1993), and <u>Jackson v. National Transportation Safety Board</u>, 114 F.3d 283, 285-86 (D.C. Cir. 1997). However, these arguments are based on their interpretations of the exhibits filed with the briefing of this motion, which the Court cannot consider in evaluating a motion to dismiss.

Finally, the parties dispute whether the plaintiff's reports to the defendant itself constituted a report to the appropriate governmental agency, since the defendant's internal procedures may result in self-reporting of incidents to the FAA.

This argument is easily resolved. First, Count I of the complaint clearly states that the relevant report was the report made to NASA. (DE 27, ¶ 31). Second, if the defendant is a governmental agency, it cannot be named as a defendant under Florida's Private Whistleblower statute. <u>Wallace v. School Board of Orange County, Florida</u>, 41 F.Supp. 1321 (M.D.Fla. 1998).

---

provide to the governmental agency (HUD), satisfies the requirement of a report to the appropriate govenmental agency. <u>Robinson v. Jewish Center Towers, Inc.</u>, 993 F.Supp 1475, 1479 (M.D.Fla. 1998).

6

Accordingly, if the Court limits its consideration to the allegations set forth in the complaint, takes the allegations as true and liberally construes the complaint in favor of the plaintiff, the Court must deny the motion to dismiss. The bulk of the defendant's argument and the plaintiff's response are based on the interpretation of evidence which the Court cannot consider in the context of a motion to dismiss.

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to dismiss Count I be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958

7

(1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this ___ day of December, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Valerie Shea, Esq.
             Susan Potter Norton, Esq.