UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

PATRICK SCOTT MAJOR    CASE NO.: 00-6070-CIV-FERGUSON
                       Magistrate Judge Snow

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/



## DEFENDANT'S WRITTEN OBJECTIONS TO THE MAGISTRATE'S ORDER RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT BE DENIED

    COMES NOW Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "Defendant"), by and through undersigned counsel, hereby files its objections to the Magistrate's Recommended Order denying Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint and in support thereof states as follows:

    1.    On December 4, 2000, the Honorable Magistrate Judge Snow recommended that Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint be denied.

    2.    Magistrate Judge Snow held that she could not consider Defendant's exhibits, in particular 41 Federal Register 15903, which were attached to Defendant's Motion to Dismiss because these exhibits were outside the four corners of the Complaint and could not be relied upon by the Court at the Motion to Dismiss stage. Therefore, Magistrate Judge Snow recommended that Defendant's Motion to Dismiss be denied.

    3.    Defendant respectfully disagrees and submits that the Federal Register, Exhibit 1 of Defendant's Motion to Dismiss, can be considered by the Court at the Motion to Dismiss



stage. *Doe v. Naval Air Station, Pensacola, Florida,* 768 F.2d 1229 (11th Cir. 1985); *Bryant v. Avado Brands, Incorporated,* 187 F.3d 1271 (11th Cir. 1999).

4.  In addition, this Honorable Court may take judicial notice of the Federal Register. *Fed. R. Evid.* 201(f); *44 U.S.C.S. §1507; Crimm v. Missouri Pacific Railroad Company,* 750 F.2d 703 (8th Cir. 1984); *MGIC Indemnity Corporation v. Weissman,* 803 F.2d 500 (9th Cir. 1986); *Henson v. CSC Credit Services,* 29 F.3d 280 (7th Cir. 1994); *United States v. Wood,* 925 F.2d 1580 (7th Cir. 1991).

ACCORDINGLY, Defendant respectfully submits that the Honorable Magistrate Judge Snow erred in not considering 41 Fed. Reg. 15903 in her recommendation to deny Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint. Furthermore, Defendant respectfully requests that this Court take judicial notice of 41 Fed. Reg. 15903 and grant Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint.

## MEMORANDUM OF LAW

The basis of Magistrate Judge Snow's recommendation denying Defendant's Motion to Dismiss is that consideration of matters beyond the four corners of the Complaint is improper in the context of a motion to dismiss. *Thomas v. Burlington Industries, Inc.,* 769 F.Supp. 368 (S.D. Fla. 1991).

As part of its Motion to Dismiss, the Defendant submitted 41 Fed. Reg. 15903 which sets forth and describes the functions of the NASA (ASRS) program. In Footnote No. 2 of Magistrate Judge Snow's recommended Order, she indicated that the Exhibits attached to Defendant's Motion to Dismiss could not be considered in ruling on this matter.

> "These exhibits constitute evidence beyond the allegations of the Complaint, which cannot be considered by the Court in a Motion to Dismiss. *Thomas, supra.*

76344_1

**2**

Footnote No. 2, page 5. It is the Defendant's position that Magistrate Judge Snow's failure to consider the Federal Register in recommending to deny Defendant's Motion to Dismiss was erroneous.

## A.   The Magistrate Judge erred when she failed to consider the Federal Register in her recommendation to deny Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint

In *Doe v. Naval Air Station, Pensacola Florida*, 768 F.2d 1229 (11th Cir. 1985), a case strikingly familiar to the instant case, the Magistrate Judge recommended to the District Court that it dismiss plaintiff's *pro se* complaint for failure to state a claim upon which relief can be granted. The District Court adopted the Magistrate Judge's recommendation without change. The plaintiff appealed and the Eleventh Circuit vacated the District Court's decision and remanded the case.

At issue was defendant's, Naval Air Station, Pensacola (hereinafter "Air Station"), use and disclosure of plaintiff's personal information. As an employee of the Air Station, the plaintiff was required to register his vehicle, which included information of plaintiff's home address and home telephone number. As part of an ongoing investigation, the Escambia County Sheriff's Office requested and received from the Air Station plaintiff's home address and telephone number. Based on this information, the Escambia County Sheriff's Office arrested plaintiff at his home. The plaintiff alleged that the Air Station's disclosure of his home address to the Escambia County Sheriff's Office was a violation of 5 U.S.C.A. Section 552a(b).

