UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, : CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11
  Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

  Defendant. :
_____/

## PLAINTIFF'S
## RESPONSE TO MAGISTRATE'S ORDER
## RECOMMENDING THAT
## DEFENDANT'S MOTION TO DISMISS COUNT I OF
## PLAINTIFF'S FIRST AMENDED COMPLAINT BE DENIED

Plaintiff, Patrick Scott Major, files this response to the Magistrate's Report and Recommendation entered December 4, 2000, and states.

On review of the legal authorities cited by Amerijet, the plaintiff agrees that consideration of a Federal Register provision is permissible at the stage of a motion to dismiss. Accordingly, the plaintiff agrees with Amerijet that the Magistrate should have considered the portions of the federal register, which describe NASA's duties as it relates to taking complaints from pilots, in considering the motion to dismiss.

On the merits, however, plaintiff maintains that the motion to dismiss was properly denied, in that his allegations do state a claim upon which relief can be granted. In making a complaint to NASA, the vehicle provided for such complaints, the plaintiff made a report to an entity which is legally sufficient to satisfy the requirements of the Florida Whistleblower Act. In



CASE NO. 00-6070-Ferguson/Snow

Robinson v. Jewish Center Towers, Inc., 993 F.Supp. 1475, 1477, the plaintiff was fired by her employer, a nursing home, after she suggested to an independent auditor on retainer by a federal agency, that it should look into certain records. Although the independent auditor was not itself an enforcement or regulatory agency, the defendant's motion to dismiss was denied.

Likewise here, plaintiff's memorandum in opposition to the motion to dismiss demonstrates that the NASA program was set up specifically to receive pilot complaints because of the climate of intimidation and reprisal which is pervasive in the airline industry. (See plaintiff's Response Memorandum dated July 19, 2000.) In the absence of anonymity and protection for reporting pilots, Congress feared that safety-related complaints would not be made. Due to this overriding public policy interest, NASA was set up as a clearinghouse for such complaints, and reporting pilots were guaranteed some limited measure of personal protection. Patrick Major availed himself of this avenue when he complained about Amerijet's illegal activities in August 1999.

For the reasons stated above, plaintiff respectfully joins with Amerijet in seeking the Court's consideration, at the motion to dismiss stage, of the pertinent provisions of the federal register. On the merits, plaintiff asks that the report and recommendations be adopted and the motion to dismiss denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

CASE NO. 00-6070-Ferguson/Snow

Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 29th day of December, 2000.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:  954-527-2800
Facsimile:  954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\Resp-report001.doc

3