UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, : CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11

Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

Defendant. :
_____/

### PLAINTIFF, PATRICK MAJOR's, MOTION FOR AN ORDER COMPELLING PETER STEELE'S DEPOSITION OR PRECLUDING HIS DIRECT OR INDIRECT TESTIMONY AT TRIAL, WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, requests that the Court compel the attendance at deposition of a witness listed by Amerijet, Peter Steele, with the proviso that Peter Steele's testimony at trial, directly or indirectly, will otherwise be inadmissible, and as grounds states:

1. This employment discrimination and whistleblower case is set for trial on the **May 7, 2001**, docket. Pursuant to the Court's New Scheduling Order dated January 23, 2001, the discovery deadline is **February 19, 2001**.

2. Mr. Steele is former Director of Operations for Amerijet and is listed as an Amerijet witness. Moreover, the undersigned has been advised by counsel for defendant, Susan Potter Norton, that Peter Steele is a respondent to portions of plaintiff's 30(b)(6) deposition notice, served in October 2000.

3. As illustrated by the following chronology, undersigned has diligently sought to depose Mr. Steele. Despite service of two subpoenas, Mr. Steele has never contacted the undersigned and has not appeared for deposition. He has been in regular contact with Amerijet's

CASE NO. 00-6070-Ferguson/Snow

attorney and our office has tried to work cooperatively in deposing Mr. Steele on a convenient date. However, discovery cutoff is February 19, 2001, and we have no current prospect of a date for Mr. Steele's deposition.

| | | |
|---|---|---|
| 09/28/00 | Letter to Amerijet counsel, Stephen Santiago, asking for dates for various depositions, including that of Pete Steele. |
| 10/04/00 | Telephone conference with Stephen Santiago asking for dates. |
| 10/13/00 | Set deposition of Pete Steele for 10/27/00 – **subpoenaed and served**. |
| 10/19/00 | Letter to Pete Steele asking him to call us to confirm his availability for deposition. He was served, but we wanted confirmation that he would attend. He did not contact us, but instead called Susan Norton's office. We agreed to reset the deposition at Norton's request. |
| 10/30/00 | Letter to Susan Norton asking for dates for depositions of various witnesses, including Pete Steele. |
| 11/06/00 | Reset deposition of Pete Steele for 11/15/00 (not subpoenaed again, because he had been served for the 10/27/00 depo). |
| 12/07/00 | Letter from Norton's office advising available week of 12/18 and 1/9-1/12 – Santiago on vacation from 12/25 to 1/7. We agreed to excuse Mr. Steele from the notice for 11/15/00. |
| 01/09/01 | Telephone conference with Stephen Santiago requesting dates. |
| 01/10/01 | Telephone conference with Stephen Santiago. Told Pete Steele in training out of state until 3/21/01. |

2

CASE NO. 00-6070-Ferguson/Snow

| | |
|---|---|
| 01/25/01 | Received New Scheduling Order setting discovery deadline of 2/19/01. |
| 02/01/01 | Reset deposition of Pete Steele for 02/16/01 **(subpoenaed and served 2/10/01)**. |
| 02/14/01 | Letter from Stephen Santiago saying Pete Steele called him and he is in training until at least middle of March. Does not know when training will end. Steele will **not** be appearing for deposition. |

4.    Mr. Steele appears to be a material witness. The undersigned is further concerned that decisionmakers in this case may testify that they relied on Mr. Steele, or information provided by him, on key matters. If Mr. Steele does not appear for deposition, plaintiff will be greatly prejudiced by any such testimony at trial.

5.    Plaintiff is hesitant to request a contempt order be entered against Mr. Steele, despite his failure to appear for his scheduled February 16, 2001, deposition. Plaintiff proposes that, if Amerijet intends to rely on Mr. Steele, **either** as a trial witness **or** indirectly as the alleged source of information relied on by a decisionmaker; **or** if Mr. Steele is one of their designees under plaintiff's 30(b)(6) notice, Amerijet be directed to procure his attendance at deposition by a date certain. Accordingly, Amerijet should be ordered to produce Mr. Steele for deposition. Alternatively, this Court should enter an order striking the witness, and directing Amerijet that it cannot rely upon Mr. Steel's "indirect" testimony at trial.

## MEMORANDUM OF LAW

Rule 16, Federal Rules of Civil Procedure, invests the trial court with inherent authority over all matters pertaining to the identity of scheduling, and control over witnesses at trial. Here

3

CASE NO. 00-6070-Ferguson/Snow

the Court should exercise its authority to require Amerijet to produce Mr. Steele for deposition, or take steps to prevent any prejudice to plaintiff at trial. Plaintiff has been diligent in seeking Mr. Steele's deposition and has been trying to cooperate with defense counsel with respect to his appearance at a convenient time. Without an opportunity to depose this witness, or adequate alternative protection, plaintiff will be greatly prejudiced at trial.

WHEREFORE, the plaintiff respectfully requests that the Court enter an order requiring Amerijet to produce Mr. Steele for deposition in March or be precluded from any direct or indirect reliance on his testimony at trial.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 16th day of February, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\m-compel001-steele.doc