UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ Magistrate Judge Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/



## DEFENDANT'S MOTION TO ENLARGE DISCOVERY TIME IN ORDER TO TAKE THE DEPOSITION OF PLAINTIFF'S EXPERT WITNESSES AND FOR PLAINTIFF TO PRODUCE ITS EXPERT'S REPORT

Defendant requests an Enlargement of Time in order to depose Plaintiff's expert witnesses and in support thereof states as follows:

1. On January 10, 2001, Defendant sent Plaintiff correspondence requesting dates in which Plaintiff would like to take the deposition of Defendant's aviation expert, Mr. Paul Repp. (Attached Ex. 1). Defendant did not receive a response from Plaintiff.

2. On January 17, 2001, Plaintiff faxed Defendant correspondence indicating that he did not want to pursue dates for the depositions of Defendant's experts until after the fact witness depositions were completed. (Attached Ex. 2).

3. On January 23, 2001, this Court entered a revised discovery Order, which closed discovery on February 19, 2001 and setting this case for the two-week trial docket beginning on May 7, 2001.

4. On January 25, 2001, Plaintiff sent correspondence to Defendant acknowledging receipt of this Court's Order closing discovery on February 19, 2001, and for the first time

77554_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



setting forth available dates for the depositions of Plaintiff's experts as follows: for Jim Gilbert, the week of January 29 and February 12, 2001; for Jose Pagan, the week of January 29 and February 5, 2001; and for John Wiley, February 14 or 15, 2001. Also, for the first time, despite Defendant's initial request on January 10, 2001, seeking dates for Mr. Repp's deposition, Plaintiff inquired about deposing Mr. Repp. (Attached Ex. 3).

5. On January 30, 2001, Plaintiff revised its expert witness availability as to Jim Gilbert and Jose Pagan that they would only be available as follows: Jim Gilbert, February 12, 13, and 14, 2001, and Jose Pagan, February 5, 2001. (Attached Ex. 4). Moreover, Plaintiff indicated that it would provide the reports of its experts witnesses, but to date Defendant has not received them.

6. Defendant was not available to depose Jose Pagan on February 5, 2001. Defendant intentionally did not set Mr. Wiley's deposition for February 15, 2001 because Defendant had previously set Plaintiff's deposition for February 15, 2001 and there simply would not be enough time to depose both Plaintiff and Mr. Wiley in the same day. Defendant did not set Mr. Gilbert's deposition because there was no point in setting it prior to Plaintiff's deposition.

7. On February 9, 2001, Plaintiff filed a Motion to Enlarge the Time to take the deposition of one of Defendant's expert witnesses, Paul Repp, in which Defendant did not oppose.

8. Defendant now seeks an Enlargement of Time to take the depositions of Plaintiff's experts, but Plaintiff's counsel, Ms. Valerie Shea, surprisingly has opposed this motion, despite Defendant not opposing her exact motion.

77554_1

**2**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

9. The taking of these depositions outside the discovery deadline will not prejudice the Plaintiff nor affect the trial date of this case.

ACCORDINGLY, Defendant respectfully requests that this court grant its motion for an Enlargement of Time to take the depositions of Plaintiff's expert witnesses.

### MEMORANDUM OF LAW

Rule 6(b) of the Federal Rules of Civil Procedure allows the Court to enlarge, upon good cause, the period within which to any act must be completed. Good cause exists in that Defendant was unavailable for certain periods of time that Plaintiff's experts were available and other depositions conflicted with certain dates of Plaintiff's experts availability.

ACCORDINGLY, Defendant respectfully requests that this Court grant its Motion for Enlargement of Time to depose Plaintiff's expert witnesses prior to March 12, 2001, the due date for filing all motions in this case.

<div style="margin-left: 40%;">
Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
snorton@anblaw.com
Stephen P. Santiago
Florida Bar No. 0964425
ssantiago@anblaw.com

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
</div>

77554_1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 20th day of February, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

# EXHIBIT 1

77578_1

ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 100 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 906 NORTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32303 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

January 10, 2001

*Via Facsimile (954) 524-9481 and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

      Re:    Major v. AmeriJet International, Inc.

Dear Valerie:

This is in response to your request for information in the above referenced case. First, you have requested we produce documents of the FAA investigation as it pertains to Captain Brian Steele. You indicated that your client is entitled to the records because AmeriJet has retained an attorney on behalf of Captain Brian Steele and thus, is the "client." We have researched the law regarding the attorney-client privilege and found no cases which would support your position. Furthermore, Florida Regulating Rule 4.1-8(f) specifically allows for an attorney to accept compensation from a third party on behalf of a client provided that (1) the client agrees, (2) that there is no interference with the attorney's independence of professional judgment or **with the attorney-client relationship,** and (3) that information relating to representation of a client **is protected as required by rule 4.1-6** (Confidentiality of Information). Should you find cases to the contrary, please provide us with the same and we will promptly consider them.

With regard to the FAA investigation of AmeriJet, we are in the process of collecting all documents and information held by Mr. Richardson, the attorney hired by AmeriJet to handle the FAA investigation. Quite frankly, there simply is not that much information as the investigation is at a standstill. Moreover, other than Pete Steele who received notice of the investigation and received the Proposed Enforcement of a Penalty from the FAA and possibly Derry Huff, Pete's successor, John Washington and Dave Bassett, who you will depose, no other employee at AmeriJet has any knowledge. In short, because nothing is happening, there is "nothing" to know! Any knowledge that exists regarding the investigation is contained in the documents sent from the FAA to AmeriJet and the written statements forwarded by the crew to the FAA, all of which have been previously forwarded to you and should be in your possession.

76736_1

January 10, 2001
Page 2

We are unable to give you the name of a corporate representative who has the most knowledge regarding the hiring practices of AmeriJet because many of the individuals who may have some knowledge of the hiring practices no longer work for AmeriJet. We believe that Juan Morales, Ed Cook, and Pete Steele, none of whom work for AmeriJet, may have some knowledge of the hiring practices during the relevant time period. In addition, Tracy Dickinson, who is currently employed by AmeriJet may also have limited information on the hiring policies of AmeriJet during the relevant period. Furthermore, Juan Morales is the individual who has the most knowledge of the 1999 EEOC complaint filed by your client.

Lastly, please provide us with anticipated dates in which you would like to depose our experts so that we may coordinate with Mr. Paul Repp, one of our experts, who lives in Atlanta, GA. Also, please confirm your availability on January 29, 2001, the date we previously set for your client's deposition.

Should you have any questions please do not hesitate to call.

Sincerely,

Susan Potter Norton

# EXHIBIT 2

77578_1

# HEINRICH GORDON HARGROVE WEIHE & JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

**TELECOPIER COVER LETTER**

DATE: January 17, 2001

**PLEASE DELIVER THE FOLLOWING TO:**

**TO:** Stephen P. Santiago, Esq.

**FAX NUMBER:** 305-442-1578

**PHONE NUMBER:** 305-445-7801

****************************************************************

**FROM:** Valerie Shea, Esq.

**TOTAL PAGES:** 5 (Including this cover sheet)

**MESSAGE:** Per our previous conversations, enclosed are notices of deposition for Bassett and Cook for 1/24/01. Please continue to work on dates for Tracey Dickenson, Juan Morales and Pete Steele. Also, let me know about the "notary" situation with the depos of Jorsey and Cline. Do you think the 25th will still work for them? As soon as the fact witnesses are done, we can then coordinate dates for the experts.

I have set the depos to take place at Downtown reporting, which is just across the parking lot from our building. If a conference room becomes available here, we can change the location at the last minute.
****************************************************************

CLIENT/MATTER NAME: Major/Amerijet

CLIENT/MATTER NO.: 81975.002

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL BACK AS SOON AS POSSIBLE.**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of the communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 627-2800 · Telecopier (954) 524-9481 · Internet heinrich-gordon.com
Orlando, Florida · Palm Beach, Florida

**EXHIBIT 3**

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No. (954) 519-1524

RECEIVED
JAN 2 6 2001

January 25, 2001

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

  Re: Major v. Amerijet
     Our File No. 81975.002

Dear Ms. Norton:

  After our depositions on January 24, 2001, I received the trial court's order setting new pretrial deadlines. As the January 2 and January 15 dates have passed, I propose we regard the clock as starting today. Accordingly, we are filing an updated expert witness disclosure. I have contacted my three experts and they are available as follows:

  Jim Gilbert: Week of 1/29; week of 2/12
  Jose Pagan: Week of 1/29; week of 2/5
  Joseph Wiley: 2/14/01 or 2/15/01 (he has scheduled events he cannot move)

You will, as we previously agreed, receive their reports 48 hours (or more) before the depositions.

  If you wish to take their depositions, please notice them immediately so we can confirm times with our experts. I will expect your expert disclosure on February 8, and I would also ask for dates for their depositions within two weeks (if necessary, I would agree to extend the dates for your expert depositions to February 22, 2001, or later that week).

Susan Potter Norton, Esquire
re: Major v. Amerijet - #81975.002

January 25, 2001
Page 2

I do need to set additional fact witness depositions between now and February 19, 2001. Steve Santiago has told my secretary that he will coordinate the appearance of Dave Bassett, Pete Steele, Tracey Dickenson and Juan Morales. Please advise my secretary, Vicki, as to the dates between now and February 19 when they are available.

We have offered you a variety of dates for Pat Major's deposition. Most recently, your office advised us that you would take his deposition on February 9. We were then told that it was cancelled and you did not want to take it until March. In light of this new order, however, if you wish to take his deposition, you should notice it for February 9. I will represent to you that I will make myself available for depositions in this case **any** work day between now and February 19. However, Mr. Major's schedule, as you know, is difficult and I urge you to set his deposition on February 9, if you wish to take it. If you do wish to take the deposition on that date, please notice it right away, because his schedule is subject to change and he cannot reserve that date indefinitely.

I am also setting John Roseborough's and Barney Sonnen's depositions and Vicki will contact you regarding those dates.

You have listed eighteen witnesses in this case with knowledge of the relevant issues. Please let me know whether you will stipulate that I can depose **any** of your listed witnesses without leave of court. (As I project it, the total depositions with experts will be 15 or 16.) Alternatively, I will seek that leave from the court.

Thank you for your anticipated cooperation in concluding the discovery in this matter.

Very truly yours,

*VALERIE SHEA*

VALERIE SHEA
For the Firm

VS:vjr
cc:  Mr. Patrick Major
G:\LAW\81975\002\Letters\l-Norton012.doc

**EXHIBIT 4**

# HEINRICH
# GORDON
# HARGROVE
# WEIHE
# & JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No (954) 519-1524

January 30, 2001

**VIA FACSIMILE**

Stephen Santiago, Esquire
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

    Re:    Major v. Amerijet
           Our File No. 81975.002

Dear Mr. Santiago:

The following is in response to your letter faxed to me today:

1.    I am in receipt of your notice of taking deposition of Patrick Major for February 14, 2001. However, our office has advised you that Mr. Major is available 2/13, 2/15 or 2/16/01. As we previously advised you, Mr. Major is **not** available February 14, 2001. You stated in your letter that you did not want to take Mr. Major's deposition on the same day as John Roseborough, due to the fact that Mr. Major's deposition is expected to take the entire day. Mr. Roseborough's deposition is set at 9:00 a.m. on February 13, 2001, and is expected to only take a couple of hours. This would leave plenty of time on the 13th to take Mr. Major's deposition for the six hours allowed by the Federal Rules. Please re-notice Mr. Major's deposition for February 13, 15 or 16.

2.    On Thursday, January 25, 2001, I faxed a letter to your office providing dates that our experts were available for deposition, which included the week of 2/5 for Jose Pagan, and either 2/14/01 or 2/15/01 for Joseph Wiley. At that time, I offered Mr. Gilbert's deposition to be taken the weeks of 1/29 and 2/12. However, since several days have passed, Mr. Pagan is now

Stephen Santiago, Esquire  
re: Major v. Amerijet - #81975.002

January 30, 2001  
Page 2

available the week of 2/5. Mr. Gilbert is now available 2/12, 2/13 and 2/14. I would appreciate your setting the depositions of plaintiff's experts on one of their available dates. If I do not receive notices of depositions for these experts by Thursday, February 1, 2001, at 5:00 p.m., I will assume that you do **not** intend to take their depositions and will send you their reports upon my receipt of them. As you know, pursuant to the court's most recent trial order, the discovery deadline is February 19, 2001. I cannot agree to postpone all expert discovery until after Pat Major's deposition, when it was your tactical decision not to take it until so late. Mind you, the February 9, 2001, date is **still** available for Pat's deposition if you elect it immediately; this may allow you the order you want.

3. In my January 25, 2001, letter to you, I agreed to extend the dates of **your** experts' depositions to February 22, 2001, or later that week. You have offered your expert, Paul Repp, for February 26, 2001. However, this is after the discovery deadline and after the extended date I had offered. In addition, I am starting a trial on February 26, 2001, and want to complete all the depositions prior to that date. Please provide me with an earlier date for Mr. Repp and with a date that your expert, Mitchel Yelen, is available for deposition.

4. We agree to take the deposition of Juan Morales on February 7, 2001, at 9:00 a.m., and that notice was mailed to your office yesterday.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

*Valerie Shea*

VALERIE SHEA

VS:ddk  
G:\LAW\81975\002\Letters\J-santiago015.doc