UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PATRICK SCOTT MAJOR, | : | CASE NO. 00-6070-Ferguson/Snow |
| | | L.T. Case No. 99-021746-11 |
| Plaintiff, | : | |
| vs. | : | |
| AMERIJET INTERNATIONAL, INC., | : | |
| Defendant. | : | |
| _____/ | | |

### PLAINTIFF, PATRICK SCOTT MAJOR'S, MOTION FOR PROTECTIVE ORDER AGAINST THE TAKING OF THE DEPOSITIONS OF JIM GILBERT, JOSE PAGAN, AND JOSEPH WILEY WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, requests a protective order against the taking of depositions of plaintiff's experts, Jim Gilbert, Jose Pagan, and Joseph Wiley, and states:

1. This case is on the trial docket for May 7, 2001. Pursuant to the Court's New Scheduling Order dated January 23, 2001, the discovery deadline was **February 19, 2001**.

2. Defendant did not notice plaintiff's experts for deposition before that date, although dates were offered by plaintiff's counsel. In fact, on February 20, 2001, defendant filed a motion for enlargement of time in which to take the depositions of plaintiff's experts. Plaintiff's response to that motion is not due until March 9, 2001. Plaintiff does intend to file a response in opposition.

3. The notice which is the subject of this motion was faxed on Thursday, February 22, 2001.[1] It seeks the depositions of three experts on Tuesday, February 27, 2001. This is three working days' notice of the depositions.

---

[1] Although clearly served on February 22, 2001, the notice signed by Amerijet's lead counsel certifies service on **January** 22, 2001. Presumably this was an oversight.



CASE NO. 00-6070-Ferguson/Snow

4. Undersigned counsel is attending a mediation in Jacksonville, Florida, on Tuesday, February 27, 2001, and cannot attend these depositions.

5. Plaintiff cannot be expected to corral three busy experts on such short notice. Needless to say, there was no consultation about this notice.

6. More substantively, plaintiff is opposed to defendant's motion for enlargement of time to take plaintiff's experts in light of the fact that defendant had ample opportunity to take plaintiff's experts within the dates ordered by the Court. The deadline has passed. Therefore, plaintiff seeks a protective order against the taking of plaintiff's experts until such time as the Court has ruled on defendant's motion for enlargement of time in which to take the depositions of plaintiff's experts.

## MEMORANDUM OF LAW

Pursuant to Local Rule 26.1(J), Federal Rules of Civil Procedure, Southern District, a party desiring to take the deposition within this state of any person upon oral examination shall give at least five working days' notice in writing to every other party to the action and to the deponent. Defendant provided plaintiff with **three** working days' notice of taking deposition of plaintiff's experts. While the Discovery Practices Handbook provides that noncompliance with the notice requirements obviates the need for a protective order, plaintiff is filing this motion in an abundance of caution. The deposition notice violates the Court's discovery order, rules of procedure, and any notion of courtesy. The circumstances, therefore, satisfy the criteria for a protective order under Rule 26(c), Fed.R.Civ.P.

CASE NO. 00-6070-Ferguson/Snow

WHEREFORE, the defendant respectfully requests this Court enter a protective order against the taking of plaintiff's experts' depositions unless and until a separate order is entered which grants defendant's request for an enlargement of time.

CERTIFICATE OF COUNSEL

The undersigned certifies that she has conferred with opposing counsel in an attempt to resolve this dispute prior to filing the motion.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 23rd day of February, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:   954-527-2800
Facsimile:   954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\MPO-expert depos001.doc

3