UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, : CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11
    Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

    Defendant. :
_____/

# PLAINTIFF, PATRICK SCOTT MAJOR'S, MOTION TO STRIKE MITCHELL YELEN AS AN EXPERT WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, moves the Court for the entry of an order striking Mitchell Yelen as an expert in this matter, and states:

1. The case is on the trial docket for May 7, 2001. Pursuant to the Court's New Scheduling Order dated January 23, 2000, defendant was to make its experts available for deposition within 14 days of their disclosure. The discovery deadline was February 19, 2001.

2. Defendant filed its expert disclosure on February 1, 2001, and the undersigned requested a date for Mr. Yelen's deposition. On February 5, 2001, defendant's counsel stated that Mitchell Yelen probably will not be used as an expert but that a decision would be made the following day. Two days later, defendant's counsel advised that Mitchell Yelen would not be used as an expert and that this would be confirmed in writing.

3. Undersigned, relying on defendant's assurances that Mitchell Yelen would be withdrawn as an expert, did not attempt to compel a deposition date for Mr. Yelen.

CASE NO. 00-6070-Ferguson/Snow

4. On Friday, February 16, 2001, the last working day before the discovery deadline, counsel for defendant advised that defendant would be using Mitchell Yelen after all. Undersigned counsel promptly requested that defendant provide a date for Mr. Yelen's deposition not later than February 23, 2001, and suggested that in light of the discovery deadline, defendant file an unopposed motion for enlargement of time explaining the circumstances to the Court. As of the date of filing this motion, defendant has not provided dates for Mr. Yelen's deposition, nor filed any motions for enlargement of time.

## MEMORANDUM OF LAW

Rule 16, Federal Rules of Civil Procedure, invests the trial court with inherent authority over all matters pertaining to the identity of witnesses and scheduling. Here the Court should exercise its authority to strike Mitchell Yelen as an expert to prevent any prejudice to plaintiff at trial. Plaintiff relied on defendant's statements that Mr. Yelen would be withdrawn as an expert in this matter, and upon learning that Mr. Yelen would not be withdrawn, plaintiff was diligent in seeking Mr. Yelen's deposition. Defendant failed to make this expert available within the dates in the Court's order.

WHEREFORE, the defendant respectfully requests that the Court enter an Order striking Mitchell Yelen as an expert in this matter.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

CASE NO. 00-6070-Ferguson/Snow

Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 26th day of February, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:　954-527-2800
Facsimile:　954-524-9481

By: _____VALERIE SHEA_____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\m-strike-yelen.doc