UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINIFF'S MOTION TO COMPEL THE DEPOSITION OF PETER STEELE OR IN THE ALTERNATIVE TO PRECLUDE HIS DIRECT OR INDIRECT TESTIMONY AT TRIAL

      Defendant, AMERIJET INTERNATIONAL, INC., by and through undersigned counsel, hereby serves its Response to Plaintiff's Motion to Compel the deposition of Peter Steele or in the Alternative to Preclude the testimony of Peter Steele, and in support thereof states as follows:

      1.     Mr. Pete Steele is not an AmeriJet employee and has been out of the state of Florida, attending training for his new employer United Airlines, since early January 2001.

      2.     On February 16, 2001, Plaintiff filed a motion to compel the deposition of Peter Steele or in the alternative to preclude Mr. Steele's testimony because Defendant has failed to produce Mr. Steele for deposition.

      3.     Plaintiff's counsel has absolutely no basis in law to request the relief sought, and the motion to compel the production of Mr. Steele for deposition or in the alternative to preclude Defendant from using him as a witness must be denied.

      4.     Plaintiff's counsel filed this Complaint on December 12, 1999, but did not seek or request any depositions to be taken until October 1999.

77569_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

5.      Plaintiff's counsel sets forth a chronology in her Motion that omits key

correspondence, which flowed between the Parties in reference to the deposition of Mr. Steele.

The following is a more accurate depiction of the chronology:

October 30, 2000 (Ex. 1)

> Letter from Ms. Shea to Susan Norton regarding the deposition schedule requested by Ms. Shea, to include a request to depose Pete Steele.

November 6, 2000 (Ex. 2)

> Letter from Stephen Santiago to Ms. Shea confirming deposition dates for November 8th and November 14th.

November 6, 2000 (Ex. 3)

> Reset deposition of Pete Steele for November 15th, 2000.

November 10, 2000 (Ex. 4)

> Letter from Ms. Shea to Susan Norton indicating in paragraph 9 that Ms. Shea will have to reset the depositions previously set for November 15th. On page 3 of the letter, Ms. Shea states: "Unfortunately, we will not be able to take the depositions presently noticed for November 15th of Ed Cook, Juan Morales, **Pete Steele**, and Dave Bassett."

December 7, 2000 (Ex. 5)

> Letter from Susan Norton to Ms. Shea advising Ms. Shea of Ms. Norton's availability during the week of December 18th and January 9th through January 12th, 2001.

> Note: In her Motion, Ms. Shea indicates that, as a result of this letter, she excused Mr. Steele from the Notice of Deposition for November 15th, 2000. However, as evidenced by Ms. Shea's letter of November 10th, 2000, it is clear that she had cancelled the deposition of Mr. Steele for November 15th on her on accord.

**2**

December 15, 2000 (Ex. 6)

> Letter from Stephen Santiago to Ms. Shea revising the availability of deposition dates to January 5th, 8th, 10th and 11th, 2001. No depositions were ever scheduled by Plaintiff.

January 10, 2001

> Stephen Santiago has a telephone conference with Vicki, Ms. Shea's assistant, informing Vicki that Mr. Steele was employed by United Airlines and has been transferred to Denver, Colorado for training on a new aircraft and would probably be out-of-state until March 21, 2001.

January 17, 2001 (Ex. 7)

> Facsimile from Ms. Shea to Stephen Santiago acknowledging the Defendant's continued cooperation in setting dates for deposition of Tracy Dickinson, Juan Morales (former employee), and Pete Steele (also a former employee).

January 18, 2001 (Ex. 8)

> Letter from Stephen Santiago to Ms. Shea indicating that he had tried to contact Mr. Steele on several occasions via telephone but was unable to speak with Mr. Steele. Mr. Santiago also indicated that Mr. Steele is currently in Colorado undergoing training for United Airlines. Further, Mr. Santiago indicated that he sent a letter to Mr. Steele's residence, certified return receipt, requesting Mr. Steele to contact him.

January 18, 2001 (Ex. 9)

> Certified, return receipt letter from Stephen Santiago to Mr. Steele.

January 22, 2001 (Ex. 10)

> Letter from Ms. Shea to Stephen Santiago acknowledging the continued effort of Defendant to set depositions and proposing the deposition dates of 02/13, 02/15, 02/16,

02/23, 02/27, and 03/01, 2001 for Tracy Dickinson, Juan Morales, Pete Steele, and Dave Bassett.

January 25, 2001 (Ex. 11)

Letter from Ms. Shea to Susan Norton acknowledging that Mr. Santiago was coordinating the depositions of Dave Bassett, Pete Steele, Tracy Dickinson, and Juan Morales with her secretary, Vicki.

January 30, 2001 (Ex. 12)

Letter from Stephen Santiago to Ms. Shea explicitly indicating that Mr. Steele is undergoing training at United Airlines training facility in Denver, Colorado; that Mr. Steele is being trained to fly the 767-type aircraft; and further indicating that Mr. Steele would not be available for deposition until after March 15, 2001.

February 1, 2001

Ms. Shea resets Mr. Steele's deposition for February 16th, 2001 and, unbeknownst to Defendant, subpoenaed and served a subpoena at Mr. Steele's residence after being informed that Mr. Steele was out of the state. Mr. Steele on February 10th, 2001 for his deposition.

February 14, 2001

Vicki, Ms. Shea's assistant, telephones Stephen Santiago requesting information as to whether or not Pete Steele will be available for his deposition on February 16th, 2001. Mr. Santiago, again, reminded and reiterated to Vicki that Mr. Steele was currently in training in Denver, Colorado, that Mr. Steele had not contacted him, and that he would probably not appear.

February 14, 2001 (Ex. 13)

Letter from Stephen Santiago to Ms. Shea indicating that Mr. Steele had contacted him and confirmed that Mr. Steele was still in training until the middle of March, 2001.

77569_1

**4**

6.    Defendant does not dispute that Mr. Steele does have information regarding Plaintiff's employment at AmeriJet. However, Defendant does object to and disputes any claim, argument, or inference raised by Ms. Shea's Motion that Defendant has not cooperated with her in trying to secure Mr. Steele's deposition.

7.    Plaintiff's counsel "hesitates" to request a contempt order be entered against Mr. Steele for his failure to appear for his scheduled deposition of February 16th, 2001. Plaintiff's counsel should be extremely hesitant to request such relief when, in fact, the failure to depose Mr. Steele was largely due to Plaintiff's counsel's failure to prosecute this case in a timely manner. Furthermore, Plaintiff's counsel served a subpoena at the residence of Mr. Steele on February 10, 2001 knowing full well that Mr. Steele was stationed in Denver, Colorado for mandatory training with United Airlines.

8.    Plaintiff's counsel's request that AmeriJet be directed to produce Mr. Steele's attendance is also unwarranted as AmeriJet has absolutely no control over Mr. Steele, who voluntarily resigned from AmeriJet in April of 2000.

ACCORDINGLY, Plaintiff's request to compel Mr. Steele at a deposition or, in the alternative, to strike his testimony should be denied.

## MEMORANDUM OF LAW

It is well established that the purpose of discovery is to prevent or minimize the risk of surprise testimony and instead, allow the parties to adequately prepare for trial. *See, Hickman v. Taylor*, 329 US 495, 499, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The primary purpose of the discovery rules is the prevention of unfair surprise to one's opponent. *See, e.g., Cox v. Conrail*, 47 Fair Empl. Prac. Cas. (BNA) at 682., *citing, Davis v. Marathon Oil Co.*, 528 F.2d 395 (6th Cir. 1975).

77569_1

In the instant case, Defendant has complied with its obligations under the rules of discovery. Defendant supplied Plaintiff's counsel with the address and telephone number for Mr. Steele, which is the only requirement Defendant was obligated to do. As detailed above, Defendant substantially assisted Ms. Shea in trying to obtain deposition dates for Mr. Steele. In fact, Mr. Steele's deposition was set for November 15, 2000, and was subsequently cancelled by Ms. Shea, not Mr. Steele or Defendant. (Ex. 4).

As early as January 10, 2001, Ms. Shea was on notice that Mr. Steele was in Denver, Colorado undergoing training to fly the 767-type aircraft. On January 30, 2001, our office confirmed Mr. Steele's training in Denver, Colorado and immediately sent correspondence to Ms. Shea of this fact. The very next day, February 1, 2001, Ms. Shea noticed Mr. Steele for deposition on February 16, 2001. She subsequently sent a subpoenaed to Mr. Steele's house on February 10, 2001, knowing that he was in Denver, Colorado and was unavailable to appear in person. She made no attempt to reschedule or in the alternative to take a telephone deposition as she did with Mr. Al Jorsey, Sr. and Mr. Bill Cline.

Plaintiff's counsel has produced no evidence that Defendant has violated or otherwise not complied with its obligations under the rules of discovery, therefore, this Court should deny Plaintiff's motion to compel Defendant to produce Mr. Steele for deposition.

Courts routinely grant party's motions to strike witnesses for failure to comply with discovery rules, which result in one party being unfairly prejudiced with respect to preparations for trial. *See, e.g., Rauh v. Coyne*, 744 F. Supp. 1181 (D.D.C. 1990). However, in the instant case, the undisputed evidence shows that Defendant has worked cooperatively on every occasion with Plaintiff's counsel to secure the deposition of Mr. Steele. Any prejudice suffered by Plaintiff due to the inability to depose Mr. Steele can be attributed to Plaintiff. Plaintiff is the

77569_1

**6**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

one who *sua sponte* cancelled the deposition of Mr. Steele of November 15, 2000. Plaintiff was advised of dates that Defendant was available in January 2001 and chose not to set any depositions. (Ex. 6). As late as January 22, 2001, Plaintiff acknowledged Defendant's efforts in trying to secure the deposition of Mr. Steele. (Ex. 10). In the absence of any evidence showing Defendant's bad faith or otherwise hindering Plaintiff's ability to take depositions, Plaintiff's motion to strike Mr. Steele's testimony should also be denied.

Ms. Shea suggests issuing a contempt order against Mr. Steele for his failure to appear at the deposition set by Ms. Shea on February 16, 2001. Such a suggestion is unwarranted as Ms. Shea had been put on notice as early as January 10, 2001, that Mr. Steele was living in Denver, Colorado undergoing mandatory training with Untied Airlines. Therefore, Plaintiff's requests for a contempt order against Mr. Steele should also be denied.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's motion in its entirety.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

77569_1

**7**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 27th day of February, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

# HEINRICH GORDON HARGROVE WEIHE & JAMES

PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No. (954) 519-1524

October 30, 2000

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

      Re:    Major v. Amerijet
              Our File No. 81975.002

Dear Ms. Norton:

Concerning the deposition schedule in this case, let me advise as follows: I received your notice of taking Patrick Major's deposition for November 3, 2000. I appreciate your stating that you would be flexible about the date if his work schedule does not permit him to appear on that date. Patrick is doing his best to find out what his work schedule will be and I will advise you as soon as I know. Concerning the location of Mr. Major's deposition, he lives in Broward and the lawsuit was filed in Broward. I would appreciate if you would take his deposition in Broward. You are welcome to do so at my office or at any other convenient place. Please let me know if you are agreeable to the change of location.

I appreciate the fact that you have a scheduled vacation and a possible trial December 4. I did not feel I could ask to extend the discovery period past the presently scheduled pretrial conference date of December 11. However, it is my goal to try to complete the depositions before your vacation of November 17. We basically have three weeks to do this and there is a lot involved. First, I have urged my client to find out what his work schedule is as soon as possible, as it is his wish to attend depositions. Second, on the fact witness side, I would like to take the following depositions in the following approximate order:

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 527-2800 • Telecopier (954) 524-9481 • www.heinrichgordon.com

EXHIBIT
/

Susan Potter Norton, Esq.                                    October 30, 2000
re: Major v. Amerijet - #81975.002                           Page 2

    Tier One                              Tier Four
    Corporate Representative              Pete Steele
    Derry Huff                            Dave Bassett

    Tier Two                              Tier Five
    Al Jorsey                             John Roseborough
    Brian Steel
    John Washington

    Tier Three
    William Cline
    Ed Cook
    Tracey Dickenson
    Tim Green
    Juan Morales

    My office has been working with yours; to the extent that we can immediately start conferring on dates, schedules, availability of witnesses, etc., and get some of this nailed down, we need to do so.

    On the subject of expert witnesses, my secretary has previously asked your office for dates for your experts, but has not gotten any response from you. I would like to take those depositions as soon as those witnesses are prepared. Of course, you are welcome to take mine, as well.

    In any event, I appreciate your cooperation and understanding concerning the schedule problems we encountered. Please do urge your secretary to work with mine to the extent possible to achieve what we need to. If there are witnesses you wish to depose other than Patrick Major and my experts, please let me know so that both of us will have a good picture of where we are going.

                         Very truly yours,

                         *Valerie Shea*

                         VALERIE SHEA
                         For the Firm

VS:vjr
cc: Patrick Major
G:\LAW\81975\002\Letters\l-Norton006.doc

LAW OFFICES

## ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| **CORAL GABLES, FLORIDA 33134** | **ORLANDO, FLORIDA 32801** | **TALLAHASSEE, FLORIDA 32301** | **TAMPA, FLORIDA 33606** |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO  Coral Gables

November 6, 2000

*Via Facsimile (954) 524-9481 and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394

      Re:    Major v. AmeriJet International, Inc.

Dear Valerie:

      We are in receipt of your Notices of Deposition in the above-referenced case. I want to inform you that in reference to Derry Huff as a Corporate Representative that he will be unable to answer question Nos. 6 and 7.

The depositions set for Wednesday, November 8, 2000, and Tuesday, November 14, 2000, are scheduled to take place at the Corporate Offices of AmeriJet. We would like to have these depositions taken at your office instead. I do not believe that we need to re-notice these in light of the change as all of these witnesses are currently still employed by AmeriJet.

      Should you have any questions, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em

EXHIBIT
2

75774_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PATRICK SCOTT MAJOR, | : | CASE NO. 00-6070-Ferguson/Snow |
| | | L.T. Case No. 99-021746-11 |
| Plaintiff, | : | |
| | | |
| vs. | : | |
| | | |
| AMERIJET INTERNATIONAL. INC., | : | |
| | | |
| Defendant. | : | |
| | / | |

## PLAINTIFF'S
## RE-NOTICE OF TAKING DEPOSITION

YOU, as attorneys for the defendant, are hereby notified that the plaintiff in the above-styled cause will take the deposition by oral examination for purposes of discovery and for use as evidence in said cause, or both, of:

| **WITNESS:** | **Pete Steele** |
|---|---|
| **DATE & TIME:** | Wednesday, November 15, 2000 – 1:00 p.m. |
| **LOCATION:** | Offices of Heinrich, Gordon, Hargrove, Weihe & James
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394 |

The deponent is to have with him those items designated on the attached Subpoena Duces

Tecum for Deposition.

This deposition will be taken before a Notary Public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is not financially interested in this action and is neither a relative, nor employee of the attorney.



EXHIBIT
3

CASE NO. 00-6070-Ferguson/Snow

The deposition will be taken pursuant to the Florida Rules of Civil Procedure. The oral examination will continue from hour to hour and from day to day until completed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire,** Attorney for Defendant. Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables. FL 33134, this 6ᵗʰ day of November, 2000.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:     954-527-2800
Facsimile:     954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

cc: Downtown Reporting

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
L A W   O F F I C E S

Valerie Shea
Direct No. (954) 519-1524

November 10, 2000

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL  333314

      Re:    Major v. Amerijet
            Our File No. 81975.002

Dear Ms. Norton:

      Following up on the aborted deposition of Derry Huff, this letter will set forth a few things that I think we need to discuss and/or agree upon:

      1.    We have not received any response to our three phone calls to your office requesting copies of the tower tapes. Please see that we receive these as soon as possible, and I would appreciate receiving the transcripts which Derry Huff referred to in his deposition.

      2.    As you are aware, Derry Huff referred to a number of documents in his deposition which were not previously produced: the report by Al Jorsey and the notes made by Amerijet employees listening to the tower tapes, to name a couple. Please review with your client whether these materials are available.

      3.    You are going to designate someone else as the corporate representative regarding the FAA/Amerijet involvement over the incident of August 17, 1999. Also, we need a deponent as to Items 6 and 7 of the 30(b)(6) deposition notice.

      4.    You had objected to our request that you produce the entire airline operating manual and the entire airline performance manual. The basis for your objection was that this request was overly broad. In light of Mr. Huff's testimony, I believe we have clarified the portions of those manuals to which we are entitled, as they are clearly within the scope of

**EXHIBIT**
4

Susan Potter Norton, Esquire                                November 10, 2000
re: Major v. Amerijet - #81975.002                         Page 2

potentially admissible evidence. Those would be the sections referred to in the FAA notice of
proposed civil penalty violation, the definition section referred to by Derry Huff as providing
Amerijet's rationale for Capt. Steele's intent to disregard the tower weather report, and the
policies specifically relating to the navigational clearance which Derry Huff contends Patrick
Major acted outside of.

5.      As you know, after five hours together, about 3-1/2 to 4 of which were spent in
deposition, you abruptly announced that you and your client were leaving as he had a previously
scheduled medical appointment. At no time earlier in the day did you bring this to my attention.
You have agreed to produce Derry Huff for the completion of his deposition before any other
witnesses are deposed.

6.      Regarding Patrick Major's deposition, as you are aware, this case has been pending
for some ten months and at no time prior to late October 2000 did you serve a notice of taking
his deposition or make any effort to do so. He is certainly willing to give a deposition.
However, as I have explained to you repeatedly, he has just started a new job and has intensive
training and scheduling commitments at this time. We are trying to work with his schedule as
best as possible. As a party to the suit, he does have a right and interest in being present at
depositions. I am enclosing the schedule to which he referred.

7.      As matters now stand, Mr. Major is available for deposition on the following dates:
11/13, 11/14, 11/20, 11/21, 11/22, 11/29 or 11/30. I realize that you have schedule issues on
these days, but please do not complain that we have not offered Mr. Major for deposition. Being
that you only starting asking for dates a couple weeks ago, we are doing our best.

8.      That said, I have also suggested that if we cannot complete discovery before the
pretrial conference set on December 11, 2000, that I would not be opposed to a motion for
continuance. You may prefer to wait and see whether we can complete the further depositions
the week of December 4, which was my original proposal.

9.      In light of the schedule issues for next week, I will not be able to produce Pat
Major for partial deposition on the 16th and I will have to reset the depositions presently set for
the 15th. As currently noticed, we have set for deposition on the 14th: Brian Steele at 10:00, John
Washington at 11:00, and Tracey Dickenson at 1:00. It is also my understanding that your office
agreed to times for Al Jorsey and William Cline, of 9:00 a.m. and 2:00 p.m. on the 14th,
respectively. It is my understanding that all of these gentlemen are to be produced without the
necessity of subpoena. If this is incorrect, please advise.

Given the length of time that it took to take Derry Huff's deposition, I am concerned that
we will not be able to conclude those depositions on the 14th, especially because we have agreed
that we will resume Derry Huff's deposition before we take anyone else. More realistically, I
propose that we take Derry Huff's continued deposition starting at 9:00 a.m. on the 14th; depose

Susan Potter Norton, Esquire                                              November 10, 2000
re: Major v. Amerijet - #81975.002                                       Page 3

Brian Steele at 11:00 a.m.; and set the deposition of John Washington or one of the other available witnesses for the afternoon.

If you are agreeable to allowing Steve Santiago to attend any of the depositions of the Amerijet representatives, I would like to move whomever we do not get to on the 14th to the week of the 20th.

Unfortunately, we will not be able to take the depositions presently noticed for November 15 of Ed Cook, Juan Morales, Pete Steele and Dave Bassett. I do not know whether the availability of all these people had been confirmed anyway. I could move them to the week of Thanksgiving, too, if that were agreeable.

You will recall that I originally proposed that we extend the discovery deadline until December 8. If you are willing to reconsider on that subject; i.e., if you do not think your trial is going to go, then we should do that. Otherwise, we should probably do a joint motion for continuance at this point. However, so as not to lose the 14th, I enclose a notice of the continuation of Derry Huff's deposition for 9:00 a.m. and would ask that you have your office contact my secretary, Vicki, concerning the order for the rest of the day and for the completion of the rest of the witnesses.

As matters now stand, you have told us that you are not available at all from November 17 through 24, or the week of December 4. As you must realize, you've given us extraordinarily few days on which to try to schedule the outstanding depositions.

Let's please try to get this resolved. I would still like to accomplish as much as we can between now and the current deadline. Please let me hear how you would like to proceed.

Very truly yours,

*Valerie Shea*

VALERIE SHEA
For the Firm

VS:vjr
Enclosure
cc: Patrick Major
G:\LAW\81975\002\Letters\l-Norton006.doc

ALLEN, NORTON & BLUE
LAW OFFICES
PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7366 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

December 7, 2000

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

> Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

Since we have not heard from Judge Ferguson regarding our Joint Motion to continue the trial and to extend our discovery dates, I am forwarding you a list of dates we are available for depositions. We would like to start taking depositions as soon as possible so that we don't end up being jammed at the end of the discovery period. We are available for depositions during the weeks of:

> December 11[th] through December 15[th], 2000;
> December 18[th] through December 21[st], 2000; and
> January 9[th] through January 12[th], 2001.

In addition, we would like to confirm a date that Pat Major will be available for his deposition. We would like to conduct that deposition sometime in January.

I am in receipt of your letter dated December 5th, 2000, indicating a request for the Table of Contents for the aircraft manuals. I will forward that to you as soon as I get it.

Should you have any questions, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em

75774_8

**EXHIBIT**
5

# ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

December 15, 2000

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

Re:   Major v. AmeriJet International, Inc.

Dear Valerie:

I received a call from your assistant regarding the depositions that need to be taken in this case. We had previously informed you that we would be available the week of December 18th; however, those dates are no longer available.

We are available on the following dates: January 5th, 8th, 10th, and 11th, 2001. I will be going on vacation from December 21st through January 8th; therefore, I will only be available to coordinate these depositions through December 20th, 2000. After that time, please have your assistant coordinate the depositions with Judi Pruitt, Susan Norton's personal assistant. Ms. Pruitt can be reached at (305) 445-7801.

Enclosed is the Table of Contents for Chapter 4 of the Airplane Operation Manual for the Boeing 727. Should you need further information on these manuals, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em
Enclosure

75774_9

EXHIBIT
6

# HEINRICH
# GORDON
# HARGROVE
# WEIHE
# & JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

## TELECOPIER COVER LETTER

DATE: January 17, 2001

### PLEASE DELIVER THE FOLLOWING TO:

**TO:**            Stephen P. Santiago, Esq.

**FAX NUMBER:**    305-442-1578

**PHONE NUMBER:** 305-445-7801

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FROM:**          Valerie Shea, Esq.

**TOTAL PAGES:**   **5** (including this cover sheet)

**MESSAGE: Per our previous conversations, enclosed are notices of deposition for Bassett and Cook for 1/24/01. Please continue to work on dates for Tracey Dickenson, Juan Morales and Pete Steele. Also, let me know about the "notary" situation with the depos of Jorsey and Cline. Do you think the 25th will still work for them? As soon as the fact witnesses are done, we can then coordinate dates for the experts.**

**I have set the depos to take place at Downtown reporting, which is just across the parking lot from our building. If a conference room becomes available here, we can change the location at the last minute.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLIENT/MATTER NAME:    Major/Amerijet

CLIENT/MATTER NO.:     81975.002

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL BACK AS SOON AS POSSIBLE.**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of the communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 627-2800 · Telecopier (954) 524-9481 · Internet heinrich-gordon.com
Orlando, Florida · Palm Beach, Florida



EXHIBIT
7

# ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| **CORAL GABLES, FLORIDA 33134** | **ORLANDO, FLORIDA 32801** | **TALLAHASSEE, FLORIDA 32301** | **TAMPA, FLORIDA 33606** |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

January 18, 2001

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

> Re:   Major v. AmeriJet International, Inc.

Dear Ms. Shea:

Over the last two (2) weeks, we have been coordinating deposition dates for the above-referenced case. The following witnesses are available for depositions on either the 24th or the 25th: Mr. Bill Cline, who will appear by telephone; Mr. Al Jorsey, Sr., who will appear by telephone; Mr. Dave Bassett, whom you have set for January 24th at 9:30 a.m.; and Mr. Ed Cook, who you have set for deposition on January 24th at 1:00 p.m.

Tracy Dickinson will not be available for deposition until after February 7th, 2001. Like your client, Mr. Dickinson is currently in training outside of Florida and, due to his training schedule, he will not be available until after February 7th, 2001. Mr. Pete Steele is also unavailable for deposition on January 24th and 25th, 2001. I have tried to contact Mr. Steele on several occasions via telephone but I have not heard back from him. It is my understanding that Mr. Steele is currently in Colorado undergoing training for United Airlines. However, I have not been able to verify this fact. I have sent a letter to his home residence, certified return receipt, and expect to hear from him in the near future. I will promptly contact you upon hearing from Mr. Steele.

Your assistant, Vicki, indicated that you would like to have a court reporter co-located with Mr. Cline and Mr. Jorsey so that the court reporter can swear them in in person. I am not aware of any rule that prohibits a court reporter from swearing in a person over the telephone. It appears to me that Mr. Cline and Mr. Jorsey can identify themselves by their name, date of birth, home address or other personal information. Therefore, I do not believe that it is necessary to have a court reporter present with each of these

75774_11

January 18, 2001
Page 2

witnesses in order to obtain their deposition.  Furthermore, we have no objection to swearing in these two (2) individuals over the telephone.  Therefore, I believe that we can take their depositions on either January 24th or 25th, 2001.

   Should you have any questions, please do not hesitate to call me.

                                        Sincerely,

                                        Stephen P. Santiago

SPS/em

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

January 18, 2001

*Via Certified Mail, Return Receipt Requested*
Pete Steele
15625 Sunward Street
Wellington, Florida, 33414

    Re:    Major v. Amerijet

Dear Pete:

    I am writing in order to get available dates for an upcoming deposition. It is my recollection that you are in training for United Airlines and will be unavailable until some time in March. I have tried to contact you through your cell phone and through your home phone number. However, I have not yet heard back from you.

    I would appreciate if you could find the time to give me a call at (305) 445-7801 and leave me a message as to when you believe that you will be available for deposition. I appreciate your time and efforts in working with us in this case. I know it has been an inconvenience to you and your family and, for that, I apologize.

    I hope to hear from you soon

                    Sincerely,

                    Stephen P. Santiago

SPS/em

EXHIBIT
9

75557_4

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

RECEIVED
JAN 2 6 2001

Valerie Shea
Direct No (954) 519-1524

January 22, 2001

Stephen Santiago. Esquire
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

     Re:    Major v. Amerijet
           Our File No. 81975.002

Dear Mr. Santiago:

We are continuing to work on setting the depositions which remain in this matter. I am obtaining dates for our experts and will contact you with several available dates for them. I would request that you also obtain dates from your experts at this time. I am looking to take those depositions in March.

I am proposing the following dates for the depositions of Tracey Dickenson. Juan Morales. Pete Steel and Dave Bassett: 2/13/01, 02/15/01. 02/16/01, 02/23/01, 02/27/01, or 3/01/01. I would like to use one day during the weeks of February 12, February 19. and/or February 26. We can plan on taking one deponent in the morning and one in the afternoon of those days. Please let me know when these deponents are available.

As always. I appreciate your cooperation in this matter. I will be back in touch with you regarding the available dates for our experts' depositions. We are mindful that their reports will be due to you two days before their depositions are taken and will comply with that order.

I look forward to your prompt response.

Very truly yours,

VALERIE SHEA

VS:vjr
G:\LAW\81975\002\Letters\l-santiago015.doc

EXHIBIT
10

# HEINRICH
# GORDON
# HARGROVE
# WEIHE
# & JAMES
PROFESSIONAL ASSOCIATION
L A W   O F F I C E S

Valerie Shea
Direct No. (954) 519-1524

RECEIVED
JAN 2 6 2001

January 25, 2001

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

      Re:    Major v. Amerijet
             Our File No. 81975.002

Dear Ms. Norton:

      After our depositions on January 24, 2001, I received the trial court's order setting new pretrial deadlines. As the January 2 and January 15 dates have passed, I propose we regard the clock as starting today. Accordingly, we are filing an updated expert witness disclosure. I have contacted my three experts and they are available as follows:

Feb. 27 @ 10 m. - Fried - Ft Laud.
Feb. 27 @ 11 - Jim Gilbert:    Week of 1/29; week of 2/12
Feb. 27 @ 1 - Jose Pagan:    Week of 1/29; week of 2/5
Feb. 27 @ 1 - Joseph Wiley: 2/14/01 or 2/15/01 (he has scheduled events he cannot move)

      You will, as we previously agreed, receive their reports 48 hours (or more) before the depositions.

      If you wish to take their depositions, please notice them immediately so we can confirm times with our experts. I will expect your expert disclosure on February 8, and I would also ask for dates for their depositions within two weeks (if necessary, I would agree to extend the dates for your expert depositions to February 22, 2001, or later that week).

EXHIBIT
11

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 527-2800 • Telecopier (954) 524-9481 • www.heinrichgordon.c

Susan Potter Norton, Esquire                                  January 25, 2001
re: Major v. Amerijet - #81975.002                            Page 2

I do need to set additional fact witness depositions between now and February 19, 2001. Steve Santiago has told my secretary that he will coordinate the appearance of Dave Bassett, Pete Steele, Tracey Dickenson and Juan Morales. Please advise my secretary, Vicki, as to the dates between now and February 19 when they are available.

We have offered you a variety of dates for Pat Major's deposition. Most recently, your office advised us that you would take his deposition on February 9. We were then told that it was cancelled and you did not want to take it until March. In light of this new order, however, if you wish to take his deposition, you should notice it for February 9. I will represent to you that I will make myself available for depositions in this case **any** work day between now and February 19. However, Mr. Major's schedule, as you know, is difficult and I urge you to set his deposition on February 9, if you wish to take it. If you do wish to take the deposition on that date, please notice it right away, because his schedule is subject to change and he cannot reserve that date indefinitely.

I am also setting John Roseborough's and Barney Sonnen's depositions and Vicki will contact you regarding those dates.

You have listed eighteen witnesses in this case with knowledge of the relevant issues. Please let me know whether you will stipulate that I can depose **any** of your listed witnesses without leave of court. (As I project it, the total depositions with experts will be 15 or 16.) Alternatively, I will seek that leave from the court.

Thank you for your anticipated cooperation in concluding the discovery in this matter.

Very truly yours,

VALERIE SHEA
For the Firm

VS:vjr
cc:    Mr. Patrick Major
G:\LAW\81975\002\Letters\l-Norton012.doc

ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

January 30, 2001

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

      Re:   Major v. AmeriJet International, Inc.

Dear Ms. Shea:

I am in receipt of your letter dated January 22, 2001 regarding proposed deposition dates for Tracy Dickinson, Juan Morales, Pete Steele and Dave Bassett. You have proposed the following dates of 02/13/01, 02/15/01, 02/16/01, 02/23/01, 02/27/01, or 03/01/01. I had previously communicated with your assistant, Vicki, indicating that Juan Morales was available only on the dates of February 7th through February 9th. At that time, Vicki indicated that you would set Mr. Morales' deposition for February 7th. Mr. Morales' availability is limited due to his frequent business traveling, which takes him abroad. Therefore, we would appreciate your setting Mr. Morales' deposition for February 7th, 8th, or 9th, 2001.

I believe that Tracy Dickinson and Dave Bassett can be set for deposition on the dates you have proposed. I am in the process of coordinating their schedules and hope to have a firm date for you by close of business Friday, February 2nd, 2001. However, Pete Steele is another matter. Mr. Steele is currently undergoing training at the United Airlines Training Facility in Denver, Colorado. He is being trained to fly the 767-type aircraft. As you know from dealing with your client, these training sessions are mandatory and, unfortunately, Mr. Steele will not be available for deposition until after March 15th, 2001.

75774_14



EXHIBIT
12

January 30, 2001
Page 2

One of our experts, Paul Repp, is available for deposition on Monday, February 26th, 2001. We would kindly appreciate your setting his deposition for that date.

As for the deposition of your client, we had previously indicated February 9, 2001 but Susan has a prior engagement on February 8th that begins after close of business; therefore, we opted for February 13th. However, you have set Mr. Roseborough's deposition for February 13th, which we believe may take a couple of hours. Therefore, we are not going to set Plaintiff's deposition on the same date. We are not going to set any other depositions on the same date as Mr. Major because his deposition will be very lengthy and will use the entire day.

Enclosed please find a Re-Notice of Deposition for your client on February 14th, 2001 at 9:30 a.m. at the offices of Friedman & Lombardi in Fort Lauderdale, Florida. If this date is not convenient, please propose an alternate date.

Our intent is to take the depositions of your experts after Mr. Major's deposition has been completed. However, we are not sure at this point if we are going to take depositions of all your experts. We may only take the aviation experts.

Should you have any questions, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em
Enclosure

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7366 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

February 14, 2001

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

      Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

      I received a call from your assistant, Vicki, on today's date requesting information regarding the deposition of Pete Steele. Mr. Steele left a message for me today indicating that he is currently undergoing training at the training facility for United Airlines in Denver, Colorado. He also indicated that he will not be available for deposition until mid-March. He did not give a specific date of his availability because there is no date certain for the completion of his training. Suffice it to say that Mr. Steele will not be attending the deposition which you set for Friday, February 16, 2001.

      Should you have any questions, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em

**EXHIBIT**
13

75774_19