UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendants.

_____/



## DEFENDANT'S RESPONSE TO PLAINIFF'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES

Defendant, AMERIJET INTERNATIONAL, INC., files its Response to Plaintiff's Motion for a Protective Order, or in the alternative, to Strike Plaintiff's Expert Witnesses and in support thereof states as follows:

1.    Since October 26, 2000, Defendant has repeatedly attempted to set Plaintiff for his deposition. However, Plaintiff has continuously been "unavailable." As a result, Defendant was unable to set Plaintiff's expert witnesses for deposition prior to the close of discovery on February 19, 2001. Therefore, Plaintiff's motion for protective should be denied.

2.    Defendant worked cooperatively with Plaintiff to set Defendant's expert witness, who was deposed on February 26, 2001, beyond the discovery deadline. However, Plaintiff has not reciprocated in kind. Therefore, Plaintiff's motion for protective should be denied.

3.    In the alternative, Defendant requests that this Court strike Plaintiff's experts as witnesses in this case. Plaintiff has failed to submit in a timely manner the summaries of his

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

expert witnesses pursuant to Rule 16.1K of the Local Rules for the Southern District of Florida. As a result, Defendant has been prejudiced in its preparation for defending this case.

4.    Plaintiff states that Defendant had ample opportunity to depose Plaintiff's experts, but that simply is not the case. As detailed in Defendant's Motion for an Enlargement of Time to Depose Plaintiff's Experts, filed with this Court on February 20, 2001, Plaintiff offered limited dates for his experts, all of which were prior to the date set for Plaintiff's deposition. Moreover, because Plaintiff continually indicated that he was unavailable for his deposition, Defendant did not have an adequate opportunity to depose Plaintiff's experts.

5.    Defendant acknowledges that it did not give the requisite five (5) working day notice for the depositions set for February 27, 2001. Defendant subsequently cancelled and reset those depositions for Friday, March 9, 2001.

6.    Plaintiff states that Defendant did not communicate with Plaintiff regarding the expert depositions, however, Defendant did send a letter to Plaintiff on February 23, 2001, representing that Defendant would not hesitate to withdraw the notices of depositions provided Plaintiff would produce the expert summaries that are required under Rule 16.1K of the Local Rules for the Southern District of Florida. (Ex. 14). Defendant never received a response from Plaintiff.

7.    The trial in this case is not set until the two-week trial calendar of May 7, 2001, as such, Plaintiff can not show any prejudice whatsoever in precluding Defendant from taking the depositions of these experts. In addition, taking these depositions will not affect the trial date in this case.

8.    Defendant will be prejudiced by being precluded from taking the depositions of Plaintiff's expert witnesses. Plaintiff has listed three experts, two aviation experts and a financial

77728_1

**2**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

expert for damages. The information presented by these witnesses will obviously favor Plaintiff's positions and without an opportunity to depose these experts Defendant will be substantially prejudiced at trial. Therefore, Defendant requests that this Court deny Plaintiff's Motion for a Protective Order.

## Memorandum of Law

### I.    Plaintiff's Motion For A Protective Order Should Be Denied.

Defendant has attempted to work with Plaintiff's counsel to amicably coordinate the depositions of Plaintiff and his expert witnesses. Unfortunately, due to Plaintiff's "gamesmanship" Defendant was prevented from timely taking the deposition of Plaintiff, which has adversely impacted Defendant's ability to depose Plaintiff's experts. For example, Plaintiff's counsel represented that Plaintiff would not be available for his deposition on February 7, 2001, a date requested by Defendant to depose Plaintiff. Based on this representation, Defendant did not set Plaintiff for his deposition on that date. To Defendant's surprise, Plaintiff attended Juan Morales' deposition on February 7, 2001.

A chronology of Defendant's efforts to depose Plaintiff is as follows:

**October 26, 2000** (Ex. 1)

Notice of deposition setting Pat Major's deposition for November 3, 2000.

**October 27, 2000** (Ex. 2)

Facsimile from Susan Norton to Ms. Shea notifying Ms. Shea that Susan Norton will not be available for depositions on November 6, 7, and 17 through 26, 2000.

77728_1

**October 30, 2000** (Ex. 3)

Letter from V. Shea to Susan Norton indicating that Pat Major's training schedule may prevent his appearances at his deposition and acknowledging that Susan Norton indicated she would be flexible with respect to Pat Major's deposition.

**November 9, 2000** (Ex. 4)

Letter from Stephen Santiago to V. Shea requesting available dates of deposition for Pat Major.

**November 10, 2000** (Ex. 5)

Letter from Ms. Shea to Susan Norton stating in paragraph 7 that Pat Major is available on 11/13, 11/14, 11/20, 11/21, 11/22, 11/29 and 11/30. Ms. Shea further states that "I realize that you have schedule issues on these days, but please do not complain that we have not offered Mr. Major," (referring to Susan Norton's unavailability in Ex. 2).

**December 7, 2000** (Ex. 6)

Letter from Stephen Santiago to Ms. Shea requesting available dates for Pat Major's deposition.

**December 20, 2000** (Ex. 7)

Notice of Deposition setting Pat Major's deposition for January 29, 2001.

**January 26, 2001**

Phone conference with Vicki Ryder, Ms. Shea's assistant, who indicated that Pat Major would not be available for his deposition set for January 29, 2001.

**January 30, 2001** (Ex. 8)

Letter from Stephen Santiago to Ms. Shea indicating that we would not set Pat Major's deposition on February 13, 2001 because Plaintiff already set another deposition on the same date.

**January 30, 2001** (Ex. 9)

Re-notice of Deposition served setting Pat Major for deposition on February 14, 2001 based on representation of Ms. Shea's office.

**January 30, 2001** (Ex. 10)

Letter from Ms. Shea indicating that Pat Major would not be available on February 14, 2001.

**February 5, 2001** (Ex. 11)

Letter from Darlyn Kreitman, assistant to Ms. Shea, confirming that Pat Major will be available on February 15, 2001 for his deposition.

**February 6, 2001** (Ex. 12)

Notice of Deposition setting Pat Major for deposition on February 15, 2001.

**February 8, 2001** (Ex. 13)

Letter from Susan Norton to Ms. Shea detailing the difficulty in setting Pat Major's deposition. Furthermore, Mrs. Norton points out that after Ms. Shea's office represented that Pat Major would not be available on February 7 for his deposition, surprisingly, Pat Major was present for Juan Morales' deposition on February 7.

Plaintiff's counsel accuses Defendant of not being courteous in its attempts to depose the expert witnesses. However, as detailed above Defendant has bent over backwards to work with Plaintiff in completing discovery. In addition, Mr. Santiago sent Ms. Shea a letter on February 23, 2001 informing Ms. Shea that if she would provide the expert summaries, the parties could resolve this situation. Ms. Shea never responded! Accordingly, Plaintiff's Motion for a Protective Order should be denied.

77728_1

## II.    Plaintiff's Experts Should Be Stricken Due To His Failure To Comply With Local Rule 16.1K

Local Rule 16.1K requires a party who plans on offering expert opinion evidence at trial

to provide the other party with:

> summaries of the expert's anticipated testimony or written expert reports (including lists of expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified on the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify and a summary of the grounds for each opinion) shall be exchanged by the parties no later than ninety (90) days prior to ... the call of calendar ...

The Local Rules are "designed to ensure that a certain degree of order and respect is

maintained throughout the discovery process." *Hoglund v. Limbach Constructors, Inc.*, 1998

U.S. Dist. LEXIS 8577, at *13 (S.D. Fla. Apr. 1, 1988). In other words, the court's rules are

designed to minimize "collateral disputes." *Id.* Unfortunately, Plaintiff's failure to comply with

the Court's Local Rules has necessitated the Court's entanglement in this "collateral dispute."

In this case, the final pretrial conference is set for April 2, 2001, as such, Plaintiff's

expert summaries were due to Defendant on or before January 2, 2001. Failure of Plaintiff's

disclosure of its expert summaries warrants that this Court prohibit Plaintiff's experts from

testifying in this case. Plaintiff's failure to timely disclose "the substance of the facts and all

opinions to which the expert is expected to testify, and a summary of the grounds for each

opinion", as required by Local Rule 16.1K, has substantially prejudiced Defendant in the

preparation of its case and warrants the striking of these experts. *See Trost v. Trek Bicycle

Corp.*, 162 F. 3d 1004 (8th Cir. 1998) (court may exclude untimely expert evidence because

failure to disclose was neither harmless nor substantially justified).

77728_1

**6**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

ACCORDINGLY, Defendant requests, in the alternative, that this Court strike Plaintiff's

experts.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 28th day of February, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394



Attorney

77728_1

**7**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,            CASE NO.: 00-6070-CIV-FERGUSON
                               Magistrate Judge Snow

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

To:   Valerie Shea, Esq.
     HEINRICH GORDON HARGROVE
       WEIHE & JAMES
     500 East Broward Boulevard, Suite 1000
     Ft. Lauderdale, Florida 33394

     **PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

| **NAME** | **DATE and TIME** |
| --- | --- |
| Patrick Major | November 3, 2000 at 10:00 a.m. |

| **LOCATION:** | Allen, Norton & Blue, P.A. |
| --- | --- |
| | 121 Majorca, Second Floor |
| | Coral Gables, Florida 33134 |
| | Telephone: (305) 445-7801 |

upon oral examination before a court reporter, or before some other officer authorized by law to administer oaths, who is not of counsel to the parties interested in the events of this cause.

     You are to have with you the following: (See Attachment A)

This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure by said officer until said testimony shall be completed.

75595_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Ph: 305-445-7801
Fax: 305-442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. mail, on this 26 day of October, 2000, upon the above-named addressee.

Attorney

# EXHIBIT 2

## ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7366 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

---

# FACSIMILE TRANSMITTAL RECORD

**DATE:** October 27, 2000

**# OF PAGES:**   1   (including cover)

**SENT TO:** Valerie Shea, Esq.

**COMPANY:** Heinrich, Gordon, Hargrove, et.al.

**SENT TO FAX #:** (954) 524-9481

**FROM:** Susan Potter Norton, Esq.

**CHARGE:** 2424.002

**COMMENTS:** Major v. Amerijet
I forgot to mention that I will not be available on November 6th and 7th due to oral argument before the Third DCA. And then I will be out of the country from November 17th to November 26th.

---

**FOR PROBLEMS OR QUESTIONS CONCERNING THIS TRANSACTION,
CALL          Edith          AT (305) 445-7801.**

The information contained in this facsimile message is Attorney Privileged and Confidential and is intended only for the use of the individual or entity named as recipient. If the reader is not the recipient, be hereby noticed that the dissemination, distribution or copy of this communication is strictly prohibited.

**IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE.
THANK YOU.**

70212_1

```
                      ***********************
                  ***   TX REPORT   ***
                  ***********************


      TRANSMISSION OK

      TX/RX NO            2892
      CONNECTION TEL
      CONNECTION ID
      ST. TIME           10/27 14:16
      USAGE T            00'28
      PGS. SENT          1
      RESULT             OK
```

# EXHIBIT 3

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Post-it® Fax Note   7671   Date 10/30/00  # of pages 2
To DAN BRESSLER   From STEPHEN SANTIAGO
Co./Dept. AMERIJET   Co.
Phone #   Phone # (305) 445-7801
Fax # (954) 765-3516   Fax #

October 30, 2000

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

　　　　　　Re:　　Major v. Amerijet
　　　　　　　　　　Our File No. 81975.002

Dear Ms. Norton:

　　　　Concerning the deposition schedule in this case, let me advise as follows: I received your notice of taking Patrick Major's deposition for November 3, 2000. I appreciate your stating that you would be flexible about the date if his work schedule does not permit him to appear on that date. Patrick is doing his best to find out what his work schedule will be and I will advise you as soon as I know. Concerning the location of Mr. Major's deposition, he lives in Broward and the lawsuit was filed in Broward. I would appreciate if you would take his deposition in Broward. You are welcome to do so at my office or at any other convenient place. Please let me know if you are agreeable to the change of location.

　　　　I appreciate the fact that you have a scheduled vacation and a possible trial December 4. I did not feel I could ask to extend the discovery period past the presently scheduled pretrial conference date of December 11. However, it is my goal to try to complete the depositions before your vacation of November 17. We basically have three weeks to do this and there is a lot involved. First, I have urged my client to find out what his work schedule is as soon as possible, as it is his wish to attend depositions. Second, on the fact witness side, I would like to take the following depositions in the following approximate order:

Susan Potter Norton, Esq.
re: Major v. Amerijet - #81975.002

October 30, 2000
Page 2

Tier One
Corporate Representative
Derry Huff

Tier Four
Pete Steele
Dave Bassett

Tier Two
Al Jorsey
Brian Steel
John Washington

Tier Five
John Roseborough

Tier Three
William Cline
Ed Cook
Tracey Dickenson
Tim Green
Juan Morales

My office has been working with yours; to the extent that we can immediately start conferring on dates, schedules, availability of witnesses, etc., and get some of this nailed down, we need to do so.

On the subject of expert witnesses, my secretary has previously asked your office for dates for your experts, but has not gotten any response from you. I would like to take those depositions as soon as those witnesses are prepared. Of course, you are welcome to take mine, as well.

In any event, I appreciate your cooperation and understanding concerning the schedule problems we encountered. Please do urge your secretary to work with mine to the extent possible to achieve what we need to. If there are witnesses you wish to depose other than Patrick Major and my experts, please let me know so that both of us will have a good picture of where we are going.

Very truly yours,

Valerie Shea

VALERIE SHEA
For the Firm

VS:vjr
cc: Patrick Major
G:\LAW\81975\002\Letters\l-Norton006.doc

# EXHIBIT 4

ALLEN, NORTON & BLUE
PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

November 9, 2000

*Via Facsimile (954) 524-9481 and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

   Re: Major v. AmeriJet International, Inc.

Dear Valerie:

   It is my understanding that Susan and you had agreed to submit a Joint Motion to the Court to extend all time lines for this case. This letter will confirm that the parties agree to a sixty (60) day extension of all time lines, including the trial date which is currently set for January 15, 2001.

   If, for any reason, the Court denies our Joint Motion to extend the time lines, please ensure that your client is available to be deposed prior to December 1, 2000. It is my understanding that your client is in the process of training for his current employer and that he will be unavailable on numerous dates throughout the months of November and December, 2000. With that said, we would appreciate your forwarding us a document from the Company detailing the dates your client will be in training and unavailable.

   Should you have any questions, please do not hesitate to call me.

        Sincerely,

        Stephen P. Santiago

SPS/em

75774_2

# **EXHIBIT 5**

**HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES**
PROFESSIONAL ASSOCIATION
L A W  O F F I C E S

Valerie Shea
Direct No. (954) 519-1524

November 10, 2000

Via Facsimile

Susan Potter Norton, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

      Re:    Major v. Amerijet
              Our File No. 81975.002

Dear Ms. Norton:

Following up on the aborted deposition of Derry Huff, this letter will set forth a few things that I think we need to discuss and/or agree upon:

1.    We have not received any response to our three phone calls to your office requesting copies of the tower tapes. Please see that we receive these as soon as possible, and I would appreciate receiving the transcripts which Derry Huff referred to in his deposition.

2.    As you are aware, Derry Huff referred to a number of documents in his deposition which were not previously produced: the report by Al Jorsey and the notes made by Amerijet employees listening to the tower tapes, to name a couple. Please review with your client whether these materials are available.

3.    You are going to designate someone else as the corporate representative regarding the FAA/Amerijet involvement over the incident of August 17, 1999. Also, we need a deponent as to Items 6 and 7 of the 30(b)(6) deposition notice.

4.    You had objected to our request that you produce the entire airline operating manual and the entire airline performance manual. The basis for your objection was that this request was overly broad. In light of Mr. Huff's testimony, I believe we have clarified the portions of those manuals to which we are entitled, as they are clearly within the scope of

Susan Potter Norton, Esquire                                           November 10, 2000
re: Major v. Amerijet - #81975.002                                     Page 2

potentially admissible evidence. Those would be the sections referred to in the FAA notice of
proposed civil penalty violation, the definition section referred to by Derry Huff as providing
Amerijet's rationale for Capt. Steele's intent to disregard the tower weather report, and the
policies specifically relating to the navigational clearance which Derry Huff contends Patrick
Major acted outside of.

    5.    As you know, after five hours together, about 3-1/2 to 4 of which were spent in
deposition, you abruptly announced that you and your client were leaving as he had a previously
scheduled medical appointment. At no time earlier in the day did you bring this to my attention.
You have agreed to produce Derry Huff for the completion of his deposition before any other
witnesses are deposed.

    6. Regarding Patrick Major's deposition, as you are aware, this case has been pending
for some ten months and at no time prior to late October 2000 did you serve a notice of taking
his deposition or make any effort to do so. He is certainly willing to give a deposition.
However, as I have explained to you repeatedly, he has just started a new job and has intensive
training and scheduling commitments at this time. We are trying to work with his schedule as
best as possible. As a party to the suit, he does have a right and interest in being present at
depositions. I am enclosing the schedule to which he referred.

    7. As matters now stand, Mr. Major is available for deposition on the following dates:
11/13, 11/14, 11/20, 11/21, 11/22, 11/29 or 11/30. I realize that you have schedule issues on
these days, but please do not complain that we have not offered Mr. Major for deposition. Being
that you only starting asking for dates a couple weeks ago, we are doing our best.

    8.    That said, I have also suggested that if we cannot complete discovery before the
pretrial conference set on December 11, 2000, that I would not be opposed to a motion for
continuance. You may prefer to wait and see whether we can complete the further depositions
the week of December 4, which was my original proposal.

    9.    In light of the schedule issues for next week, I will not be able to produce Pat
Major for partial deposition on the 16th and I will have to reset the depositions presently set for
the 15th. As currently noticed, we have set for deposition on the 14th: Brian Steele at 10:00, John
Washington at 11:00, and Tracey Dickenson at 1:00. It is also my understanding that your office
agreed to times for Al Jorsey and William Cline, of 9:00 a.m. and 2:00 p.m. on the 14th,
respectively. It is my understanding that all of these gentlemen are to be produced without the
necessity of subpoena. If this is incorrect, please advise.

    Given the length of time that it took to take Derry Huff's deposition, I am concerned that
we will not be able to conclude those depositions on the 14th, especially because we have agreed
that we will resume Derry Huff's deposition before we take anyone else. More realistically, I
propose that we take Derry Huff's continued deposition starting at 9:00 a.m. on the 14th; depose

Susan Potter Norton, Esquire                                    November 10, 2000
re: Major v. Amerijet - #81975.002                             Page 3

Brian Steele at 11:00 a.m.; and set the deposition of John Washington or one of the other available witnesses for the afternoon.

If you are agreeable to allowing Steve Santiago to attend any of the depositions of the Amerijet representatives, I would like to move whomever we do not get to on the 14th to the week of the 20th.

Unfortunately, we will not be able to take the depositions presently noticed for November 15 of Ed Cook, Juan Morales, Pete Steele and Dave Bassett. I do not know whether the availability of all these people had been confirmed anyway. I could move them to the week of Thanksgiving, too, if that were agreeable.

You will recall that I originally proposed that we extend the discovery deadline until December 8. If you are willing to reconsider on that subject; i.e., if you do not think your trial is going to go, then we should do that. Otherwise, we should probably do a joint motion for continuance at this point. However, so as not to lose the 14th, I enclose a notice of the continuation of Derry Huff's deposition for 9:00 a.m. and would ask that you have your office contact my secretary, Vicki, concerning the order for the rest of the day and for the completion of the rest of the witnesses.

As matters now stand, you have told us that you are not available at all from November 17 through 24, or the week of December 4. As you must realize, you've given us extraordinarily few days on which to try to schedule the outstanding depositions.

Let's please try to get this resolved. I would still like to accomplish as much as we can between now and the current deadline. Please let me hear how you would like to proceed.

Very truly yours,

*Valerie Shea*

VALERIE SHEA
For the Firm

VS:vjr
Enclosure
cc: Patrick Major
G:\LAW\81975\002\Letters\l-Norton006.doc

# EXHIBIT 6

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| | | | |
|---|---|---|---|
| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| **CORAL GABLES, FLORIDA 33134** | **ORLANDO, FLORIDA 32801** | **TALLAHASSEE, FLORIDA 32301** | **TAMPA, FLORIDA 33606** |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO. Coral Gables

December 7, 2000

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

      Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

      Since we have not heard from Judge Ferguson regarding our Joint Motion to continue the trial and to extend our discovery dates, I am forwarding you a list of dates we are available for depositions. We would like to start taking depositions as soon as possible so that we don't end up being jammed at the end of the discovery period. We are available for depositions during the weeks of:

            December 11th through December 15th, 2000;
            December 18th through December 21st, 2000; and
            January 9th through January 12th, 2001.

      In addition, we would like to confirm a date that Pat Major will be available for his deposition. We would like to conduct that deposition sometime in January.

      I am in receipt of your letter dated December 5th, 2000, indicating a request for the Table of Contents for the aircraft manuals. I will forward that to you as soon as I get it.

      Should you have any questions, please do not hesitate to call me.

                Sincerely,

                Stephen P. Santiago

SPS/em

75774_8

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,                    CASE No. 00-6070-CIV-FERGUSON
                                        Magistrate Judge Snow

    Plaintiff,

v.

AMERIJET INTERNATIONAL INC.,

    Defendant.
_____/

## NOTICE OF TAKING VIDEOTAPE DEPOSITION

TO:    Ms. Valerie Shea, Esq.
       HEINRICH GORDON HARGROVE
        WEIHE & JAMES, P.A.
       500 East Broward Blvd., Suite 1000
       Ft. Lauderdale, Florida 33394
       Counsel for Plaintiff

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| Patrick Major | January 29, 2000 10:00 A.M. | Friedman, Lombardi, Olson One East Broward Blvd. Sun Trust Bank Tower Suite 700 Ft. Lauderdale, Florida 33301 |

upon examination for purposes of discovery or use as evidence in this action; or for such other

purposes as authorized under applicable statutes and/or rules of court, before a Court Reporter or

before some other officer authorized by law to administer oaths, who is not a relative, or

employee, or attorney or counsel of any of the parties, or a relative or employee of such attorney

or counsel, or financially interested in the action, and pursuant to adjournments, if any, by said

officer until said testimony shall be completed.

76487_1

This deposition is being taken for the purpose of discovery, for use at trial, or for such other

purposes as are permitted under the Federal Rules of Civil Procedure, by said officer until said

testimony shall be completed.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S.
mail, on this 20th day of December, 2000 upon the above addressee.

Attorney

cc:   Friedman, Lombardi & Olson, Court Reporters
      Saurian Communications, Inc.

76487_1

# **EXHIBIT 8**

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| **CORAL GABLES, FLORIDA 33134** | **ORLANDO, FLORIDA 32801** | **TALLAHASSEE, FLORIDA 32301** | **TAMPA, FLORIDA 33606** |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

January 30, 2001

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394

      Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

      I am in receipt of your letter dated January 22, 2001 regarding proposed deposition dates for Tracy Dickinson, Juan Morales, Pete Steele and Dave Bassett. You have proposed the following dates of 02/13/01, 02/15/01, 02/16/01, 02/23/01, 02/27/01, or 03/01/01. I had previously communicated with your assistant, Vicki, indicating that Juan Morales was available only on the dates of February 7th through February 9th. At that time, Vicki indicated that you would set Mr. Morales' deposition for February 7th. Mr. Morales' availability is limited due to his frequent business traveling, which takes him abroad. Therefore, we would appreciate your setting Mr. Morales' deposition for February 7th, 8th, or 9th, 2001.

      I believe that Tracy Dickinson and Dave Bassett can be set for deposition on the dates you have proposed. I am in the process of coordinating their schedules and hope to have a firm date for you by close of business Friday, February 2nd, 2001. However, Pete Steele is another matter. Mr. Steele is currently undergoing training at the United Airlines Training Facility in Denver, Colorado. He is being trained to fly the 767-type aircraft. As you know from dealing with your client, these training sessions are mandatory and, unfortunately, Mr. Steele will not be available for deposition until after March 15th, 2001.

January 30, 2001
Page 2

One of our experts, Paul Repp, is available for deposition on Monday, February 26th, 2001. We would kindly appreciate your setting his deposition for that date.

As for the deposition of your client, we had previously indicated February 9, 2001 but Susan has a prior engagement on February 8th that begins after close of business; therefore, we opted for February 13th. However, you have set Mr. Roseborough's deposition for February 13th, which we believe may take a couple of hours. Therefore, we are not going to set Plaintiff's deposition on the same date. We are not going to set any other depositions on the same date as Mr. Major because his deposition will be very lengthy and will use the entire day.

Enclosed please find a Re-Notice of Deposition for your client on February 14th, 2001 at 9:30 a.m. at the offices of Friedman & Lombardi in Fort Lauderdale, Florida. If this date is not convenient, please propose an alternate date.

Our intent is to take the depositions of your experts after Mr. Major's deposition has been completed. However, we are not sure at this point if we are going to take depositions of all your experts. We may only take the aviation experts.

Should you have any questions, please do not hesitate to call me.

Sincerely,

Stephen P. Santiago

SPS/em
Enclosure

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,                     CASE No. 00-6070-CIV-FERGUSON
                                         Magistrate Judge Snow

        Plaintiff,

v.

AMERIJET INTERNATIONAL INC.,

        Defendant.
_____/

## RE-NOTICE OF TAKING VIDEOTAPE DEPOSITION
### (Cancels deposition of January 29, 2001)

TO:    Ms. Valerie Shea, Esq.
       HEINRICH GORDON HARGROVE
         WEIHE & JAMES, P.A.
       500 East Broward Blvd., Suite 1000
       Ft. Lauderdale, Florida 33394
       Counsel for Plaintiff

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| Patrick Major | February 14, 2001<br>9:30 a.m. | Friedman, Lombardi, Olson<br>One East Broward Blvd.<br>Sun Trust Bank Tower, Suite 700<br>Ft. Lauderdale, Florida 33301 |

upon examination for purposes of discovery or use as evidence in this action; or for such other purposes as authorized under applicable statutes and/or rules of court, before a Court Reporter or before some other officer authorized by law to administer oaths, who is not a relative, or employee, or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel, or financially interested in the action, and pursuant to adjournments, if any, by said officer until said testimony shall be completed.

76487_3

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, by said officer until said testimony shall be completed.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. mail, on this 30th day of January, 2001 upon the above addressee.

Attorney

cc:     Friedman, Lombardi & Olson, Court Reporters
        VCR, Inc.

76487_3

**2**

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,                              CASE No. 00-6070-CIV-FERGUSON
                                                 Magistrate Judge Snow

    Plaintiff,

v.

AMERIJET INTERNATIONAL INC.,

    Defendant.

_____/

## RE-NOTICE OF TAKING VIDEOTAPE DEPOSITION
### (Cancels deposition of January 29, 2001)

TO:   Ms. Valerie Shea, Esq.
      HEINRICH GORDON HARGROVE
      WEIHE & JAMES, P.A.
      500 East Broward Blvd., Suite 1000
      Ft. Lauderdale, Florida 33394
      Counsel for Plaintiff

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| Patrick Major | February 14, 2001<br>9:30 a.m. | Friedman, Lombardi, Olson<br>One East Broward Blvd.<br>Sun Trust Bank Tower, Suite 700<br>Ft. Lauderdale, Florida 33301 |

upon examination for purposes of discovery or use as evidence in this action; or for such other purposes as authorized under applicable statutes and/or rules of court, before a Court Reporter or before some other officer authorized by law to administer oaths, who is not a relative, or employee, or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel, or financially interested in the action, and pursuant to adjournments, if any, by said officer until said testimony shall be completed.

76487_3

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, by said officer until said testimony shall be completed.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. mail, on this 30th day of January, 2001 upon the above addressee.

Attorney

cc:    Friedman, Lombardi & Olson, Court Reporters
        VCR, Inc.

76487_3

**2**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

.

# EXHIBIT 10

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No (954) 519-1524

January 30, 2001

**VIA FACSIMILE**

Stephen Santiago, Esquire
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

      Re:    Major v. Amerijet
             Our File No. 81975.002

Dear Mr. Santiago:

The following is in response to your letter faxed to me today:

1.    I am in receipt of your notice of taking deposition of Patrick Major for February 14, 2001. However, our office has advised you that Mr. Major is available 2/13, 2/15 or 2/16/01. As we previously advised you, Mr. Major is **not** available February 14, 2001. You stated in your letter that you did not want to take Mr. Major's deposition on the same day as John Roseborough, due to the fact that Mr. Major's deposition is expected to take the entire day. Mr. Roseborough's deposition is set at 9:00 a.m. on February 13, 2001, and is expected to only take a couple of hours. This would leave plenty of time on the 13th to take Mr. Major's deposition for the six hours allowed by the Federal Rules. Please re-notice Mr. Major's deposition for February 13, 15 or 16.

2.    On Thursday, January 25, 2001, I faxed a letter to your office providing dates that our experts were available for deposition, which included the week of 2/5 for Jose Pagan, and either 2/14/01 or 2/15/01 for Joseph Wiley. At that time, I offered Mr. Gilbert's deposition to be taken the weeks of 1/29 and 2/12. However, since several days have passed, Mr. Pagan is now

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 527-2800 • Telecopier (954) 524-9481 • www.heinrichgordon.com

Stephen Santiago, Esquire                                            January 30, 2001
re: Major v. Amerijet - #81975.002                                  Page 2


available the week of 2/5. Mr. Gilbert is now available 2/12, 2/13 and 2/14. I would appreciate
your setting the depositions of plaintiff's experts on one of their available dates. If I do not
receive notices of depositions for these experts by Thursday, February 1, 2001, at 5:00 p.m., I
will assume that you do **not** intend to take their depositions and will send you their reports upon
my receipt of them. As you know, pursuant to the court's most recent trial order, the discovery
deadline is February 19, 2001. I cannot agree to postpone all expert discovery until after Pat
Major's deposition, when it was your tactical decision not to take it until so late. Mind you, the
February 9, 2001, date is **still** available for Pat's deposition if you elect it immediately; this may
allow you the order you want.

     3.     In my January 25, 2001, letter to you, I agreed to extend the dates of **your**
experts' depositions to February 22, 2001, or later that week. You have offered your expert, Paul
Repp, for February 26, 2001. However, this is after the discovery deadline and after the
extended date I had offered. In addition, I am starting a trial on February 26, 2001, and want to
complete all the depositions prior to that date. Please provide me with an earlier date for Mr.
Repp and with a date that your expert, Mitchel Yelen, is available for deposition.

     4.     We agree to take the deposition of Juan Morales on February 7, 2001, at
9:00 a.m., and that notice was mailed to your office yesterday.

     Thank you for your anticipated cooperation in this matter.

                                       Very truly yours,

                                       VALERIE SHEA

VS:ddk
G:\LAW\81975\002\Letters\l-santiago015.doc

# EXHIBIT 11

HEINRICH
GORDON
HARGROVE
WEIHE
& JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Darryn D. Kreitman
Direct No. (954) 519-1573

February 5, 2001

**VIA FACSIMILE**

Stephen Santiago, Esquire
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 333314

> Re:   Major v. Amerijet
>       Our File No. 81975.002

Dear Mr. Santiago:

This will confirm my conversation with you today regarding the following pending depositions:

1.   You have agreed to reschedule Patrick Major's deposition for Thursday, February 15, 2001, at 10:00 a.m.
2.   You are awaiting a call back from Dave Bassett with a firm date in which to take his deposition.
3.   Although Paul Repp has stated that he is only available for deposition on February 26, 2001, you will contact him to ascertain whether he can be available for deposition on February 23, 2001.
4.   It is probable that Mitchell Yelen will not be used as an expert at trial, but that a decision regarding this matter will not be made until Ms. Norton's return tomorrow.
5.   We are faxing an Amended Notice of Taking Deposition of Juan Morales, individually, and as the corporate representative of Amerijet with the most knowledge of items 6 and 7 of our original 30(b)(6) deposition notice. We are

Stephen Santiago, Esquire
re: Major v. Amerijet - #81975.002

February 5, 2001
Page 2

noticing Mr. Morales as corporate representative of these subject areas pursuant to Susan Norton's January 10, 2001, letter.

Thank you for your cooperation in this matter.

Very truly yours,

DARLYN D. KREITMAN
Paralegal

VS:ddk

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL INC.,

    Defendant.

_____/

CASE No. 00-6070-CIV-FERGUSON
Magistrate Judge Snow

## RE-NOTICE OF TAKING VIDEOTAPE DEPOSITION
### (Cancels deposition of February 14, 2001)

TO:    Ms. Valerie Shea, Esq.
       HEINRICH GORDON HARGROVE
       WEIHE & JAMES, P.A.
       500 East Broward Blvd., Suite 1000
       Ft. Lauderdale, Florida 33394
       Counsel for Plaintiff

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| Patrick Major | February 15, 2001 9:30 a.m. | Friedman, Lombardi, Olson One East Broward Blvd. Sun Trust Bank Tower, Suite 700 Ft. Lauderdale, Florida 33301 |

upon examination for purposes of discovery or use as evidence in this action; or for such other purposes as authorized under applicable statutes and/or rules of court, before a Court Reporter or before some other officer authorized by law to administer oaths, who is not a relative, or employee, or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel, or financially interested in the action, and pursuant to adjournments, if any, by said officer until said testimony shall be completed.

76487_4

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, by said officer until said testimony shall be completed.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. mail, on this 6th day of January, 2001 upon the above addressee.

Attorney

cc:     Friedman, Lombardi & Olson, Court Reporters
        VCR, Inc.

76487_4

**2**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

# EXHIBIT 13

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO: Coral Gables

February 8, 2001

*Via Facsimile and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

    Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

We have previously noticed your client for deposition on four (4) occasions: November 3rd, 2000, January 29th, 2001, February 14th, 2001 and February 15th, 2001.

The November 3rd, 2000 deposition was rescheduled at your request. See your letter dated October 30th, 2000 and November 10th, 2000. The January 29th, 2001 deposition was cancelled after speaking with your assistant, Vicki. Immediately following the canceling of the January 29th, 2001 deposition Vicki indicated that Mr. Major would be available for deposition on either February 7th or February 9th, 2001. Based on these representations, Stephen Santiago told Vicki that we would set Mr. Major's deposition for February 9th, 2001. However, due to a previous engagement, that date became unavailable for me. At that time, Vicki indicated that February 7th was no longer available because Mr. Major could not get out of training. Therefore, we subsequently re-noticed Mr. Major's deposition for February 14th, 2001, based on your paralegal's representations that he would be available any Wednesday and Friday throughout the month of February. She then indicated that Mr. Major would only be available on February 13th, February 15th, and February 16th for his deposition. We, therefore, cancelled the deposition of February 14th and re-noticed it for February 15th, 2001.

75774_17

February 8, 2001
Page 2

We inquired as late as last week as to Mr. Major's availability on February 7th and were again informed he was not available. Yet Mr. Major was at the deposition yesterday (February 7th), which certainly leads one to believe that his training is easily changed at his discretion. Incredibly, at that deposition he said that he may or may not show up for his deposition on February 15th, depending on his schedule, and if he didn't "it was our problem." Most disturbing was the fact that you did not correct him. We have previously re-noticed Mr. Major's deposition on two occasions due to his alleged unavailability which, until today, I accepted on face value. When I questioned you about the above representations as to Mr. Major's schedule, you attempted to disassociate yourself from the representations of your paralegal/assistants. If we are not to rely on the representations of your paralegal/assistants, we will refuse to deal with them and insist in discussing only with you.

We would like to believe that you will ensure that your client complies with the Notice of Deposition set for February 15th, 2001. Under the circumstances, I do not see how we can entertain any requests to change his deposition of February 15th, 2001. Therefore, any changes to this latest notice of deposition will require a Protective Order granted by the Court.

Should you have any questions, please do not hesitate to call me.

Sincerely,

Susan Potter Norton

SPN/em

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

# EXHIBIT 14

**ALLEN, NORTON & BLUE**

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| **CORAL GABLES, FLORIDA 33134** | **ORLANDO, FLORIDA 32801** | **TALLAHASSEE, FLORIDA 32301** | **TAMPA, FLORIDA 33606** |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO  Coral Gables

February 23, 2001

*Via Facsimile*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394

      Re:    Major v. AmeriJet International, Inc.

Dear Ms. Shea:

      I am in receipt of your e-mail received on today's date indicating that you would move for a protective order to prevent or preclude the deposition of your experts unless we cancel the Notices of Deposition and wait for the ruling by the Court on our Motion for Enlargement of Time to take the depositions of your experts.

      We will not hesitate to withdraw the Notices of Deposition for your experts provided that your forward to us the expert summaries required under Local Rule 16.1(K).  If we have a guarantee that you will produce the summary reports for each expert by Tuesday, February 27th, 2001, then I believe we can agree to wait for the Court to rule on our Motion for Enlargement of Time.

      Upon receipt, please contact me so that we may discuss this issue.

Sincerely,

Stephen P. Santiago

SPS/em

75774_21