UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, : CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11
    Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

    Defendant. :
_____/



### PLAINTIFF, PATRICK SCOTT MAJOR'S, SECOND MOTION FOR PROTECTIVE ORDER AGAINST THE RENOTICE OF THE DEPOSITIONS OF JIM GILBERT, JOSE PAGAN, AND JOSEPH WILEY WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, Patrick Scott Major, files this **second** motion for a protective order against the renotice of taking depositions of plaintiff's experts, Jim Gilbert, Jose Pagan, and Joseph Wiley, and states:

1. This case is on the trial docket for May 7, 2001. Pursuant to the Court's New Scheduling Order dated January 23, 2001, the discovery deadline was **February 19, 2001**.

2. Defendant did not notice plaintiff's experts for deposition before that date, although dates were offered by plaintiff's counsel. In fact, on February 20, 2001, defendant filed a motion for enlargement of time in which to take the depositions of plaintiff's experts. Plaintiff's response to that motion is not due until March 9, 2001. Plaintiff does intend to file a response in opposition.

CASE NO. 00-6070-Ferguson/Snow

3. On February 22, 2001, defendant's counsel faxed notices of taking plaintiff's experts' deposition on February 27, 2001. Plaintiff filed a motion for protective order on February 23, 2001, and the depositions did not go forward.

4. Re-notices were faxed on February 28, 2001, setting the depositions of plaintiff's three experts on March 9, 2001. On February 23, 2001, plaintiff filed his first motion for protective order against the taking of plaintiff's experts until such time as the Court has ruled on defendant's motion for enlargement of time in which to take the depositions of plaintiff's experts. This motion follows the renotice of those depositions.

5. The motion for protective order should be granted because defendant's notices violate the discovery deadline and defendant has no leave of court to serve them. Plaintiff set out some further grounds in his earlier motion for protective order, and those are incorporated by reference.

## MEMORANDUM OF LAW

The deposition notice violates the Court's New Scheduling Order, and was not done pursuant to any agreement of counsel. Accordingly, the criteria for a protective order under Rule 26(c), Fed.R.Civ.P. are met.

WHEREFORE, the plaintiff respectfully requests this Court enter a protective order against the taking of his experts' depositions unless and until a separate order is entered which grants defendant's request for an enlargement of time.

CASE NO. 00-6070-Ferguson/Snow

### CERTIFICATE OF COUNSEL

The undersigned certifies that she has conferred with opposing counsel in an attempt to resolve this dispute prior to filing the motion.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail and facsimile to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 8th day of March, 2001.

                HEINRICH GORDON HARGROVE
                WEIHE & JAMES, P.A.
                Attorneys for Plaintiff
                500 East Broward Boulevard, Suite 1000
                Fort Lauderdale, Florida 33394
                Telephone:   954-527-2800
                Facsimile:    954-524-9481

By: _____
     VALERIE SHEA
     Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\MPO-expert depos002.doc