UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,  :   CASE NO. 00-6070-Ferguson/Snow
                          L.T. Case No. 99-021746-11
    Plaintiff,        :

vs.                   :

AMERIJET INTERNATIONAL, INC., :

    Defendant.        :
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE DISCOVERY TIME IN ORDER TO TAKE THE DEPOSITION OF PLAINTIFF'S EXPERT WITNESSES AND FOR PLAINTIFF TO PRODUCE ITS EXPERTS' REPORTS

Plaintiff, Patrick Scott Major, submits this response in opposition to defendant's motion to enlarge discovery time and states:

Defendant, Amerijet, has **not** shown a legally sufficient basis for the relief requested. Plaintiff disclosed his experts and made them available for deposition consistent with the terms of the New Scheduling Order. Plaintiff urged and prodded defendant's counsel to depose his experts, if they wanted to, and gave them **three weeks'** notice that plaintiff would not agree to enlarge the discovery period. (See exhibits 3 and 4 to defendant's motion.) Defendant's counsel **never** noticed plaintiff's experts for deposition on the dates offered – or on any other dates – before discovery cutoff. They waited until **after** discovery cutoff before even filing a motion to enlarge.

CASE NO. 00-6070-Ferguson/Snow

Defendant's argument is that plaintiff already sought an enlargement of time to depose their expert Paul Repp. Plaintiff sought the enlargement only after defendant point-blank refused to make Mr. Repp available until February 26, 2001. Plaintiff reminded defendant of the discovery cutoff and requested earlier dates, to no avail. In the spirit of cooperation, plaintiff's counsel agreed to take this **one** deposition out of time, provided the Court allowed it. The undersigned was available and wanted the deposition to be taken within the Court's time frame, but decided the Court would be more approving of an <u>agreement</u> to take it late than a motion to strike because Mr. Repp was not available sooner. It is a cheap shot for Amerijet to suggest that their motion is comparable to plaintiff's.

In between responding to improper deposition notices (which have forced plaintiff to file two motions for protective order), plaintiff is working on expert reports and two of three are being produced. The third will be produced in the very near future.

Plaintiff did not and will not agree to defendant's proposal to extend discovery, **after** the fact, when defendant made no effort to depose plaintiff's experts during the period that they were available under the Court's order.

Pursuant to Rule 6(b), Fed.R.Civ.P., when a motion for enlargement is made **after** a deadline, the movant must demonstrate that the failure to act was the result of excusable neglect. Defendant made no such showing.[1]

WHEREFORE, plaintiff respectfully requests that the Court **deny** defendant's motion to enlarge discovery time in order to take the deposition of plaintiff's expert witnesses.

CASE NO. 00-6070-Ferguson/Snow

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 8th day of March, 2001.

> HEINRICH GORDON HARGROVE
> WEIHE & JAMES, P.A.
> Attorneys for Plaintiff
> 500 East Broward Boulevard, Suite 1000
> Fort Lauderdale, Florida 33394
> Telephone:    954-527-2800
> Facsimile:    954-524-9481
>
> By: *Valerie Shea* (signature)
> VALERIE SHEA
> Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\Resp-Oppo M-Enlarge001.doc

---

[1] However, defendant has shown a regrettable penchant for violating Local Rule 7.1, by attaching correspondence to its motion. As plaintiff has a hunch that the instant motion is not the last one defendant's counsel is likely to file, a reminder concerning this rule may be in order.

3