UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                    :    CASE NO. 00-6070-Ferguson/Snow
                                             L.T. Case No. 99-021746-11
        Plaintiff,                      :

vs.                                     :

AMERIJET INTERNATIONAL, INC.,           :

        Defendant.                      :
_____/



### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND RESPONSE TO MOTION TO STRIKE PLAINTIFF'S EXPERTS

Plaintiff. Patrick Scott Major, files this reply to defendant's response to Plaintiff's Motion for a Protective Order and Motion to Strike Plaintiff's Expert Witnesses. and in support thereof states as follows:

1.      Defendant's response is premised on a non-sequitur: that it was **unable** to take plaintiff's experts' depositions because it took plaintiff's deposition late in discovery. Without regaling the court with a "counter-chronology." suffice to say that defendant's counsel was adamant that she did not want to depose Mr. Major until the undersigned deposed the defense witnesses. "So I can hear your entire case." This was a choice. Plaintiff made his experts available for deposition within the discovery period and within the terms of the New Scheduling Order. Defendant never noticed them, even after being given plenty of advance notice by the undersigned that we would not agree to enlarge the discovery period.

2.      If Amerijet's real beef is to obtain the reports of plaintiff's experts, that can be dealt with without setting improper depositions and then trying to extract an agreement as a condition of canceling them. Plaintiff has not violated any local or federal rule: the parties agreed back in October 2000 that reports would be furnished 48 hours before depositions: and

CASE NO. 00-6070-Ferguson/Snow

this agreement led to a joint motion granted on December 6, 2000. Amerijet, for its own reasons, never even noticed plaintiff's experts for deposition. Nonetheless, plaintiff has two of three expert reports prepared and is voluntarily producing them this date. As soon as the siege caused by Amerijet's improper notices abates, plaintiff's counsel will prepare and produce the third one.

    <u>3.</u>    Amerijet has only itself to blame for not deposing plaintiff's experts. While plaintiff does not endorse Amerijet's strategy of attaching correspondence to motions (in violation of Local Rule 7.1), Amerijet's exhibit 10, which is the undersigned's letter of January 30, 2001, paragraph 2, put Amerijet on notice that plaintiff's experts were available for deposition and that we would not agree to enlarge discovery. Plaintiff has fulfilled his obligations under the rules and New Scheduling Order. The Court should protect him against untimely notices of deposition.

    I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire,** Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 8th day of March, 2001.

                                    HEINRICH GORDON HARGROVE
                                      WEIHE & JAMES, P.A.
                                      Attorneys for Plaintiff
                                        500 East Broward Boulevard, Suite 1000
                                        Fort Lauderdale, Florida 33394
                                        Telephone:    954-527-2800
                                        Facsimile:    954-524-9481

                                        By:      _____
                                                VALERIE SHEA
                                              Florida Bar No. 436800

2