UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                    :          CASE NO. 00-6070-Ferguson/Snow
                                                   L.T. Case No. 99-021746-11
        Plaintiff,                      :

vs.                                     :

AMERIJET INTERNATIONAL, INC.,           :

        Defendant.                      :
_____/

## PLAINTIFF'S
## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
## THE DEPOSITION OF PETER STEELE OR IN THE ALTERNATIVE TO PRECLUDE
## HIS DIRECT OR INDIRECT TESTIMONY AT TRIAL

        Plaintiff. Patrick Scott Major, files this succinct reply in support of his motion to compel

the deposition of Peter Steele or in the alternative to preclude his direct or indirect testimony at

trial.

        Amerijet talks out of both sides of its mouth. On the one hand, it disclaims any control

over Pete Steele, its former director of operations. (Para. 8) On the other, it suggests that

plaintiff's counsel acted in bad faith in serving Mr. Steele with **two subpoenas**[1] despite

"knowing full well" that Mr. Steele was out of state. (Para. 7) The only basis of such

"knowledge" is Steve Santiago's correspondence (Exhibits 12 and 13)[2] indicating Mr. Steele

---

[1] One was served in person; on the second occasion. Mr. Steele's wife was served on February 10, 2001. The more recent subpoena is attached as Exhibit A.

[2] The undersigned does not endorse Amerijet's violation of Rule 7.1.



called him, rather than the undersigned, after being subpoenaed. The fact remains that Mr. Steele disregarded the subpoena lawfully served on his wife on February 10, 2001.[3]

Being that Amerijet now disclaims any control over Pete Steele, plaintiff's counsel did the correct thing in twice subpoenaing this witness for deposition within the discovery period. Plaintiff is certainly willing to accommodate Mr. Steele's schedule, but did not want to lose any rights by unilaterally disregarding the discovery deadlines.

It appears that the best thing for the Court to do is as follows:

(1)    Enter an order to appear for deposition in the form accompanying this motion[4]; and

(2)    Defer ruling on the portion of plaintiff's motion which seeks to strike Mr. Steele as a witness, and prevent Amerijet's reliance on him indirectly, until proceedings up through and including contempt are resolved.

If, and when, Amerijet decides that it **can** produce Mr. Steele, then plaintiff's counsel will depose him and advise the Court that this motion is moot.

WHEREFORE, plaintiff respectfully requests that the Court enter an order requiring Pete Steele to appear for deposition upon renotice and defer consideration of the portion of plaintiff's motion concerning the consequences for trial if Mr. Steele does not appear.

---

[3] Moreover, without belaboring all the background to this motion, all the Fall 2000 correspondence demonstrates that Amerijet **was** undertaking to produce Pete Steele for deposition, just as it did many of the other material defense witnesses who are no longer employed there.

[4] Counsel "borrowed" the form of this order from the Court's October 16, 2000, order in Durall v. BellSouth, et al. (98-7200), in which similar witness problems were encountered.

CASE NO. 00-6070-Ferguson/Snow

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail

to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 8th day of

March, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:    954-527-2800
Facsimile:    954-524-9481


By: _____
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\Reply-Steele001.doc

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                    :      CASE NO. 00-6070-Ferguson/Snow
                                                L.T. Case No. 99-021746-11
        Plaintiff,                      :

vs.                                     :

AMERIJET INTERNATIONAL, INC.,           :

        Defendant.                      :
_____/

**TO:    Pete Steele**
        **15625 Sunward Street**
        **Wellington, FL 33414**

___  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

_X_  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case (your testimony will be recorded stenographically and will be videotaped).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Offices of: Heinrich, Gordon, Hargrove, Weihe & James, P.A.<br>500 East Broward Boulevard, Suite 500<br>Fort Lauderdale, FL 33394 | **Friday, February 16, 2001, at 1:00 P.M.** |

___  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (List documents or objects):
** A REASONABLE PHOTOCOPYING CHARGE WILL BE PAID UPON SUBMISSION OF AN INVOICE. **

| PLACE | DATE AND TIME |
|---|---|
|  |  |

___  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing officer signature and title (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| VALERIE SHEA, ESQ., Attorney For Plaintiff, FBN 436800<br>HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A.<br>500 E. Broward Blvd., Suite 1000<br>Ft. Lauderdale, FL 33394          954/527-2800 | February 1, 2001 |

See Rule 45 Federal Rules of Civil Procedure Parts C & D)

**EXHIBIT A**

**PROOF OF SERVICE**

Date: _2/10/01_                    Place: _1625 Sunward St_
                                          _Wellington  FL 33414_

**SERVED:**
_Valerie Steele - co res/spouse_
Served on (print name):        Manner of Service

_Pennie Kidwell_            _Process Server_
Served by (print name):        Title

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _2/10/01_
              DATE

_Pennie Kidwell_
SIGNATURE OF SERVER

_P.O. Box 4490_
ADDRESS OF SERVER
_Ft Lauderdale  FL 33338_

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)        (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objections are made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)        (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
            (i)  fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place with the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
            (iv)  subjects a person to undue burden.

            (B)   If a subpoena.
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA

(1)        A person responding to a subpoena to produce documents hall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)        When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PATRICK SCOTT MAJOR. | : | CASE NO. 00-6070-Ferguson/Snow |
| | | L.T. Case No. 99-021746-11 |
| Plaintiff, | : | |
| | | |
| vs. | : | |
| | | |
| AMERIJET INTERNATIONAL, INC., | : | |
| | | |
| Defendant. | : | |

**ORDER TO APPEAR FOR DEPOSITION**

THIS CAUSE came before this Court on plaintiff, Patrick Scott Major's, motion to compel the deposition of Pete Steele, and it was represented that Pete Steele, having been subpoenaed by plaintiff, failed to appear for the scheduled deposition. Having fully considered the motion, response, and other matters in the record, it is

ORDERED and ADJUDGED that within 10 days of the date of this Order, the deposition shall be re-scheduled with notice. For failure to appear, the witness shall be held in contempt of court.

DONE and ORDERED in Chambers in Fort Lauderdale, Florida, this _____ day of _____, 2001.

_____
WILKIE D. FERGUSON

Copies furnished:
Valerie Shea, Esq.
Susan Potter Norton, Esquire
Stephen P. Santiago, Esquire