UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff.

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, AMERIJET INTERNATIONAL INC., (hereinafter "AmeriJet"), by and through its undersigned counsel and pursuant to Rule 56, Federal Rule Civil Procedure, hereby submits its Motion for Summary Judgment and in support thereof states as follows:

1. Plaintiff has filed a six (6) count Amended complaint alleging in Counts I and II violations of the Florida Whistle Blower Statute section 448.102(1) and (3); in Counts III and V violations of the Age in Discrimination Act (hereinafter "ADEA") and the Florida Civil Right Act (hereinafter "FCRA"); and in Counts IV and VI retaliation violations under the ADEA and the FCRA.

2. Summary Judgment should be entered in favor of AmeriJet on Count I of Plaintiff's Amended Complaint because Plaintiff did not disclose his written report to an *appropriate governmental agency* that is *charged with the enforcement of a rule, law or regulation* as required by § 448.101(1) and 448.102(1) Florida Statutes. *See also Aviation Safety Reporting Program 41 Fed. Reg. 15903.*

3. Summary Judgment should be entered in favor of AmeriJet on Count II of Plaintiff's Amended Complaint because by his own pleadings and testimony Plaintiff admits that

77890_1

his reservation or concern was whether AmeriJet's use of the NavTech runway analysis was adequate, not that it violated a Federal Aviation Regulation (hereinafter "FAR"). (Plaintiff's Depo. at 189, 190).

4. Summary Judgment should be entered in favor of AmeriJet on Counts III and V of Plaintiff's Amended Complaint because Plaintiff has not produced significantly probative evidence to rebut AmeriJet's legitimate, non-discriminatory reasons for not promoting him to captain nor for terminating his employment. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Maddow v. Procter & Gamble Co. Inc.,* 107 F.3d 846 (11th Cir. 1997); *Kounelis v. Mount Sinai Medical Center,* 987 F.Supp 1452 (S.D. Fla. 1997); *Damon v. Fleming Supermarkets of Florida,* 196 F.3d 1354 (11th Cir. 1999); and *Young v. General Food Corp.,* 840 F.2d 825 (11th Cir. 1988).

5. Summary Judgment should be entered in favor of AmeriJet on Counts IV and VI of Plaintiff's Amended Complaint because Plaintiff is unable to establish a causal link between his EEOC filing in February 1999 and his termination from employment nearly seven (7) months later on September 1, 1999. *Simmons v. Camden County Bd. Of Educ.,* 757 F.2d 1187 (11th Cir. 1985). Moreover, his hostile work environment claim under the ADEA has not been recognized in the Eleventh Circuit. *EEOC v. Amassey-Yardley Chrysler Plymouth, Inc.,* 117 F.3d 1244 (11th Cir. 1997). Even assuming this Court acknowledges a hostile work environment claim under the ADEA, Plaintiff's claim is based solely on one incident, which Plaintiff admitted committing, and thus, he has not produced by a preponderance of the evidence that he was subjected to a hostile work environment. *Crawford v. Medina General Hospital,* 96 F.3d 830 (6th Cir. 1996).

Based on the law and the analysis as fully developed in AmeriJet's Memorandum of Law, this Court should grant summary judgment in favor of AmeriJet on all Counts contained in Plaintiff's Amended Complaint.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via World Courier, on this 12th day of March, 2001, upon:

Ms. Valerie Shea, Esq.
Heinrich Gordon Hargrove Weihe & James
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney