UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

NIGHT BOX
FILED

MAR 1 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### AMERIJET'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF THE FEDERAL AVIATION ADMINISTRATION'S INVESTIGATION OF FLIGHT 827 AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "AmeriJet"), by and through undersigned counsel and pursuant to Rules 7.1 and 16.1(J), S.D. Fla. L.R., hereby files this Motion In Limine To Exclude Any Evidence of the Federal Aviation Administration's Investigation Of Flight 827. In support thereof, AmeriJet states as follows:

1. AmeriJet reasonably anticipates that Plaintiff will attempt to introduce evidence regarding the Federal Aviation Administration's (hereinafter "FAA") investigation of flight 827 to bolster his credibility and unfairly prejudice AmeriJet.

2. The FAA did not receive notice of the flight 827 incident until October 4th, 1999, more than one month after Plaintiff was terminated from employment. (Roseborough Depo. at 9). There is absolutely no evidentiary basis available for this Court to even assume there is any factual or legal causative connection between the FAA's investigation of flight 827 and AmeriJet's decision to terminate Plaintiff's employment.

3. In count I of Plaintiff's Amended Complaint, he alleges that he was terminated in violation of the Florida Whistleblower Statute for filing a written report regarding flight 827 with the National Aviation Space Administration (Aviation Safety

77939_1

114

Reporting System) (hereinafter "NASA(ASRS)"). To the extent that Plaintiff may claim that the FAA investigation is relevant to Count I, it is undisputed that the FAA instituted an investigation based upon Plaintiff's subsequent complaint received by the FAA on October 4, 1999, and not as a result of his filing a written report with NASA(ASRS). (Roseborough Depo. at 5-10, 80). Therefore, the FAA's investigation is not related, and as such is irrelevant to this case.

4.     AmeriJet moves this Court to preclude Plaintiff from introducing any evidence regarding the FAA's investigation of flight 827 on grounds that such evidence is irrelevant and immaterial to Plaintiff's individual claims and should be precluded pursuant to Rules 401, 402 and 403, Federal Rules of Evidence.

5.     Assuming *arguendo* that such evidence is even minimally relevant, AmeriJet contends that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury and should be precluded pursuant to Rule 403, Federal Rules of Evidence.

6.     Accordingly, AmeriJet respectfully requests this Court issue an Order precluding Plaintiff from introducing any evidence of the FAA's investigation of flight 827.

### MEMORANDUM OF LAW IN SUPPORT

**I.     Evidence Of The Federal Aviation Administration's Investigation Of Flight 827 Is Clearly Inadmissible Under Rules 401, 402 And 403, Federal Rules Of Evidence**

Any evidence of the FAA's investigation of Flight 827 is not admissible at the trial of this matter. First, such evidence is not relevant to any of the issues before the Court. Second, even if relevant, the admission of such evidence at trial would be highly prejudicial to AmeriJet and would only serve to confuse the issues, mislead the jury, and cause undue delay.

**A.     The Evidence Expected to Be Proffered by Plaintiff is not Relevant**

Pursuant to Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." In this regard, Rule 401 of the Federal Rules of Evidence defines "relevant evidence" to mean "[e]vidence having any tendency to make the

77939_1

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In the instant case, the evidence expected to be proffered by Plaintiff does not make the existence of any fact that is of consequence to the determination of Plaintiff's retaliation claim or discrimination claim more or less probable. On September 1, 1999, Plaintiff was terminated from employment with AmeriJet. On October 4th, 1999, more than one month after his termination, Plaintiff reported AmeriJet to the FAA for alleged regulation violations in connection with AmeriJet flight 827. (Roseborough Depo. pp. 5-10, 80). The FAA did not conduct an investigation until it received Plaintiff's complaint in October 1999. (Roseborough Depo. at 5-10, 80).

Hearing evidence surrounding the FAA's post-termination investigation of flight 827 will not help the jury to decide whether or not Plaintiff was terminated in retaliation for his post-termination complaints or discriminated against because of his age. In light of the foregoing, AmeriJet respectfully submits that this Court should preclude Plaintiff from relying on such evidence at the trial of this matter.

### B. The Probative Value of the Evidence is Substantially Outweighed by the Danger of Unfair Prejudice

Assuming *arguendo*, the FAA's post-termination investigation has some marginal relevance to the issues in this case, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The evidence that AmeriJet reasonably anticipates that Plaintiff seeks to introduce will cause AmeriJet unfair prejudice because it poses a substantial risk of influencing the jury to make a decision on an improper emotional basis. Advisory Committee Notes to Rule 403. Plaintiff will attempt to introduce evidence regarding the FAA's investigation to show that AmeriJet acted in conformity with the alleged incidents

and to create a generalized "perception" that AmeriJet has a propensity to violate federal laws, such as the FAA's regulations. Moreover, to allow such evidence will only direct the jury's attention away from the central issues in this case – i.e. retaliation and age discrimination – toward a totally irrelevant issue (i.e., the FAA's investigation of alleged flight violations). Accordingly, AmeriJet respectfully submits the Court should preclude Plaintiff from relying upon any evidence regarding the FAA's investigation of Flight 827.

WHEREFORE, based on the foregoing, AmeriJet respectfully requests the Court grant its Motion In Limine To Exclude Any Evidence of the Federal Aviation Administration's Investigation Of Flight 827.

Respectfully Submitted,

Dated on  3/12/01

Susan Potter Norton
Florida Bar No. 0201847
e-mail Snorton@anblaw.com
Alexis Gonzalez
Florida Bar No. 0180785
e-mail Agonzalez@anblaw.com

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Telephone: 305-445-7801
Facsimile: 305-442-1578

77939_1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 12th day of March, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

## ORDER

THIS CAUSE having come before the Court upon Defendant's, AMERIJET INTERNATIONAL, INC., Motion in Limine To Exclude Any Evidence of The Federal Aviation Administration's Investigation of Flight 827, and for good cause shown, it is

ORDERED AND ADJUDGED as follows:

Defendant's Motion in Limine is hereby _____.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida on this _____ day of _____, 2001.

 

_____
U.S. DISTRICT COURT JUDGE


Conformed copies provided to:
    Susan Potter Norton, Esq.
    Valerie Shea, Esq.

77977_1