UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,

    Plaintiff,

CASE NO.: 00-6070-CIV-FERGUSON/SNOW

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

NIGHT BOX
-FILED-
MAR 1 2 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

_____/

## DEFENDANT'S MOTION IN LIMINE TO LIMIT DAMAGES

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "AmeriJet"), by and through undersigned counsel and pursuant to Rule 7.1 and 16.1 S.D. Fla. L.R., hereby files this Motion in Limine to limit Plaintiff's damages to the date of the alleged discrimination, February 5th, 1999. In support thereof, AmeriJet states as follows:

1.     On March 19th, 2000, Plaintiff served upon AmeriJet his wage loss damages worksheet in response to AmeriJet's First Set of Interrogatories. Plaintiff is claiming damages from April 1993 through the date of his termination of employment of September 1st, 1999. (Exhibit 1).

2.     Plaintiff's back wages are limited to the actual monetary loss he suffered as a result of his failure to promote claim filed with the EEOC on or about February 5th, 1999. *Maleszewski v. United States of America*, 827 F.Supp. 1553 (N.D. Fla. 1993), *Goldstein v. Manhattan Industries, Inc.*, 785 F.2d 1435 (1985).

3.     Plaintiff has no basis in law to include a claim for allegedly failing to be promoted from 1994 through February 5th, 1998. *Greene v. Lowenstein*, 99 F.Supp. 2d

1373 (S.D. Fla. 2000) citing *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648 (11th Cir. 1993), cert. denied, 513 U.P.S. 814 (1994).

ACCORDINGLY, any damages claimed by Plaintiff prior to February 5th, 1998 should be barred.

## MEMORANDUM OF LAW

The ADEA invokes the provisions of Title 29 U.S.C. §216(b) to enforce the remedies applicable to the ADEA. *29 U.S.C. §626(b).* Amounts owing to an individual as a result of a violation of the ADEA shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of §§ 216 and 217 of Title 29. *Id.*

Back wages under the ADEA have been limited to the actual monetary losses arising from the discriminatory employment action. *See Maleszewski v. United States of America*, 827 F.Supp. 1553 (N.D. Fla. 1993), *Goldstein v. Manhattan Industries, Inc.*, 785 F.2d 1435 (1985).

The Plaintiff has alleged that he filed a complaint with the EEOC on or about February 1999, claiming that AmeriJet had allegedly discriminated against him on the basis of age for failing to promote him to Captain between 1996 and 1999. (Plaintiff's Amended Complaint, ¶¶ 9, 10, 38, 48). However, any employment action which occurred prior to February 5th, 1998 would be time-barred. *See Greene v. Lowenstein*, 99 F.Supp. 2d 1373 (S.D. Fla. 2000) and *Turlington v. Atlantic Gas and Light Company*, 135 F.3d 1428 (11th Cir. 1998).

While it is undisputed that Plaintiff made internal complaints, oral and written, to AmeriJet regarding a failure to promote him to both First Officer and Captain, those claims are time-barred under both the ADEA and the FCRA as being untimely. *See* 29

77983_1

U.S.C. §626(d)(2), Fla. Stat. §760.11(1), *Greene, supra.* As such, any claim for damages as a result of this alleged discrimination is also barred.

Moreover, Plaintiff cannot avail himself of the equitable tolling of these time limits. Equitable tolling is applicable when a plaintiff does not believe or does not have reason to believe that he has been discriminated against. *Turlington v. Atlantic Gas and Light Company,* 135 F.3d at 1435.

In the instant case, Plaintiff had previously complained about not being promoted by AmeriJet as early as 1993. In 1994, Plaintiff in a letter to AmeriJet indicated that five (5) younger employees had been promoted over him, and, thus, believed he was being discriminated against based on age. (Plaintiff Depo. Ex. 4). As such, Plaintiff cannot now avail himself of equitable tolling. Furthermore, Plaintiff has repeatedly held himself out as an experienced human resources professional, who is knowledgeable with the EEOC laws, rules, and regulations. (Plaintiff Depo. at 37, 117). Moreover, while employed at AmeriJet, Plaintiff offered to establish a human resources department. (Plaintiff Depo. at 117). Based on these undisputed facts, Plaintiff is prohibited from availing himself of equitably tolling the statute of limitations, both under the ADEA and the FCRA. *See Turlington, supra.*

ACCORDINGLY, Plaintiff should be limited to damages relating only to his allegation that AmeriJet discriminated against him by failing to promote him to Captain or or about February 5th, 1999.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail, on this 12th day of March, 2001, upon:

Ms. Valerie Shea, Esq.
Heinrich Gordon Hargrove Weihe & James
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

# EXHIBIT 1

AJT Line Pilot

| | | | |
|---|---|---|---|
| 03/91 Beg Rate $25/pay hour Average 80 Hrs/4 wks. | $26,000 | Year | Wages Lost Incld Interest |
| 06/91 Change to $30/PyHr | 31,200 | | |
| 04/93 FO Upgrade Award Rescinded Pay Should have gone to: $40/hr. Instead, received $1.00/hr In-position increase | 41,600 <u>32,240</u> | | |
| Difference: | $9,360 | | |
| Others, junior, less experienced promoted to FO until 11/94 Lost Wages to this point 1.58 yrs: | $14,789 | | |
| 11/94 I was promoted to FO | | 1994 Total To Date | 1,479 $16,268 |
| 05/95 After 2 years as FO, should have made Captain, instead others, junior, less experienced, more prone to go-along and get along with safety infractions and regulatory violations continued to be promoted ahead of me. | | 1995 Total To Date 1996 Total To Date .42/1997 (1st 5 mos.) | $2,080 $39,148 $24,715 $63,862 $2,682 $100,547 |
| Captain's Rate: $60.00/pay hr: My Rate: Difference: Wages lost 5/95-5/97: | $62,400 <u>41,600</u> 20,800 $41,600 | 05/97-05/98 Total To Date | $10,055 $138,682 |
| 05/97 Capt Pay went to $70/hr: FO Pay went to $43/hr: Lost Annual Wages: Wages Lost 05/97-02/99: | 72,800 <u>44,720</u> 28,080 $46,894 | 05/98-02/99 Total To Date | $10,401 $170,143 |

Patrick Major, Wage-Loss Damages Worksheet, 3/19/00

|  |  | AJT Line Pilot, continued... |  |
|---|---|---|---|
| 02/99 |  |  |  |
| My captain pay would have increased to $87.00/hr (Avg mo. red to 70hrs): | $79,170 |  |  |
| My FO Pay increased to $55.00/Hr: | 50,050 |  |  |
| (Avg mo. red to 70hrs), Difference: | 29,120 |  |  |
| Difference in Special Islands Override, |  | 02/99-08/99 | $8,507 |
| $2.00/hr: | 1,820 | Total To Date | $194,120 |
|  | $30,940 |  |  |
| Wages Lost 2/99 08/99: | 15,470 |  |  |
| Wages Lost 08/99 to 03/2000: | 48,558 | 08/99-03/00 | $11,259 |
|  |  | Total To Date | $253,937 |
| Wages lost through the remainder of 2,000: | $62,790 | 03/00-12/00 | $19,045 |
| Total Lost Wages | $230,100 | To Date W/Int | $335,772 → TO DAT |
| Present Annual Wages Should Be: | $83,720 |  |  |

Projected Yearly Earnings Progression

| Year | | | |
|---|---|---|---|
| 2001 | $92,092 | $369,349 | $461,441 |
| 2002 | 101,301 | 406,284 | 507,585 |
| 2003 | 111,431 | 446,913 | 558,344 |
| 2004 | 122,574 | 491,604 | 614,178 |
| 2005 | 134,832 | 540,764 | 675,596 |
| 2006 | 148,315 | 594,841 | 743,156 |
| 2007 | 163,147 | 654,325 | 817,471 |
| 2008 | 179,461 | 719,757 | 899,218 |
| 2009 | 197,407 | 791,733 | 989,140 |
| 2010 | 217,148 | 870,906 | 1,088,054 |
| 2011 | 238,863 | 957,997 | 1,196,860 |
| 2012 | 262,749 | 1,053,797 | 1,316,546 |
| 2013 | 289,024 | 1,159,176 | 1,448,200 |

Co. 401K Matching Contributions & Inv. Returns based on 8% Vol Ded, 10% Int.

| Year | Amount | Year | Amount |
|---|---|---|---|
| 1993 | $206 | 2005 | $6,875 |
| 1994 | 346 | 2006 | 7,562.92 |
| 1995 | 838 | 2007 | 8,319.21 |
| 1996 | 1,380 | 2008 | 9,151.13 |
| 1997 | 2,135 | 2009 | 10,066.24 |
| 1998 | 2,967 | 2010 | 11,072.87 |
| 1999 | 3,881 | 2011 | 12,180.15 |
| 2000 | 4,269 | 2012 | 13,398.17 |
| 2001 | 4,696 | 2013 | 14,737.99 |
| 2002 | 5,166 | | |
| 2003 | 5,682 | Total: | $1,462,938 → by Carec |
| 2004 | 6,250 | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

## ORDER

THIS CAUSE having come before the Court upon Defendant's, AMERIJET INTERNATIONAL, INC., Motion in Limine To Limit Damages, and for good cause shown, it is

ORDERED AND ADJUDGED as follows:

Defendant's Motion in Limine to Limit Damages is hereby _____.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida on this _____ day of _____, 2001.

 

_____
U.S. DISTRICT COURT JUDGE

Conformed copies provided to:
    Susan Potter Norton, Esq.
    Valerie Shea, Esq.

77977_2