UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

NIGHT BOX
FILED
MAR 1 5 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S RESPONSE TO PLAINIFF'S
### MOTION TO STRIKE MITCH YELEN AS AN EXPERT

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "Defendant"), hereby files its Response to Plaintiff's Motion To Strike Mitch Yelen As An Expert and states as follows:

1. Mr. Yelen is being used as a rebuttal witness to Plaintiff's financial expert, Jim Gilbert; therefore, Plaintiff's motion should be denied.

2. Defendant has not been provided any information from Plaintiff regarding his financial expert's opinion about Plaintiff's damages. As such, Mr. Yelen has not been provided any information from which he could render an opinion about Plaintiff's damages. Therefore, any deposition would be fruitless.

3. Defendant has been told on numerous occasions that the written reports of Plaintiff's expert would be forthcoming, the latest being by e-mail on March 8, 2001. To date, Defendant has received no such reports.

4. Despite Plaintiff's representations to this Court, Defendant has never told Plaintiff that Mr. Yelen would not be used as an expert. (Plaintiff's Motion ¶ 2).

5. Since Plaintiff has not produced their financial expert for deposition and has not provided his written reports, Mr. Yelen has no information on which to offer an opinion to rebut Plaintiff's damages or the justification for those damages. As such, Mr. Yelen does not have any pertinent information on which to be deposed

6. Plaintiff is unable to show any prejudice on which to base his motion to strike Mr. Yelen because Mr. Yelen will not have an opinion to express about Plaintiff's damages until Defendant receives Plaintiff's financial expert's damages report or is able to depose his financial expert.

7. Defendant will be substantially prejudiced if this Court grants Plaintiff's motion because it will not be able to rebut Plaintiff's financial expert, which is the sole purpose of Mr. Yelen's testimony.

ACCORDINGLY, Plaintiff's motion should be denied.

## MEMORANDUM OF LAW

Plaintiff has not been able to show nor have they articulated any prejudice. Moreover, Mr. Yelen is strictly a rebuttal expert witness to Plaintiff's own financial expert and since Plaintiff has yet to produce either his expert for deposition or the expert's written report in compliance with Local Rule 16.1K, Mr. Yelen has no information from which to render an opinion. Therefore, his deposition at this point would be fruitless.

By striking Mr. Yelen as an expert witness for Defendant, Defendant would be substantially prejudiced at trial because it would be prevented from disputing the testimony of Plaintiff's financial expert.

ACCORDINGLY, Plaintiff's Motion To Strike Mr. Yelen as an expert should be denied.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 15th day of March, 2001 upon:

Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney