UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

Defendants.
_____/

NIGHT BOX
FILED ~ ~

MAR 1 5 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION TO ENLARGE DISCOVERY TIME
### IN ORDER TO DEPOSE PLAINTIFF'S EXPERT WITNESSES

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "Defendant"), hereby

files its Reply To Plaintiff's Response In Opposition To Defendant's Motion To Enlarge

Discovery Time In Order To Depose Plaintiff's Expert Witnesses and states as follows:[1]

1.    Defendant has shown under Federal Rule of Civil Procedure 6(b)(2) that it

has met the standard for excusable neglect.

2.    On January 30, 2001, Plaintiff advised Defendant that Mr. Jim Gilbert

would be available on February 12th, 13th, and 14th, 2001 for his deposition; Mr. Jose

Pagan would only be available on February 5th, 2001; and Mr. John Wiley would be

available on February 14th or 15th, 2001.

---

[1] Today, Plaintiff's counsel sent a letter to Defendant indicating that she is setting her expert, Jose Pagan, for deposition on either March 22 or 23, 2001 in order to preserve his testimony for trial.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

3.    The dates proffered by Plaintiff were not compatible with Defendant's schedule and, therefore, Defendant did not notice Plaintiff's experts for deposition on the days proffered by Plaintiff.

4.    The taking of these depositions outside the discovery deadline will not prejudice the Plaintiff nor affect the trial date in this case.

ACCORDINGLY, Defendant respectfully requests that this Court grant its Motion for enlargement of time to take the depositions of Plaintiff's expert witnesses.

## MEMORANDUM OF LAW

Rule 6(b)(2) of the Federal Rules of Civil Procedure allows the Court to grant a motion which has been filed after an expiration deadline upon a showing of excusable neglect. The standard for excusable neglect under Rule 6(b)(2) is well-established. The Court must evaluate all relevant circumstances surrounding the parties' omission, including (1) the danger of prejudice to the non-movement; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Busch v. County of Volusia*, 189 F.R.D. 687 (M.D. Fla. 1999).

In the instant case, there is absolutely no danger of prejudice to the Plaintiff and the Plaintiff has not submitted any evidence of prejudice which would justify precluding the Defendant from deposing Plaintiff's expert witnesses beyond the discovery deadline. The length of the delay by Defendant in submitting its Motion is negligible as it was filed on February 20th, 2001, four (4) days after the discovery cut-off period. Moreover, Defendant's delay will have no potential impact on the judicial proceedings as this case is not set for trial until May 7th, 2001. Furthermore, the reason for the delay was due in

78078_1

2

part to the Defendant's schedule being in conflict with the dates of availability proffered by Plaintiff for its expert witnesses.

Lastly, Defendant has acted in good faith to try and take the depositions of Plaintiff's expert witnesses. Defendant's good faith efforts have previously been detailed in its original Motion on this issue, which was dated February 20, 2001.

ACCORDINGLY, Defendant respectfully requests that this Court grant its Motion To Enlarge The Time To Take The Depositions Of Plaintiff's Expert Witnesses.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 15th day of March, 2001 upon:

Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

78078_1

**3**