UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

NIGHT BOX
FILER
MAR 1 5 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S RESPONSE TO PLAINIFF'S
## SECOND MOTION FOR A PROTECTIVE ORDER

Defendant, AMERIJET INTERNATIONAL, INC., files its Response to Plaintiff's Second Motion for a Protective Order and requests that this Court dismiss it as being Moot and in support thereof states:

1. Plaintiff's Second Motion For A Protective Order should be denied as moot because Defendant cancelled the depositions before March 9th, 2001.

2. Defendant cancelled the depositions after receiving an e-mail from Victoria Ryder, Ms. Shea's assistant, on March 8th, 2001 at approximately 11:13 a.m., which indicated that Ms. Shea would file a motion for a protective order if Defendant did not voluntarily cancel the depositions. Moreover, the e-mail indicated that she would be in possession of two (2) of the three (3) expert reports by March 9th, 2001 and would send them to Defendant. To date, Defendant still has not received the expert reports.

3. As previously indicated in Defendant's initial response to Plaintiff's First Motion for A Protective Order dated February 28th, 2001, Defendant has acted upon

78060_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

121
DM

representations by Ms. Shea that she would provide the expert reports to resolve the issue of deposing Plaintiff's experts. Again, Defendant relied on these representations on March 8th, 2001, and still has not received the expert reports.

4. Defendant will be substantially prejudiced by not being able to depose Plaintiff's experts as at least two (2) of these experts are expected to testify regarding actions taken by Plaintiff with regard to flight 827.

5. The trial in this case is not set until the two (2) week trial calendar of May 7th, 2001; as such, Plaintiff will not be prejudiced by producing the expert witnesses for deposition. Moreover, taking these depositions will not affect the trial date in this case.

ACCORDINGLY, Plaintiff's Second Motion For A Protective Order should be denied.

## MEMORANDUM OF LAW

After setting the depositions of Plaintiff's experts for March 9th, 2001, Defendant received an e-mail message from Plaintiff's counsel requesting that Defendant voluntarily cancel the depositions. Moreover, Plaintiff explicitly stated that she would be in possession of two (2) of the three (3) expert reports by March 9th, 2001 and would forward them to Defendant. To date, Defendant has not received the expert reports. Moreover, Defendant specifically cancelled the depositions of Plaintiff's expert witnesses for March 9th, 2001, based on the representations of Plaintiff's counsel that the expert reports were forthcoming.

Since the depositions were cancelled by Defendant prior to March 9th, 2001, Plaintiff's Second Motion For A Protective Order should be denied as moot. In addition, Defendant reiterates that it will be substantially prejudiced by being precluded from

78060_1

2

taking depositions of Plaintiff's experts, whereas Plaintiff can show absolutely no prejudice in producing the expert witnesses, especially since this case is not set for trial until May 7th, 2001.

ACCORDINGLY, Plaintiff's Second Motion For A Protective Order should be denied as moot.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 15th day of March, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

78060_1

3
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION