UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

Defendants.

_____/



## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## OR IN THE ALTERNATIVE TO STRIKE JOSE PAGAN AS A WITNESS

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "Defendant"), hereby files its Motion pursuant to Federal Rule of Civil Procedure 26(a)(2), (c), and 30(a)(2)(A) and, in support thereof, states as follows:

1.    On March 15, 2001, at approximately 2:06 p.m., Plaintiff's counsel faxed a letter to Defendant indicating that they were going to take the deposition of their own expert witness, Jose Pagan, because he would be unavailable for trial. Plaintiff's counsel indicated that the video deposition will take place on either March 22nd or March 23rd, 2001. She further indicated that if Defendant did not respond on the same date that they would set Mr. Pagan for deposition on one of the two (2) dates cited above.

2.    Approximately an hour and one-half later, Plaintiff's counsel faxed a Notice of Deposition for their expert, Jose Pagan, setting his deposition for Thursday, March 22nd, 2001 at 10:00 a.m.

78101_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

3.    Upon receiving the Notice of Deposition, Defendant faxed a letter to Plaintiff's counsel that if she did not voluntarily cancel the deposition for March 22nd, 2001, Defendant would promptly move this Court to take action.

4.    Plaintiff's Notice of Deposition for Mr. Jose Pagan is beyond the deadline for discovery previously imposed by this Court and, as such, Plaintiff is required to file a motion with the Court seeking leave to take the deposition of Mr. Pagan.

5.    Plaintiff still has not produced any written expert reports as required by Federal Rule 26(a)(2).

6.    By taking the deposition of Mr. Pagan, Plaintiff has gone beyond the number allowed for depositions under Federal Rule of Civil Procedure 30(a)(2)(A). As such, Plaintiff is required to seek leave of court in order to take the deposition of Mr. Pagan.

7.    Plaintiff's action in seeking to take the deposition of Mr. Pagan is completely incongruous with her position in opposing Defendant's Motion To Extend The Discovery Timeline in order to take the deposition of Plaintiff's expert witnesses.

8.    Should Plaintiff proceed with deposing Mr. Pagan without leave of court, Mr. Pagan's testimony should be stricken.

ACCORDINGLY, Defendant respectfully requests this Court to grant its Motion For Protective Order Or In The Alternative Strike The Testimony Of Mr. Pagan.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(a)(2) requires Plaintiff to produce expert written reports prepared and signed by the expert witness. Despite Plaintiff's counsel's numerous representations that she would provide the expert witness reports, Defendant

78101_1

2

still has not received any such reports. This is a clear violation of the Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A), no party shall take more than ten (10) depositions in any given case. Mr. Pagan's deposition will be the twelfth deposition taken by Plaintiff in this case. Previously, Plaintiff has taken the depositions of: (1) Derry Huff; (2) David Bassett; (3) Brian Steele; (4) John Washington; (5) Ed Cook; (6) Juan Morales; (7) Tracy Dickinson; (8) Bill Cline; (9) Al Jorsey; (10) John Roseborough; and (11) Paul Repp. As such, Plaintiff must request leave of court to take the deposition of Mr. Pagan.

Plaintiff's deposition of Mr. Pagan is clearly outside the discovery timeline which ended on February 16th, 2001. Therefore, Plaintiff is required to seek leave of the court in order to take Mr. Pagan's deposition. Plaintiff has not done so. Moreover, Plaintiff had previously opposed Defendant's Motion for an extension of time to take the deposition of his expert witnesses as being beyond the discovery timeline. In addition, when Defendant did notice Plaintiff's experts for deposition beyond the discovery timeline, Plaintiff promptly moved for protective orders to prevent those depositions. Plaintiff's deposition of Mr. Pagan is clearly incongruous with the actions previously taken to prevent Defendant from taking the expert witness depositions.

Should Plaintiff persist in taking the deposition of Mr. Pagan without seeking leave of court, then Mr. Pagan's testimony should be stricken from being presented in this case.

ACCORDINGLY, Defendant respectfully requests that this Court grant Its Motion For Protective Order Or In The Alternative To Strike The Testimony Of Mr. Pagan.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 16th day of March, 2001 upon:

Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

78101_1

**4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/SNOW

PATRICK SCOTT MAJOR,

Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

Defendants.

_____/

ORDER

THIS CAUSE having come before the Court upon Defendant AMERIJET

INTERNATIONAL, INC.'s, Motion For Protective Order Or In The Alternative To Strike

Jose Pagan As A Witness, and for good cause shown, it is

ORDERED and ADJUDGED as follows:

Defendant, AMERIJET INTERNATIONAL, INC.'s Motion For Protective Order Or

In The Alternative To Strike Jose Pagan As A Witness is hereby

_____.

DONE and ORDERED in Chambers in Fort Lauderdale, Broward County,

Florida, this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT COURT JUDGE

cc:   Stephen P. Santiago, Esq.
      Valerie Shea, Esq.

75907_4