UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                :       CASE NO. 00-6070-Ferguson
                                            Magistrate Judge Lurana S. Snow
        Plaintiff,                  :       L.T. Case No. 99-021746-11

vs.                                 :

AMERIJET INTERNATIONAL. INC..       :

        Defendant.                  :
_____/



### PLAINTIFF'S
### RESPONSE MEMORANDUM IN OPPOSITION TO
### MOTION FOR PROTECTIVE ORDER (JOSE PAGAN)

Plaintiff, Patrick Scott Major, responds to Amerijet's March 16, 2001, motion for protective order, or to strike. relating to plaintiff's expert, Jose Pagan, and states:

Amerijet's objection is to plaintiff's notice of taking videotape trial testimony of its own expert. Jose Pagan. Mr. Pagan is a retired FAA official whose testimony is very important to the liability aspect of Major's whistleblowing case.

Mr. Pagan is a Broward County resident and was available for deposition during the discovery period. As the Court is aware from other motions. Amerijet did not timely notice him for a discovery deposition. Mr. Pagan, while aware of the trial date, had advised counsel that there was a possibility that he may be out of the jurisdiction during the trial period, indulging his post-retirement dream of cruising in his sailboat. Plaintiff's counsel did not perceive any direct conflict with the trial schedule, however, until on March 15, 2001. Mr. Pagan informed the undersigned's office that he intended to leave town, for an indefinite cruise, on Saturday, March 24, 2001.

As indicated above, Mr. Pagan is a key witness and one in whom plaintiff has invested considerable fees and costs. Under the circumstances, plaintiff's counsel had little choice but to

CASE NO. 00-6070-Ferguson

choice but to immediately notice his videotape deposition for purpose of taking trial testimony, as is standard operating procedure when an expert witness will be unavailable for trial.

On that same date (March 15, 2001), the undersigned wrote to defendant's counsel to explain the unforeseen circumstances and why the deposition was being noticed. Defendant's counsel initially responded that they were not available: a contention not even fielded in Amerijet's motion for protective order. This is because plaintiff's counsel immediately offered to renotice the deposition for **any** date this week, an offer to which we had no response. Moreover, the undersigned offered to make Mr. Pagan available for a discovery deposition, immediately prior to the videotaped trial testimony, because we knew it was unlikely that the Court would have ruled on defendant's motion for enlargement of time to take expert depositions and felt that this was the proper gesture to make. Amerjet's counsel has not responded to this offer.

Instead, Amerijet filed a motion for protective order, which for various reasons, should be denied. **First**, the deposition was timely noticed under the rules. **Second**, it is not a discovery deposition, and it is therefore not subject to the discovery deadline. It is plaintiff's counsel's perpetuation of its key witness's testimony for trial. **Third**, defendant has not and cannot contend counsel are unavailable given plaintiff's counsel's offers to accommodate them. **Fourth**, plaintiff's counsel mailed Jose Pagan's expert report to defendant's counsel on March 9. We did not know, until Amerijet's motion was received on March 19, that defendant's counsel claims not to have received it. It was faxed again on March 19, 2001. **Fifth**, there is no prejudice to any party inasmuch as plaintiff's counsel offered a discovery deposition, to which it is not even entitled, prior to the videotaped testimony. **Sixth**, and last, the perpetuation of

CASE NO. 00-6070-Ferguson

testimony for trial should not be subject to the ten-deposition provision of the local rules. Nonetheless, as Court is aware from Amerijet's previous filings[1], the undersigned specifically inquired of Amerijet whether it intended to invoke this rule back in January and received no response. Amerijet has waived any objection based on the ten-deposition rule.

## CONCLUSION

Based on unforeseen circumstances, plaintiff's counsel is faced with having his critical liability expert unavailable for trial. He gave adequate and proper notice under the rules of taking the deposition for trial, and offered defense counsel the opportunity to take an advance discovery deposition. Defendant's motion for protective order should be denied, as should any effort to strike plaintiff's witness.

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail and facsimile to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 20th day of March, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:   954-527-2800
Facsimile:   954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800

---

[1] See Defendant's Response to Plaintiff's Motion to Compel the Deposition of Peter Steele or in the Alternative to Preclude His Direct or Indirect Testimony at Trial served February 27, 2001 (Exh. 11).

3