UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PATRICK SCOTT MAJOR, | : | CASE NO. 00-6070-Ferguson |
| | | Magistrate Judge Lurana S. Snow |
| Plaintiff, | : | L.T. Case No. 99-021746-11 |
| vs. | : | |
| AMERIJET INTERNATIONAL, INC., | : | |
| Defendant. | : | |
| _____/ | | |



## PLAINTIFF'S
## RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO
## LIMIT DAMAGES

Plaintiff, Patrick Scott Major, files this, his response to defendant's motion in limine to limit damages and states:

1. Defendant attaches to its motion, a damages worksheet provided by Major a year ago. Since then, plaintiff retained an expert CPA who undertook an exhaustive inquiry into the economic losses. This resulted in an extensive report dated January 30, 2001. As Major testified in his February 2001 deposition, he is deferring to Mr. Gilbert for his quantifiable damages. (Major D. 47).

2. Mr. Gilbert's report, the narrative of which is attached as Exhibit A, clearly analyzes back pay losses with an assumed promotion date of August 5, 1998 – just six months before his EEOC charge.

3. Because Mr. Gilbert's report supersedes the early worksheet that is the subject of defendant's motion, defendant's objection should be denied as moot.

/₽/

/44/

CASE NO. 00-6070-Ferguson

## CONCLUSION

The Court should deny defendant's motion in limine to limit damages as moot.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 27th day of March, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By: /s/ Valerie Shea
VALERIE SHEA
Florida Bar No. 436800

# J.D. GILBERT & COMPANY
## CERTIFIED PUBLIC ACCOUNTANTS

600 West Hillsboro Blvd., Suite 510, Deerfield Beach, Florida 33441 • (954) 419-1000 • Fax (954) 419-1040
Toll Free (888) 419-2727 • E-Mail cpas@jdgilbert.com

January 30, 2001

Ms. Valerie Shea, Esquire
Heinrich, Gordon, Hargrove, Weihe & James, P.A.
500 East Broward Blvd., Suite 1000
Fort Lauderdale, FL 33394

RE: Patrick Scott Major v. Amerijet International, Inc.
    Case No. 00-6070-Ferguson/Snow
    L.T. Case No. 99-021746-11

Dear Ms. Shea:

We have been retained by your firm and your client, Mr. Patrick Scott Major, to review certain records and documents pertaining to the above captioned litigation and render a professional opinion with respect to the following issue:

- The Economic Loss of Earning Capacity to Mr. Patrick Scott Major resulting from his employment termination on September 1, 1999

In the course of our work, we reviewed the following:

1. Forms W-2 and payroll records of Patrick Major for the years 1996 through 1999
2. Fringe benefit information of Amerijet International, Inc. (Amerijet)
3. Personal Income Tax Return of Patrick Major for 1996
4. Payroll records and fringe benefit information for Mr. Major from employers subsequent to Amerijet International, Inc.

The following summarizes our understanding of the pertinent material facts:

Patrick Major was terminated from employment at Amerijet International, Inc. on September 1, 1999. Mr. Major had been employed by Amerijet since March 1991, approximately 8.5 years. He was age forty-five when terminated and was a first officer. Mr. Major applied for a promotion to the rank of captain on several occasions during the course of his employment. In February 1999, Mr. Major filed a complaint with the EEOC and FCHR in regards to Amerijet discriminating against him in the promotion process on the basis of age. Mr. Major alleges that he was wrongfully terminated. As described in the Amended Complaint, this is an action under the Florida Whistle Blower Act, the federal Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA).

**ANALYSIS – LOSS OF EARNING CAPACITY (Exhibit A) – ASSUMES PATRICK MAJOR SHOULD HAVE BEEN PROMOTED TO CAPTAIN WITH AMERIJET AS OF AUGUST 5, 1998 BUT FOR THE DISCRIMINATION DESCRIBED IN THE COMPLAINT**

According to Florida Statutes Chapter 760 (the Florida Civil Rights Act), the aggrieved person may recover damages for lost earnings. This includes the recovery of the gross wages and fringe benefits, less an amount for mitigating wages and fringe benefits, reduced to present value.

The loss of earnings capacity, if any, as a result of the employment termination of Patrick Major, is calculated based on past losses (back pay) and future losses (front pay). The past losses represent the

1

amount of income and fringe benefits Patrick Major would have earned from the date of injury to the date of trial, but for his employment termination. The future loss is the present net cash value of earnings from the date of trial through the expected work life of Patrick Major, plus the present value of the net cash value of employment fringe benefits for that period. These losses are mitigated by the income, including fringe benefits, since the termination and income expected to be earned in the future.

**Past and Future Earnings**

We reviewed the payroll records and fringe benefit information for income earned. We analyzed these payroll records to establish the earnings base for Patrick Major. We established $70/hour was the average hourly rate of pay that would have been in effect as of August 5, 1998, the estimated date of his promotion to captain. This rate is based on Amerijet's compensation program at that time (***Exhibit B, Column 2***). For each year thereafter through October 1, 2013 (Mr. Major's estimated date of retirement), we based his hourly rate of pay on Amerijet's Compensation Program that became effective February 8, 1999 (***Exhibit B***). We prepared a Schedule of Hourly Rates as Captain, which reflects the annual rate of pay based on each calendar year (***Exhibit C***). Mr. Major's estimated date of retirement (October 1, 2013) is based on FAA Regulations that require pilots to retire on or before age 60.

We also prepared a Schedule of Past and Future Employment as Captain (***Exhibit D***). This reflects the annual wages and fringe benefits from August 5, 1998 to October 1, 2013, that Patrick Major would have earned but for his wrongful termination. We used the hourly rate from our Schedule of Hourly Rates as Captain (***Exhibit C***) to calculate the regular wages. Based on the experience of another Amerijet captain, we estimated that Patrick Major would fly an average of 80 hours per month.

According to Mr. Major, however, Amerijet's routes are approximately 80% international and 20% domestic. Based on his international hours in 1999, we estimated that 60% of the total flying hours would be for international flights. Thus, we used 48 international hours times $5 per hour (captain rate) to calculate the international credit.

Per Diem is the $1.25/hour that is paid to all crewmembers on all trips beginning at one hour prior to actual departure time until one-half hour after block-in of the last flight segment of a trip. This is to cover any expenses the crew may have while flying and is non-taxable (***Exhibit G***).

**Fringe Benefits**

Included in our schedule of Past Future Employment as Captain (***Exhibit D***), we analyzed the fringe benefits for the same period of time. Mr. Major's fringe benefits with Amerijet included employer's matching of deferred compensation, paid vacations, health and dental insurance, life insurance and accidental death and dismemberment insurance. See Exhibit E for the insurances paid by Amerijet on behalf of Patrick Major. Please note that the amounts for life insurance and accidental death and dismemberment insurance seem unreasonable. Thus, we have used an estimate of $1,500 per year for life insurance and $6,020 per year for accidental death and dismemberment insurance. For the period August 5, 1998 through October 1, 2013, the percent of fringe benefits to regular wages and the international credit varies between 16.94% and 20.33%.

**Mitigating Compensation**

At ***Exhibit F*** we have calculated mitigating compensation, wages and fringe benefits to Mr. Major for the period of January 1, 2000 through October 1, 2013. Mr. Major was employed with Pan Am International Flight Academy as a Boeing 727 Program Manager for the period January 1, 2000 through August 18, 2000. Beginning August 23, 2000 to current Mr. Major is employed as a Boeing 727 Captain and Simulator instructor with Miami Air. We have projected Mr. Major's annual wages with Miami Air

using an annual 3% cost of living increase. Exhibit F explains the assumptions made for these calculations.

**Work life Expectancy and Life Expectancy**

Since Patrick Major is in excellent health, we estimate that he would have been able to work up to the work life expectancy for pilots of age 60. Thus, we have estimated his retirement to be October 1, 2013.

To support our assumption that Mr. Major will be able to work to his retirement age of 60, we used the Census Bureau method. Under this method, the Estimated Life Expectancy uses data extracted from the National Center for Health Statistics {Vital Statistic of the United States, 1996, Life Tables, volume 11, Section 6: DHHS Publication No. (PHS) 98-1104, Public Health Service, Washington; U.S. government Printing Office, 1999}. Using this method, we estimate that Patrick Major's remaining life expectancy as of August 5, 1998 to be 31.9 years, well in excess of his retirement age.

**Discount Rate**

In order to reflect Mr. Major's future income in present value terms, we used the below-market discount method to establish the discount rate of 2.04 percent. With this method, we have estimated the wage increases that Mr. Major would have received each year as based on Amerijet's compensation program. We estimate the inflation rate to be equivalent to the CPI increase in the current 12-month period ended in December 2000 of 3.4%. The resulting income stream is discounted by a below-market discount rate. This discount rate is the current estimated market interest rate of 5.44 percent (based on an average of current 10-year and 20-year U.S. Treasury yields) less the estimated inflation rate of 3.4 percent (***Exhibit K***). The results of applying present value discount to Mr. Major's future income may be found in ***Exhibit B***.

**Summary and Conclusions**

Based on the assumption that Mr. Major would have been promoted to captain with Amerijet as of August 5, 1998, the loss to the date of trial (past loss) is $113,662. The prejudgment interest on this loss is $17,360. The present value of the loss from the date of trial through work life expectancy (future loss) totals $374,523. Therefore, the total lost earning capacity is $505,545.

**ANALYSIS – LOSS OF EARNING CAPACITY (EXHIBIT J) – ASSUMES PATRICK MAJOR REMAINED AS A FIRST OFFICER WITH AMERIJET BEGINNING SEPTEMBER 1, 1999**

Additionally, we have calculated another scenario which is based on the assumption that Mr. Major would have remained as a First Officer with Amerijet, but for his wrongful termination. We have prepared a schedule of past damages – First Officer (***Exhibit J***) which reflects the lost wages and fringe benefits from September 1, 1999 to December 31, 2002. Under this scenario, after December 31, 2002, mitigating wages/fringe benefits offset further damages.

As explained in the assumptions for ***Exhibit J***, we have assumed that Patrick Major would have remained at a rate of pay based on Amerijet's compensation program in effect at February 2, 1999. Through our review of Patrick Major's pilot pay sheets we compiled ***Exhibit H*** – Schedule of Hours Flown, Guaranteed and Paid and used the average number of hours for our assumption. The fringe benefits are based on the same assumptions we used for the previous analysis, i.e. Amerijet's policies and information received from Amerijet.

The amounts for mitigating wages/fringe benefits were extracted from *Exhibit G* – for the years 2000, 2001 and 2002 only. There are no mitigating wages/fringe benefits for 1999 since Patrick Major did not begin new employment until January 2000 with Pan Am. We then calculated the difference between wages/fringe benefits earned, as a first officer with Amerijet and mitigating wages/fringe benefit to be the loss of earnings of $29,027. The present value of these loss of earnings is $29,018.

**Summary and Conclusions**

Based on the assumption that Mr. Major would have remained as a First Officer with Amerijet, the loss to the date of trial (past loss) is $27,467. The prejudgment interest on this loss is $4,095. The present value of the loss from the date of trial through December 31, 2002 (future loss) is $1,551. Therefore, the total lost earning capacity as a first officer is $33,113.

We reserve the right to update this report for additional information received.

Sincerely,

James D. Gilbert, CPA*, ABV
Partner

JDG/dp

*Regulated by the State of Florida

### Compensation

The fees for performing this engagement are based on our firm's standard hourly rates of $110 per hour – Sonja Reposa, CPA, Senior Accountant; $140 per hour – Robert Manis, CPA*, ABV, Manager; and $220 per hour – James D. Gilbert, CPA*, ABV, Partner.

### Expert Witness Testimony

I have been engaged as an expert witness, business valuator or consultant in the cases stated on the attached Curriculum Vitae. Cases which I have testified as an expert at trial or deposition have been marked by an asterisk "*".

### Publications and News Articles Authored by James D. Gilbert

### Articles published by the Pompano Pelican, 1993 – 2001

Late on taxes? Time to file extenstions
April 15, '94 tax-payers – start your engines
Florida Tax R returns due June 30
No tax due on rental income?
Can you still make a home-office deduction?
What's your business worth?
Will Social Security be enough?
Employment of maids and babysitters means payments of taxes
Charitable Contributions Not Deductible?
Highlights of Tax Changes for Individuals
Business tax provisions under the Revenue Reconciliation Act of 1993
Should you incorporate your small business?
Real estate investing in the 90's
Tax changes in business acquisitions
Pre-paid college tuition – absolutely!
Tax planning on selling your home
Shifting income to lower taxes
Do-it yourself tax planning, or I should have hired a pro
Road widening can cause business blues
Year-end tax strategies for your stocks and bonds
Avoid estimated tax penalties
Tax Checklist for last minute relief
Retirees pay higher taxes
Don't get stuck with capital losses
Free money from the government?
File your Florida tax return?
Florida tax laws that could save you money
Please, No more 1099's, watch carefully for your mail
Home office deductions
Plan ahead for a loss in residential sale charitable deductions
Is interest expense still deductible?
Relieve tension, file extension
Don't forget to pay your estimated taxes
It was a bad year for income taxes