UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO DEEM REQUESTS FOR ADMISSIONS SERVED AND TO COMPEL RESPONSE

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "AmeriJet"), hereby files its Response To Plaintiff's Motion For Leave To Deem Requests For Admission Served And To Compel AmeriJet's Response, and in support thereof, states as follows:

1. The discovery deadline for this case was February 19, 2001. It is set for the trial calendar on May 7, 2001.

2. On March 15, 2001, and again on March 26, 2001, Plaintiff served upon AmeriJet its Second and Third Requests for Admission.

3. The service of these Requests for Admission were well beyond the discovery deadline which was set for February 16, 2001.

4. Since March 20, 2000, over one (1) year, Plaintiff had in his possession all the training files and personnel files of the airmen for which he now seeks requests for admission.



5.   In addition, the parties, in their Joint Scheduling Report submitted on March 3, 2000, stipulated that "the parties may propound requests for admission, interrogatories and requests to produce during discovery." *Joint Scheduling Report,* ¶ G.

6.   Plaintiff's belief that requests for admission were not discovery does not obviate his tactical decision not to pursue discovery about these airmen during the discovery period.

ACCORDINGLY, AmeriJet respectfully requests that this Court deny Plaintiff's Motion For Leave and to Compel AmeriJet to respond to Plaintiff's Second and Third Requests for Admission.

## MEMORANDUM OF LAW

In *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337 (N.D. Miss. 1995), the court held that requests for admission were subject to the discovery deadline for service upon the other party and denied defendant's motion to compel plaintiff to respond to the requests for admission. *Id.* at 339.

In the instant case, Plaintiff served his Requests For Admission four (4) and six (6) weeks beyond the discovery deadline, which was February 16th, 2001. Moreover, a year prior, the parties had stipulated to and agreed that interrogatories, requests for production, and requests for admission were to be completed within the discovery deadline. *Joint Scheduling Report,* ¶ G. Despite this stipulation, Plaintiff, without leave of court, served its Requests For Admission beyond the discovery deadline. Based on this evidence alone, Plaintiff's Motion seeking leave to amend should be denied. In

addition, Plaintiff's Motion To Compel AmeriJet to respond to the Requests For Admission should also be denied.

AmeriJet takes issue with Plaintiff's characterization that the corporate representatives of AmeriJet were unable to respond or answer questions regarding the numerous airmen which Plaintiff now seeks requests for admission. Plaintiff cites to Mr. Bassett's deposition testimony where he was unable to give specifics about the credentials of various AmeriJet airmen contained on a list submitted to him. This is hardly grounds for Plaintiff's contention that AmeriJet officials were unable to answer questions regarding these various airmen when he asked Mr. Bassett to comment on a list instead of producing the training file or personnel file of the airman.

On March 20, 2000, over one (1) year ago, AmeriJet produced the training files and personnel files of the airmen which Plaintiff now seeks requests for admission. The time to review these files and to seek information on these files regarding these airmen was during the discovery period. Plaintiff's decision in not providing AmeriJet witnesses with the actual training file or employee file of the airmen, thereby seeking from the witness the qualifications of the airmen was a tactical decision made by the Plaintiff. Since March 20, 2000, Plaintiff had in his possession, custody and control all the files regarding the airmen that he now seeks requests for admission. These files were produced during the discovery period and Plaintiff had eleven (11) months to pursue any and all discovery regarding these airmen; he chose not to. As such, he has no basis whatsoever to now seek leave to request information, which he tactically decided not to pursue, on the grounds that he believed requests for admission were not considered discovery.

ACCORDINGLY, for the foregoing reasons, the Defendant respectfully requests this Court to deny Plaintiff's Motion For Leave To Deem Requests For Admission Served And To Compel Defendant To Respond To His Requests For Admission.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 30th day of March, 2001 upon:

Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney
