UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON/ SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/



### REPLY IN SUPPORT OF AMERIJET'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF THE FEDERAL AVIATION ADMINISTRATION'S INVESTIGATION OF FLIGHT 827 AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "AmeriJet"), by and through undersigned counsel and pursuant to Rules 7.1 and 16.1(J), S.D. Fla. L.R., hereby files this Reply in Support of its Motion In Limine To Exclude Any Evidence of the Federal Aviation Administration's Investigation of Flight 827. In support thereof, AmeriJet states as follows:

1.     On March 27, 2001, Plaintiff, Patrick Scott Major, served his Response in Opposition to Motion in Limine (FAA Action).

2.     In his response, Plaintiff fails to refute the contentions made in AmeriJet's Motion in Limine to Exclude Any Evidence of the Federal Aviation Administration's Investigation of flight 827.

3.     Instead, Plaintiff argues that the FAA's findings validate his complaints regarding AmeriJet's alleged FAA violations and therefore, support his claims under Florida's Private Sector Whistleblower Act. (Limine Response ¶4).

4.  Plaintiff's argument is to no avail, however, because he fails to state a claim under the Private Sector Whistleblower Act. Therefore, evidence regarding the FAA's findings are irrelevant because it would only serve to support a non-existent claim.

5.  Even assuming that Plaintiff is able to state a claim under Florida's Whistleblower Act, the probative value of the FAA's findings is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury and should be precluded pursuant to Rule 403, Federal Rules of Evidence

ACCORDINGLY, AmeriJet respectfully requests this Court issue an Order precluding Plaintiff from introducing any evidence of the FAA's investigation of flight 827.

## MEMORANDUM OF LAW IN SUPPORT

### I.  Evidence Of The FAA's Findings Is Inadmissible Under Rules 401, 402 And 403, Federal Rules of Evidence.

Evidence of the FAA's Findings of flight 827 is not admissible at the trial of this matter. First, such evidence is not relevant to any of the issues before the Court. Second, even if relevant, the admission of such evidence at trial would be highly prejudicial to AmeriJet and would only serve to confuse the issues, mislead the jury, and cause undue delay.

#### A.  The Evidence Expected To Be Proffered By Plaintiff Is Not Relevant

As an initial matter, it should be noted that Plaintiff fails to refute the contentions made in AmeriJet's Motion in Limine to Exclude Any Evidence of the Federal Aviation Administration's Investigation of flight 827. In particular, Plaintiff does not contest the fact that any evidence regarding the FAA's investigation of flight 827 is irrelevant and prejudicial because the FAA did not commence an investigation until it received notice approximately one (1) month after

Plaintiff's termination. Moreover, the FAA investigation was not instituted as a result of Plaintiff's whistleblower claim. (Roseborough Depo. at 9, 10. 80).

Instead. Plaintiff alleges in his response that the FAA's finding are relevant because they support his claims under Florida's Whistleblower Act, specifically section 448.102(1) and (3), Florida Statutes. Based on the elements required to prove a whistleblower claim under these sections, Plaintiff argues that the legality of flight 827 is at issue. As such. Plaintiff alleges that evidence of the FAA's finding would validate his complaints that flight 827 violated certain FAA regulations. Therefore, Plaintiff limits the relevance of the FAA's findings to supporting his claim that a "violation" occurred as required to state a claim under the Whistleblower Act. However, Plaintiff's proposition fails because he is not able to state a claim under either section of the Whistleblower Act and the FAA investigation was not instituted as a result of his whistleblower claim.

### B. Plaintiff Did Not Submit His Written Report To An Agency Charged With The Enforcement Of A Law, Rule, Or Regulation As Required By Florida Statute Section 448.102(1)

In order to state a claim under § 448.102(1), a plaintiff must give written notice to the employer to allow the employer a reasonable opportunity to correct the alleged violation prior to sending a written complaint to "an appropriate government agency." *The Golf Channel v. Martin Jenkins*, 752 So.2d 561 (Fla. 2000). In this case, Plaintiff sent a written report recounting his actions during flight 827 to AmeriJet and to the National Aviation Space Administration (Aviation Safety Reporting System) (hereinafter "NASA (ASRS)"). (Amended Complaint ¶ 22 and 23); (Plaintiff Depo. Ex. 13). He also states that it is this written report to NASA (ASRS), which supports his claim under § 448.102(1). (Amended Complaint ¶ 31). However. NASA (ASRS) is not a government agency *charged with the enforcement* a law, rule, or regulation.

78357_1

**3**

The language of sections 448.101(1) and 448.102(1) is unambiguous that a government agency is one that is *charged with the enforcement* of a law, rule, or regulation. Black's Law Dictionary defines enforcement as "the act or process of *compelling compliance* with a law, mandate or command." *Black's Law Dictionary* (7th ed. 1999) (emphasis added). As discussed extensively below, NASA (ASRS) has absolutely no enforcement powers.

The primary functions of NASA (ASRS) are: (1) receipt de-identification and initial processing; (2) analysis and interpretation; (3) dissemination of reports and other data; and (4) system evaluation and review. *41 Fed. Reg. at 15905.* Conspicuously absent from its listed functions is the enforcement of any law, rule, or regulation.

In addition to the clear and unambiguous language of the Statute that NASA (ASRS) is not an agency charged with the enforcement of a law, rule or regulation, the FAA also supports this obvious conclusion. During this case, Plaintiff deposed John Roseborough, who is employed by the FAA as a Principal Operations Inspector. (Roseborough Depo. at 4). As part of his duties, Mr. Roseborough oversees the operations of airlines to ensure that their training programs and their operational procedures are in accord with FAR. (Roseborough Depo. at 5).

Mr. Roseborough testified that NASA (ASRS) only has enforcement powers in the area of the national space program. It does not have enforcement powers in the aviation arena and any information contained in a NASA report could not be used to initiate an enforcement investigation. (Roseborough Depo. at 92, 94, 96).

In the instant case, Plaintiff relies solely on his August 17, 1999, written report, which he sent to NASA (ASRS) to form the bases of his claim under section 448.102(1). (Amended Complaint ¶¶ 22, 23, and 31). It is clear that NASA (ASRS) is not an agency charged with the enforcement of a law, rule, or regulation, but rather is an administrative agency with its primary

78357_1

functions to accumulate safety information for the airline industry. *41 Fed. Reg. at 15905k* (Roseborough Depo. at 92, 94, 96). Since NASA (ASRS) is not an agency charged with the enforcement of a law, rule, or regulation, then, as a matter of law, Plaintiff fails to state a claim under section 448.102(1).

### C. Plaintiff Does Not Allege Or Produce Evidence Of An Activity, Policy, Or Practice Of Amerijet That Is In Violation Of A Law, Rule, Or Regulation

With respect to section 448.102(3), Plaintiff's argument is bewildering. On the one hand, he concedes that arguably flight 827 was legal in the absence of a Tower report of standing water (Plaintiff RMSJ at 5) and that it is fair to say that before the Tower report came out, his objection was to AmeriJet's policy, which he felt was <u>dangerous, not necessarily illegal</u>. (Plaintiff RMSJ, fn 7, at 6). On the other hand, Plaintiff asserts that after the flight departed, he objected to the flight on August 18, 1999, the day after, because the Tower issued a report of standing water prior to the flight actually departing the airport. This, he now claims, is the basis of his whistleblower claim in Count II. (Plaintiff RMSJ at 6)

Regardless of Plaintiff's incongruous positions, Plaintiff still fails to state a claim because under either scenario, he has not produced record evidence that AmeriJet's policy or procedures violated the law.

Count II of Plaintiff's Amended Complaint is based on AmeriJet's runway analysis policy and its practice of having aircraft take off overweight. (Plaintiff Amended Complaint, ¶34). However, Plaintiff readily admits that AmeriJet's runway analysis does not violate the law. (Plaintiff RMSJ, fn 7, at 6) (Plaintiff Depo. at 180, 190). Moreover, Plaintiff has not submitted any evidence that it was AmeriJet's practice to have its pilots ignore or violate runway conditions. As such, Plaintiff cannot make a *prima facie* case under 448.102(3).

Assuming *arguendo* that Plaintiff has established that his 448.102(3) claim is now based on the fact that flight 827 took off after receiving a report of standing water and, therefore, violated the law, this does not inure to AmeriJet. Plaintiff's claim and assertion is against Captain Brian Steele's actions as the individual captain in control of the aircraft, not AmeriJet. Plaintiff has not produced any evidence whatsoever that AmeriJet required its pilots either through written memoranda, policy, regulations, or verbal communication to ignore its runway analysis procedures. Moreover, he has not produced any evidence to rebut Mr. Bassett's testimony that AmeriJet pilots are not authorized to disregard official runway contamination reports. (Bassett Depo. at 50). In addition, Mr. Roseborough testified that once the aircraft is underway, the responsibility for the aircraft falls directly upon the pilot, in this case, Captain Brian Steele. (Roseborough Depo. at 43).

The elements of Count II, as correctly pointed out by the Plaintiff, are (1) Plaintiff objected to an activity or policy of AmeriJet which violated a law; and (2) he was subjected to an adverse employment action which was causally related to the whistleblowing activity. *Fla. Stat. 448.102(3)* (Plaintiff RMSJ at 4). Since Plaintiff has not produced any record evidence that AmeriJet required its pilots to ignore its runway analysis procedure and due to his failure to rebut Mr. Bassett's testimony that AmeriJet pilots are not authorized to disregard official runway contamination reports, Plaintiff is unable to sustain the first element of Count II. In other words, he cannot show that he objected to a practice or policy of AmeriJet which violated a law. Therefore, Plaintiff has failed to state a claim under section 448.102(3). Accordingly, Plaintiff has no basis under either section 448.102(1) or section 448.102(3) to argue the relevance of the FAA's finding and such evidence should be excluded as not relevant under Rule 402 of the Federal Rules of Evidence.

78357_1

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Telephone: 305-445-7801
Facsimile: 305-442-1578

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 2nd day of April, 2001 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

D. **The Probative Value Of The Evidence Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues And Misleading The Jury**

Even assuming that evidence of the FAA's finding is relevant, such evidence should be excluded because it poses a substantial risk of influencing the jury to make a decision on an improper emotional basis. Advisory Committee Notes to Rule 403. Plaintiff will attempt to introduce evidence regarding the FAA's investigation to show that AmeriJet acted in conformity with the alleged incidents and to create a generalized "perception" that AmeriJet has a propensity to violate federal laws, such as the FAA's regulations. Moreover, to allow such evidence will only direct the jury's attention away from the central issues in this case – i.e. retaliation and age discrimination – toward a totally irrelevant issue (i.e., the FAA's investigation of alleged flight violations). Accordingly, AmeriJet respectfully submits the Court should preclude Plaintiff from relying upon any evidence regarding the FAA's investigation of flight 827.

WHEREFORE, based on the foregoing, AmeriJet respectfully requests the Court grant its Motion In Limine To Exclude Any Evidence of the Federal Aviation Administration's Investigation Of Flight 827.

Respectfully Submitted,

S. P. (signature) 0944425 FOR:

Susan Potter Norton
Florida Bar No. 0201847
e-mail Snorton@anblaw.com
Alexis Gonzalez
Florida Bar No. 0180785
e-mail Agonzalez@anblaw.com

78357_1

7