UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| PATRICK SCOTT MAJOR, | : | CASE NO. 00-6070-Ferguson |
|---|---|---|
|  |  | Magistrate Judge Lurana S. Snow |
| Plaintiff, | : | L.T. Case No. 99-021746-11 |
|  |  |  |
| vs. | : |  |
|  |  |  |
| AMERIJET INTERNATIONAL, INC., | : |  |
|  |  |  |
| Defendant. | : |  |
| _____ / |  |  |

## PLAINTIFF'S
## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR LEAVE TO DEEM REQUESTS
## FOR ADMISSION SERVED AND TO COMPEL RESPONSE

Plaintiff, Patrick Scott Major, files this reply in support of his motion to deem requests for admission served. The motion should be granted because, outside of a **technical** objection, Amerijet has not and cannot state any legitimate objection to the particular requests.

The Federal Rules are replete with directives that parties stipulate to as much as possible before trial. Rule 16(c)(3), Federal Rules of Civil Procedure, and Local Rule 16.1B2(f), and Local Rule 16.1D3 come immediately to mind as examples of the strong policy that parties should, to the extent possible, obtain admissions of fact and documents to avoid unnecessary proof.

Here, Amerijet's entire objection is to the vehicle. The Court need not decide between the rule of the cases Major cites, or the case Amerijet cites, in order to recognize that, regardless of the vehicle, the queries are perfect examples of matters for stipulation. What if we had written a letter requesting the same stipulations? What possible reason could Amerijet give for refusing any response? We attached the requests to the motion to demonstrate that they do not seek



CASE NO. 00-6070-Ferguson

discovery, but exclusively admissions to facts extrapolated from discovery. Allowing plaintiff to propound this evidence will streamline the case and allow presentation of evidence that plaintiff was truly unable to obtain in depositions.

To briefly respond to Amerijet's argument that we have had necessary documents all along, plaintiff would correct the record as follows:

1.  Amerijet first produced Major's **own** training records on February 13, 2001 (Amerijet's **Third** Amended Response to Plaintiff's **First** Request for Production).

2.  Amerijet first produced its training manual, which details the upgrade training for captain and relevant qualifications, on February 13, 2001.

3.  Plaintiff first served a notice of taking corporate representative, knowledgeable as to criteria for promotion to Captain, back on October 19, 2000. Amerijet did not respond until January 10, 2001, when it designated **four** possible witnesses who might have some knowledge. Three of the four were deposed between January 24, 2001, and February 13, 2001. **None** had the familiarity or expertise to affirm the statistical data summarized in the requests.

The requests are the perfect mechanism for the information needed, as the Rule obliges a party to do any homework necessary to answer specific questions. Given the dribs and drabs of document production and the unprepared corporate representatives, Major's requests were prepared as promptly as the need for them was foreseen.

There is absolutely no abuse, deliberate or otherwise of discovery, and no reason to adopt Amerijet's "form over substance" argument. The cases cited in our motion provide a rationale, but the most compelling rationale in this case is dictated by practicality and judicial economy.

2

CASE NO. 00-6070-Ferguson

For all the foregoing reasons, plaintiff respectfully requests that the Court enter an order granting its motion.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 9th day of April, 2001.

> HEINRICH GORDON HARGROVE
> WEIHE & JAMES, P.A.
> Attorneys for Plaintiff
> 500 East Broward Boulevard, Suite 1000
> Fort Lauderdale, Florida 33394
> Telephone: 954-527-2800
> Facsimile: 954-524-9481
>
> By: _VALERIE SHEA_
> VALERIE SHEA
> Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\Reply-Admissions001.doc

3