UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, :

Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

Defendant. :

CASE NO. 00-6070-Ferguson
Magistrate Judge Lurana S. Snow
L.T. Case No. 99-021746-11

FILED '01 MAY -3 P2:55

## MOTION TO STRIKE WITNESS AND FOR SANCTIONS

Plaintiff, Patrick Scott Major, pursuant to Rule 37, Federal Rules of Civil Procedure, moves the Court for the entry of an order striking Pete Steele as a witness for Amerijet in this case, and imposing sanctions against Amerijet for misconduct in discovery, and as grounds states:

1. At the pretrial conference on April 16, 2001, the Court heard argument on plaintiff's February 16, 2001, motion for an order compelling Pete Steele's deposition or precluding his testimony at trial. A copy of plaintiff's original motion is attached as Exhibit "A." As a result of that hearing, the Court directed the undersigned to proceed to set Mr. Steele for deposition and seek to secure his attendance by subpoena, before trial. This was after Amerijet's counsel, Susan Potter Norton, insisted to the court that she had no contact with Mr. Steele and no ability to produce or not produce him.[1]



[1] The transcript of the pretrial conference has been ordered and will be filed as soon as it becomes available.

2. The undersigned renoticed Mr. Steele's deposition for April 30, 2001, and served a subpoena on Mr. Steele's wife on April 18, 2001.

3. On Friday, April 27, 2001, the undersigned's paralegal, Darlyn Kreitman, contacted Amerijet's counsel to see whether they had heard from Pete Steele. Amerijet's counsel (Steven Santiago) responded, by e-mail, that Pete Steele had called their office and confirmed his appearance.

4. Thereafter, at 5:36 p.m. on the Friday night before the Monday morning deposition, Amerijet's counsel sent a second e-mail to the undersigned's paralegal, stating that they had received a message from the judge's chambers that the calendar call was cancelled and the case was on hold, and had accordingly decided not to appear for the deposition on Monday. It was unclear whether only <u>counsel</u>, or counsel <u>and</u> Mr. Steele, were not appearing.

5. The undersigned declined to cancel the deposition and, with client in tow, drove to Boca Raton at 9:00 a.m. Monday morning to take the scheduled deposition.

6. Neither Mr. Steele nor counsel for Amerijet appeared.

7. Attached as Exhibit "B" is the Certificate of Non-Appearance, which incorporates the e-mails referred to above.

8. A motion for protective order regarding the deposition of Pete Steele was not served prior to the April 30, 2001, deposition and was not received in this office until Wednesday, May 2, 2001.

**<u>MEMORANDUM OF LAW</u>**

Rule 37, Federal Rules of Civil Procedure, gives the district court broad powers to remedy discovery violations. Here, a two-fold sanction is appropriate. First, Amerijet should be

barred from presenting Pete Steele's testimony because it contrived to prevent his appearance from a duly-noticed deposition for which he had been served. Amerijet's obvious control over Pete Steele stands in contradiction to the statements made by Attorney Norton at the pretrial conference, when she insisted to the Court that she had no ability to procure Mr. Steele's attendance for a deposition. Amerijet did not file a motion for protective order prior to the deposition nor take any other proper steps to prevent the deposition from going forward. It merely decided that it need not continue to litigate this case based on the court's voice-mail message.

Second, sanctions should be awarded for the undersigned's time, the court reporter fee, and subpoena fee associated with this failed deposition. A schedule of those costs and fees is attached as Exhibit "C."

The undersigned could not agree to cancel the deposition because of Amerijet's adamant position at the pretrial conference that it had no control over Pete Steele. Unfortunately, reliance on representations and past correspondence between counsel has proved imprudent.

WHEREFORE, for the foregoing reasons, plaintiff, Patrick Major respectively requests that the Court enter an order striking Pete Steele as a witness in this case, and precluding indirect or direct testimony by him at trial, and imposing sanctions for Amerijet's having prevented him from appearing at the April 30 deposition.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 3rd day of May, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By:______________________________

VALERIE SHEA
Florida Bar No. 436800

VS/ply
G:\LAW\81975\002\Pleadings\M-Strike-steele.doc

Plaintiff's original motion is attached as Exhibit "A"

Certificate of Non Appearance and e-mails attached as Exhibit "B"

A schedule of costs and fees is attached as Exhibit "C"

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR, :

Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

Defendant. :
_______________________________/

CASE NO. 00-6070-Ferguson/Snow
L.T. Case No. 99-021746-11

**PLAINTIFF, PATRICK MAJOR's, MOTION FOR AN ORDER COMPELLING PETER STEELE'S DEPOSITION OR PRECLUDING HIS DIRECT OR INDIRECT TESTIMONY AT TRIAL, WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Patrick Scott Major, requests that the Court compel the attendance at deposition of a witness listed by Amerijet, Peter Steele, with the proviso that Peter Steele's testimony at trial, directly or indirectly, will otherwise be inadmissible, and as grounds states:

1. This employment discrimination and whistleblower case is set for trial on the **May 7, 2001**, docket. Pursuant to the Court's New Scheduling Order dated January 23, 2001, the discovery deadline is **February 19, 2001**.

2. Mr. Steele is former Director of Operations for Amerijet and is listed as an Amerijet witness. Moreover, the undersigned has been advised by counsel for defendant, Susan Potter Norton, that Peter Steele is a respondent to portions of plaintiff's 30(b)(6) deposition notice, served in October 2000.

3. As illustrated by the following chronology, undersigned has diligently sought to depose Mr. Steele. Despite service of two subpoenas, Mr. Steele has never contacted the undersigned and has not appeared for deposition. He has been in regular contact with Amerijet's

2/16/01

attorney and our office has tried to work cooperatively in deposing Mr. Steele on a convenient date. However, discovery cutoff is February 19, 2001, and we have no current prospect of a date for Mr. Steele's deposition.

| | |
|---|---|
| 09/28/00 | Letter to Amerijet counsel, Stephen Santiago, asking for dates for various depositions, including that of Pete Steele. |
| 10/04/00 | Telephone conference with Stephen Santiago asking for dates. |
| 10/13/00 | Set deposition of Pete Steele for 10/27/00 – **subpoenaed and served**. |
| 10/19/00 | Letter to Pete Steele asking him to call us to confirm his availability for deposition. He was served, but we wanted confirmation that he would attend. He did not contact us, but instead called Susan Norton's office. We agreed to reset the deposition at Norton's request. |
| 10/30/00 | Letter to Susan Norton asking for dates for depositions of various witnesses, including Pete Steele. |
| 11/06/00 | Reset deposition of Pete Steele for 11/15/00 (not subpoenaed again, because he had been served for the 10/27/00 depo). |
| 12/07/00 | Letter from Norton's office advising available week of 12/18 and 1/9-1/12 – Santiago on vacation from 12/25 to 1/7. We agreed to excuse Mr. Steele from the notice for 11/15/00. |
| 01/09/01 | Telephone conference with Stephen Santiago requesting dates. |
| 01/10/01 | Telephone conference with Stephen Santiago. Told Pete Steele in training out of state until 3/21/01. |

| | |
|---|---|
| 01/25/01 | Received New Scheduling Order setting discovery deadline of 2/19/01. |
| 02/01/01 | Reset deposition of Pete Steele for 02/16/01 (**subpoenaed and served 2/10/01**). |
| 02/14/01 | Letter from Stephen Santiago saying Pete Steele called him and he is in training until at least middle of March. Does not know when training will end. Steele will **not** be appearing for deposition. |

4. Mr. Steele appears to be a material witness. The undersigned is further concerned that decisionmakers in this case may testify that they relied on Mr. Steele, or information provided by him, on key matters. If Mr. Steele does not appear for deposition, plaintiff will be greatly prejudiced by any such testimony at trial.

5. Plaintiff is hesitant to request a contempt order be entered against Mr. Steele, despite his failure to appear for his scheduled February 16, 2001, deposition. Plaintiff proposes that, if Amerijet intends to rely on Mr. Steele, **either** as a trial witness **or** indirectly as the alleged source of information relied on by a decisionmaker; **or** if Mr. Steele is one of their designees under plaintiff's 30(b)(6) notice, Amerijet be directed to procure his attendance at deposition by a date certain. Accordingly, Amerijet should be ordered to produce Mr. Steele for deposition. Alternatively, this Court should enter an order striking the witness, and directing Amerijet that it cannot rely upon Mr. Steel's "indirect" testimony at trial.

**MEMORANDUM OF LAW**

Rule 16, Federal Rules of Civil Procedure, invests the trial court with inherent authority over all matters pertaining to the identity of scheduling, and control over witnesses at trial. Here

the Court should exercise its authority to require Amerijet to produce Mr. Steele for deposition, or take steps to prevent any prejudice to plaintiff at trial. Plaintiff has been diligent in seeking Mr. Steele's deposition and has been trying to cooperate with defense counsel with respect to his appearance at a convenient time. Without an opportunity to depose this witness, or adequate alternative protection, plaintiff will be greatly prejudiced at trial.

WHEREFORE, the plaintiff respectfully requests that the Court enter an order requiring Amerijet to produce Mr. Steele for deposition in March or be precluded from any direct or indirect reliance on his testimony at trial.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 16th day of February, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By: ____________________
VALERIE SHEA
Florida Bar No. 436800

G:\LAW\81975\002\Pleadings\m-compel001-steele.doc

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,

Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

Defendant.

CASE NO. 00-6070
L.T. Case No. 99-021746-11

COPY

CERTIFICATE OF NON-APPEARANCE OF WITNESS

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD)

I, RUTH STUCK, Notary Public in and for the State of Florida at Large, do hereby certify that pursuant to a notice of taking a deposition in the above-entitled cause, I appeared at THE OFFICE OF DOWNTOWN REPORTING, 1200 North Federal Highway, Suite 200, Boca Raton, Florida, on April 30, 2001 at 9:00 o'clock a.m.; and that there was no appearance by the witness, PETE STEELE.

WITNESS MY HAND AND SEAL in the city of Fort Lauderdale, county of Broward, state of Florida, this 2nd day of May, 2001.

Notary Public,
State of Florida at Large
My Commission Expires:

NOTARY PUBLIC STATE OF FLORIDA
RUTH STUCK
COMMISSION # CC 723874
EXPIRES APR 9, 2002
BONDED THRU
ATLANTIC BONDING CO., INC.

**Kreitman, Darlyn D.**

**From:** Stephen Santiago [ssantiago@anblaw.com]
**Sent:** Friday, April 27, 2001 5:36 PM
**To:** Kreitman, Darlyn D.; Shea, Valerie
**Subject:** Depo of Pete Steele and Attached letter

75774_33.DOC

Ladies, I tried to fax this document to you on Friday, April 27 but after the cover page went through your fax cut off so you did not get the letter.

Valerie, I left you my cell and home number to contact me regarding cancelling Pete Steele's depo. please do not hesitate to call me at either number with your response. thanks

sps

**Kreitman, Darlyn D.**

**From:** Stephen Santiago [ssantiago@anblaw.com]
**Sent:** Friday, April 27, 2001 5:03 PM
**To:** Kreitman, Darlyn D.
**Subject:** depo of Pete Steele

Darlyn, Pete Steele called my office late this afternoon and left a message indicating that he will be at the depo on Monday. sps

**Kreitman, Darlyn D.**

**From:** Stephen Santiago [ssantiago@anblaw.com]
**Sent:** Friday, April 27, 2001 10:04 AM
**To:** Kreitman, Darlyn D.
**Subject:** Re: Major v. Amerijet

78805_1.DOC

Darlyn,

attached are some jury inst. for you and Valerie to look at. according to the Judges order the parties need to discuss the jury inst. to see if we can agree on some of them. take a look and let me know.

we are in the process of reviewing the inst. sent by Valerie yesterday and should have answer to you by COB today.

as for Pete Steele, I have not heard from him. if he calls me I will let you know. we are planning to attend the depo. on Monday even if we do not hear from him. either way i'll let you know by COB today if he contacts us.

stephen

>>> "Kreitman, Darlyn D." <dkreitman@heinrichgordon.com> 04/27/01 09:52AM >>>
Dear Mr. Santiago,

This is a follow up to our voice mail messages to you asking whether your firm has heard from Pete Steele about whether he plans on attending his deposition scheduled for Monday.

Please advise.

Darlyn D. Kreitman, Paralegal
Heinrich Gordon Hargrove Weihe & James, P.A.
500 East Broward Boulevard
Suite 1000

Ft. Lauderdale, FL 33394
Direct Tel: (954) 519-1573
Tel: (954) 527-2800, Ext. 1573
Fax: (954) 524-9481
E-mail: dkreitman@heinrichgordon.com
<mailto:dkreitman@heinrichgordon.com>

EXHIBIT C

SCHEDULE OF FEES
DEPOSITION OF PETER STEELE – APRIL 30, 2001

| Date | ID | Description | Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|
| 04/26/01 | DDK* | Telephone call and e-mail to defendant's counsel re: Pete Steele's deposition | .6 | $85.00 | $ 51.00 |
| 04/27/01 | VS* | Telephone call with paralegal re: Pete Steele's deposition | .5 | $250.00 | $ 125.00 |
| 04/27/01 | DDK | Prepare documents and witness file for Pete Steele's deposition | 4.00 | $85.00 | $ 340.00 |
| 04/28/01 | VS | Telephone call with paralegal and telephone call with Steve Santiago re: deposition of Pete Steele | .5 | $250.00 | $ 125.00 |
| 04/30/01 | VS | Preparation for deposition of Peter Steele, travel to Boca Raton for deposition | 4.50 | $250.00 | $1125.00 |
| 04/18/01 | | Burke Investigative, Inc. – Service of Process upon Pete Steel | | | $ 40.00 |
| 04/30/01 | | Court Reporter appearance fee | | | $ 60.00 |
| 04/30/01 | | Mileage for Valerie Shea – 50 miles @ $.345 per mile | | | $ 17.25 |
| | | | | Total | $1883.25 |

*DDK = Darlyn Kreitman, paralegal
VS = Valerie Shea, attorney