UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION TO STRIKE WITNESS AND FOR SANCTIONS

Defendant, AMERIJET INTERNATIONAL, INC., hereby serves and files its Response To Plaintiff's Motion To Strike Witness And For Sanctions, and in support thereof states as follows:

1. Plaintiff's Motion to Strike Mr. Steele as a witness and for sanctions should be denied because Defendant has good cause to cancel and continue the deposition of Mr. Steele in light of this Court's decision to take this case off the two-week trial docket which was set for Monday, May 7, 2001.

2. At the Pre-trial Conference on April 16, 2001, the Court indicated its intent to allow Plaintiff to depose Mr. Pete Steele prior to trial. However, the Court did not order a date certain for the deposition nor did the Court "direct" Plaintiff's counsel to set Mr. Steele for deposition and to secure his attendance by subpoena before trial. Defendant's recollection is that the Court indicated that it would allow Plaintiff to depose Mr. Steele if Defendant was going to call Mr. Steele as a witness.

78991_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

3. To date, Defendant has not received a signed Order by this Court indicating that Mr. Steele's deposition must be taken by a date certain.

4. On Monday, April 30, 2001, the parties were scheduled for a Calendar Call before this Court to be placed on the Court's two-week trial docket of Monday, May 7, 2001.

5. Prior to the Calendar Call, the parties were ordered to work together on jury instructions in order to present to the Court as many joint jury instructions as possible. In furtherance of this Order, the parties exchanged numerous jury instructions prior to the Calendar Call.

6. Separate from the jury instructions, Plaintiff had noticed Mr. Pete Steele for deposition on Monday, April 30, 2001, at 9:00 a.m. in Boca Raton.

7. Defendant began to prepare for Mr. Steele's deposition and continued working on jury instructions until it received a call from this Court at approximately 4:50 p.m. on Friday, April 27, 2001. The Court indicated that the Calendar Call had been cancelled for this case and, more importantly, the Calendar Call would not be rescheduled until the Judge ruled on Defendant's Motion For Summary Judgment.

8. Upon receiving the Court's oral Notice that the Calendar Call had been cancelled and the case taken off the trial docket, Defendant ceased its preparation of Mr. Steele's deposition and its preparation of the jury instructions because it did not want to incur further costs on behalf of its client.

9. Defendant promptly called Plaintiff's counsel and left a message on her voice mail requesting she cancel the deposition in light of the Court's canceling of the Calendar Call.

10. In addition, Defendant sent Plaintiff's counsel a letter via e-mail requesting the cancellation of Mr. Steele's deposition due to the case being taken off the trial docket. Moreover, Defendant expressed its intent not to incur further expenses in preparing for and attending the deposition of Pete Steele when the case is no longer on the trial docket. Furthermore, Defendant also indicated that it would pay Mr. Steele's expenses to appear at the deposition and would seek to produce Mr. Steele at a later date if the Court denied Defendant's Motion For Summary Judgment.

11. On Saturday, April 28, 2001, at approximately 11:15 a.m., Plaintiff's counsel called the undersigned and indicated that she was not going to cancel and reset the deposition of Mr. Steele, despite the Court taking this case off the trial calendar. At that time, the undersigned indicated it would file a Motion For A Protective Order.

12. On Monday, April 30, 2001, Defendant filed its Motion For Protective Order pursuant to Rule 26(c), Fed.R.Civ.P., which warrants a party to seek a protective order to avoid incurring undue expenses.

13. Defendant estimates it would have cost approximately two thousand five hundred dollars ($2,500.00) to defend the deposition of Mr. Steele, which would include preparation, travel, costs and the actual deposition time. Due to this case being taken off the trial calendar, it would be an undue expense for Defendant to incur the costs with respect to Mr. Steele's deposition while this case is not on the trial docket and will not be placed on the trial docket until this Court issues its Order on Defendant's Motion For Summary Judgment. Moreover, Defendant ceased all work regarding the jury instructions for the same reasons.

ACCORDINGLY, Plaintiff's Motion To Strike Mr. Steele As A Witness And For Sanctions should be denied.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 8th day of May, 2001 upon:

Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney