UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PATRICK SCOTT MAJOR, | : |
| | |
| Plaintiff, | : |
| | |
| vs. | : |
| | |
| AMERIJET INTERNATIONAL, INC., | : |
| | |
| Defendant. | : |

CASE NO. 00-6070-Ferguson
Magistrate Judge Lurana S. Snow
L.T. Case No. 99-021746-11



## PLAINTIFF'S
### REPLY IN SUPPORT OF
### MOTION TO STRIKE WITNESS AND FOR SANCTIONS

Plaintiff, Patrick Scott Major, serves this reply in support of his motion to strike Peter Steele as a witness and for sanctions and states as follows:

Defendant had no authority to "cancel" a deposition set by plaintiff, who had great difficulties in seeking to compel appearance of the witness. The deposition was properly noticed, the witness was served, and the witness had confirmed his intent to appear before Amerijet decided to obstruct it.

It is interesting that Amerijet's response to plaintiff's motion **backpedals** on the very significant issue as to whether they could have produced, or would in the future produce, Pete Steele. After insisting in open court that they had **no** control over Pete Steele[1], Amerijet's counsel offered the carrot that they **would** produce Pete Steele at a later date if we cancelled his deposition. (See Exhibit B to this reply; specifically Exhibit C to it.) Plaintiff's counsel was

---

[1] Plaintiff has now procured, and attaches as Exhibit A, the excerpt of the pretrial conference in which Amerijet's counsel states that Mr. Steele "is not in our control" (page 3, line 14) and "we don't know if we can get a hold of him either" (page 3, line 25).

mistrustful of this proposal – and the good grounds for this mistrust are obvious from defendant's response memo, which states that they offered "to seek to produce" Mr. Steele at a later date if the scheduled deposition was cancelled. (Response, page 2, paragraph 10.) This proves that the undersigned would have been a fool to cancel the deposition, as Amerijet would then have reneged and said we waived our right to take it.

The Court should not tolerate discovery games. Amparo's message did **not** signal an end to the case and did not tell Amerjiet that a deposition of a material witness need not be taken on schedule. The undersigned counsel, and the plaintiff, **did** prepare for the deposition because it was **not** cancelled and the message late the day before did not make clear that the witness, as well as Amerijet, would be no-shows[2]. As a result of Amerijet's misconduct, additional, needless fees have been incurred by both sides.

Due to Amerijet's direct interference with a non-party witness, plaintiff repeats that the remedy in this case should be to bar Pete Steele from appearing at trial and from being referred or deferred to by other Amerijet witnesses as a decisionmaker.

Major submits with this reply an amended schedule of fees and costs. See Notice of Filing Verified Amended Petition for Fees and Costs filed contemporaneously with this reply.

WHEREFORE, plaintiff, Patrick Major, respectfully requests that the Court grant his motion, strike Pete Steele as a witness, and award the plaintiff monetary sanctions of \$2,864.15.

---

[2] See Exhibit C to Exhibit B. "We will not be appearing at the deposition . . . if you decide to go forth [sic] with it." This did **not** inform the undersigned that Amerijet also would **prevent** the appearance of a nonparty witness.

2

CASE NO. 00-6070-Ferguson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail

to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 16th day of

May, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:     954-527-2800
Facsimile:     954-524-9481


By:_____
VALERIE SHEA
Florida Bar No. 436800
MARK R. BOYD
Florida Bar No. 217492

3

EXHIBIT A

```
 1

 2

 3              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF FLORIDA
 4

 5   PATRICK MAJOR,               )
                                  )
 6          Plaintiff,            )
                                  )
 7   vs.                          )
                                  )
 8   AMERIJET INTERNATIONAL,      )        CASE NUMBER:
                                  )        00-6070-CV-WDF
 9                                )
            Defendant.            )
10                                )

11

12          Transcript of pretrial conference proceedings before the

13   Honorable Wilkie D. Ferguson, Jr., United States District Judge,

14   at Fort Lauderdale, Florida, on the 16th day of April, 2001.

15

16
     APPEARANCES OF COUNSEL:           As noted.
17

18

19      Court Reporter:               Gerald J. Reeves, RPR

20      Proceedings recorded by mechanical stenography.

21      Transcription produced by computer.

22

23

24

25
```

```
 1          THE CLERK.    Major versus Amerijet. Counsel please
 2    announce their appearances.
 3          MS. SHEA:    Good afternoon, your honor.
 4    Valerie Shea and Mark Boyd for the plaintiff.
 5          MS. NORTON:    Good afternoon, your Honor.
 6    Susan Potter Norton for the defendant Amerijet.
 7          THE COURT:    Good afternoon, counsel.
 8    This is the only case I have.
 9          All right. I have spent some time reading the motions
10    for summary judgment. Are you prepared to make some argument?
11          MS. POTTER.    Yes, your Honor.
12          MS. SHEA:    Yes, your Honor.
13          THE COURT:    Anything else we ought to take care of,
14    assuming that the the motion is not dispositive?
15          MS. SHEA:    There are a number of non dispositive
16    motions that are pending before Judge Snow, magistrate Snow.
17          THE COURT:    What are they?
18          MS. SHEA:    One of them concerns my request that
19    Amerijet be required to answer a number of requests for
20    admissions.
21          There is another one that concerns our ability to take a
22    deposition or alternatively have stricken a witness of
23    Amerijet's, Pete Steel.
24          There is defendant's motion to enlarge discovery time.
25          THE COURT:    Mr. Steel has never been opposed?
```

OFFICIAL REPORTER, UNITED STATES DISTRICT COURT

1          MS. SHEA:    That is correct. I subpoenaed him out a

2     was outside of the jurisdiction. I am told by Amerijet, he has

3     counsel, he never contacted my office, for training with an

4     airline which I was told would end in mid march.

5          But since by that time the discovery period had ended I

6     have been awaiting the Court's ruling on whether he would be

7     stricken or have an order to show cause issued against him.

8          THE COURT:    All right. for the defense.

9          MS. NORTON:    Yes, your Honor.

10         Ms. Shea had Mr. Steel set for deposition, I believe, in

11    November or December and released him. He is not in our employ

12    and has not been for any time relevant herein.

13         He has been residing up in Chicago. We did provide the

14    home address here for him. But he is not in our control. He

15    left us about approximately a year ago  so he has not been in

16    the area to our knowledge.

17         And there was no effort on Ms. Shea's part to take a

18    deposition in Chicago or to set it up by phone, which we did on

19    behalf of other witnesses who are in our control.

20         THE COURT:    Would Mr. Steel be a witness for the

21    defense in a trial of this case?

22         MS. NORTON:    Yes, your Honor, it is very possible. He

23    is listed as one of our fact witnesses and has been for some time

24    period.

25         We don't know if we can get a hold of him either. But

OFFICIAL REPORTER UNITED STATES DISTRICT COURT

 1    assuming we can, we would intend to use him at trial or at least

 2    reserve the right to use him at trial.

 3         MS. SHEA:    May I be heard briefly on that?

 4         THE COURT:    Yes.

 5         MS. SHEA:    I have been given an address in Delray

 6    for him. That is where I subpoenaed him. This is the first time

 7    I have ever heard anything about Chicago. I heard he was in

 8    Denver on training.

 9         MS. NORTON:    It is Denver, your Honor. He is out of

10    state.

11         MS. SHEA:    But I was told that he lived in Delray

12    and he was in Denver. I subpoenaed him. I served him in Delray.

13    And he has never contacted my office.

14         I am indifferent as to whether he is a witness or not.

15         But Amerijet, when I took their corporate

16    representative's deposition back on November 7, I asked the

17    corporate representative a few questions and Ms. Norton said he

18    has answered to the extent he can. He said he can't testify to

19    all the thoughts that went to the key decision to terminate my

20    client's employment. I guess we can produce Pete Steel as a

21    corporate representative, or John Washington.

22         I was lulled into believing that Amerijet was going to

23    produce Pete Steel for deposition. And by the time I realized

24    that they were not cooperating and I subpoenaed him, Mr. Steel

25    contacted their office and said, sorry, I am in training until

1    mid March, and did not contact my office.

2           And I did not have the ability to take his deposition

3    before discovery ended.

4           So originally my motion was to compel Amerijet to

5    produce him for deposition or not have the benefit of his

6    testimony at trial or the benefit of anyone else testifying to

7    what Pete Steel did at trial.

8           Amerijet now takes the position that they don't have any

9    control over him, never had.  And again, I don't think that is

10   supported by the record.

11          But the Court should either strike him as a witness or

12   give me some order or some authority to again seek his

13   deposition, not that I know whether I can obtain service again at

14   this late date.  I don't know.

15          Now I am hearing about Chicago.  And I don't know if he

16   even moved out of the area.

17          THE COURT:    Now I hear Denver.

18          MS. SHEA:    He was a director of operations and a

19   decision maker.  He shouldn't be a surprise witness at trial.

20          THE COURT:    Well, you certainly have an opportunity

21   to depose him.  Make an effort to reach him to secure his

22   presence.  Or if he does show for any purpose in the course of

23   this trial, assuming we get to a trial, then you will still have

24   an opportunity to depose him before he takes the witness stand.

25          MS. SHEA:    Thank you, your Honor.

OFFICIAL REPORTER UNITED STATES DISTRICT COURT

EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2

 3
   PATRICK SCOTT MAJOR,            CASE NO. 00-6070
 4                                 L.T. Case No. 99-021746-11
        Plaintiff,
 5
   vs.
 6
   AMERIJET INTERNATIONAL, INC.,
 7
        Defendant.
 8  _____/

 9

10                                 1200 North Federal Highway
                                   Suite 200
11                                 Boca Raton, Florida
                                   April 30, 2001
12                                 9:10 a.m. - 9:15 a.m.

13
   APPEARANCES:
14
     HEINRICH, GORDON, HARGROVE, WEIHE & JAMES, P.A.
15   BY:  VALERIE SHEA, ESQ.
     Attorneys for Plaintiff
16
     No Appearance on Behalf of the Defendant
17
   ALSO PRESENT:
18   Patrick Scott Major

19                         *   *   *

20                     PROPOSED DEPOSITION

21                             OF

22                        PETE STEELE

23

24

25
```

1       (Thereupon, the following proceedings were had:)

2           MS. SHEA:  We're here for the deposition of

3       Pete Steele, a witness for Amerijet, in the Patrick

4       Scott Major versus Amerijet case.  And Mr. Steele

5       is not here, nor is counsel for Amerijet.

6           I've asked the court reporter to take a

7       statement concerning the circumstances.

8           I'd like to attach as Exhibit A to the

9       transcript the notice of taking deposition which

10      was served April 18th.  I did obtain service of

11      process on Mr. Steele on Friday at 5:03 p.m.  My

12      paralegal, Darlene Kreitman, received an E-mail

13      transmission from Amerijet's attorney, Steve

14      Santiago.  He advised our office that Pete Steele

15      had called and left a message indicating he'll be

16      at the deposition on Monday.  So we fully expected

17      Pete Steele's appearance here today.

18          At 5:36 a second E-mail was sent from Steve

19      Santiago's office to my paralegal, Darlene

20      Kreitman, which I'll mark as Exhibit C.  It states

21      that because of the Court's message cancelling the

22      calendar call for today, they saw no need to incur

23      further expenses in preparing for and attending the

24      deposition of Pete Steele.  The letter asked me to

25      cancel the deposition.

DOWNTOWN REPORTING (954) 522-3376

1          The letter further offered to produce
2     Mr. Steele at a later date and stated that, quote,
3     we'll not be appearing at the deposition set for
4     Monday, April 30th, if you decide to go forward
5     with it, closed quote.
6          I advised Mr. Santiago by telephone Saturday
7     that I was not cancelling the deposition.  And I'm
8     here with my client, Pat Major, today in Boca Raton
9     for the deposition.  The letter is essentially
10    ambiguous about whether Mr. Steele would not be
11    appearing.
12         A fair reading of the letter would be simply
13    that Amerijet's counsel was not appearing.  In any
14    event, there has not been any excuse by the Court
15    from this deposition or from the subpoena.  As of
16    this time, 9:15, my office has yet to receive any
17    kind of filing or pleading by Amerijet concerning
18    the deposition.  So I will be filing an appropriate
19    motion with the Court but I wanted to make this
20    statement of record.  That's all.
21         (Thereupon, the proceedings were concluded at
22    9:15 o'clock a.m.)
23
24
25

DOWNTOWN REPORTING (954) 522-3376

```
 1
 2                          CERTIFICATE
 3
 4  STATE OF FLORIDA        )
    COUNTY OF BROWARD        )
 5
 6
         I, Ruth Stuck, Registered Professional Reporter,
 7  certify that I was authorized to and did stenographic-
    ally report the foregoing proceedings and that the
 8  transcript is a true and complete record of my steno-
    graphic notes.
 9
         DATED this 1st day of May, 2001.
10
11
                              Ruth Stuck, R.P.R.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*81975. 002*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR.                    :        CASE NO.  00-6070-Ferguson/Snow
                                                 L.T. Case No.  99-021746-11
        Plaintiff,                      :

vs.                                     :

AMERIJET INTERNATIONAL. INC.,

        Defendant.                      :
_____

## PLAINTIFF'S
## RE-NOTICE OF TAKING DEPOSITION

YOU, as attorneys for the defendant, are hereby notified that the plaintiff in the above-

styled cause will take the deposition by oral examination for purposes of discovery and for use as

evidence in said cause, or both, of:

**WITNESS:**      **Pete Steele**

**DATE & TIME:**   Monday, April 30, 2001 – 9:00 a.m.

**LOCATION:**      **Downtown Reporting**
                   **1200 North Federal Highway, Suite 200**
                   **Boca Raton, FL 33432**

This deposition will be taken before a Notary Public or any officer authorized to

administer oaths by the laws of the State of Florida, and a person who is not financially

interested in this action and is neither a relative, nor employee of the attorney.

The deposition will be taken pursuant to the Florida Rules of Civil Procedure. The oral

examination will continue from hour to hour and from day to day until completed.



CASE NO. 00-6070-Ferguson/Snow

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail

to: **Susan Porter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant,

Allen, Norton & Blue. P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 18th day of

April, 2000.

> HEINRICH GORDON HARGROVE
> WEIHE & JAMES, P.A.
> Attorneys for Plaintiff
> 500 East Broward Boulevard, Suite 1000
> Fort Lauderdale, Florida 33394
> Telephone:    954-527-2800
> Facsimile:    954-524-9481

By: _Valerie Shea_

> VALERIE SHEA
> Florida Bar No. 436800

cc:    Downtown Reporting
81975.002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,                           :        CASE NO. 00-6070-Ferguson/Snow
                                                        L.T. Case No. 99-021746-11
        Plaintiff,                             :

vs.                                            :

AMERIJET INTERNATIONAL, INC.,                  :

        Defendant.                             :
_____/

TO:    Pete Steele
       15625 Sunward Street
       Wellington, FL 33414

___    **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

__X__   **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case (your testimony will be recorded stenographically and will be videotaped).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Downtown Reporting Service 1200 North Federal Highway, Suite 200 Boca Raton, FL 33432 | Monday, April 30, 2001 at 9:00 a.m. |

___    **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (List documents or objects):
** A REASONABLE PHOTOCOPYING CHARGE WILL BE PAID UPON SUBMISSION OF AN INVOICE.**

| PLACE | DATE AND TIME |
|---|---|
|  |  |

___    **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing officer signature and title (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| VALERIE SHEA, ESQ., Attorney for Plaintiff, FBN 098600 HEINRICH GORDON HARGROVE WEIHE & JAMES, P.A. 500 E. Broward Blvd., Suite 1000 Ft. Lauderdale, FL 33394    954/527-2800 | April 18, 2001 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

**Kreitman, Darlyn D.**
**From:**      Stephen Santiago [ssantiago@anblaw.com]
**Sent:**      Friday, April 27, 2001 5:03 PM
**To:**        Kreitman, Darlyn D.
**Subject:**   depo of Pete Steele

Darlyn, Pete Steele called my office late this afternoon and left a message indicating that he will
be at the depo on Monday.  sps



**Kreitman, Darlyn D.**

| | |
|---|---|
| **From:** | Stephen Santiago [ssantiago@anblaw.com] |
| **Sent:** | Friday, April 27, 2001 5:36 PM |
| **To:** | Kreitman, Darlyn D.; Shea, Valerie |
| **Subject:** | Depo of Pete Steele and Attached letter |

Ladies, I tried to fax this document to you on Friday, April 27 but after the cover page went through your fax cut off so you did not get the letter.

Valerie, I left you my cell and home number to contact me regarding cancelling Pete Steele's depo. please do not hesitate to call me at either number with your response. thanks

sps



75774_33.DOC



LAW OFFICES

## ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 305 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 215 SOUTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32301 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7388 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO Coral Gables

April 28, 2001

*Via Facsimile*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL 33394

> Re:   Major v. AmeriJet International, Inc.

Dear Ms. Shea:

The Court called our office at approximately 4:50 p.m. on today's date and informed us that the calendar call scheduled for Monday, April 30, has been cancelled and, more importantly, will not be rescheduled until Judge Ferguson considers the pending Motion for Summary Judgment.

In light of the cancellation of the calendar call, we see no need to incur further expenses in preparing for and attending the deposition of Pete Steele. Therefore, please cancel the deposition.

We will produce Mr. Steele at a later date, including paying his expenses to appear at the deposition, if the Court denies our Motion for Summary Judgment.

We will not be appearing at the deposition set for Monday, April 30, if you decide to go forth with it.

Sincerely,

Stephen P. Santiago

75774_33.DOC

April 28, 2001
Page 2


SPN/em

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION