UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-FERGUSON / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S CROSS-MOTION FOR FEES AND COSTS

Defendant, AMERIJET INTERNATIONAL, INC. hereby serves its Reply to Plaintiff Response In Opposition To Defendant's Motion For Protective Order and Plaintiff's Cross-Motion for fees and costs and states as follows:

1. Plaintiff argues that Defendant's justification of undue expense is not a "legally sufficient" basis on which to move for a protective order. (Plaintiff's Response, p. 1). However, Plaintiff cites no authority for this proposition. To the contrary, Rule 26(c), Fed. R. Civ. P., specifically allows a party to move for a protective order to prevent a party from incurring undue expenses.

2. As a result of this case being removed from the trial docket, Defendant contacted Plaintiff's counsel, Ms. Valerie Shea, seeking to cancel the deposition of Mr. Steele and reschedule it for a later date in order to prevent incurring undue expenses in

defending the deposition. Ms. Shea refused and expressed her intent to move forward with the deposition, which forced Defendant to file a protective order.

3. Plaintiff argues that Defendant has spent a lot of money defending this case, therefore, it is estopped from raising undue expense as a justification for canceling the deposition. This argument is without merit. Regardless of what Defendant has spent defending this case, be it $50,000 or $200,000, there simply was no need to incur further expenses when this case was taken off the trial docket during the pendency of the motion for summary judgement. Accordingly, Defendant's motion for a protective order should be granted.

4. Plaintiff's request for attorney fees and costs should be denied because incurring undue expenses is a legally sufficient basis for granting a protective order. Additionally, Defendant complied with all requirements by attempting to resolve this issue with Plaintiff's counsel prior to filing a motion for a protective order.

WHEREFORE, Defendant respectfully requests that Defendant's Motion For Protective Order be granted and Plaintiff's cross-motion for attorney's fees and costs be denied.

## MEMORANDUM OF LAW

Pursuant to Rule 26 (c), Fed. R. Civ. P., a protective order is warranted to protect a party from incurring undue expenses. In the instant case, this Court removed this case from the trial docket and indicated it was not going to reset the Calendar Call until it ruled on the Motion For Summary Judgment. As a result, Defendant did not want to incur further costs in this case while the Court considers the Motion For Summary Judgment. Defendant estimated that it would cost a minimum of two thousand five

79171_1

hundred dollars ($2,500.00) to defend the deposition of Mr. Steele, which would include preparation, travel costs, and the actual deposition time.

Prior to canceling and suggesting rescheduling the deposition of Mr. Steele, Defendant contacted Plaintiff's attorney, Ms. Shea, to discuss the matter. When Ms. Shea, refused to do so, Defendant informed her that it would have no choice but to promptly file a motion for protective order.

While Plaintiff attempts to paint a picture that he was entitled to take the deposition of Mr. Steele, the Court had not yet signed an Order to that effect. Moreover, it is Defendant's recollection that this Court did not order Mr. Steele's deposition to be taken but merely stated that Plaintiff would be able to depose Mr. Steele before trial if Defendant was going to use Mr. Steele as a witness.

Defendant's motion is well-supported by the Federal Rules of Civil Procedure which state that a party may move for a protective order to prevent incurring undue expenses. *Fed. R. Civ. P. 26(c)*. Moreover, Plaintiff has failed to rebut or otherwise cite to any authority that undue expense is not a legally sufficient basis to file a motion for protective order, instead, relying on emotional appeals, mischaracterizations, and distorted inferences to support his position.

Due to this Court removing this case from the trial calendar, not rescheduling the calendar call, and that Defendant would incur undue expenses in defending the deposition of Mr. Steele, Defendant's Motion For A Protective Order should be granted and Plaintiff's cross motion for attorney's fees and costs should be denied.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion For A Protective Order and deny Plaintiff's cross-motion for attorney's fees and costs.

79171_1

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
ssantiago@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 21st day of May, 2001 upon:

Valerie Shea, Esq.
Heinrich Gordon Hargrove
 Weihe & James
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney