UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR,  :  CASE NO. 00-6070-Ferguson
   Magistrate Judge Lurana S. Snow
  Plaintiff,  :  L.T. Case No. 99-021746-11

vs.  :

AMERIJET INTERNATIONAL, INC.,  :

  Defendant.  :
_____/

**NIGHT BOX FILED**
NOV 20 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## PLAINTIFF'S NOTICE OF FILING

Plaintiff, Patrick Scott Major, by and through its undersigned counsel, hereby gives notice of filing Order Granting in Part, and Denying, in Part, Motion for Modification of Automatic Stay entered on November 7, 2001, in the case of In Re: Amerijet International, Inc., Case No. 01-19048-BKC-AJC, in the United States Bankruptcy Court, Southern District of Florida.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to: **Susan Potter Norton, Esquire** and **Stephen P. Santiago, Esquire**, Attorney for Defendant, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 20th day of November, 2001.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:  954-527-2800
Facsimile:  954-524-9481

By: _____
VALERIE SHEA
Florida Bar No. 436800
MARK R. BOYD
Florida Bar No. 217492

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-19048-BKC-AJC

CHAPTER 11

IN RE:

AMERIJET INTERNATIONAL, INC.,

    Debtor.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR MODIFICATION OF AUTOMATIC STAY

THIS CAUSE came before the Court on Wednesday, October 3, 2001 upon the scheduled hearing on the Motion for Modification of Automatic Stay filed on behalf of Patrick Scott Major and Luis Michaels (the "Motion"), and the Court, having reviewed the file, having heard arguments of counsel, having considered the standards for stay relief under Section 362(d)(1), and the Court being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1.    The Motion is GRANTED, IN PART, and DENIED, IN PART, as follows:

    a.    The automatic stay in effect pursuant to Section 362(a) of the Bankruptcy Code is hereby modified to permit the United States District Court in the case styled, *Major v. Amerijet International, Inc.*, Case No. 00-6070-Civ-Ferguson (the "Major Litigation") to issue a ruling on the motion for summary judgment filed by the Debtor which was taken under advisement by the court prior to the commencement of these Chapter 11 proceedings;

Received    11-07-01    04:58pm    From-                    To-                     Page 03

b.  Following a ruling on the motion for summary judgment, in the event the parties are directed to proceed to trial, no trial in the matter shall commence prior to January 7, 2002, unless otherwise ordered by this Court. Notwithstanding anything herein to the contrary, the automatic stay, to the extent it shall remain in effect, and the discharge injunction pursuant to 11 U.S.C. §§ 524 and 1141, shall prohibit any efforts by Movant Major to collect upon any final judgment or verdict entered in his favor pending agreement of the parties or further order of this Court, but in no event shall Movant Major be entitled to collect upon any final judgment or verdict entered in his favor from the Debtor or property of the Debtor, other than any policy of insurance in effect which provides coverage for such judgment or verdict, except as otherwise provided in any plan of reorganization which may be confirmed by this Court;

c.  The automatic stay in effect pursuant to Section 362(a) of the Bankruptcy Code is hereby modified to permit the Circuit Court for the 11th Judicial Circuit in the case styled, *Michaels v. Amerijet International, Inc.*, Case No. 99-23595 CA 11 (the "Michaels Litigation") to conduct a trial provided, however, that no trial in the matter shall commence prior to January 7, 2002, unless otherwise ordered by this Court; and

d.  The automatic stay, to the extent it shall remain in effect, and the discharge injunction pursuant to 11 U.S.C. §§ 524 and 1141, shall prohibit any efforts by Movant Michaels to collect upon any final judgment or verdict

2

11/07/2001 17:00 FAX    KLUGER PERETZ    ☒003/005

Received 11-07-01 04:58pm From- To- Page 04

entered in his favor pending agreement of the parties or further order of this Court, but under no circumstances shall Movant Michaels be entitled to collect upon any final judgment or verdict entered in his favor from the Debtor or property of the Debtor, other than any policy of insurance in effect which provides coverage for such judgment or verdict, except as otherwise provided in any plan of reorganization which may be confirmed by this Court.

2. In the event that the Court does not confirm the Debtor's plan of reorganization (file with the Court on October 5, 2001) in November, 2001, the Court reserves jurisdiction to reinstate the automatic stay or to enter injunctive relief to enjoin the operation and effect of this Order.

3. Nothing contained in this Order is intended nor should be construed as terminating or modifying the automatic stay to authorize Movant Michaels and/or Movant Major to proceed against the Debtor or property of the estate except as otherwise provided herein.

4. In the event that Movant Michaels and/or Movant Major are permitted to collect from any policy of insurance issued in favor or for the benefit of the Debtor, any and all portions

3

of such claim, if any, over and above the amount of coverage in place shall be an unsecured non-priority claim against the Debtor.

DONE AND ORDERED in the Southern District of Florida on NOVEMBER 7, 2001

A. JAY CRISTOL,
United States Bankruptcy Judge

**Copies Furnished to:**
Michael D. Seese, Esquire
[Attorney Seese is hereby directed to
serve a conformed copy of this Order
to all interested parties and file a
Certificate of Service]

W:\Bankrupt\0273\0143\M0056623.DOC

4