UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6070-Civ-Ferguson/Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

vs.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/



## ORDER

THIS CAUSE is before the Court on the Defendant's Motion for Protective Order to Cancel and Continue the Deposition of Mr. Pete Steele (Docket Entry 158), the plaintiff's Motion to Strike Witnesses and for Sanctions (Docket Entry 159) and the Plaintiff's Motion for Attorney's Fees and Costs (Docket Entry 163), which were referred to United States Magistrate Judge Lurana S. Snow.

### I. PROCEDURAL HISTORY

The plaintiff sought to depose Mr. Pete Steele, an ex employee of the defendant. Apparently the defendant did not inform the plaintiff that Mr. Steele had left Amerijet and moved to Chicago in April 2000, and instead accepted the subpoena for Mr. Steele and arranged for his appearance. When scheduling conflicts arose, the deposition set for November 15, 2000, was canceled, and then could not be rescheduled since Mr. Steele was in Colorado on extended training for his new employer.

On February 16, 2001, the plaintiff filed a motion to compel Mr. Steele's deposition, or to strike him as a witness. At the pretrial conference held April 16, 2001, the Court ruled that



the plaintiff could depose Mr. Steele before the trial if possible, or depose him prior to his testimony at the trial. (DE 176 p.5).

On April 19, 2001, the plaintiff renoticed the deposition for Monday, April 30, 2001, the date of the calendar call for the May 7, 2001, trial. On Friday, April 27, 2001, the Court telephonically cancelled the calendar call, to be rescheduled after the Court's decision on the defendant's motion for summary judgment.

Counsel for the defendant immediately left several messages for plaintiff's counsel asking her to cancel the deposition and offering to produce Mr. Steele at the defendant's expense for a deposition if the Court denied the defendant's motion for summary judgment. (DE 164, Exhibit C, p. 2). Plaintiff's counsel refused to cancel the deposition.

Neither Mr. Steele nor the defendant's counsel appeared at the deposition April 30, 2001, at 9:00 a.m.

On the afternoon of April 30, the defendant filed the instant motion for a protective order staying the deposition until after the Court decides the motion for summary judgment. The motion recounted counsel's efforts to cancel the deposition, because she deemed it prudent not to incur further costs in the case until after the Court decided the motion for summary judgment.

On May 3, 2001, the Plaintiff filed the instant motion to strike Mr. Steele as a witness because the defendant's counsel prevented Mr. Steele from appearing at the deposition, and for monetary sanctions.

2

Thereafter, on May 16, 2001, the Court issued an Order on the plaintiff's February motion to compel the deposition, ordering the plaintiff to reset the deposition of Mr. Peter Steele and to attempt to secure his appearance for deposition prior to trial. "If this is not accomplished, and defendants intend to present Pete Steele's testimony at trial, the defendant shall make appropriate arrangements with plaintiff to schedule Mr. Steele's deposition at that time." (DE 169).

Fed.R.Civ.P. 26(c) permits a party to seek a protective order to prevent undue expense. Clearly the defendant reasonably interpreted the indefinite stay of the calendar call as grounds to put the litigation on hold until resolution of the motion for summary judgment.

The plaintiff's exhibits demonstrate that the April 30 deposition was not arranged through the defendant's counsel, but was set directly by subpoena to Mr. Steele. (DE 164, Exhibit A, Subpoena issued for Mr. Steele at an address in Wellington, Florida; DE 159, Exhibit B, p. 2, e-mail exchange between counsel). The defendant had no authority to tell Mr. Steele to disregard the subpoena. Accordingly, the Court will sanction defendant's counsel for the costs of the deposition: service of the subpoena, counsel's travel and the court reporter appearance fee.

However, the undersigned finds that the defendant's timely written offer to produce Mr. Steele, at the defendant's expense, for a deposition if the Court denied the defendant's motion for summary judgment was in keeping with Judge Ferguson's

orders regarding Mr. Steele's deposition. The plaintiff's refusal of this offer was not reasonable in the circumstances, once the Court suspended its schedule until the motion for summary judgment was decided. The Court denies the request for attorney's fees for the attempted deposition. With the Court being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion for Protective Order to Cancel and Continue the Deposition of Mr. Pete Steele (Docket Entry 158) is GRANTED. The defendant shall produce Mr. Steele, at the defendant's expense, for deposition within 20 days after a Court order which denies the defendant's motion for summary judgment.

2. The plaintiff's Motion to Strike Witnesses and for Sanctions (Docket Entry 159) is DENIED as to the request to strike the witness. The motion for sanctions is GRANTED in the amount of $117.25, the costs of service of the subpoena, court reporter appearance fees and counsel's mileage to the deposition.

3. The Plaintiff's Motion for Attorney's Fees and Costs (Docket Entry 163) is DENIED AS MOOT.

DONE AND ORDERED at Fort Lauderdale, Florida, this 14th day of March, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Valerie Shea, Esq.
             Susan Potter Norton, Esq.