UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6070-CIV-ZLOCH

PATRICK SCOTT MAJOR,

    Plaintiff,

vs.                                      **O R D E R**

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

    THIS MATTER is before the Court upon the Defendant, Amerijet International, Inc.'s Motion For Summary Judgment (DE 109). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

## I.  Background

    Plaintiff, Patrick Scott Major (hereinafter "Major") commenced the above-styled cause on December 22, 1999 by filing a Complaint against Defendant, Amerijet International, Inc. (hereinafter "Amerijet") in the Circuit Court Of The 17th Circuit For Broward County, Florida alleging violations of the Florida Whistleblower Act, Fla. Stat. ch. 448.102, the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §§ 621-34, and the Florida Civil Rights Act (hereinafter "FCRA"), Fla. Stat. ch. 760.01-760.11, and seeking an injunction against Amerijet's continued violation of the these laws, reinstatement of employment, reinstatement of full fringe benefits and seniority rights, and compensation for lost wages, benefits, and other remunerations.

The Court notes that on January 14, 2000 the above-styled cause was removed (DE 1) to this Court and assigned to the Honorable Judge Wilkie D. Ferguson. Amerijet, thereafter, filed a Motion to Dismiss Counts I and V (DE 5) of the Complaint, which by prior Order (DE 27) was denied by Judge Ferguson. With permission of the Court, Plaintiff filed an Amended Complaint (DE 25) on April 26, 2000. Specifically, in Counts I and II Major alleges that Amerijet violated the Florida Whistleblower Act, Fla. Stat. ch. 448.102(1), (3), in Counts III and V, respectively, Major alleges that Amerijet committed age discrimination in violation of the ADEA, 29 U.S.C. § 623, and FCRA, Fla. Stat. ch. 760, and, finally, in Counts IV and VI, respectively, Major alleges that Amerijet violated the ADEA's, 29 U.S.C. § 623(d), and FCRA's, Fla. Stat. ch. 760.10(7), anti-retaliation provisions.

Subsequently, Amerijet filed a Motion to Dismiss Count I of Plaintiff's Amended Complaint (DE 28). On July 25, 2000, Amerijet's Motion to Dismiss Count I of Plaintiff's Amended Complaint was referred to United States Magistrate Judge Lurana S. Snow (DE 30) who issued a Report and Recommendation (DE 72) suggesting that the Motion to Dismiss be denied. Judge Ferguson later issued an Order (DE 107) adopting Judge Snow's Report and Recommendation and denying Amerijet's Motion to Dismiss Count I of Plaintiff's Amended Complaint. Amerijet then filed the instant Motion for Summary Judgment (DE 109). On May 22, 2003, the case was transferred to the Honorable Chief Judge William J. Zloch (DE

188).

The relevant facts are as follows. Amerijet is an air cargo service. DE 113, ¶ 1. The crew of an Amerijet flight consists of a Captain, a First Officer and a Flight Engineer. DE 113, ¶ 1. Amerijet hired Major as a Flight Engineer in March of 1991. DE 112, Major Depo. at 97. Major turned forty years old on October 2, 1993. DE 131, ¶ 1. In 1993, Major complained to Amerijet that two younger flight engineers had been promoted over him. DE 112, Major Depo. at 106; DE 113, ¶ 1. These two flight engineers were promoted to First Officer through the Falcon program - a program that facilitated quicker promotions and one that Major was offered the opportunity to attend but declined. DE 112, Major Depo. at 109-10; DE 113, ¶ 1. In October of 1994, Major again complained about not being promoted to First Officer and was subsequently promoted to First Officer on November 5, 1994. DE 112, Major Depo. at 107; DE 113, ¶ 1. On February 11, 1997, Amerijet's Director of Human Resources and the Chief Pilot told Major that the owner of Amerijet, Dave Bassett, would not promote Major to Captain but that he was welcome to stay on as a First Officer. DE 112, Major Depo. at 146; DE 113, ¶ 2. Major did not resign and declined a severance package offered by Amerijet. DE 112, Major Depo. at 146-48; DE 113, ¶ 2. Major then wrote a letter to Amerijet claiming that he was being discriminated against because of his age. DE 112, Major Depo. at 148; DE 113, ¶ 2. In March of 1998, a year after the letter alleging age discrimination, Amerijet offered Major an

3

opportunity to upgrade to Captain, if he satisfied Amerijet's qualification standards which included the standards required by the Federal Aviation Administration (hereinafter "FAA"). DE 112, Major Depo. at 160-64; DE 113, ¶ 3. One of the requirements was an oral examination conducted by a representative of the FAA. DE 113, ¶ 3. The oral examination conducted in June, 1998, was discontinued after only fifteen minutes due to Major's failure to answer various question regarding, wind shear, flight controls, and limitations. DE 112, Major Depo., Ex. 9; DE 113, ¶ 4. Eight months later, on February 5, 1999, Dave Bassett wrote a letter to Major informing him that due to safety concerns, he would not be promoted to Captain. DE 112, Bassett Depo., Ex. 51.

Later in February, 1999, Major filed a complaint against Amerijet with the Equal Employment Opportunity Commission (hereinafter the "EEOC") alleging age discrimination. DE 113, ¶ 5. That complaint was forwarded to Amerijet by the EEOC on March 17, 1999. DE 132, Major Aff., Ex. C.

On June 8, 1999, an incident occurred during preparation for takeoff on an Amerijet flight out of Miami, Florida in which Major as First Officer objected to decisions of the Captain. DE 131, ¶¶ 36-37. A similar incident occurred on Amerijet flight 827 out of Fort Lauderdale, Florida on August 17, 1999. DE 113, ¶ 8; DE 131, ¶ 40. As a result of this second incident, Major wrote a report for the National Aviation Space Administration (hereinafter "NASA") Aviation Safety Reporting System (hereinafter "ASRS") (hereinafter

4

the "Report") and presented it to Amerijet on August 18, 1999. DE 113, ¶ 8; DE 131, ¶ 44; DE 134, Major Depo., Ex. 13. In the Report, Major stated that the Captain of flight 827 took-off in adverse weather without reducing the weight as required by the FAA when there is standing water on the runway. DE 113, ¶ 8; DE 134, Major Depo., Ex. 13. Major informed Amerijet that the Report would be submitted to the NASA ASRS. DE 131, ¶ 46. After providing the Report to Amerijet, Major was suspended and subsequently, on September 1, 1999, terminated. DE 113, ¶ 8; DE 131, ¶ 47. The Report was submitted to NASA pursuant to the ASRS on October 4, 1999. DE 113, ¶ 10; DE 131 ¶ 52.

## II.  Summary Judgment

### A.  Standard of Law

Under Rule 56(c), Fed. R. Civ. P., summary judgment is proper

> . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Indeed, "the

5

moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). The standard for granting summary judgment is the same as the standard for granting a directed verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Appellate Courts generally, therefore, will affirm the granting of summary judgment if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury. Anderson, 477 U.S. at 252-56; Barnes v. Southwest Forest Indus., Inc., 814 F.2d 607, 609 (11th Cir. 1987). The evidence of the non-movant is to be believed, however, and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255; Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Barnes, 814 F.2d at 609; Borg-Warner Acceptance Corp. v. Davis, 804 F.2d 1580, 1582 (11th Cir. 1986).

6

Nevertheless, where the moving party properly supports the motion for summary judgment, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed. R. Civ. P. 56, designate specific facts showing that there is a genuine issue for trial." L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (internal quotations and citations omitted); Eberhardt, 901 F.2d at 1580.

### B.  Count I - Violation of Fla. Stat. ch. 448.102(1)

Florida law provides that:

An employer may not take any retaliatory personnel action against an employee because the employee has:

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

Fla. Stat. ch. 448.102(1) (2002). Specifically, an "'[a]ppropriate governmental agency' means any agency of government charged with the enforcement of laws, rules, or regulations governing an activity, policy, or practice of an employer." Fla. Stat. ch. 448.101(1) (2002).

Following an incident during takeoff of Amerijet flight 827 on August 17, 1999, Major prepared the Report and presented it to Amerijet. DE 113, ¶ 8; DE 131, ¶ 45. Major told Amerijet that the Report was to be forwarded to NASA pursuant to the ASRS. The

7

Report was sent to NASA on October 4, 1999.  DE 113, ¶ 10; DE 131, ¶ 52.  Major was, soon thereafter, suspended and then terminated. DE 113, ¶ 8; DE 131, ¶ 47.

In the instant Motion for Summary Judgment (DE 109), Amerijet contends that it is entitled to summary judgment on Count I because NASA is not an "appropriate governmental agency" pursuant to Florida law.  Specifically, Amerijet argues that NASA is not "charged with the enforcement" of a law, rule or regulation.  The parties agree that the FAA is a governmental agency charged with such enforcement in Amerijet's industry.  DE 110, p. 5; DE 131, ¶ 3.

It is undisputed, however, that pursuant to federal regulations a report, such as the one prepared by Major and presented to Amerijet, is administered by NASA through the ASRS and transmitted in relevant part to the FAA.  DE 110, p. 4; DE 133, Pagan Aff., ¶ 2.  In fact, the FAA replaced its own reporting system with NASA ASRS in 1976.  41 Fed. Reg. 15903.  According to the FAA, it "utilizes [NASA] as a third party to receive Aviation Safety Reports . . . [and] [b]ased on information obtained from this program, FAA will take corrective action as necessary to remedy defects or deficiencies in the [National Airspace System]."  DE 133, Pagan Aff., Ex. B.  Thus, Major's NASA ASRS Report was intended to disclose what he thought was a violation of federal regulations to an appropriate governmental agency, namely the FAA. Amerijet is not entitled to summary judgment on Count I.

C.  Count II - Violation of Fla. Stat. ch. 448.102(3)

Florida law further provides that:

An employer may not take any retaliatory personnel action against an employee because the employee has:

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. ch. 448.102(3) (2002).  As the parties agree, the elements of such a claim require that: (1) Major objected to an activity or policy of Amerijet which violated the law and (2) Major was subjected to an adverse employment action which was causally related to the whistleblowing activity.  DE 130, p. 4; DE 148, p. 4.

Major's cause of action in Count II is based on his objection to the allegedly overweight takeoffs of Amerijet flights upon which he was First Officer on June 8, and August 17, 1999.  DE 25, ¶ 34. Amerijet seeks summary judgment on this Count based on Major's failure to identify a written policy violating FAA regulations.  DE 110, p. 6.  While Amerijet is correct that Major has not presented evidence of a written policy which violates FAA regulations, Major has presented evidence of an activity that violated FAA regulations.  Specifically, the August 17, 1999 takeoff of Amerijet flight 827.  DE 112, Roseborough Depo., Ex. 39.  Moreover, it is uncontested that Major, by his statements on August 17, 1999 and the Report, objected to that takeoff.  Accordingly, summary judgment against Major is inappropriate on Count II.

9

D.  Counts III and V - Violation of the ADEA and FCRA[1]

"The ADEA makes it 'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (quoting 29 U.S.C. § 623(a)(1)).  To prove liability under the ADEA, a plaintiff must show that plaintiff's age actually played a role in the employer's decisionmaking process and had a "determinative influence on the outcome." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 141 (2000) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)).

In the face of a well pleaded summary judgment challenge to an ADEA or FCRA age discrimination claim, a plaintiff must establish a prima facie case of discrimination.  See Chapman, 229 F.3d at 1024.  A prima facie case consists of evidence that Major "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." Id. (citing Benson v. Tocco, Inc., 113 F.3d 1203, 1207-08 (11th

---

[1] This Court's analysis of age discrimination claims is the same regardless of whether the claims are brought under the ADEA, 29 U.S.C. § 623 (1999), or FCRA, Fla. Stat. ch. 760.10 (1997). See Carroll v. Neuman, 204 F. Supp. 2d 1344, 1352 n.1 (S.D. Fla. 2002) (citing Florida State Univ. v. Sondel, 685 So. 2d 923, 925 n.1 (Fla. 1st Dist. Ct. App. 1996)).  Thus, Counts III and V of the Amended Complaint (DE 25) will be considered together.

Cir. 1997).[2]  While Major has established, for summary judgment purposes, that he was within the protected age group (i.e. more than forty years old), that he was subject to an adverse employment action (i.e. he was not promoted to Captain) and that he was qualified to do the job, Major has not established that he was replaced by or lost the promotion to a younger individual.  Thus, it is not necessary to consider whether Amerijet has presented a "legitimate, non-discriminatory reason for the challenged employment action."  Chapman, 229 F.3d at 1024.

Amerijet asserts that during the time period in which Major sought promotion to Captain, it hired into the position of Captain at least nine individuals who were older than Major and promoted the only other First Officer within the protected age group to Captain.  DE 110, pp. 9-10.  In response, Major asserts that the nine individuals hired from outside Amerijet should not be considered and that Amerijet promoted nine other First Officers younger than forty to Captain.  DE 130, P. 10.  While it is not

---

[2] Other language has been used to describe these elements but the essential components remain the same.  See Carroll, 204 F. Supp. 2d at 1352 (Plaintiff "(1) is a member of a protected class, (2) is qualified for the job or benefit at issue, (3) was subjected to an adverse employment action, and (4) was treated less favorably than similarly situated employees who are not members of the protected class.") (citing Holifeld v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)); Greene v. Lowenstein, 99 F. Supp. 2d 1373, 1378 (S.D. Fla. 2000) (Plaintiff must prove "(1) he was between the ages of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position that he sought or from which he was discharged; and (4) he was qualified for the position.") (citing Damon v. Fleming Supermarkets of Fla., 196 F.3d 1354, 1359 (11th Cir. 1999)).

clear which of these nineteen individuals received the position of Captain instead of Major (or even whether the promotion/hiring of any of these individuals foreclosed a promotion for Major), Major's failure to demonstrate that he was discriminated against in favor of an individual outside of the protected age group permits summary judgment. As a matter of law, age did not have a "determinative influence on the outcome" where Amerijet hired/promoted older individuals to the position of Captain. Reeves, 530 U.S. at 141. As a result of Major's failure to establish a prima facie claim of age discrimination, Amerijet is entitled to summary judgment on Counts III and V. See Chapman, 229 F.3d at 1024.

E.  Counts IV and VI - Violation of the Anti-retaliation

Provisions of the ADEA and FCRA

"It is well established in this circuit that to successfully allege a prima facie retaliation claim under either Title VII, [or] the ADEA . . ., a plaintiff must show that (1) []he engaged in statutorily protected expression; (2) []he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002) (citations omitted).[4] The last element

---

[3] Major's assertion that the nine outside hires should not be considered in comparison to himself because they were cheaper then promoting internally (DE 130, p. 10) is unhelpful to his claim because it confirms that age was not a "determinative influence."

[4] "The Florida courts have held that decisions construing Title VII are applicable when considering claims under [FCRA], because the Florida act was patterned after Title VII." Harper

is the only one in dispute in the above-styled cause.  DE 110, p. 17; DE 130, p. 11.  "To establish a causal connection, a plaintiff must show that the decisionmakers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated."  Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (internal marks, quotations and citation omitted).

In February, 1999, Major filed a complaint against Amerijet with the EEOC claiming Amerijet discriminated against him based on his age.  DE 132, Major Aff., Ex. C.  Major alleges in Counts IV and VI that Amerijet's termination of his employment in September, 1999 was causally related to his EEOC complaint.  Amerijet maintains that summary judgment is appropriate because: (1) Amerijet had already informed Major of its decision not to promote him to Captain prior to the EEOC complaint and therefore it can not be causally related; (2) the time lapse between Amerijet's notice of the EEOC complaint and Major's termination belies any causal relationship; and (3) Amerijet's termination decision was based on Major's actions during the August 17, 1999 incident during takeoff of Amerijet flight 827 and not the EEOC complaint.  DE 110, p. 17.

Amerijet's first argument is unpersuasive as the adverse employment action complained of is Major's September 1, 1999

---

v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (citing Ranger Ins. Co. v. Bal Harbour Club, Inc., 549 So. 2d 1005, 1009 (Fla. 1989)) (additional citations omitted).  Thus, the same law will be applied to both Counts IV and VI.

termination, not the February 5, 1999 notification of Amerijet's
intention not to promote Major to Captain. Second, as a matter of
law, the less then six month period between Amerijet's March 17,
1999 notification of Major's EEOC complaint (DE 132, Major Aff.,
Ex. C) and Major's September 1, 1999 termination is not in itself
sufficient to conclude that the events are "wholly unrelated." <u>See</u>
<u>Maniccia v. Brown</u>, 171 F.3d 1364, 1370 (11th Cir. 1999) (noting
that both the one year plus time lapse between the protected
activity and the adverse employment action and the lack of evidence
of wrongful intent supported summary judgment); <u>Mortenson v. City</u>
<u>of Oldsmar</u>, 54 F. Supp. 2d 1118, 1124-25 (M.D. Fla. 1999)
(distinguishing <u>Maniccia</u>, denying summary judgment, and holding
that, in light of other evidence, the nearly two year time lapse
between the protected activity and adverse employment action did
not foreclose a causal connection). Finally, whether the
termination was based on Major's acts on August, 17, 1999, the EEOC
complaint or some other factor is a question which is difficult to
resolve on summary judgment. <u>See</u> <u>Chapman</u>, 229 F.3d at 1026
(holding, after considering the burden shifting analysis applied to
discrimination claims, that "the summary judgment rule applies in
job discrimination cases just as in other cases"). Thus, Amerijet
is not entitled to summary judgment on Counts IV and VI.

### III. <u>Conclusion</u>

In conclusion, the Court notes that Amerijet has failed to
establish "the absence of a genuine issue of material fact,"

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), as to Counts I,
II, IV and VI of Major's Amended Complaint (DE 25).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant, Amerijet International,
Inc.'s Motion For Summary Judgment (DE 109) be and the same is
hereby **GRANTED** in part and **DENIED** in part as follows:

1.  Counts III and V of Plaintiff, Patrick Scott Major's
Amended Complaint (DE 25) are **DISMISSED**; and

2.  In all other respects Defendant's Motion (DE 109) be and
the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward
County, Florida, this _____2nd_____ day of _July_, 2003.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Valerie Shea, Esq.
For Plaintiff

Susan Potter Norton, Esq.
For Defendant