UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-~~FERGUSON~~ / SNOW



PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM UNDER THE FLORIDA WHISTLEBLOWERS ACT

    COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and Rule 12(c) of the Federal Rules of Civil Procedure, hereby files this Motion for Judgment on the Pleadings, and in support thereof states:

    1.    Count I of Plaintiff's Complaint filed December 22, 1999 alleges Defendant Amerijet International discharged him from his employment in violation of the Florida Whistleblowers Act. Fla. Stats. § 448.102 et seq.

    2.    Specifically, Plaintiff alleged he was discharged from his position as a First Officer with Amerijet, an airline carrier, in retaliation for disclosing and warning that he would disclose Amerijet's practices which he claimed violated federal law, including but not limited to FAA regulations. (Complaint ¶¶ 16, 21-26; 29-32)

91940_1

1

3. Count I of Plaintiff's claim is a state whistleblower claim related to the service of an air carrier action and is therefore preempted by the Federal Airline Deregulation Act, 49 U.S.C. § 41713. (FADA) See Court's Order in <u>Tucker v. Hamilton Sunstrand</u>, Case No. 02-23555 CIV-HUCK (S.D. Fla. June 20, 2003) (Attached hereto as Exhibit A).

4. The Whistleblower Protection Program under FADA provides the exclusive remedy for Plaintiff's claim under Count I of his Complaint. 42 U.S.C. § 42121(b)(1).

5. As such, Plaintiff's claim under Fla. Stats. 448.102 is preempted by FADA and requires Plaintiff file a complaint with the Department of Labor within ninety (90) days of the alleged retaliatory conduct. 42 U.S.C. § 42121(b)(1). Plaintiff has not complied with these requirements, and therefore, Plaintiff's claim is time barred.

6. Plaintiff's failure to comply with FADA and its provision of an exclusive remedy as to Plaintiff's Whistleblowers claims precludes his claim in Count I of his Complaint.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC. respectfully requests this Court to grant its Motion for Judgment on the Pleadings as to Count 1 of Plaintiff's claims.

## MEMORANDUM OF LAW

Plaintiff has filed a claim under the Florida Private Sector Whistleblowers Act, Fla. Stat. § 448.102(1). The Act provides an employer may not take retaliatory personnel action against an employee if the employee has:

> (1) Disclosed, or threatened to disclose, *to any appropriate governmental agency*, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation…(emphasis added).

Fla. Stat. § 448.101(1).

However, Florida's Whistleblowers Act as applied to an airline carrier, is preempted by the

Federal Airline Deregulation Act. The Federal Airline Deregulation Act, 49 U.S.C. § 41713 prevents states from "imposing their own public policies or theories... on the operations of an air carrier." American Airlines v. Wolens, 513 US 219, 225 n.5 (1995).

Under the FADA, a State may not, "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier. 49 U.S.C. § 41713(b)(1). The Act preempts a state claim, if (1) the claim is related to prices, routes, or services of an air carrier; and (2) the claim constitutes an enactment or enforcement of state law. American Airlines v. Wolens, 513 US 219, 226 (1995).

In the instant case, it is undisputed that Defendant Amerijet is an airline carrier. It is also clear that Defendant's claim on Count I is premised upon his reporting of conduct which concerned the service of an air carrier. Complaint ¶¶ 29 – 32. See Botz v. Omini Air Int'l, 286 F.3d 488, 491 (8th Cir. 2002) (Claim of airline attendant fired for refusing flight assignment which she believed violated Federal Air Regulation fell under FADA); Regner v. Northwest Airlines Inc., 652 NW 2d 557, 559 (Minn. App. 2002) (claim of Mechanic fired for filing reports of air safety violation preempted by FADA). Finally, it is undisputed Plaintiff's claim in Count I of his Complaint is brought under state law. As such, his claim under the Florida Whistleblower's Act is preempted by FADA.

> The Whistleblower provision of FADA provides:
>
> No air carrier or contractor or subcontractor of an air carrier may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)- -
>
> (1) provided, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided to the employer or Federal Government information relating to any violation or

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

> alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States…

42 U.S.C. § 42121(b)(1).

As such, it is clear that Plaintiff's remedy to Count I of his Whistleblower's claim is provided under FADA. Pursuant to FADA, all claims must be brought with the Department of Labor within 90 days of the date the violation occurred otherwise they are time barred. 42 U.S.C.§ 42121(b)(1) Plaintiff has not proffered any evidence or otherwise alleged he filed a complaint with the Department of Labor in the time prescribed. Therefore, his whistleblowers claim is time barred. Based on the foregoing, Defendant submits it is entitled to Judgment on the Pleadings on Count I of Plaintiff's Complaint.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Dionne Wilson Blake
Florida Bar No. 010069

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
dblake@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 21st day of July, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
  WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

91940_1

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: ~~02-23149~~ 03-23555-CIV-HUCK/TURNOFF

JAMES TUCKER,

        Plaintiff,

v.

HAMILTON SUNDSTRAND CORPORATION,
INC., a division of UNITED TECHNOLOGIES
CORP., a foreign corporation,

        Defendant.
_____/

FILED by [illegible] D.C.

JUNE 20, 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## ORDER ON DEFENDANT'S MOTION FOR
## FINAL SUMMARY ON PREEMPTION

THIS CAUSE is before the Court on the Motion of Defendant, Hamilton Sundstrand Corporation, Inc., a division of United Technologies Corporation ("UTC"), for Final Summary Judgment (on the Issue of Preemption) [DE # 29] filed on May 8, 2003. In its Motion, UTC argues that Plaintiff, James E. Tucker's ("Tucker"), state law whistleblower claim of is "related to a price, route, or service of an air carrier" and, thus, preempted by the federal Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713. Further, UTC argues that summary judgment is appropriate because, under the ADA's whistleblower provision, Tucker's claim is time barred. The Court has reviewed the Motion, Response, and Reply, together with other pertinent portions of the record. In addition, on June 19, 2003, the parties were before the Court for oral argument on the Motion. For the reasons set forth below, the Court finds that Tucker's claim is preempted and time barred. Accordingly, final summary judgment will be entered in favor of UTC.

### I. BACKGROUND

UTC is a company that repairs aircraft parts for various airlines. UTC's Miami Repair Center, where Tucker was employed, is a Federal Aviation Administration ("FAA") certified repair station that overhauls and repairs generators for use in commercial and military aircrafts. The facility is comprised of two divisions: one division is dedicated to repairing sub-assemblies of the generator,

1



EXHIBIT A

called rotors, and the other division overhauls and repairs entire generators. Tucker was the supervisor of this second division, known as the "Overhaul and Repair Section."

On August 30, 2002, Tucker was terminated from UTC. UTC told Tucker that his termination was due to his workplace misconduct. On September 26, 2003, Tucker filed his initial complaint alleging that he was terminated, in violation of the Florida Whistleblowers Act ("FWA"), Fla. Stat. § 448.102 (1), (2002), for complaining about his employer's violation of Federal Aviation Regulations. Specifically, during his employment, Tucker complained that UTC did not have the proper written procedures for "rewind" operations in the rotor repair division and that UTC was filling out the FAA Form 8130 incorrectly.

As to Tucker's complaint about rewind procedures, according to his own testimony, if a rotor is not rewound properly, no electrical power would be supplied from that generator to the aircraft. While this would not prevent the plane from being able to fly—as aircrafts have more than one generator—"[the aircraft] would not push away from the gate, in most circumstances." (Tucker's Depo. at 72.) Tucker also testified that the issue about which he complained had an impact on air safety and could result in an interruption of the service of an aircraft.[1] (*Id.*) With regard to the FAA

---

[1] Plaintiff's testimony is as follows:

    Q.    Is it you testimony that these issues would have any relation to air safety at all?

    A.    I think it could, I think it could, I thought it could very easily end up in us losing our repair facility license.

    Q.    But let's put it this way, if the rotor isn't rewound properly, what happens?

    A.    It doesn't work, and there is no electrical power, and one of three on a 737 aircraft, there are two backups.

    \* \* \* \* \*

    Q.    Were these components and the rewind issues, would they have any—could they have any interruption in the service of an aircraft?

    A.    Sure.

    Q.    And how is that?

    A.    If an aircraft is getting ready to take off and a channel, that is what they call what produces electricity, were not working, they would not push away from the gate, in just about all circumstances.

(Tucker Depo. at 71-72.)

2

8130 forms, Tucker concerns included UTC's practice of listing part numbers for complete rotors on the 8130 Form, when in fact the part numbers were returned without rectifiers and stub shafts. Rectifies and stub shafts are key sub-parts that are required for the rotor to produce electricity in the generator.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen, Id.* On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

## III. DISCUSSION

In the instant Motion for Summary Judgment, UTC argues: (1) that the ADA preempts Tucker's FWA claim; (2) that, as a result of preemption, the ADA's Whistleblower Protection Program ("WPP"), 49 U.S.C. § 42121, provides the exclusive remedy for Tucker's whistleblower

3

claim; and (3) that, under the WPP, Tucker's claim is time-barred because he failed to file a complaint with the Department of Labor within the prescribed time.

1. **ADA Preemption**

The FWA provides employees a cause of action against employers who wrongfully discharge them for "[d]isclos[ing], or threaten[ing] to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation." Fla. Stat. § 448.102 (1), (2002).

The ADA's preemption provision states that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a *price, route, or service of an air carrier* . . . ." 49 U.S.C § 41713(b)(1) (emphasis added). The United States Supreme Court has determined a two-prong test for ADA preemption over a state claim: (1) the claim must be related to prices, routes, or services of an air carrier; and (2) the claim must constitute an enactment or enforcement of state law. *American Airlines v. Wolens*, 513 U.S. 219, 226 (1995). The second prong of this test is fulfilled, as Tucker's lawsuit arises under the FWA, which is an enactment of state law. As to the first prong, the parties agree that Tucker's claim does not relate to either *prices* or *routes* of an air carrier. Consequently, the issue before the Court is whether UTC's alleged violation of Federal Aviation Regulations is related to *service* of an air carrier.

According to the Supreme Court, the phrase "related to" contained within the ADA's preemption provisions should be given broad meaning. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1990) (holding that state consumer protection laws prohibiting allegedly deceptive advertisements "relate to a price, route, or service of an air carrier" and thus are preempted by the ADA). To be "related to" under the ADA's preemption provision, the laws do not have to actually prescribe rates, routes, or services, or be specifically addressed to the airline industry, or be inconsistent with federal law. *Id.* at 385. The ADA preempts all state enforcement actions which have a "connection with or reference to airline 'rates, routes, or services'". *Id.* at 375. As the Supreme Court instructs, the ADA even preempts state laws "that are consistent with the ADA's substantive requirements . . . even if the [state] law is not specifically designed to affect [the airline industry], or the effect is only indirect." *Id.* at 386-87.

4

In the context of state whistleblower claims, the ADA preempts claims arising under state whistleblower statutes provided the claims are "related to" prices, routes, or services of an air carrier. *See, e.g., Botz v. Omni Air Int'l*, 286 F.3d 488, 491 (8th Cir. 2002); *Marlow v. AMR Services Corp*, 870 F. Supp. 295, 298 (D. Haw. 1994); *Regner v. Northwest Airlines, Inc.*, 652 N.W. 2d 557 (Minn. App. 2002). In *Botz*, an airline flight attendant was fired after refusing a flight assignment because she believed it violated a Federal Aviation Regulation. 286 F.3d at 490. The regulation limited a flight attendant's duty period to twenty hours. After being assigned a round-trip from Alaska to Japan, Botz objected, claiming it violated the duty period as provided by the regulation. Omni Air terminated Botz for refusing of the assignment and insubordination. The Eighth Circuit held that Botz' state based whistleblower claim was preempted. It reasoned that the state whistleblower statute "related to" air carrier service by authorizing an employee to refuse an assignment and protecting her when she does so. *Id.* at 495. The court dismissed Botz's state whistleblower claim, holding that her refusal to accept flight assignments interrupted and thus "related to" air service and, therefore, fell within the ADA. *Id.*

In *Regner*, an airline mechanic claimed he was terminated for filing reports of alleged air safety violations with the FAA. 652 N.W.2d at 559. The court held that the claim was preempted because an aircraft mechanic can interrupt services by grounding an aircraft for mechanical violations. *Id.* at 562. Similarly, Tucker acknowledges that UTC's violation of FAA regulations could result in interruption of an air carrier's service—that is, a defective rotor could result in the generator not supplying power to the aircraft, resulting in the aircraft "not pushing away from the gate". *See, supra*, Part I (citing Tucker's Depo. at 72).

The *Marlow* case, is remarkably similar to the case at bar. In *Marlow*, the supervisor for a jet bridge maintenance company brought suit in state court alleging he was fired because of his raising safety concerns and in an attempt to prevent him from reporting purported safety violations in contravention of Hawaii's state whistleblower statute. 870 F. Supp. at 297. The defendants moved to dismiss on grounds of ADA preemption. The plaintiff argued that because he was employed by a jet bridge maintenance company, and not the air carrier itself, his state whistleblower claims "were too tenuous, remote, or peripheral" to have preemptive effect. *Id.* at 298-299. The court rejected the

distinction reasoning that "[j]et bridges are an integral part of air carrier services, no matter who maintains them." *Id.* at 299. Accordingly, the court held that jet bridge maintenance had the necessary "connection with or reference to" air carrier service to result in ADA preemption of Marlow's state whistleblower claims. *Id.* In the same respect, this Court finds that aircraft generator maintenance is sufficiently related to air carrier service that Tucker's claims are also preempted.[2]

2. **The ADA's Whistleblower Protection Program**

Having determined that Tucker's claim is preempted, the Court must decide if Tucker has a remedy in the ADA's WPP. The WPP provides protection for whistleblower-type claims brought under the ADA. It provides:

> No air carrier or contractor or subcontractor of an air carrier may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)- -
>
> > (1) provided, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided to the employer or Federal Government information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States . . . .

49 U.S.C. § 42121 (b)(1). By its express language, the WPP is limited to employees of air carriers, or employees of a contractor or subcontractor of an air carrier. "Contractor" as defined by the WPP is a

---

[2] Much like the plaintiff in *Marlow*, Tucker argues that his whistleblower claim relating to his employer's alleged FAR violations is too remote for preemption. However, in light of the foregoing cases and the Supreme Court's pronouncement of a broad interpretation of the "related to" language contained within the preemption provision, the Court must disagree. The only case cited by either party where a court held that a state whistleblower claim was not preempted by the ADA was the case of *Vanacore v. UNC Ardco, Inc.*, 697 So.2d 892 (Fla. 4th DCA 1997)

In *Vanacore*, the court held that a lawsuit brought by an employee of an aircraft "repair station" was not preempted by the ADA as the connection or reference to airline "services" was too remote and tenuous. This Court has reviewed the *Vanacore* decision and finds it less persuasive then the above cases. One reason that *Vanacore* predates the addition of the WPP to the ADA statutory scheme. The *Vanacore* court rejected the preemption claim because the ADA at that time provided no remedy or claim for air carrier employees who were discharged for whistleblowing. The *Vanacore* court, also apparently failed to take into account the Supreme Court mandate to interpret the ADA preemption provisions broadly.

"company that performs safety-sensitive functions by contract for an air carrier." 49 U.S.C. § 42121 (e). Tucker's is an employee of a "contractor" as defined by the WPP. As the record indicates, the UTC's *Miami Repair Center* performs maintenance, rebuilding, and alterations of various parts and components used in commercial and military aircraft, definitely safety-sensitive functions for an aircraft. In addition, the record indicates that air carriers contract with UTC to provide these maintenance services. Accordingly, the Court finds that UTC is a "contractor" under the WPP and, therefore, that the WPP provides Tucker with a potential remedy for his claims.

3. **Time-Bar Provision under the ADA**

The Court also determines that his claim is time barred. As stated earlier, under the WPP, a claim will be time-barred, if Plaintiff fails to file a complaint with the Department of Labor within the time prescribed. Under the WPP's time bar provision provides as follows:

> A person who believes that he or she has been discharged or otherwise discriminated against by any person in violation of subsection (a) may, not later than 90 days after the date on which such violation occurs, file (or have any person file on his or her behalf) a complaint with the Secretary of Labor alleging such discharge or discrimination.

49 U.S.C. § 42121(b)(1). In this case, Tucker concedes that he did not file a complaint with the Department of Labor within the allotted time period. Therefore, the Court finds that Tucker's WPP claim is time barred and summary judgment in favor of UTC is appropriate. Accordingly, it is

ORDERED and ADJUDGED that Defendant's Motion for Final Summary Judgment (on the Issue of Preemption) [DE # 29] is GRANTED. Final Judgment will be entered by separate order.

DONE AND ORDERED in Miami, Florida, this 20th day of June, 2003

Paul C. Huck
United States District Judge

Copies furnished to:

All Counsel of Record