UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / SNOW



PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO UPDATE PLAINTIFF'S DEPOSITION

COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, hereby files this Reply in Support of its Motion for Leave to Update Plaintiff's Deposition.

Since the Plaintiff's deposition in February 2001 there has been no update to his discovery or information regarding his damages. Despite Plaintiff's assertion that updated information can be obtained by way of documentation, Plaintiff has not complied with the rules of discovery requiring he update his discovery responses. Further, the information Defendant seeks requires more than the production of documents or documentary evidence. Defendant seeks information regarding his subsequent employers including the reason for his separation from employment, his duties and responsibilities, his benefits received, and what prompted his change in employment. Plaintiff's deposition has not

92202_1

1



been updated since February 2001 and since then according to his expert's report prepared on July 30, 2003 he has left his employment with Miami Air on July 19, 2001; he has been employed with Custom Air Transport; Sunset Entertainment; Horizon Aviation Affinity Airshares; AirFlorida Express; and received unemployment compensation. Defendant has no information regarding any of these subsequent employers or sources of income and/or the circumstances surrounding same. As such, Defendant seeks an opportunity to update his deposition and obtain information relevant to his claim for damages.

Defendant's concern that in that there have been material and significant changes which warrants the update of Plaintiff's deposition is not remedied by Plaintiff's offer to produce documents pertaining to his subsequent employment. Despite Plaintiff's assertion otherwise a deposition is the most efficient and thorough manner of obtaining the information sought. Moreover, updating information regarding the Plaintiff's subsequent employment and claim for damages is not reopening discovery or otherwise violative of the Court's Order.

It is well established that Back pay awards in ADEA and other discrimination cases are limited to proven economic loss. *Darnell v. City of Jasper*, 730 F.2d 653, 656 (11th Cir. 1984). Plaintiff has a duty to mitigate his back pay losses by seeking alternative comparable employment. *Id.*, at 656; *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244 (11th Cir. 1997); *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996 (3d Cir. 1988); *Maxfield v. Sinclair Int'l*, 766 F.2d 788 (3d Cir. 1985); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir. 1984). A plaintiff who claims that he was subject

to a discriminatory employment practice has a duty to seek and maintain employment "substantially equivalent" to the position or positions which he was claims he was terminated from or denied. *See, e.g,. Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991) (plaintiff has obligation to mitigate damages); *Acrey v. American Sheep Industry Ass'n*, 981 F.2d 1569, 1576 (10th Cir. 1992) (same). "Substantially equivalent employment" is employment that affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status to those available to employees holding the position which Plaintiff claims he has been discriminatorily terminated from or denied. *Weaver*, 922 F.2d at 1527. In determining the damages Plaintiff claims he is due, Defendant seeks to obtain information regarding his subsequent employment to determine his entitlement to damages by way of updating his deposition.

Based upon the foregoing, Defendant moves this Court to permit the Plaintiff's deposition under Rule 30 Federal Rules of Procedure. Further, Defendant also seeks leave to update its exhibit and witness lists to include information obtained regarding Plaintiff's damages and/or employment since February 2001.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

92202_1

3

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 6th day of August, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
    WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney