UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH
Magistrate Judge Snow

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendant.

_____/

## DEFENDANT AMERIJET'S MOTION FOR LEAVE TO DEPOSE PLAINTIFF'S EXPERTS PAGAN AND GILBERT OR IN THE ALTERNATIVE MOTION TO STRIKE GILBERT AND PAGAN FROM TESTIFYING IN THIS ACTION

Defendant, Amerijet International, Inc., pursuant to Rule 26(b)(4)(A) and Local Rule 26.1(F)(1)(b) moves for leave to depose Plaintiff's Experts Pagan and Gilbert or in the alternative strike Gilbert and Pagan from testifying in this action and in support thereof states as follows.

1.      On July 31, 2003 after the filing of the Joint Pretrial Stipulation Plaintiff provided Defendant with its expert reports by Jose Pagan and James Gilbert.

2.      Despite numerous attempts by Defendant prior to this date to obtain the reports and schedule the depositions of these witnesses, Defendant had been unable to do so.

3.      In light of the receipt of the reports, Defendant now seeks to take the depositions of these expert witnesses.

4.      In the alternative, if these witnesses are unable to be deposed, Defendant

92211_1

1



seeks to have these witnesses stricken from the witness list and prohibited from testifying in the trial of this action.

## MEMORANDUM OF LAW

Federal Rule 26(b)(4)(A) provides:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial.  If a report from the expert is required under subdivision (a)(2)(B), <u>the deposition shall not be conducted until after the report is provided</u>.

(emphasis added)

Accordingly, in its plain language, the rule provides that an expert is not to be deposed until the expert report has been provided.  Further, Rule 26.1(F)(1)(b), S.D. Fla. L.R., provides in pertinent part:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial.  The deposition <u>shall not be conducted until after the expert summary or report required by Local Rule 16.1.K. is provided.</u>

(emphasis added)

In the instant case, Defendant has sought to depose Plaintiff's expert since February 2001.  <u>However, until July 31, 2003 Plaintiff had not produced his expert's reports</u>. As such, Defendant was not able and has not had an opportunity to depose Plaintiff's expert witnesses.  The recent production of the expert reports by Gilbert and Pagan indicates Plaintiff intends to call both Pagan and Gilbert  as expert witnesses at trial.  Defendant is severely and unduly prejudiced by Plaintiff's belated production of the expert reports, his failure to produce these reports prior to the filing of the Pretrial Stipulation and Defendant's inability to depose these witnesses previously.

92211_1

2

If Defendant is not permitted to depose the expert witnesses, Defendant will be unable to effectively prepare for cross-examination at trial. Should Defendant not be permitted to depose these witnesses, it will be unduly prejudiced and, the experts should be stricken and Plaintiff precluded from introducing their expert testimony at trial.

In Schearbrook Land and Livestock Co. v. U.S., 124 F.R.D. 221 (M.D. Fla. 1988), defendants filed a motion in limine to preclude plaintiffs' introduction of expert witness testimony at trial based upon plaintiffs' failure to identify expert witnesses until after the close of discovery. Despite plaintiffs' counter-argument that their intent to retain expert witnesses had been known by defendants throughout the litigation, the Court granted defendants' motion on grounds that the defendants had not had the opportunity to depose these witnesses for purposes of evaluation of their opinions, rebuttal of those opinions, and preparation for trial, thereby placing defendants at a distinct disadvantage at trial. Id.

Although in the instant case Plaintiff disclosed his witnesses prior to the close of discovery, his failure to produce the experts' reports until fifteen (15) days prior to the calendar call in this case has, as a practical matter, had the same effect. Specifically, Defendant in the instant case has been denied an opportunity to depose these witnesses to determine their testimony/opinion and the facts and/or information on which such testimony/opinion is based. Accordingly, should this Court not permit Defendant leave to depose these experts, Defendant respectfully contends that Plaintiff's expert witnesses should be stricken and precluded from testifying at trial. See also Chakales v. The Hertz Corp., 152 F.R.D. 240 (N.D. Ga. 1993) (plaintiffs' violation of the local rules regarding designation of expert witnesses did not permit defendants an opportunity to depose these witnesses and to retain their own); Perkasie Industries, Corp. v. Advance Transformer, Inc.,

92211_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

143 F.R.D. 73 (E.D. Pa. 1992) (plaintiff's failure to comply with the court's pretrial scheduling order would result in undue prejudiced to defendants in preparing to meet plaintiff's expert testimony and, thus, plaintiff is precluded from offering expert testimony at trial); <u>Jefferson v. Davis</u>, 131 F.R.D. 522 (N.D. Ill. 1990) (plaintiff precluded from calling expert witness to testify where plaintiff's answers to interrogatories concerning expert testimony were insufficient, did not provide the degree of disclosure contemplated by Rule 26 concerning the "facts and opinions" of the expert testimony, and did not provide opposing party with basis for preparing for cross-examination).

WHEREFORE, based on the foregoing, Defendant respectfully requests this Court permit Defendant leave to take the deposition of expert witnesses Pagan and Gilbert or in the alternative that the Court strike Plaintiff's expert witnesses, precluding them from testifying at trial.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 0010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:    305-445-7801
Fax:   305-442-1578
Attorneys for Defendant

92211_1

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via,

U.S. Mail, postage prepaid, on this _____ day of August, 2003 upon:


Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394


_____
Attorney

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION