UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR LEAVE TO UPDATE ITS WITNESS AND EXHIBIT LISTS

COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through undersigned counsel and pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rule 7.1 of this Court's Local General Rules, hereby files this Motion for Leave to Update Its Witness and Exhibit Lists:

1. Plaintiff's deposition in this case was taken in February 2001. Since that time Defendant has not had any updated discovery from Plaintiff. Plaintiff has not provided updated discovery regarding his damages, his subsequent employment or any other information.

2. On July 31, 2003 the same date the Parties Joint Pretrial Stipulation was due, Plaintiff provided Defendant with its expert witness reports for experts Jose Pagan and James Gilbert.

3. The reports provided by these experts for the first time disclosed information regarding Plaintiff's claims for damages and also disclosed that since Plaintiff's deposition in February 2001 he has been employed with at least five (5) different employers.

4. Further, because Plaintiff only recently provided his expert reports, Defendant has not yet had an opportunity to depose Plaintiff's experts and thereby obtain information regarding their testimony in the trial of this action.

5. Defendant seeks to amend its witness list to include the information contained in Plaintiff's expert reports; information it intends to obtain once it deposes Defendant's expert witnesses; and updated information regarding Plaintiff, his subsequent employment and his mitigation of damages.

6. Plaintiff's provision of the expert reports on the date the Pretrial Stipulation along with exhibit and witness lists were filed, combined with Plaintiff's failure to update discovery information and employment information regarding Plaintiff requires Defendant seek leave to amend its witness and exhibit list once this information is provided.

7. In addition, Defendant seeks to amend its witness and exhibit list to include Federal Aviation Administration's Withdrawal of Proposed Civil Fine and closing of the case against Defendant and the Federal Aviation Administration's Withdrawal of Proposed Certificate Acton and closing of the case against Captain Brian Steele. These documents

were filed with the Court in this action on November 26, 2001, and have been identified and listed on Plaintiff's Witness List as Exhibits 125 and 126.

8. There is no prejudice to Plaintiff by the addition of these exhibits as Plaintiff has also listed them on his Exhibit List, as Exhibits 125 and 126. Although Defendant inadvertently excluded these documents, Plaintiff was aware Defendant was relying on these documents because they were filed by way of Notice of Filing dated November 26, 2001.

9. Counsel for Defendant contacted counsel for Plaintiff to determine whether there was any objection to the requested amendment, but was advised counsel for Plaintiff was out of the office until Monday August 11, 2003.

10. The requested relief will not prejudice any of the parties to this action and is not sought in bad faith or for the purpose of delay.

WHEREFORE, Defendant respectfully requests this Court grant its Motion to Amend its Witness and Exhibit List.

## Memorandum of Law

Rule 26 of the Federal Rules of Civil Procedure imposes an obligation for a party to update its discovery. Specifically:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P Rule 26(e)(1)

Plaintiff's failure to supplement its discovery prior to the deadlines for the filing of the witness and exhibit list requires Defendant seek leave to update its witness and exhibit lists to reflect information recently obtained and that it anticipates obtaining.

Further Defendant seeks to amend its list to include documents identified and listed by Plaintiff which were inadvertently excluded from Defendant's list. Based on the foregoing, Defendant requests this Motion to Amend its Witness and Exhibit Lists be granted.

Respectfully submitted,

*/s/ DWBlake*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 7th day of August, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
   WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

                                                     _____
                                                     Attorney