UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/



**DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S PRODUCTION OF DOCUMENTS DUCES TECUM**

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and Rules 26, 30 and 37 of the Federal Rules of Civil Procedure, hereby files this Motion to Compel Plaintiff's Production of Documents Duces Tecum and in support thereof states the following:

1.    Plaintiff is scheduled to be deposed on September 4, 2003.

2.    Pursuant to this Court's Order permitting Plaintiff to be deposed to update his deposition as to post deposition changes or information known to Plaintiff which may materially affect the issues of this case, Defendant has set Plaintiff's deposition and requested he produce documents regarding his employment and finances since his last deposition. See Exhibit A.

92467_1

3. Plaintiff's counsel has refused to produce any of the documents requested in the Notice of Taking Deposition Duces Tecum. See Exhibit B.[1]

4. In order to properly prepare for Plaintiff's deposition, Defendant seeks records and documents from Plaintiff regarding his employment and income subsequent for the past two (2) years and subsequent to his deposition, and any of his alleged damages claimed or incurred since his deposition.

5. The documents requested by Defendant are those which may materially affect the issues of this case including: Plaintiff's job searches, efforts and attainment of employment and/or income producing endeavors.

6. Plaintiff's counsel has made it clear she has no intention to produce the documents requested in Defendant's Notice.

7. In order that Defendant is fully prepared for the deposition of Plaintiff and has all the information required to update his claim since his most recent deposition, Defendant seeks leave of this Court to compel Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

8. Without the requested documents, Defendant is unable to ascertain Plaintiff's claims for damages and/or any efforts at mitigating his damages since February 2001.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC. respectfully requests this Court to grant its Motion to Compel the Production of Documents Duces Tecum.

---

[1] Defendant previously requested by Motion the Court grant leave for Defendant to subpoena Plaintiff's employment records subsequent to his deposition. At the time of the filing of the Motion, Plaintiff's counsel has not responded. Although Plaintiff's counsel later disclosed they had no objection to the subpoenas, this Court had denied the Defendant's Motion by Order dated August 22, 2003.

92467_1

2

## MEMORANDUM OF LAW

Pursuant to its Notice of Taking Deposition Duces Tecum, Defendant seeks to obtain updated information from Plaintiff relating to his claim, his damages and his efforts at mitigation since his deposition in February, 2001.

Rule 26(e) Federal Rules of Civil Procedure provides:

> A party who has . . .responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court . . . .

Because Plaintiff's Counsel has indicated she will not produce any of the documents requested and Defendant requires these documents to determine Plaintiff's alleged damages and efforts at mitigation, Defendant hereby seeks an order compelling Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

Respectfully submitted,

*/s/ signature*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 26th day of August, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
 Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

**SOUTHERN** DISTRICT OF **FLORIDA**

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

**SUBPOENA FOR VIDEOTAPE DEPOSITION DUCES TECUM IN A CIVIL CASE**

CASE NUMBER: 00-6070-CIV-ZLOCH
Magistrate Judge Snow

TO: **Patrick Scott Major**
**1722 West Las Olas Boulevard**
**Fort Lauderdale, Florida 33**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE, CORAL GABLES, FL 33134 | September 4, 2003 10:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE, CORAL GABLES, FL 33134 | September 4, 2003 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Defendant | DATE August 19, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Susan Potter Norton, Esq., Allen, Norton & Blue, P.A. 121 Majorca Avenue, Coral Gables FL 33134 Tel: 305-445-7801

92381v1

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**EXHIBIT A**

**Attachment "A"**
**To Subpoena Duces Tecum**
**For Production Of Documents**

TO:   Patrick Major
      1722 West Las Olas Boulevard
      Ft. Lauderdale, Florida 33

You are commanded to appear for a deposition on September 4, 2003, at 10:00 A.M. at the law firm of **Allen, Norton & Blue, P.A.**. In addition to your appearance, you are also commanded to bring with you to your deposition the following documents:

- Copy of Plaintiff's Logbook from February 2001 to present
- Copy of all Plaintiff's pilot training records since February 2001
- Copy of all Plaintiff's records from the FAA since February 2001
- Any and all of Plaintiff's documents from any employer since February 2001
- Any and all of Plaintiff's current evaluations, letters, articles, memos, instructions, comments or other writings regarding any employer or potential employer since February 2001
- Federal income tax return and supporting documents including W-2s or W-4s from 2001 to present.
- Any and all financial statements prepared since February 2001.
- Any and all W-2 forms since February 2001.
- Any and all calendars, notebooks, and diaries for 2001 through present.
- Any test results since 2001.
- Any communication with any school, training facility pertaining to aviation from 2001 to present, including tests, notes, booklets, applications.
- Correspondence from any school, training facility pertaining to your efforts to obtain level of Captain from 2001 to present.
- Any correspondence between 2001 and present from any organization, including school or training facility, rejecting your application for Captain and/or dismissing you from such organization.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for the years 2001 - present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for any businesses owned, operated, or participated in by Plaintiff for 2001- to present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any documents provided to you reflecting, referring to or indicating any assets, liabilities, revenues, expenses, income, or earnings of Plaintiff and any businesses

92381_1

- owned, operated or participated in by Plaintiff, during the years 2001- to present.
- Any documents provided to you reflecting, referring to or indicating any stock certificates, bank statements, statements from any account(s) holding money, property, assets, or income of Plaintiff, and any businesses owned, operated, or participated by Plaintiff during the years 2001 – to present.
- Any and all documents reflecting, referring to, or indicating any profits for the years 2001 – to present, or any part of those years of any businesses owned, operated or participated in by Plaintiff.
- Any and all documents reflecting expenses for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.
- Any and all documents reflecting assets for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.
- Any and all documents reflecting revenues for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.
- Any and all balance sheets, profit and loss statements, income statements, and trial balances or any documents used to prepare the aforementioned documents for the years 2001– to present, prepared by or for any part of those years of any businesses owned, operated or participated in by Plaintiff.
- Any and all Articles of Incorporation and By-laws of any businesses owned, operated or participated in by Plaintiff, including any and all prior versions and amendments to said documents since February 2001.
- Any and all correspondence and/or documents of any businesses owned, operated or participated in by Plaintiff filed with or received from the Securities Exchange Commission since February 2001.
- Any and all partnership agreements entered into by any businesses owned, operated or participated in by Plaintiff since February 2001.
- Any and all revenue and/or profit projections for any part of those years of any businesses owned, operated or participated in by Plaintiff which include the year 2001 and/or any year thereafter.
- Any and all agreements or documents reflecting, referring to or pertaining to the compensation and/or payments to be paid to Plaintiff in connection with any businesses owned, operated or participated in by Plaintiff, whether as an employee, director, executive, owner, or shareholder of that company or otherwise since February 2001.
- Any and all documents reflecting Plaintiff's ownership or interest in any businesses owned, operated or participated in by Plaintiff, including but not limited to documents reflecting the number of shares of stock owned by Plaintiff and the right to income or to a share of profits or revenues accorded to Plaintiff since February 2001.
- Any and all records, files, memoranda, or any other documents reflecting, referring or pertaining to any form of compensation or payment to Plaintiff; all employment applications, personnel files and employment contracts of or relating to Plaintiff; all

92381_1

    documents referring to any health insurance, life insurance, pension plan, stock options or vacation benefits of or relating to Plaintiff since February 2001.

If any records responsive to any identified request do not exist, you must indicate so in a signed, sworn, and notarized document.

92381_1

# HEINRICH GORDON HARGROVE WEIHE & JAMES

PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No. (954) 519-1524

August 20, 2003

**VIA FACSIMILE**
Susan Potter Norton, Esq.
Dionne Wilson-Blake, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 33314

Re:   Major v. Amerijet
      Our File No. 81975.002

Dear Ms. Norton and Ms. Blake:

I am in receipt of your notices of taking deposition of Patrick Major, James Gilbert and Jose Pagan. However, we did not agree they be scheduled to take place in your office in Coral Gables. This case is pending in Ft. Lauderdale, Patrick Major lives in Ft. Lauderdale, Jose Pagan is in Ft. Lauderdale, and Jim Gilbert is in Deerfield Beach. Please re-notice Patrick Major and Jose Pagan's deposition for Ft. Lauderdale. You may use my office for these depositions. Also, please re-notice Jim Gilbert's deposition in his office in Deerfield Beach, or at the very least, in my office.

If you insist on taking plaintiff's experts' depositions outside the Ft. Lauderdale or Deerfield Beach areas, please be advised that their deposition fees are portal to portal. As stated in plaintiff's expert disclosure, Mr. Pagan's fee is $125 per hour, and Mr. Gilbert's fee is $220 per hour. You will need to bring checks at the time of their depositions for whatever time you use; otherwise, the depositions will not go forward. If the experts are to be taken outside this area, please confirm in writing that you will be bringing checks at their depositions paying their deposition fees portal to portal.

I also note that you have subpoenaed Patrick Major duces tecum. Not only is a subpoena duces tecum an improper means in which to obtain documents from a party, it clearly attempts to

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 527-2800 • Telecopier (954) 524-9481 • www.heinrichgordon.com

EXHIBIT B

August 20, 2003
Page 2

circumvent Rule 34 of the Federal Rules by requesting a party to produce documents in less than 30 days. Your laundry list of documents requested to be produced at my client's deposition is not in accordance with the court's order allowing defendant to take an update deposition, not re-opening discovery of my client. Patrick Major has produced all documents in his possession which are responsive to defendant's first request for production dated February 17, 2000. Therefore, Mr. Major will not be producing these documents at his deposition.

Please provide our office with amended notices of taking deposition.

Very truly yours,

VALERIE SHEA
For the Firm

VS:ddk