UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR PERSONNEL RECORDS

COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and Rules 26 and 30 of the Federal Rules of Civil Procedure, hereby files this Motion seeking Plaintiff's Personnel Records.

1. Plaintiff's lawsuit alleges he was discriminatorily and unlawfully discharged from his employment in 1999. Plaintiff was deposed in February 2001 and, shortly thereafter, Defendant's Motion for Summary Judgment was filed. Defendant's Motion remained pending for approximately two (2) years until the Court entered its Order denying the Motion in part and permitting Plaintiff to proceed to trial on claims of retaliatory discharge and an alleged violation of the Florida Whistleblowers Act.

2. During the pendency of Defendant's Motion for Summary Judgment, Plaintiff presumably obtained replacement employment and continued in his efforts to mitigate his damages in this matter. In fact, Plaintiff's expert report indicates he has had a number of

92507_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



employers and/or business ventures since his deposition in February 2001. At trial, issues regarding Plaintiff's employment history will be directly relevant to his claims of unlawful discrimination and discharge.

3. In order to adequately prepare for the trial in this matter, and determine issues relevant to this case including Plaintiff's damages and efforts at mitigation, Defendant requires the employment records from Plaintiff's employers from his deposition up until the trial of this action.

4. The records sought may necessarily reflect Plaintiff's conduct or misconduct with other employers which may raise issues relevant to this matter. These records may also contain information regarding Plaintiff's work history, the positions held, information regarding his capabilities in the aviation field, his employment evaluations, his representations to other employers, the reason for his separation from employment with any subsequent employers, and/or his earnings and income information from these employers.

5. These records are directly relevant to the issues in this matter, including but not limited to the reason proffered by Defendant for Plaintiff's discharge.

6. Absent the delay in the Order on Defendant's Motion for Summary Judgment, Defendant would have had relatively recent information regarding Plaintiff's subsequent employment. However, the passage of time since the filing of Defendant's Motion has allowed a substantial amount of time for Plaintiff's employment circumstances to change significantly, and Defendant should be permitted access to the information which may reveal any such changes.

7. Counsel for Plaintiff has indicated she had no objection to Defendant's subpoenaing Plaintiff's employment records from the date of his deposition to present.

8. Permitting Defendant to obtain these records will not prejudice any party to this action or delay the trial of this cause.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC., respectfully requests this Court permit it to obtain Plaintiff's personnel records from all employers subsequent to his deposition in February 2001.

## MEMORANDUM OF LAW

In the instant case, Defendant seeks Plaintiff's employment records to determine his mitigation of damages, his entitlement to backpay, his employment history and conduct with other employers, and other relevant employment history in order to adequately prepare its defense to his claim of unlawful discharge.[1] Plaintiff's employment history is directly relevant to the issues in this case and may reveal any terminations, discrimination complaints and/or acrimonious relationships with his employers, which may evidence, have caused or contributed to Plaintiff's discharge from Defendant and other employers.

The two (2) year lapse of time between Plaintiff's deposition and the trial of this action is substantial and likely represents a material change in Plaintiff's circumstances and employment history. As such, Defendant should be permitted to obtain Plaintiff's records.

---

[1] Plaintiff's claims allege violations of the Florida Civil Rights Act, Florida Whistleblower Act and the Age Discrimination in Employment Act. Federal case law interpreting Title VII and ADEA is applicable to cases arising under the FCRA. See Caroll v. Neumann, 204 F. Supp. 2d 1344 (S.D. Fla. 2002) citing Florida State University v. Sondel, 685 So. 2d 923 (1st DCA 1996).

92507_1

In Penn v. Heitmeier, 82 FEP Cases 609 (ED La. 2000), the court found evidence that the plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance on this issue "highly relevant" to the defendant's defense. In the instant case, Defendant maintains Plaintiff's subsequent employment records may reflect conduct similar to that for which Defendant discharged him. Therefore, Defendant seeks to obtain Plaintiff's employment records, in part, for purposes similar to those in Penn.

In Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997), the court allowed the Defendant to introduce evidence that the plaintiff had sued three prior employers. The crux of all of the prior suits was that the employer failed to comply with the terms and conditions of employment. Id. Among other reasons for permitting the disclosure, the court stated that the information was relevant to cast doubt on the credibility of Gastineu's claim for damages. See also, Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D. Ore. 1996)(permitting the Defendant in sexual harassment case to subpoena personnel document from Plaintiff's prior employers so that Defendant could discover whether Plaintiff brought similar claims in past and whether her representations regarding her employment history were accurate)

In this case, Amerijet also seeks to obtain the Plaintiff's personnel records, including any performance and employment status records, potentially for purposes of impeachment evidence. For instance, the records are sought to determine whether the Plaintiff has ever complained of other unlawful conduct or retaliation while employed with other employers. Likewise, Defendant also seeks to ascertain whether Plaintiff engaged in any conduct

similar to that for which Defendant maintains he was discharged; that is, conduct which evidenced his lack of judgment as an airman.

In addition, Defendant should be permitted to obtain documents from his other employers because evidence of other conduct in other instances of employment and other complaints of discrimination or employer misconduct is directly related to credibility or bias. Pounds v. Board of Trustees, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)  The Pounds Court permitted evidence of a plaintiff's complaints of discrimination against other employees noting that she had previously attributed others' conduct to discrimination. Id. Pounds demonstrates that information regarding an employee's other complaints of discrimination can be admissible at trial and is reasonably calculated to lead to impeachment evidence.  Here Plaintiff alleges his discharge was directly related to his complaints of allegedly unlawful conduct.  Defendant maintains his conduct displayed poor judgment.  His employment records may substantiate Defendant's position and reveal other instances of poor judgment by Plaintiff.

Additionally, the records sought by Defendant for use in the trial of this action, including performance and employment status documents, may also be used to test the veracity of the Plaintiff's testimony, his conduct with subsequent employers and other information which is reasonably calculated to lead to admissible evidence as to whether his discharge by Defendant was unlawful.

Moreover, Defendant requires Plaintiff's employment records up to the date of the trial in this action in order to adequately and accurately determine his damages.  Back pay awards are limited to proven economic loss. Darnell v. City of Jasper, 730 F.2d 653, 656

92507_1

(11th Cir. 1984). As a prerequisite to recovering lost back pay, however, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Id. at 656; Acrey v. American Sheep Industry Ass'n, 981 F.2d 1569, 1576 (10th Cir. 1992); Carden v. Westinghouse Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984). A plaintiff who claims that he was subjected to a discriminatory employment practice has a duty to seek employment "substantially equivalent" to the position or positions that he claims she was terminated from or denied. See, e.g., Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991) (plaintiff has obligation to search for comparable employment to mitigate damages); Acrey v. American Sheep Industry Ass'n, 981 F. 2d 1569, 1575 (10th Cir. 1992) (same). If a plaintiff fails to do so, he forfeits his right to damages, not only to back pay but also for front pay. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984); Taylor v. Cent. PA. Drug & Alcohol Serv. Corp., 890 F. Supp. 360, 371 (M.D. Pa. 1995); Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987). Although there is no requirement that an ADEA plaintiff search endlessly for employment in an effort to mitigate damages, some type of a search is required. See Brady v. Thurston Motor Lines, 753 F.2d 1269, 1273 (4th Cir. 1985)(emphasis supplied). Plaintiff must use reasonable diligence to obtain substantially equivalent employment. Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982). Substantially equivalent employment has been defined as "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [ADEA] claimant has been

92507_1

6

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

discriminatorily terminated." Sellers v. Delgado College, 902 F. 2d 1189, 1193 (5th Cir.)("Sellers II"), cert. denied, 498 U.S. 987 (1990) (quoting Sellers v. Delgado College, 839 F. 2d 1132, 1139 (5th Cir. 1988) ("Sellers I").

This requirement is also deeply rooted in a well-established principle of law requiring that:

> Where one person has committed a ...legal wrong against another it is incumbent upon the latter to use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage, which could thus have been avoided.

Ford Motor Co. v. EEOC, 458 U.S. 219, 231 n.5 (quoting C. McCormick, *Law of Damages* 127 (1935)). Defendant requires Plaintiff's employment records in order to determine whether he has mitigated his damages and his entitlement to backpay under the law. Without the requested records, Defendant has no way of making this determination and is severely prejudiced by its inability to do so.

Based on the foregoing, Defendant respectfully requests this Honorable Court grant its Motion for Personnel Records and permit it to obtain the personnel records for Plaintiff subsequent to his deposition in February 2001.

Respectfully submitted,

*/s/ Susan Potter Norton*
Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

92507_1

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:  (305) 445-7801
Fax:  (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this <u>29th</u> day of August, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE having come before the Court upon Defendant's Motion for Personnel Records, and for good cause shown, it is

ORDERED and ADJUDGED as follows:

Defendant's Motion for Personnel Records is hereby _____.

DONE and ORDERED in Chambers in Fort Lauderdale, Broward County, Florida, this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT COURT JUDGE

cc:   Susan Potter Norton, Esq.   (Fax) 305.442.1578
      Valerie Shea, Esq.           (Fax) 954.524-9481

92535_1

Patrick Scott Major v. AmeriJet International, Inc.

CASE NO.: 00-6070-CIV-ZLOCH / Snow

Service List

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Tel.   (954) 527-2800
Fax:   (954) 524-9481
Counsel for Plaintiff

Susan Potter Norton, Esq.
Dionne Wilson Blake, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578
Counsel for Defendant

92535_1