FILED by WC D.C.
ELECTRONIC

Sep 10 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6070-Zloch
Magistrate Judge Lurana S. Snow

PATRICK SCOTT MAJOR, :

Plaintiff, :
vs. :

AMERIJET INTERNATIONAL, INC., :

Defendant. :
_______________________________________/

**PLAINTIFF'S**
**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR PERSONNEL RECORDS**

Plaintiff, Patrick Scott Major, files this response in opposition to defendant's motion for personnel records, served on August 29, 2003. Defendant's motion should be denied because: (1) discovery is closed; and (2) defendant has obtained all relevant information relating to plaintiff's successive employment.

A. Discovery is Closed.

In May 2003, after a two-year hiatus, this Court assumed responsibility for this case and entered an order specifically ruling that discovery was closed. This order was subsequently modified by the Court's August 8, 2003, order which granted defendant's motion for leave to update plaintiff's deposition and motion for leave to depose plaintiff's experts. The August 8 order expressly limits the plaintiff's update deposition to "a discussion of post-deposition changes or information known to plaintiff which may materially affect the issues of this case."



215/rb

Since that order, Amerijet has bombarded plaintiff with discovery, not-so-transparently designed to shift this case from a trial of Pat Major's experience at Amerijet to a trial of his "character" and the difficulties he has had in subsequent employment positions. [1]

First, defendant moved on August 20, 2003, to update plaintiff's employment records. This motion was denied by the Court on August 22. Next, defendant served a subpoena for deposition on Pat Major, duces tecum, with fifteen days notice. Plaintiff asserted an objection to this procedure and it is at issue before the Court on Amerijet's August 26, 2003, motion to compel. Amerijet served a comprehensive duces tecum notice on accountant Jim Gilbert.

While all of this was going on, plaintiff took affirmative steps to provide relevant information. Plaintiff supplemented his response to Amerijet's original request to produce; he supplemented his interrogatory answers; and he produced a revised report by his accounting expert. That expert, Mr. Gilbert, was deposed on September 9, 2003, and produced his entire file, which includes all available information concerning successive employment.

In light of the Court's stated intent that discovery be closed except for the limited exceptions made in the August 8, 2003, order, it is plain that Amerijet has received everything it could reasonably expect to, and more. The instant motion is no more than a rehash of the so-called emergency motion defendant filed on August 20, 2003. The present motion should likewise be denied.

[1] It should also be pointed out that Mr. Major's deposition was originally taken in February 2001 – a full year and a half after he left Amerijet. At that time, he fully responded to questions regarding successive employment. Records of that employment were obtained by Amerijet's counsel and, indeed, two subsequent employment-related witnesses are prominently featured on Amerijet's witness list.

B. The Records Sought by Amerijet are Not Relevant, or in the Alternative, are More Prejudicial than Probative.

Defendant's argument in chief is that it is entitled to fully explore, in discovery, the global circumstances of each and every subsequent employment situation held by Mr. Major, as the facts and circumstances relating to those employments may be relevant to liability. Amerijet makes the disingenuous argument that "the reason proffered by [it] for plaintiff's discharge" may somehow find support in records of subsequent employment. (Motion, p.2, para.5) Defendant's cited case, Penn v. Heitmeier, 82 FEP Cases 609 (E.D. La. 2000), is entirely distinguishable. There, an employer discharged an employee for refusing to navigate the employer's gambling vessel in inland waters. This was the employer's legitimate business reason given in response to the employee's claim of race discrimination. Defendants learned that at a later job, the plaintiff expressed the same reservations regarding handling a vessel in inland waters. The defendant convinced the court that this "fact-based, eyewitness performance evidence of [the same performance] in similar jobs" had probative value.

Here, Amerijet summarily discharged Pat Major, after eight-and-a-half years, with a two sentence termination letter which stated, in full:

> Due to Amerijets [sic] loss of confidence in you [sic] abilities to perform the duties of an airman, we are terminating your employment effective immediately. We wish you the best of luck in your future pursuits.

The legitimate non-discriminatory reason given for his discharge is thus entirely subjective. Indeed, when asked in deposition to identify the reason **why** Amerijet lost confidence in an eight-and-a-half year veteran employee, Amerijet's representative explicitly pointed to the report filed by Pat Major with the FAA concerning the illegal flight. In other words, Patrick Major

contends he was fired for making the report; Amerijet's version is that the **content** of the report caused it to suddenly have a loss of confidence in his judgment and fire him. There is nothing which could come from subsequent employers' files which could bolster Amerijet's defense. Even if another employer's perception of Patrick Major was negative, it would be subjective and, therefore, inadmissible -- either as too remote or collateral, or simply under Rule 403. The case Major wants to try is the Amerijet case; it is obvious that Amerijet wants to try to assassinate Mr. Major's character by "digging for dirt" as to subsequent employers. There is no other reason for Amerijet to have listed as witnesses co-workers of Mr. Major at his first significant job after Amerijet.[2] If the Court permits that evidence, which it may not, then it will have covered the next eighteen months after Mr. Major's departure from Amerijet. The value of any further exploration of this dubious area is outweighed by other considerations.

As a secondary reason, defendant cites that there is potential impeachment evidence; i.e., whether the plaintiff ever complained of other unlawful conduct or retaliation while employed with other employers. (Motion, p.4.) Apart from the fact that this is a plain nonsequitor, whether Mr. Major did or didn't complain of illegal conduct by other employers is not the issue for this case.[3]

---

[2] Amerijet's exhibit list also contains seven personnel documents from that employment.

[3] Similarly, Amerijet would presumably object to anecdotal testimony concerning illegal conduct unrelated to Mr. Major's own experience.

CONCLUSION

In sum, plaintiff has provided Amerijet with ample information relevant to his own job chronology and compensation. At this point, defendant's fishing expedition should be declared a skunk.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to **Susan Potter Norton, Esquire** at the address more fully set forth on the service list attached, this 10th day of September, 2003.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By: s/Valerie Shea
VALERIE SHEA
Florida Bar No. 436800
VShea@heinrichgordon.com
MARK R. BOYD
Florida Bar No. 217492
MBoyd@heinrichgordon.com

CASE NO. 00-6070-Zloch

**SERVICE LIST**

**Susan Potter Norton, Esquire**
Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578
Counsel for Defendant