UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,
     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,
     Defendant.
_____/



## DEFENDANT'S MOTION FOR CONTINUANCE TO AVOID EXTREME PREJUDICE

Defendant, AMERIJET INTERNATIONAL, INC., pursuant to Fed.R.Civ.P. 26, S.D. Fla. L.R. 7.6, and this Court's Order of August 8, 2003, hereby requests this Court continue the trial date in this matter to avoid extreme prejudice to Defendant, and in support thereof states:

1.      Although Plaintiff failed to seek a protective order when noticed of his subpoena duces tecum of his deposition on September 8, 2003, he refused to produce documents for the 2½ year period between the February 2001 close of discovery and this Court's Order of August 8, 2003 granting limited reopening of discovery to update Plaintiff's deposition. The documents pertain to:

- wages, benefits, and other compensation he received from at least six (6) different employers/contractors since February 2001, including a letter from Republic Airways stating Plaintiff will begin work at that company on September 11, 2003;

- payments received from and expenses paid by "Patrick S. Major, Inc." [1];

- evidence of job searches and responses for a claimed period of unemployment from

---

[1] At his September 8, 2003 deposition, Plaintiff stated he also contracted his services through "Patrick S. Major, Inc." Plaintiff is the sole shareholder of this corporate entity, which paid substantially all of his expenses for a period of time. As these payments are almost certainly in pre-taxed dollars, their values will necessarily differ from regular employment pay. Plaintiff could not recall any specific information regarding the time period or amounts paid.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



July 2001 to October 2002. *See*, <u>Darnell v. City of Jasper</u>, 730 F.2d 653, 656 (11th Cir. 1984);

- reasons relationships terminated with at least six (6) employers/contractors since February 2001[2];

- Plaintiff's and Patrick S. Major, Inc.'s income tax returns, or documentation legally justifying not filing same;

- Plaintiff's current licensure, flight hours, and other qualifications.

2.    The documents requested by Defendant are *essential* because they pertain to:

- calculation of back pay;

- mitigation of damages or withdrawal from the job market; *See*, 42 U.S.C. 2000e-5(g); <u>Weaver v. Casa Gallardo, Inc.</u>, 922 F. 2d 1515, 1527 (11th Cir. 1991);

- credibility with respect to job performance and level of competency;

and for impeachment purposes.

3.    Defendant's request for a continuance will not prejudice Plaintiff, as Plaintiff has stated he is earning more money than he was during his employment with Amerijet.

4.    The calendar call in this case is scheduled for Friday, September 12, 2003, with trial to begin anytime thereafter. This trial is expected to last four to five days. Defendant will be extremely prejudiced if it must proceed to trial without information necessary to determine Plaintiff's entitlement to back pay and other relief he demands. A continuance would serve to remedy the prejudice to Defendant caused thus far by Plaintiff's failure to provide the information required by this Court's Order. [3]

---

[2]  Plaintiff's expert report of James Gilbert indicating the six (6) employers he has reported as subsequent employers is attached hereto.
[3]  Defendant waited to file this Motion until all depositions of Plaintiff and his experts, updating Plaintiff's original deposition information, were concluded pursuant to this Court's Order.

92627_3

5.      Additionally, Amerijet's Director of Operations and corporate representative throughout this litigation, Derry Huff, is scheduled to leave for a prepaid, nonrefundable vacation in Papua New Guinea the evening of September 17, 2003, which was booked in November of 2002. This is a specialty dive trip to a remote region of the world, and could not be rebooked for approximately another year. Mr. Huff will be traveling with 7 other people as part of a group. The trip was prepaid in two payments, one in January and one in June of 2003. This Court had not yet ruled on Defendant's Motion for Summary Judgment at the time the second and final payment for this trip was made, nor had the case been put on the trial calendar. Further, Mr. Huff will be in a remote location and will not be able to be contacted for at least 2½ weeks of this time.

6.      Mr. Huff's presence at the trial is essential, as he has been subpoenaed by Plaintiff, and there is no other person presently employed by Defendant with the familiarity of the facts of this case that Mr. Huff possesses. Mr. Huff has attended all depositions conducted by Defendant, with the exception of those taken over the past week to update information. Many of the other individuals at Amerijet when this action arose are no longer employed with the Company. As such, no other person is able to effectively serve as the corporate representative for Defendant.

7.      Defendant's request for a continuance of the trial date is made in good faith and is not meant to improperly delay the proceedings in any manner.

8.      Defendant's counsel contacted counsel for the Plaintiff who refused to agree to the requested extension of time.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion for Continuance of the Trial Date.

## MEMORANDUM OF LAW

Pursuant to the Court's Omnibus Order of August 8, 2003, Defendant arranged to depose Plaintiff on September 8, 2003, to update Plaintiff's original deposition of February 2001. Defendant requested by subpoena duces tecum to the deposition that Plaintiff provide documents relevant to any updated information, including pay history and other work documents needed to determine Plaintiff's entitlement, if any, to back pay and other remedies.

Counsel for Plaintiff informed counsel for Defendant by letter that Plaintiff refused to produce any documents. Plaintiff did not, however, seek a protective order from this Court to withhold these documents from Defendant.[4] At his deposition, Plaintiff produced no documentation whatsoever respecting his employment since his deposition in early 2001. Nevertheless, counsel for Defendant proceeded with the deposition in a good faith effort to gather any information Plaintiff could provide from his personal recollection.

Plaintiff's memory at his deposition was imprecise at best. Although Plaintiff stated he has worked for or contracted with at least six (6) other employers since the time of his deposition in February 2001 –including Miami Air, Custom Air Transport, Sunset Entertainment, Horizon Aviation Affinity Airshares, Pan Am, Air Florida Express, and private charter flights he piloted– and that he contracted his personal services through "Patrick S. Major, Inc.", he could not recall any actual amounts he was paid in these positions or provide particular dates.

Plaintiff further stated that he will be leaving his current position with Air Florida Express in the near future to take a position as Manager of Training with Republic Airways in Kentucky. Defendant has no documentation regarding *any* of these subsequent employers or sources of income, and/or the circumstances surrounding the terms of the employment and

---

[4] In an abundance of caution, however, Defendant moved this Court to compel Plaintiff to produce relevant documents pursuant to its subpoena duces tecum. That motion, attached hereto, has not yet been ruled on.

92627_3

**4**

Plaintiff's change of employers. Defendant similarly has no documented information regarding significant periods of time during which Plaintiff claims he was not employed, how many available positions Plaintiff rejected or failed to pursue since February 2001, his efforts at obtaining other employment, or even whether Plaintiff still maintains a valid pilot's license and is otherwise qualified to fly. Such information materially affects the issues of this case, as it is crucial to determining Defendant's liability, if any, for back pay and other remedies sought by Plaintiff.[5] Further, Plaintiff's outright refusal to produce any documentation has made it impossible for Defendant to depose his subsequent employers.

In its Omnibus Order of August 8, 2003, this Court granted Defendant's Motion for Leave to Update Plaintiff's Deposition for the purpose of discussing "post-deposition changes or information known to Plaintiff which may materially affect the issues of this case." The Court also noted:

> [I]t is the basic purpose of the Federal Rule of Civil Procedure 26 that the parties to a civil action obtain, prior to trial, the disclosure of all relevant information in the possession of any person.

Fed.R.Civ.P. 26(e) further provides, in part:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or [to supplement initial disclosures, or amend prior responses to interrogatories, requests for production, and requests for admissions].

Accordingly, Plaintiff had a duty under both the Rules of Civil Procedure and this Court's Order of August 8, 2003, to provide Defendant with information and documentation

---

[5] At the deposition of Plaintiff's expert, his expert acknowledged the possibility that Plaintiff received income not accounted for in the expert's report. Plaintiff's Expert also confirmed his report did not include Plaintiff's new position with Republic Airways, and that he would have to obtain documents to revise his report to reflect this new information and revise his calculations accordingly.

92627_3

relevant to his employment history since his February 2001 deposition, as it is in large part determinative of any entitlement Plaintiff may have to back pay and other remedies pursuant to his claims of retaliation and age discrimination. Plaintiff has, therefore, failed to abide by the federal Rules and this Court's Order, and a continuance is necessary to avoid extreme prejudice to Defendant. S.D. Fla. L.R. 7.6 provides, in pertinent part:

> …[U]pon written notice served and filed at the earliest practical date prior to the trial…and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court.

Plaintiff's employment history including pay history is directly relevant to the issues in this case and is necessary to determine his efforts to mitigate his damages, to reveal any terminations, to determine whether Plaintiff has ever complained of other unlawful conduct or retaliation while employed with other employers, to discover whether Plaintiff has had acrimonious relationships with his subsequent employers which may evidence, have caused or contributed to Plaintiff's discharge from Defendant and other employers, and to provide other relevant employment history in order to adequately prepare a defense to Plaintiff's claim of unlawful discharge. Plaintiff's pay history is particularly important, as back pay awards are limited to proven economic loss. 42 U.S.C. 2000e-5(g) provides in part:

> Interim earnings *or amounts earnable with reasonable diligence* by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

Id. (Emphasis added); *See*, Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984)(As a prerequisite to recovering lost back pay, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment); Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd,

872 F. 2d 393 (11th Cir. 1987). *See also*, Penn v. Heitmeier, 82 FEP Cases 609 (ED La. 2000)(Court found evidence that plaintiff would not navigate vessel which was a necessary part of his job and evidence of his subsequent performance on this issue "highly relevant" to the defendant's defense); Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997)(Court allowed defendant to introduce evidence that the plaintiff had sued three prior employers, as the information was relevant to cast doubt on the credibility of plaintiff's claim for damages); Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D. Ore. 1996)(Permitting defendant in sexual harassment case to subpoena personnel document from plaintiff's prior employers so that defendant could discover whether plaintiff brought similar claims in past and whether her representations regarding her employment history were accurate); Pounds v. Board of Trustees, 2000 U.S. App. Lexis 11037  (4th Cir. 2000)(Court permitted evidence of a plaintiff's complaints of discrimination against other employees, noting that she had previously attributed others' conduct to discrimination).

In addition, Additionally, Amerijet's Director of Operations and corporate representative throughout this litigation, Derry Huff, is scheduled to leave for a prepaid, nonrefundable vacation in Papua New Guinea the evening of September 17, 2003, which was booked in November of 2002. This is a specialty dive trip to a remote region of the world, and could not be rebooked for approximately another year. Mr. Huff will be traveling with 7 other people as part of a group. The trip was prepaid in two payments, one in January and one in June of 2003. This Court had not yet ruled on Defendant's Motion for Summary Judgment at the time the second and final payment for this trip was made, nor had the case been put on the trial calendar. Further, Mr. Huff will be in a remote location and will not be able to be contacted for at least 2½ weeks of this time. He will return Monday, October 13, 2003.

92627_3

Mr. Huff has also been subpoenaed by Plaintiff, and he has attended all depositions conducted by Defendant except for those held during the past week to update information. As there is no other person presently employed by Defendant who possesses Mr. Huff's familiarity with the facts of this case, Mr. Huff's presence at the trial is essential. Defendant affirms that no other person is able to effectively serve as its corporate representative.

WHEREFORE, in order to avoid extreme prejudice, Defendant respectfully requests this Court grant its Motion for Continuance of the Trial Date until on or after October 15, 2003, when Defendant's corporate representative will be back in the country, or, if not produced sufficiently prior to that date, until such date as Plaintiff produces and Defendant has had adequate time to review, all relevant documents in Plaintiff's possession updating his deposition pursuant to this Court's Order of August 8, 2003 and Rule 26 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Susan Potter Norton
Florida Bar No. 0201847
e-mail Snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:    (305) 445-7801
Fax:    (305) 442-1578

92627_3

**8**

# AFFIDAVIT

STATE OF FLORIDA       )
                        )ss:

COUNTY OF MIAMI-DADE  )

By his signature below, Amerijet's Director of Operations Derry Huff does hereby depose and state that:

I will be out of the country on a pre-paid, nonrefundable vacation to Papua New Guinea from Wednesday, September 17, 2003, through Monday, October 13, 2003. This trip was arranged in November of 2002, and was prepaid in two payments, one in January and one in June of 2003.

This is a specialty dive trip to a remote region of the world, and could not be rebooked for at least another year, if at all. I will be traveling with 7 other people as part of a group. I will be in a remote location and will not be able to be contacted for at least 2½ weeks of this time.

I have served as Amerijet's corporate representative throughout these proceedings, and have personal knowledge of the key matters at issue. I have also been subpoenaed by Plaintiff.

There are no other persons employed by Amerijet who are able to effectively serve as Amerijet's corporate representative at trial.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Derry Huff
Director of Operations for Defendant

SWORN AND SUBSCRIBED before me this 11ᵗʰ day of September, 2003.

_____
NOTARY PUBLIC, State of Florida
My Commission expires:
(SEAL)

Personally known ____ Or Produced Identification _____
Type of Identification _____

92627_3

**9**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

LOURDES M. AVILA
MY COMMISSION # DD 228297
EXPIRES: September 5, 2006
Bonded Thru Notary Public Underwriters

## AFFIDAVIT

STATE OF FLORIDA          )
                          )ss:
COUNTY OF MIAMI-DADE      )

By her signature, counsel for Defendant Susan Potter Norton hereby deposes and states:

On September 8, 2003, I deposed Plaintiff Patrick Scott Major for the purposes of updating his deposition information, pursuant to this Court's Order of August 8, 2003.

Counsel for Plaintiff informed me by letter that Plaintiff would not produce any documents relating to the information requested, including wages, benefits, other compensation received by Plaintiff and "Patrick S. Major, Inc." since February 2001; evidence of job searches for claimed periods of unemployment; reasons his relationships with other employers and contractors ended; income tax returns, or documentation legally justifying not filing same; Plaintiff's current licensure, flight hours, and other qualifications.

Plaintiff failed to bring any documents to his deposition.

These documents materially affect the issues of this case and are essential to the defense, as they pertain to calculation of back pay, mitigation of damages or withdrawal from the job market, credibility respecting job performance and competency, and for impeachment purposes.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Susan Potter Norton

SWORN AND SUBSCRIBED before me this _____ day of September, 2003.

_____
NOTARY PUBLIC, State of Florida
My Commission expires:
(SEAL)

> PEGGIE P. THORNE
> MY COMMISSION # DD 095818
> EXPIRES: June 28, 2006
> Bonded Thru Notary Public Underwriters

Personally known _____  Or Produced Identification _____
Type of Identification _____

92627_3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. mail, postage prepaid, on this 11th day of September, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
    Weihe & James, P.A.
500 East Broward Boulevard
Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

**Attachment**

## Patrick Major v. Amerijet
### Schedule of Mitigating Employment
### For the Period August 1998 - October 1, 2013
### (Exhibit E)

| | Period 8-5-12/31/98 | Year 1999 | Year 2000 | Year 2001 | Year 2002 | Year 2003 | Year 2004 | Year 2005 | Year 2006 | Year 2007 | Year 2008 | Year 2009 | Year 2010 | Year 2011 | Year 2012 | Period 11-1-10/1/13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hourly Rate of Pay (thru 9/v/99) | $ 46.00 | $ 52.53 | | | | | | | | | | | | | | |
| (1) Actual Regular Wages | 14,973.00 | 33,573.30 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| (2) Actual Int'l Credit @ $3 and $5 per hour | | | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| (3) Actual Per Diem $1.25/Hour | 738.87 | 946.67 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Am Int'l Flight Academy; (4) Annual Salary $50,000 (11-18/00) | | | 32,061.39 | 32,312.67 | - | - | - | - | - | - | - | - | - | - | - | - |
| Air; Annual Salary $46,000 (Start Date 8/21/00) (Ending Date 7/19/01) | | | 17,661.76 | | | | | | | | | | | | | |
| (5) Major Inc. (for Custom Air Transport Tutorial) | | | | 2,400.00 | 1,707.00 | | | | | | | | | | | |
| (6) SM Entertainment, Inc. | | | | | 6,000.00 | | | | | | | | | | | |
| (7) Aviation Affinity Airshares, Inc. | | | | | 13,462.00 | | | | | | | | | | | |
| (8) Florida Express, Inc. (for Patrick S. Major, Inc.) | | | | | | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 37,500.00 |
| Unemployment Compensation | | | | 5,225.00 | 5,500.00 | | | | | | | | | | | |
| (15) Annual Wages | 15,711.87 | 34,519.97 | 49,723.15 | 39,937.67 | 28,669.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 37,500.00 |
| **Fringe Benefits:** | | | | | | | | | | | | | | | | |
| (9) ...ation @ rate of pay | 1,064.99 | | | | | | | | | | | | | | | |
| (10) ...holidays @ 15 hours/yr @ rate of pay | 345.00 | | | | | | | | | | | | | | | |
| (11) (b) Employer Match | 299.46 | 671.47 | | | | | | | | | | | | | | |
| (12) Health Insurance | 650.89 | 1,070.16 | 3,430.89 | 2,229.54 | | | | | | | | | | | | |
| (13) Life Insurance | 608.22 | 1,000.00 | | | | | | | | | | | | | | |
| (14) ...edical/Dismemberment Insurance | 2,440.99 | 4,013.33 | | | | | | | | | | | | | | |
| Total Fringe Benefits | 5,409.55 | 6,754.96 | 3,430.89 | 2,229.54 | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Wages and Fringe Benefits | 21,121.42 | 41,274.93 | 53,154.04 | 42,167.21 | 28,669.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 37,500.00 |
| Total Benefits % of Wages | 34.43% | 19.57% | 6.90% | 5.58% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% |

Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF'S PRODUCTION OF DOCUMENTS DUCES TECUM

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and Rules 26, 30 and 37 of the Federal Rules of Civil Procedure, hereby files this Motion to Compel Plaintiff's Production of Documents Duces Tecum and in support thereof states the following:

1.    Plaintiff is scheduled to be deposed on September 4, 2003.

2.    Pursuant to this Court' s Order permitting Plaintiff to be deposed to update his deposition as to post deposition changes or information known to Plaintiff which may materially affect the issues of this case, Defendant has set Plaintiff's deposition and requested he produce documents regarding his employment and finances since his last deposition. See Exhibit A.

92467_1

3.    Plaintiff's counsel has refused to produce any of the documents requested in the Notice of Taking Deposition Duces Tecum. See Exhibit B.[1]

4.    In order to properly prepare for Plaintiff's deposition, Defendant seeks records and documents from Plaintiff regarding his employment and income subsequent for the past two (2) years and subsequent to his deposition, and any of his alleged damages claimed or incurred since his deposition.

5.    The documents requested by Defendant are those which may materially affect the issues of this case including:  Plaintiff's job searches, efforts and attainment of employment and/or income producing endeavors.

6.    Plaintiff's counsel has made it clear she has no intention to produce the documents requested in Defendant's Notice.

7.    In order that Defendant is fully prepared for the deposition of Plaintiff and has all the information required to update his claim since his most recent deposition, Defendant seeks leave of this Court to compel Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

8.    Without the requested documents, Defendant is unable to ascertain Plaintiff's claims for damages and/or any efforts at mitigating his damages since February 2001.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC. respectfully requests this Court to grant its Motion to Compel the Production of Documents Duces Tecum.

---

1  Defendant previously requested by Motion the Court grant leave for Defendant to subpoena Plaintiff's employment records subsequent to his deposition.  At the time of the filing of the Motion, Plaintiff's counsel has not responded. Although Plaintiff's counsel later disclosed they had no objection to the subpoenas, this Court had denied the Defendant's Motion by Order dated August 22, 2003.

92467_1

**2**

## MEMORANDUM OF LAW

Pursuant to its Notice of Taking Deposition Duces Tecum, Defendant seeks to obtain updated information from Plaintiff relating to his claim, his damages and his efforts at mitigation since his deposition in February, 2001.

Rule 26(e) Federal Rules of Civil Procedure provides:

> A party who has . . .responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court . . . .

Because Plaintiff's Counsel has indicated she will not produce any of the documents requested and Defendant requires these documents to determine Plaintiff's alleged damages and efforts at mitigation, Defendant hereby seeks an order compelling Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

92467_1

**3**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail, postage prepaid, on this _26th_ day of August, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN                    DISTRICT OF    FLORIDA

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendants.

**SUBPOENA FOR VIDEOTAPE DEPOSITION DUCES TECUM IN A CIVIL CASE**

CASE NUMBER: 00-6070-CIV-ZLOCH
Magistrate Judge Snow

TO:    **Patrick Scott Major**
       **1722 West Las Olas Boulevard**
       **Fort Lauderdale, Florida 33**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE,**<br>**CORAL GABLES, FL 33134** | DATE AND TIME<br>**September 4, 2003**<br>**10:00 A.M.** |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **See Attachment A.**

| PLACE<br>**ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE,**<br>**CORAL GABLES, FL 33134** | DATE AND TIME<br>**September 4, 2003**<br>**10:00 A.M.** |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*SW Blane*      Attorney for Defendant | DATE<br>August _19_ ,2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Susan Potter Norton, Esq., Allen, Norton & Blue, P.A. 121 Majorca Avenue,**
**Coral Gables FL 33134  Tel: 305- 445-7801**

92381v1

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)



**EXHIBIT**

A

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Attachment "A"**
**To Subpoena Duces Tecum**
**For Production Of Documents**

TO:    Patrick Major
       1722 West Las Olas Boulevard
       Ft. Lauderdale, Florida 33

You are commanded to appear for a deposition on September 4, 2003, at 10:00 A.M. at the law firm of **Allen, Norton & Blue, P.A.**. In addition to your appearance, you are also commanded to bring with you to your deposition the following documents:

- Copy of Plaintiff's Logbook from February 2001 to present
- Copy of all Plaintiff's pilot training records since February 2001
- Copy of all Plaintiff's records from the FAA since February 2001
- Any and all of Plaintiff's documents from any employer since February 2001
- Any and all of Plaintiff's current evaluations, letters, articles, memos, instructions, comments or other writings regarding any employer or potential employer since February 2001
- Federal income tax return and supporting documents including W-2s or W-4s from 2001 to present.
- Any and all financial statements prepared since February 2001.
- Any and all W-2 forms since February 2001.
- Any and all calendars, notebooks, and diaries for 2001 through present.
- Any test results since 2001.
- Any communication with any school, training facility pertaining to aviation from 2001 to present, including tests, notes, booklets, applications.
- Correspondence from any school, training facility pertaining to your efforts to obtain level of Captain from 2001 to present.
- Any correspondence between 2001 and present from any organization, including school or training facility, rejecting your application for Captain and/or dismissing you from such organization.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for the years 2001 - present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for any businesses owned, operated, or participated in by Plaintiff for 2001- to present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any documents provided to you reflecting, referring to or indicating any assets, liabilities, revenues, expenses, income, or earnings of Plaintiff and any businesses

owned, operated or participated in by Plaintiff, during the years 2001- to present.

- Any documents provided to you reflecting, referring to or indicating any stock certificates, bank statements, statements from any account(s) holding money, property, assets, or income of Plaintiff, and any businesses owned, operated, or participated by Plaintiff during the years 2001 – to present.

- Any and all documents reflecting, referring to, or indicating any profits for the years 2001 – to present, or any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting expenses for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting assets for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting revenues for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all balance sheets, profit and loss statements, income statements, and trial balances or any documents used to prepare the aforementioned documents for the years 2001– to present, prepared by or for any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all Articles of Incorporation and By-laws of any businesses owned, operated or participated in by Plaintiff, including any and all prior versions and amendments to said documents since February 2001.

- Any and all correspondence and/or documents of any businesses owned, operated or participated in by Plaintiff filed with or received from the Securities Exchange Commission since February 2001.

- Any and all partnership agreements entered into by any businesses owned, operated or participated in by Plaintiff since February 2001.

- Any and all revenue and/or profit projections for any part of those years of any businesses owned, operated or participated in by Plaintiff which include the year 2001 and/or any year thereafter.

- Any and all agreements or documents reflecting, referring to or pertaining to the compensation and/or payments to be paid to Plaintiff in connection with any businesses owned, operated or participated in by Plaintiff, whether as an employee, director, executive, owner, or shareholder of that company or otherwise since February 2001.

- Any and all documents reflecting Plaintiff's ownership or interest in any businesses owned, operated or participated in by Plaintiff, including but not limited to documents reflecting the number of shares of stock owned by Plaintiff and the right to income or to a share of profits or revenues accorded to Plaintiff since February 2001.

- Any and all records, files, memoranda, or any other documents reflecting, referring or pertaining to any form of compensation or payment to Plaintiff; all employment applications, personnel files and employment contracts of or relating to Plaintiff; all

documents referring to any health insurance, life insurance, pension plan, stock options or vacation benefits of or relating to Plaintiff since February 2001.

If any records responsive to any identified request do not exist, you must indicate so in a signed, sworn, and notarized document.

# HEINRICH
# GORDON
# HARGROVE
# WEIHE
# & JAMES
PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No. (954) 519-1524

August 20, 2003

**VIA FACSIMILE**
Susan Potter Norton, Esq.
Dionne Wilson-Blake, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL  33314

Re:     Major v. Amerijet
        Our File No. 81975.002

Dear Ms. Norton and Ms. Blake:

I am in receipt of your notices of taking deposition of Patrick Major, James Gilbert and Jose Pagan. However, we did not agree they be scheduled to take place in your office in Coral Gables. This case is pending in Ft. Lauderdale, Patrick Major lives in Ft. Lauderdale, Jose Pagan is in Ft. Lauderdale, and Jim Gilbert is in Deerfield Beach. Please re-notice Patrick Major and Jose Pagan's deposition for Ft. Lauderdale. You may use my office for these depositions. Also, please re-notice Jim Gilbert's deposition in his office in Deerfield Beach, or at the very least, in my office.

If you insist on taking plaintiff's experts' depositions outside the Ft. Lauderdale or Deerfield Beach areas, please be advised that their deposition fees are portal to portal. As stated in plaintiff's expert disclosure, Mr. Pagan's fee is $125 per hour, and Mr. Gilbert's fee is $220 per hour. You will need to bring checks at the time of their depositions for whatever time you use; otherwise, the depositions will not go forward. If the experts are to be taken outside this area, please confirm in writing that you will be bringing checks at their depositions paying their deposition fees portal to portal.

I also note that you have subpoenaed Patrick Major duces tecum. Not only is a subpoena duces tecum an improper means in which to obtain documents from a party, it clearly attempts to

EXHIBIT

B

**August 20, 2003**
**Page 2**

circumvent Rule 34 of the Federal Rules by requesting a party to produce documents in less than 30 days. Your laundry list of documents requested to be produced at my client's deposition is not in accordance with the court's order allowing defendant to take an update deposition, not re-opening discovery of my client. Patrick Major has produced all documents in his possession which are responsive to defendant's first request for production dated February 17, 2000. Therefore, Mr. Major will not be producing these documents at his deposition.

Please provide our office with amended notices of taking deposition.

Very truly yours,

**VALERIE SHEA**
For the Firm

VS:ddk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION FOR CONTINUANCE TO AVOID EXTREME PREJUDICE

THIS CAUSE having come before the Court on Defendant's Motion for Continuance of

the trial date, and for good cause shown, it is

ORDERED and ADJUDGED as follows:

Defendant's Motion for Continuance to Avoid Extreme Prejudice is hereby _____.

_____

_____

_____

DONE and ORDERED in Fort Lauderdale, Broward County, Florida on this ____ day of

September, 2003.

_____
DISTRICT COURT JUDGE

Conformed copies furnished to:
      Susan Potter Norton, Esq.
      Valerie Shea, Esq.

92706_1

Patrick Scott Major v. AmeriJet International, Inc.

CASE NO.: 00-6070-CIV-ZLOCH / Snow

Service List

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
    Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Tel.    (954) 527-2800
Fax:    (954) 524-9481
Counsel for Plaintiff


Susan Potter Norton, Esq.
Dionne Wilson Blake, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:    (305) 445-7801
Fax:    (305) 442-1578
Counsel for Defendant