UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

NIGHT BOX FILED

SEP 12 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**DEFENDANT AMERIJET'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF THE FEDERAL AVIATION ADMINISTRATION'S
INTERIM FINDINGS / REPORTS OF FLIGHT 827
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "Defendant" or "AmeriJet"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 7, and Rules 7.1 and 16.1(J), S.D. Fla. L.R., hereby files its Motion In Limine To Exclude Evidence of the Federal Aviation Administration's Interim Investigative Report of Flight 827. In support thereof, AmeriJet states as follows:

1. AmeriJet reasonably anticipates that Plaintiff PATRICK SCOTT MAJOR (hereinafter "Plaintiff") will attempt to introduce evidence regarding the Federal Aviation Administration's (hereinafter "F.A.A.") interim findings and/or reports of its investigation into Flight 827.

2. As this Court has ruled that Plaintiff may proceed with his claims of retaliatory discharge, Defendant reasonably anticipates that the F.A.A.'s final

92610_1.DOC

1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



findings/report of this incident dated November 9, 2001 will be admitted into evidence. In fact exhibits 79-96 of Plaintiff's exhibit list relate to these interim findings.

3.  However, any preliminary interim findings or reports are hearsay, were not the final findings of the agency and not covered by any exception or exemption to the Federal Rules of Evidence (FRE), including Rule 803(8).

4.  Introduction of any such findings or interim reports would serve no legitimate purpose, and would be unfairly prejudicial to AmeriJet.

5.  Further, this evidence has no relevance to Plaintiff's claim of retaliatory discharge as all these correspondence occurred after Plaintiff's discharge and so could not be related to the reason for his termination.

6.  Moreover, even if relevant, which it is not, any potentially probative value of this evidence would be greatly outweighed by unfair prejudice, as well as the likelihood it will confuse the issues and mislead the jury. For these reasons, all interim findings or reports of the FAA should be precluded from the trial of this action pursuant to Rule 403 of the Federal Rules of Evidence.

ACCORDINGLY, AmeriJet respectfully requests this Court issue an Order precluding Plaintiff from introducing any evidence of the FAA's interim findings or report of its investigation of Flight 827.

## MEMORANDUM OF LAW IN SUPPORT

I. **Admissibility Of The FAA's Final Report Findings Under Federal Rule of Evidence 803.**

The Federal Aviation Administration (FAA) has authority to promote aircraft safety by regulation of civil aircraft in air commerce. 49 U.S.C. §1421(a). Any operation

that "directly affects, or which may endanger safety in, interstate, overseas, or foreign air commerce" is included in the definition of air commerce. 49 U.S.C. §1301(4). Pursuant to general statutory authority, the Administrator of the FAA has issued extensive rules, regulations and minimum standards designed to enhance the safety of civil aeronautics. *See generally*, 14 C.F.R. Parts 1-199.

As such, a final report by the F.A.A., made pursuant to its statutorily-granted authority, is generally recognized as a public record exempt from the hearsay prohibitions of the Federal Rules of Evidence (FRE). FRE 803(8) provides in relevant part:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth… (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report…or (C) in civil actions…factual findings *resulting from an investigation made pursuant to authority granted by law*, unless the sources of information or other circumstances indicate lack of trustworthiness.

Id. (Emphasis added); *See also*, Baker v. Firestone Tire & Rubber Co., 793 F.2d 1196 (11th Cir.,1986)(FRE 803(8)(C), permitting receipt of public reports as exception to hearsay rule, permits introduction of factual findings of an objective government investigation.); F.A.A. v. Landy, 705 F.2d 624 (2nd Cir.,1983)(F.A.A.'s factual findings resulting from an investigation were admissible as a public record and report under FRE 803(8)(B) and (C).)

The final finding or conclusion of the FAA"s investigation into the incident of August 17, 1999 is the result of "an investigation made pursuant to authority granted by law" by the F.A.A., and therefore properly falls under the 803(8)(C) hearsay exception.

*See*, <u>Melville v. American Home Assur. Co.</u>, 443 F.Supp. 1064, 1112 and FN71 (D.C.Pa. 1977)(F.A.A. factual findings resulting from an investigation are excepted by FRE 803(8)(C) because "an investigation, a prerequisite to a report under 803(8)(C), is paradigmatically an investigation of a specific occurrence in the past, rather than the forward-looking and class-oriented studies" which would be covered by 803(8)(B).) Because this Court has ruled that Plaintiff may proceed with his retaliation and age discrimination claims, it is likely the F.A.A.'s final report will be admitted into evidence.

However, Defendant reasonably believes that Plaintiff will attempt to introduce into evidence interim communications, reports and findings of the FAA during the trial of this action. In fact, Plaintiff has identified numerous interim documents on its exhibit list. (Plaintiff's Exhibit List, exhibits 79-96). Defendant submits that these preliminary findings, reports or communications are not "factual findings" of a government agency, as it was superseded by the F.A.A.'s final report of November 9, 2001. As such, any such interim information is neither relevant nor covered by any hearsay exemption or exception, and for these reasons Plaintiff should not be permitted to introduce such evidence. *See*, <u>City of New York v. Pullman Inc.</u>, 662 F.2d 910 (C.A.N.Y., 1981)(By its own terms, interim staff report of government agency report is not final report or finding of a government agency within the meaning of Rule 803(8)(C); as an "interim report subject to revision and review, the report did not satisfy express requirement of the Rule that the proffered evidence must constitute the "findings" of an agency or official."); <u>Smith v. Isuzu Motors Ltd.</u>, 137 F.3d 859, 862-63 (5th Cir.,1998)("[I]nterim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements."); *See also*, <u>Figures v. Board of Pub. Util.</u>, 967 F.2d 357, 360 (10th Cir.,1992)(draft of proposed

letter from area director of government agency to municipal administrative agency was properly excluded because it did not represent agency finding); United States v. Gray, 852 F.2d 136, 139 (4th Cir.1988)(district court properly refused to admit tentative internal IRS referral report because it did not contain "agency factual findings"); United Air Lines, Inc. v. Austin Travel Corp., 867 F.2d 737, 743 (2d Cir.,1989)(district court did not abuse its discretion in excluding government reports that it concluded were untrustworthy because of the "interim or inconclusive nature of the reports...").

Further, any interim findings have no relevance to this case because they were made after Plaintiff's discharge. Plaintiff's claim is limited to the reason and motive for his discharge, and as such, the findings of the FAA after his discharge have no relation to the motive or intent behind his discharge. As such, these findings are not relevant.

II.     **Admissibility Of The FAA's Final Report Findings Under Federal Rule of Evidence 803.**

Even if this Court should find that the interim findings or report were in some manner relevant to the facts and issues of this case, any probative value this report may have is substantially outweighed by the risk of unfair prejudice to the Defendant, confusion of the issues, and misleading of the jury, particularly if the F.A.A.'s final finding as to this incident is admitted into evidence. FRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

It is the province of the district court judge to determine whether and which portions of any government report will be introduced into evidence. In making this

92610_1.DOC

determination, the court may take into account a number of factors, including issues raised by Rules 403 and 803(8)(C). In <u>Barfield v. Orange County</u>, the court held:

> In deciding whether and what parts of EEOC determinations and reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(C), and whether it presents problems cognizable under Rule 403.

<u>Barfield v. Orange County</u>, 911 F.2d 644, 650 (11th Cir.,1990) (Internal citations omitted); *See also*, <u>Control Components, Inc. v. Valtek, Inc.</u>, 609 F.2d 763, 769 (C.A.Tex., 1980)(Trial court did not abuse its discretion in excluding from evidence in patent case the written findings made by the patent examiner, as that report was nonfinal agency action which included the examiner's opinion on the ultimate issue of validity.), *citing* Rule 403.

Where, as here, a government agency's preliminary, interim findings, notices and report suggests inferences different from that agency's final investigative report of the same incident, the potential for problems under Rule 403 are both obvious and profound, and any probative value of such an interim report is vastly outweighed by the unfair prejudice its introduction would certainly cause Defendant. This is especially so where the agency's *final* report is available, and both parties have indicated a desire to have the final report admitted into evidence.

WHEREFORE, based on the foregoing, AmeriJet respectfully requests the Court grant its Motion In Limine and exclude any evidence of the Federal Aviation Administration's preliminary findings, notices or reports of its Investigation Of Flight 827.

Respectfully Submitted,

*[signature]*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:    (305) 445-7801
Fax:   (305) 442-1578

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 11th day of September, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

*[signature]*
Attorney