UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OBJECTIONS

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and this Court's Order on Trial Instructions dated May 30, 2003, hereby files this Motion to Strike Late-Filed Objections Incorporating Memorandum of Law.

Defendant's objections to Plaintiff's exhibits were timely filed in accord with this Court's Order on Trial Instructions dated May 30, 2003. Plaintiff's Motion seeks to strike Defendant's objections to Plaintiff's Exhibit List based upon the Parties' filing of a Pretrial Stipulation pursuant to the Court's Order for Pretrial Conference dated May 30, 2003. Plaintiff implies that pursuant to the Court's Order for Pretrial Conference, the submission of the Parties' Pretrial Stipulation with attached Exhibit Lists precludes any further objections to exhibits. However, although the Order required compliance with Local

not specifically set a deadline for filing objections to exhibits. On the same date, the Court also issued its Order on Trial Instructions. In this Order, the Court sets the deadline for objecting to exhibits. Specifically the Order states:

> 10. All parties will premark the exhibits they intend to introduce. In civil cases, the numbers must conform to the pretrial exhibit list. Any portions of depositions to be used at trial should be premarked and identified. Except for impeachment purposes, only the exhibits individually listed in the Pretrial Stipulation or Unilateral Pretrial Catalog shall be permitted for use at trial. Designating general categories of documents or other materials as exhibits (i.e. "All correspondence between the parties") is insufficient. <u>Any objection to an exhibit and the reason for the objection must be filed in writing prior to the Pretrial Conference or it shall be deemed waived</u>. (Emphasis in original removed)

The Pretrial Conference in this matter was held on September 12, 2003. Prior to the Pretrial Conference and in accord with the Court's Order on Trial Instructions dated May 30, 2003, Defendant served in writing its objections to Plaintiff's Exhibit List. The objections were filed on the same date.

Further, the issue of exhibits in this case has not been resolved as there are pending motions regarding the production of documents by Plaintiff in this case. In addition, there is a pending Motion in Limine which pertains to the majority of documents objected to on Plaintiff's Exhibit List. Finally, the trial of this action is not scheduled for at least another month. As such, Plaintiff's argument that Defendant's objections will result in prejudice against them in this action is without merit.

Based on the foregoing, Defendant respectfully requests Plaintiff's Motion To Strike Late-Filed Objections Incorporating Memorandum of Law be denied.

92837_1.DOC

2

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 18th day of September, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney