UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY:_____ D.C.

2003 SEP 25  PM 1: 15

CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S MOTION FOR PRETRIAL CONFERENCE

COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through

the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules

hereby files this Response to Plaintiff's Motion for Pretrial Conference and in support

thereof states the following:

Plaintiff's complaint is based in large part upon his own conduct in not producing

documents pursuant to Defendant's Notice of Taking Plaintiff's Deposition Duces Tecum

and it is this inaction that has necessitated Defendant's amendment to its witness and

exhibit list.  An additional Pretrial Conference in this case would only waste judicial time

and resources.  The issues Plaintiff disputes are currently pending before the Magistrate

Judge.  Thus, at this time to require the Court to hold an additional Pretrial Conference to

address these issues is unnecessary.  Moreover, in its Omnibus Order, the Court granted

Defendant's Motion to amend its witness and exhibit list to reflect information obtained

92854_1.DOC

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

regarding material changes since Plaintiff's deposition in February 2001.   These are the

witnesses and documents included in Defendant's amended witness and exhibit list.

Plaintiff's request for a Pretrial Conference is primarily based upon one central issue

– the production of information by Plaintiff and his subsequent employers pertaining to his

employment since his discharge from employment with Defendant.    Defendant has

requested information regarding Plaintiff's six (6) subsequent  positions during the two (2)

year pendency of its Motion for Summary Judgment and Plaintiff has vehemently objected

to providing any relevant or substantive information regarding same.   Plaintiff's objections

to Defendant's Witness and Exhibit list and Defendant's pending Motion to Compel and

Motion to Produce Personnel Records are all centered in a dispute between the Parties

where Defendant's request and need for this information has been briefed, argued before

the Court at the Pretrial Conference held in this case on September 12, 2003 and has

since been referred for resolution to the Magistrate Judge assigned to this matter.   Thus,

an additional  pretrial conference in this matter is unnecessary.

**A.      The additional witnesses are Records Custodians and Corporate Representatives of Plaintiff's subsequent employers.**

In this Motion, Plaintiff claims that the Amended Witness list for Defendant has 52

witnesses while the previous list had only 24, and thereby objects to the amendment of the

list.   However, Plaintiff's Motion does not consider the Court's Order of August 8, 2003

permitting Defendant to amend its witness list once Plaintiff provided information as to the

material changes since his deposition.  Further, Plaintiff fails to note that 26 of those "new"

witnesses are individuals Defendant had no alternative but to include because to date

Plaintiff has not complied with the complete production of updated information relevant to

92854_1.DOC

2

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

the material changes since his deposition in February 2001.  Defendant had to include record custodians and corporate representatives of all his subsequent employers in the event the Court permitted production of related documents. Plaintiff's own conduct has necessitated Defendant's amendment of the witness and exhibit list.  Because of Plaintiff's refusal to comply with Defendant's requests, Defendant does not know which, if any, of the Plaintiff's subsequent employers may be required to testify in the trial of this action. Further, in light of the Court's previous Order setting pretrial conference for September 12, 2003 and the trial of this action anytime thereafter, Defendant had no alternative but to file the Amended Witness List on September 11, 2003.

**B.** **The additional exhibits are the records which pertain to Plaintiff's subsequent employment.**

Likewise, on September 11, 2003, Defendant filed its Exhibit list adding documents directly pertaining to Plaintiff's subsequent employment.  Again, Defendant had no alternative but to include these documents in the event these documents were produced or otherwise obtained.  Curiously, Plaintiff has both refused to provide the documents which in part necessitated the filing of Defendant's Amended Witness and Exhibit list, and now complains about Defendant's conduct in so doing.

Finally, as to Plaintiff's complaint that Defendant has contacted his current employer (for which Defendant has not obtained any documents whatsoever) Defendant has previously explained to Plaintiff that additions to the exhibit and witness list anticipate the Court's ruling on the pending motions relating to Plaintiff's subsequent employers.  As for any subpoenas issued by Defendant, the Court's instruction indicated that absent the

92854_1.DOC

granting of Defendant's Motion for Continuance the Parties were to be prepared to commence trial. Of course, this included subpoenaing trial witnesses.

Because the basis for this Motion is currently pending before the Magistrate, and in an attempt to avoid waste of judicial time and resources, Defendant submits Plaintiff's Motion should be denied at this time for an additional Pretrial Conference is not necessary.

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 25th day of September, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

Attorney