UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE F.A.A.'S INTERIM FINDINGS / REPORTS OF FLIGHT 827

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "Defendant" or "AmeriJet"), hereby files its Reply in support of its Motion in Limine, and states the following in support thereof:

The Interim Report, Investigative Report and any related documents are properly excluded from the trial of this action as hearsay pursuant to Rule 803(8) of the Federal Rules of Evidence. Plaintiff's Motion does not dispute this undeniable fact, nor does he cite to any case law to support his Response. The only findings which are admissible and should be permitted in this action are those of November 9, 2001 which are the final agency findings.[1]

---

[1] This matter was not fully briefed or decided by this Court because Defendant's previous Motion in Limine was filed in early 2001, prior to the F.A.A.'s issuing its final order. Moreover, the Court's denial of Defendant's Motion clearly stated the Motion was denied without prejudice.

92850_3.DOC

1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



This matter has not been fully briefed or decided by this Court because Defendant's previous Motion in Limine was filed in early 2001, prior to the FAA's issuing its final order. Further, the Court's denial of Defendant's Motion clearly stated it was denied without prejudice.

## MEMORANDUM OF LAW

The Rules of Evidence and the case law are clear and undisputed - interim, preliminary agency reports are inadmissible as hearsay pursuant to Rule 803(8), Federal Rules of Evidence. Plaintiff's arguments otherwise are wholly without basis in law or fact. The reports Plaintiff seek to introduce during the trial of this action are interim reports and thus not admissible. See <u>Smith v. Isuzu Motors Ltd.</u>, 137 F.3d 859, 862-63 (5th Cir.,1998)("[I]nterim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements.")

<u>Interim Agency Reports are hearsay</u>

The reason the F.A.A.'s interim report and correspondence are inadmissible is exactly the reason Plaintiff seeks to introduce the reports. However, it is well established within the rules of evidence that only the findings of the Final Report are the Agency's determination as to the complete investigation. These are the only findings exempt from the hearsay rules:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth… (C) in civil actions…factual findings resulting from an investigation made pursuant to authority granted by law...

Federal Rules of Evidence, Rule 803

92850_3.DOC

2

Interim and preliminary reports, such as those Plaintiff seeks to introduce here, do not meet the requirements for exemption under Rule 803(8). As the court in City of New York v. Pullman Inc. held:

> As an interim report *subject to revision and review*, the report did not satisfy the express requirement of the Rule [803(8)(C)] that the proffered evidence must constitute the "findings" of an agency or official.

City of New York v. Pullman Inc., 662 F.2d 910, 914 (C.A.N.Y., 1981) (Emphasis added), *citing* Zenith Radio Corp. v. Matsushita Electric Industrial Co., 505 F.Supp. 1125, 1145 (E.D.Pa.1980).

### The Reports and related documents were all made after Plaintiff's discharge

Any argument by Plaintiff that the reports themselves are the basis for his retaliation case and thus are the basis for his claim are likewise without merit. Plaintiff's claim is one of unlawful discharge for reporting unlawful activity. However, his complaint to the F.A.A. was made after his discharge and as such could not form the basis for his discharge. Because Plaintiff's claim is limited to the reason and motive for his discharge, any information including his reporting of conduct after his discharge or any preliminary findings of the F.A.A. *after* his discharge has no relevance to the reason for his termination.

To the extent Plaintiff claims Defendant's objections to its exhibits relating to the F.A.A.'s preliminary reports are untimely, Defendant has fully responded to this argument in its September 18, 2003 Response to Plaintiff's Motion To Strike Defendant's Objections. Defendant's objections were served upon Plaintiff prior to the pretrial conference and in accord with the Court's Order of May 30, 2003.

92850_3.DOC

3

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

WHEREFORE, based on the foregoing, AmeriJet respectfully requests this Court grant its Motion In Limine and exclude any evidence of the Federal Aviation Administration's preliminary findings, notices or reports of its investigation of Flight 827.

Respectfully Submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 25th day of September, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

Attorney