UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

NIGHT BOX
FILED
OCT - 8 2003
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO MAGISTRATE'S
## ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL

Defendant, AMERIJET INTERNATIONAL, INC., pursuant to S.D.Fla.R. Magistrate Judge Rule 4(a)(1), objects to the Magistrate's Order of September 24, 2003 as clearly erroneous:

1. The Order results in a decision that an employer has no right to discover complete information regarding Plaintiff's job history, interim, earnings, and employment records prior to trial although this information directly affects his entitlement to backpay, reinstatement and other damages.

2. Further, the Order finds that the Defendant has to accept Plaintiff's statement as to his job history, earnings, employment history and circumstances with no opportunity to confirm the information provided.

3. The Magistrate's Order contradicts this Court's Omnibus Order, and is also contrary to the law regarding Defendant's discovery of information regarding

93114_1.DOC

1
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



        Plaintiff's back pay and other remedies, as well as Plaintiff's duty to mitigate his damages.

4.    The Order is erroneously premised upon the assumption that Plaintiff has provided responses to the information sought and that Plaintiff's expert provided the responsive documents at his deposition. This is false. There is nothing in the record to confirm and in fact Plaintiff has not produced documents which were requested by Defendant, nor did the plaintiff's expert produce or even have all the relevant requested documents.[1]

5.    Moreover, during the two (2) year lapse in time between Defendant's Motion for Summary Judgment, and the Court's Order, Defendant has not been able to obtain relevant information of Plaintiff's employment with at least six (6) other employers. Specifically, neither Plaintiff or his expert has provided information regarding Plaintiff's job search efforts, attainment of employment and/or income producing endeavors since February 2001, his actual job responsibilities with subsequent employers, his capabilities in the aviation field, his employment evaluations, and the reasons for Plaintiff's separation of employment with those employers. All of this information relates to material changes in Plaintiff's circumstances which should be disclosed per the Court's Order of August 8, 2003.

---

[1] Indeed, Plaintiff's expert himself conceded the possibility that Plaintiff received income not accounted for *in the expert's report*. Plaintiff's expert also confirmed that his report *did not include* Plaintiff's new position with Republic Airways, and that he would have to obtain documents to revise his report to reflect this new information and revise his calculations accordingly.

93114_1.DOC

6. Further, the Magistrate's Order does not account for the information requested in Defendant's Motion for Personnel Records. This information cannot necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers. As such, Plaintiff and his expert may not have access to these relevant and material documents. The Magistrate's denial of these documents amounts to a ruling that Defendant is not entitled to discovery employment information regarding the two (2) year period prior to trial.

## MEMORANDUM OF LAW

### I.   Objections To Magistrate's Rulings

Pursuant to 28 U.S.C. §636 (b)(1)(A) and Fed.R.Civ.P. 72(a), this Court shall reconsider pretrial matters determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  Further, the District Judge "shall set aside any part of the Magistrate Judge's order found to be clearly erroneous, or contrary to law." S.D. Fla. L.R. Rule 4 (a)(1) Magistrate Judge Rules. In the instant case, Defendant objects to the Magistrate's Order denying Defendant's motion, based on the judge's rulings:

1. That the discovery sought by Defendant "is beyond the scope permitted by the Court's Order of August 8, 2003," and;

2. That "[t]he Plaintiff's responses to these motions state that all discovery has been supplemented recently, and much of the requested information would be provided at the deposition of the plaintiff's expert witness."

The aforementioned rulings directly contradict the record below in this case and the representation of counsel for both parties at the Pretrial Conference held in this matter on September 12, 2003.  As such, the ruling is clearly erroneous and should be set aside.

93114_1.DOC

4

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## II. Federal Rules And Caselaw In Support Of Defendant's Objections

The Magistrate's Order finding that the discovery sought by Defendant "is beyond the scope permitted by the Court's Order of August 8, 2003" is clearly erroneous in light of the plain language and stated purpose of this Court's Omnibus Order. In addition, the finding is contrary to established law with respect to Defendant's liability for back pay, determination of back pay, and any other applicable remedies, as well as Plaintiff's duty to mitigate his damages. The Court's Order required Plaintiff to update his information regarding material changes since his February 2001 deposition. Although Plaintiff attended his deposition, he has absolutely refused to provide the documentation sought to comply with the Court's Order. Further, Plaintiff's economic expert did not have current information regarding Plaintiff's employment and could not confirm he had received <u>all documents</u> regarding Plaintiff's interim income during the two (2) year period.

Despite his representations otherwise, Plaintiff has not produced the documents sought by Defendant. These documents have not been provided to Defendant, nor have they been provided to his own economic expert. Plaintiff's expert acknowledges:

> Q. . . . So you cant say for certain whether the income accounted for on this exhibit is representative of all the income Mr. Major received during this time period?
> A. **Mr. Major represented all of this income to me as being the total.** If there is something that has been left out it would have been because Mr. Major would have probably omitted it by error.

Gilbert Dep., p. 23, ll. 22-25; p. 24, ll. 1-3 (emphasis added)

> A. I don't know.

Gilbert Dep., p. 24, l. 21

Q, And your calculations were based upon the income Mr. Major would have received as a first officer, correct?
A. Correct.
Q. Okay. Do you know why Mr. Major left PanAm?
A. No, I don't recall offhand. Unless I stated it in the report, I certainly don't recall.
Q. What about why he left Miami Air?
A. Same answer.
Q. Does the reason why he left any of the jobs or any of his positions prior to Air Florida affect your report?
A. **I'm not aware of any specific reason that affected the report.**
Q. **Would that reason affect the report, if you knew?**
A. **I guess it could.**

Gilbert Dep., p. 30, ll. 7-22 (emphasis added)

Q. Are you aware that Mr. Major has accepted a position for approximately $55,000 a year?
A. **I was told this morning that he testified as to – I'm not sure if I was told that he had accepted, but I know he was contemplating it as of 15 minutes before sitting down.**
Q. I'm sorry, you know that he – 15 minutes prior to you sitting down here you became aware that he may be contemplating taking this position?
A. Yes. I'm not sure if I was told that he took the position or otherwise, but yes, I was aware that he was considering one based on testimony or something like that.
Q. Okay. **Would him taking this position affect your report?**
A. **Yes.**
Q. What would you need in order to revise your report, if, in fact, he did accept this position?
A. **I would need to consider the amount of pay that he was going to be receiving and any fringe benefits that he would be receiving, if any, and update the report based on this information and some conversations with Mr. Major, how long this is going to last, does he have a contract for this type of pay, whether he's actually taking the job or not.**

Gilbert Dep., p. 32, ll. 16-25; p. 33, ll. 1-15 (emphasis added)

Based on the foregoing, the foundation for the Magistrate's Order is clearly erroneous. Defendant does not have the documents requested from Plaintiff, nor has Plaintiff's expert been provided these documents. As such, Defendant's Motion does not exceed the scope of discovery and should be granted.

Federal Rule of Civil Procedure 72(a) provides:

> [A] party may serve and file objections to the order... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

In Pullman-Standard v. Swint, the Supreme Court defined the "clearly erroneous" standard as follows:

> A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

Pullman-Standard v. Swint, 456 U.S. 273, 285 n. 14 (1982), citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In the instant case, a mistake has been made because the Magistrate's Order incorrectly assumed Plaintiff has provided the documents sought, his expert has the documents requested by Defendant and provided those to Defendant. This simply is not so.

Not only has Defendant not received the documents sought, Defendant is entitled to the information sought pursuant to the Court's Order of August 8, 2003, and Rule 26(e) Federal Rules of Civil Procedure. Rule 26 provides in part:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter

> acquired if ordered by the court or [to supplement initial disclosures, or amend prior responses to interrogatories, requests for production, and requests for admissions].

Further, in its Omnibus Order of August 8, 2003, this Court specifically instructed the parties:

> [I]t is the basic purpose of the Federal Rule of Civil Procedure 26 that the parties to a civil action obtain, prior to trial, the disclosure of all relevant <u>information</u> in the possession of any person.[2]

Plaintiff's failure to produce the requested documents and the Court's denial of Defendant's Motions directly conflict with Rule 26 and the Court's Order.

This Court's Order granted Defendant leave to update Plaintiff's deposition as to issues or <u>information</u> materially affecting the issues of this case. Pursuant to the Court's Order, Defendant set Plaintiff's deposition and requested he produce documents regarding his employment and finances since his last deposition. Although Plaintiff attended the deposition, Plaintiff's counsel refused to produce any of the documents requested in the Notice of Taking Deposition Duces Tecum. In order to properly prepare for the trial of this case, Defendant sought records and documents from Plaintiff regarding his employment and income for the two (2) years subsequent to his original deposition, and any of his alleged damages claimed or incurred since that deposition. Because Plaintiff's counsel's refused to produce any documentation prior to and at this deposition, in an abundance of caution Defendant moved this Court to compel Plaintiff to produce relevant documents pursuant to its subpoena duces tecum.

---

[2] Notably, the Court's Order was not limited to deposition testimony but to relevant "information."

93114_1.DOC

In a separate but related Motion, Defendant also moved for production of Plaintiff's personnel records, primarily for purposes of determining Plaintiff's efforts at mitigation, Plaintiff's conduct or misconduct with other employers which may raise issues relevant to this matter, and other information regarding Plaintiff's work history, positions held, his capabilities in the aviation field, his employment evaluations, his representations to other employers, and the reasons for his separation from employment with any subsequent employers. Defendant sought to obtain this information directly from Plaintiff's employers because these documents may not be in Plaintiff's custody, possession or control. The Magistrate's Order seems to ignore the Defendant's need for information sought in the Motion for Personnel Records when it addresses Plaintiff's production of documents and the documents his expert may have. Thus the Magistrate's Order provides no way for Defendant to obtain these relevant records.

Plaintiff has unambiguously demonstrated that he does not intend to provide the documentation needed to supplement discovery for the two-year period in which this case was pending, in contravention of both the Rules of Civil Procedure and this Court's Omnibus Order. Despite Plaintiff's assertions to the contrary, neither he nor his expert witness has provided the documentary evidence requested by Defendant.

As Defendant previously noted, the requested documents are extremely relevant and will materially affect the issues of this case, including: Defendant's liability, if any, for back pay and other requested relief; Plaintiff's job searches and efforts to obtain employment and/or income producing endeavors since February 2001; and the reasons for Plaintiff's termination of employment with subsequent employers. Plaintiff's pay history and efforts to obtain comparable, subsequent employment is particularly important, as

93114_1.DOC

9

back pay awards are limited to proven economic loss. The Magistrate's Order denies Defendant access to any of this relevant information and restricts Defendant's ability to fully prepare its defense.

In Darnell v. City of Jasper, the Eleventh Circuit held that, as a prerequisite to recovering lost back pay, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). See also, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); *accord*, Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987).

With respect to other crucial information that Defendant may only obtain through the requested documentation which Plaintiff has failed to provide or that his former employers possess, the court in Penn v. Heitmeier found that such evidence is highly relevant to an employer's defense. In Penn the Court noted evidence plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance was "highly relevant" to the defendant's defense. Penn v. Heitmeier, 82 FEP Cases 609, 2000 WL 297685 *2 (E.D. La. 2000). See also, Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997)(Court allowed defendant to introduce evidence that the plaintiff had sued three prior employers, as the information was relevant to cast doubt on the credibility of plaintiff's claim for damages); Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D.Ore. 1996)(Permitting defendant in sexual harassment case to subpoena personnel document from plaintiff's prior employers so that defendant could discover whether plaintiff brought similar claims in the past and whether her representations

regarding her employment history were accurate); Pounds v. Board of Trustees, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)(Court permitted evidence of a plaintiff's complaints of discrimination against other employees, noting that she had previously attributed others' conduct to discrimination).

WHEREFORE, based on the foregoing, Defendant respectfully appeals the Magistrate Judge's Order of September 24, 2003, and requests that this Court set aside the Magistrate's Order and grant Defendant's Motions to Compel Production of Documents Duces Tecum and for Personnel Records.

Respectfully submitted,

_____
Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 8th day of October, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
　　Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Attorney