In considering the Air Station's Motion to Dismiss, the District Court limited its inquiry only to 5 U.S.C.A. Section 552a(b), without considering the impact of the Federal Register. The Federal Register governed the Department of the Navy's vehicle control system for the registering of vehicles. Furthermore, it set forth the routine uses of those records, which were

76344_1

**3**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

maintained in the system of records. *4 Fed. Reg. 2686 (Jan. 1982)*. The Federal Register's listed routine uses did not provide for the release or disclosure of information to outside law enforcement agencies. Therefore, plaintiff argued defendant's release of plaintiff's information was improper. In vacating the District Court's decision, the Eleventh Circuit stated:

> The district court, in concluding that the law enforcement use in this case was a routine use, *failed to refer to the routine uses set out in the Federal Register*, and thus, got off on the wrong track. (emphasis added).

*Doe* at 1231.

Likewise, in the instant case, the Court should have considered the content of the Federal Register. While Defendant acknowledges the general rule set forth in Federal Rule Civil Procedure 12(b) that when considering a motion to dismiss, the Court is limited to the four corners of the complaint, ample authority exists that a Court is not prohibited from considering matters of public record, such as the Federal Register. *Doe, supra*; *Bryant v. Avado Brands Inc.*, 187 F.3d 1271 (11th Cir. 1999). *See also*: 5 A Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure Section 1357 at 299 (2d ed. 1990).

### B. The District Court may take judicial notice of the Federal Register pursuant to Federal Rule of Evidence 201(f) and 44 U.S.C. Section 1507.

In addition to considering the Federal Register, the District Court may take judicial notice of 41 Fed. Reg. 15903. *44 U.S.C.S. §1507*. The Federal Rules of Evidence provide that the Court may take judicial notice at any time during the proceedings. "Judicial notice may be taken at any stage of the proceeding." *F. R. Evid. 201(f)*.

The Eleventh Circuit as well as numerous other circuits have consistently held that District Courts can take judicial notice of public information at the Motion to Dismiss stage. *Bryant v. Avado Brands Inc.*, 187 F.3d 1271 (11th Cir. 1999) (on a Motion to Dismiss the Court

76344_1

**4**

may judicial notice of relevant documents legally required by and publicly filed with the Securities and Exchange Commission); *Crimm v. Missouri Pacific Railroad Company*, 750 F.2d 703 (8th Cir. 1984) (court may take judicial notice of Federal Registers); *MGIC Indemnity Corporation v. Weissman*, 803 F.2d 500 (9th Cir. 1986) (on a Motion to Dismiss the Court may take judicial notice of matters of public records outside the pleadings); *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991) (on a Motion for Judgment on the pleadings, the Court may consider documents incorporated by reference into the pleadings and may take judicial notice of matters of public records); and *Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994) (court may take judicial notice of matters of public records without converting a 12(b)(6) motion into a motion for summary judgment). As such, the Court could have considered the Federal Register during its proceedings.

**C.** **The District Court should grant Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint because 41 Fed. Reg. 15903 explicitly and unambiguously states that NASA (ASRS) is not an enforcement agency, a central element to Count I of Plaintiff's First Amended Complaint.**

Like *Doe, supra*, where the Eleventh Circuit relied exclusively on the Federal Register to vacate the District Court's decision at the Motion to Dismiss stage, this District Court should take into consideration 41 Fed. Reg. 15903 which was submitted as Exhibit 1 of Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint.

In this regard, the cases of *Copsey v. Nat'l Transportation Safety Board*, 993 F.2d 736 (10th Cir. 1993) and *Jackson v. Nat'l Transportation Safety Board*, 114 F.3d 283 (D.C. Cir. 1997), which were not considered by Magistrate Judge Snow, support that NASA (ASRS) is not an enforcement agency or an agent of the FAA for purposes of enforcement. The cases should have been considered by the Court.

Prior to NASA being charged with collecting information regarding safety violations, the FAA was responsible for collecting this data. But because the FAA is also the enforcement agency for the Airline industry pilots and others were hesitant to submit information for fear of reprisal or being disciplined by the FAA. Thus, in 1976 NASA (ASRS) was established to replace the FAA Aviation Safety Reporting System. *Aviation Safety Reporting Program 41 Fed. Reg. 15903*.

NASA (ASRS) was designed to perform four primary functions: (1) receipt de-identification and initial processing; (2) analysis and interpretation; (3) dissemination of reports and other data; and (4) system evaluation and review. *41 Fed. Reg. at 15905*. Conspicuously absent from its listed functions is the enforcement of any law, rule, or regulation.

To effectuate the free flow of information, no reports submitted to NASA (ASRS) on or after April 15, 1976 will be used by, or be made available to the FAA for disciplinary purposes, unless there is a criminal violation or an accident. *41 Fed. Reg. at 15903*. This underscores the FAA's commitment to waive disciplinary action in cases covered by the NASA (ASRS) program. *Id.* In other words, NASA (ASRS) was established to encourage the aviation community to report unsafe conditions without fear of reprisal by the FAA, an *enforcement* agency. To further ensure anonymity and prevent against FAA disciplinary action, NASA (ASRS) is required to "de-identify," within twenty-four (24) to forty-eight (48) hours, all information contained in the reported incident that identifies the person(s) filing the report and any other person mentioned in the report. *41 Fed. Reg. at 15903*.

Although the FAA is clearly prohibited from using information supplied to NASA (ASRS) for the basis of disciplinary action, it can use information that it receives from independent sources outside of NASA (ASRS).

> For reports involving reckless operation, gross negligence or willful misconduct, no FAA disciplinary action will be taken based on a submitted aviation safety report or any information in any way derived from that report. *However, FAA disciplinary action may be taken based on information obtained wholly outside of, and apart from, information submitted under the FAA ASRP.* (emphasis added).

*41 Fed. Reg. at 15904.* Based upon the decisions in *Copsey v. Nat'l Transportation Safety Board*, 993 F.2d 736 (10th Cir. 1993) and *Jackson v. Nat'l Transportation Safety Board*, 114 F.3d 283 (D.C. Cir. 1997), Plaintiff cannot state a claim upon which relief can be granted and Defendant should be granted a dismissal as to Count I.

In *Copsey, supra,* the Petitioner flew his plane knowing that a blade of his propeller had been damaged prior to his departure. After landing safely, the Petitioner filed a report about his damaged propeller with NASA (ASRS). However, independent of his report, an FAA Inspector noticed the damaged propeller during a routine investigation of the aircraft. As a result of this independent information, the Petitioner was sanctioned, despite his filing a report with NASA (ASRS).

In *Jackson, supra,* the Petitioner misinterpreted instructions of the Air Traffic Controller, which caused an unsafe condition. The Petitioner filed a timely report with NASA (ASRS) regarding the incident. The FAA suspended the Petitioner's certificate for ninety (90) days. The Petitioner appealed. On appeal, the Administrative Law Judge affirmed the FAA's findings of the violation but imposed no sanctions on Petitioner because he had filed a timely report with NASA (ASRS).

These cases are consistent with the purpose and function of the NASA (ASRS) program; (1) that NASA (ASRS) will not insulate an individual from disciplinary action if the FAA receives the information from a source outside NASA (ASRS); and (2) no disciplinary action will be taken against an individual who files a timely written report with NASA (ASRS) provided that the incident does not involve criminal misconduct or result in an accident. *41 Fed. Reg. 15903.*

Count I of Plaintiff's Amended Complaint is brought pursuant to Section 448.102 (1) Fla. Stat., which requires that a plaintiff must file a written report with a government agency charged with the enforcement of a law, rule, or regulation. Plaintiff alleges he submitted his written report only to NASA (ASRS), an agency which clearly is not charged with the enforcement of a law, rule, or regulation. Therefore, Plaintiff cannot state a claim upon which relief can be granted and Defendant's Motion to Dismiss should be granted.

WHEREFORE, Defendant respectfully objects to the extent stated above to the Magistrate Judge's recommendation and respectfully requests that this Court grant Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint.

Respectfully submitted,

_S. P̸G̸_ (signature)

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 14th day of December 2000, upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
  WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney