UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

NIGHT BOX
FILED

OCT 27 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## DEFENDANT'S MOTION TO COMPEL
## MEDIATION / SETTLEMENT CONFERENCE WITH A MAGISTRATE

Defendant, AMERIJET INTERNATIONAL, INC., pursuant to Rule 16.2 of the Local Rules for the Southern District of Florida, hereby moves for an Order to Compel Mediation/ Settlement Conference with a Magistrate to avoid unnecessary waste of judicial resources and additional expense and costs to both Parties because:

1.    Plaintiff has specifically declined reinstatement as a First Officer.

2.    Any financial recovery is limited by the Bankruptcy Court to the declining balance of an Employment Practices Liability Insurance policy[1] or the amount remaining pursuant to the bankruptcy agreement and reorganization plan.

3.    As such, even if Plaintiff prevails at trial, any recovery will be reduced by the cost and expense, including attorney fees of the trial.

---

1  In <u>Michaels v. Amerijet International, Inc.</u>, Case No. 99-23595 C.A.11, Plaintiff's counsel recovered a substantial amount of the insurance policy to satisfy Michaels' claim thereby reducing any potential recovery by Major.



1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



4. The amount Plaintiff would recover even if he were to prevail has declined, due in part to recovery by Plaintiff's counsel on another matter against Defendant.

5. Counsel for Defendant has conferred with Counsel for Plaintiff in an attempt to resolve by agreement the issues in this Motion to Compel Mediation / Settlement Conference With a Magistrate. The Parties were not able to reach an agreement to attend mediation or a settlement conference in this case.

6. Defendant respectfully seeks the Court's Order requiring mediation of this case with Judge Palermo, as Defendant believes he may be able to assist in resolving this matter without incurring further unnecessary expense and cost to both parties and wasting judicial resources.

7. Mediation would not prejudice either of the parties to this action, as the remedies in this action are already limited and even in the event Plaintiff prevails, he is limited in his recovery.

8. This matter has not been mediated since the filing of Defendant's Motion for Summary Judgment two (2) years ago, and the Court's Order granting Defendant summary judgment as to Plaintiff's promotion claims. Further, should mediation be unsuccessful the case would proceed to trial as scheduled.

Wherefore, Defendant respectfully requests this Honorable Court compel the Parties to mediate or attend a settlement conference regarding this matter with a Magistrate Judge.

## MEMORANDUM OF LAW

It is in the interest of all parties to permit mediation to resolve a dispute where possible. In the trial of this action, the jury will determine whether Patrick Major was

discharged from his employment because of filing a Charge of Discrimination or in retaliation in violation of the Florida Whistleblower's statute. In this case, assuming *arguendo* Plaintiff prevails, his remedies are limited to reinstatement to the position he held and monetary damages. Plaintiff has specifically rejected reinstatement as a remedy (Pl. Dep. 9/8/03 p. 31) and, Defendant's status in bankruptcy limits Plaintiff's monetary recovery to the remaining amount available due to the bankruptcy. See Suggestion of Bankruptcy, attached hereto as Exhibit A. As such, even if Plaintiff were to prevail in this action, at best his maximum recovery is the declining balance currently available in bankruptcy. By Order dated November 7, 2001 Plaintiff is, "in no event. . . entitled to collect upon any final judgment or verdict entered in his favor from the Debtor or property of the Debtor, other than any policy of insurance in effect which provides coverage for such judgment or verdict. . . . (See Attached B.)

Defendant, therefore, seeks court ordered mediation of this case to resolve this dispute without incurring the additional cost and expense of a trial. Plaintiff does not seek reinstatement as a remedy and is barred in the amount of financial compensation he may recover. As such, this matter may be more efficiently resolved through mediation or a settlement conference.

Respectfully submitted,

*[signature]*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069

Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 27th day of October, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

/s/ DW Blake
Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-19048-BKC-AJC

CHAPTER 11

IN RE:

AMERIJET INTERNATIONAL, INC.,

Debtor.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR MODIFICATION OF AUTOMATIC STAY

THIS CAUSE came before the Court on Wednesday, October 3, 2001 upon the scheduled hearing on the Motion for Modification of Automatic Stay filed on behalf of Patrick Scott Major and Luis Michaels (the "Motion"), and the Court, having reviewed the file, having heard arguments of counsel, having considered the standards for stay relief under Section 362(d)(1), and the Court being otherwise fully advised in the premises, it is

ORDERED as follows:

1. The Motion is GRANTED, IN PART, and DENIED, IN PART, as follows:

   a. The automatic stay in effect pursuant to Section 362(a) of the Bankruptcy Code is hereby modified to permit the United States District Court in the case styled, *Major v. Amerijet International, Inc.*, Case No. 00-6070-Civ-Ferguson (the "Major Litigation") to issue a ruling on the motion for summary judgment filed by the Debtor which was taken under advisement by the court prior to the commencement of these Chapter 11 proceedings;



EXHIBIT B

b. Following a ruling on the motion for summary judgment, in the event the parties are directed to proceed to trial, no trial in the matter shall commence prior to January 7, 2002, unless otherwise ordered by this Court. Notwithstanding anything herein to the contrary, the automatic stay, to the extent it shall remain in effect, and the discharge injunction pursuant to 11 U.S.C. §§ 524 and 1141, shall prohibit any efforts by Movant Major to collect upon any final judgment or verdict entered in his favor pending agreement of the parties or further order of this Court, but in no event shall Movant Major be entitled to collect upon any final judgment or verdict entered in his favor from the Debtor or property of the Debtor, other than any policy of insurance in effect which provides coverage for such judgment or verdict, except as otherwise provided in any plan of reorganization which may be confirmed by this Court;

c. The automatic stay in effect pursuant to Section 362(a) of the Bankruptcy Code is hereby modified to permit the Circuit Court for the 11th Judicial Circuit in the case styled, *Michaels v. Amerijet International, Inc.*, Case No. 99-23595 CA 11 (the "Michaels Litigation") to conduct a trial provided, however, that no trial in the matter shall commence prior to January 7, 2002, unless otherwise ordered by this Court; and

d. The automatic stay, to the extent it shall remain in effect, and the discharge injunction pursuant to 11 U.S.C. §§ 524 and 1141, shall prohibit any efforts by Movant Michaels to collect upon any final judgment or verdict

2

entered in his favor pending agreement of the parties or further order of this Court, but under no circumstances shall Movant Michaels be entitled to collect upon any final judgment or verdict entered in his favor from the Debtor or property of the Debtor, other than any policy of insurance in effect which provides coverage for such judgment or verdict, except as otherwise provided in any plan of reorganization which may be confirmed by this Court.

2. In the event that the Court does not confirm the Debtor's plan of reorganization (file with the Court on October 5, 2001) in November, 2001, the Court reserves jurisdiction to reinstate the automatic stay or to enter injunctive relief to enjoin the operation and effect of this Order.

3. Nothing contained in this Order is intended nor should be construed as terminating or modifying the automatic stay to authorize Movant Michaels and/or Movant Major to proceed against the Debtor or property of the estate except as otherwise provided herein.

4. In the event that Movant Michaels and/or Movant Major are permitted to collect from any policy of insurance issued in favor or for the benefit of the Debtor, any and all portions

of such claim, if any, over and above the amount of coverage in place shall be an unsecured non-priority claim against the Debtor.

DONE AND ORDERED in the Southern District of Florida on NOVEMBER 7, 2001

*A. Jay Cristol*
A. JAY CRISTOL,
United States Bankruptcy Judge

<u>Copies Furnished to:</u>
Michael D. Seese, Esquire
[Attorney Seese is hereby directed to
serve a conformed copy of this Order
to all interested parties and file a
Certificate of Service]

W:\Bankrupt\0273\0143\M0056623.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. 01-189-CIV-GRAHAM / TURNOFF

PABLO ROSA,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,
a Florida Corporation,

    Defendant.
_____/



## SUGGESTION OF BANKRUPTCY

**PLEASE TAKE NOTICE** that Defendant, AMERIJET INTERNATIONAL, INC., filed a Petition under Chapter 11, Title 11 of the United States Code on August 22, 2001 with the United States Bankruptcy Court for the Southern District of Florida, Miami Division, case styled as follows:

> In re:  AMERIJET INTERNATIONAL, INC., Debtor
> Case No.: 01-19048-BKC-AJC
> Fed. Tax I.D. No.: 59-1589271

Pursuant to 11 U.S.C. §362 a stay order is in effect, which prohibits certain actions from being taken against Defendant/Debtor without prior authorization from the United States Bankruptcy Court. A true and correct copy of the Voluntary Petition is attached hereto.



80780_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Respectfully submitted

_____
Susan Potter Norton
Florida Bar No.: 0201847
Stephen P. Santiago
Florida Bar No.: 0964425

ALLEN NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305) 445-7801
(305) 445-8920
e-mail:snorton@anblaw.com
       ssantiago@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 29th day of August, 2001 to:

Martin E. Leach, Esq.
Feiler & Leach, P.l.
901 Ponce de Leon Boulevard
Penthouse Suite
Coral Gables, Florida 33134

_____
Attorney

80780_1

2

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

(Official Form 1) (9/97)

FORM B1

| United States Bankruptcy Court<br>Southern District of Florida | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>AMERIJET INTERNATIONAL, INC. | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>59-1589271 | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>2800 S. Andrews Avenue<br>Ft. Lauderdale, FL 33316 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: Miami-Dade County | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor     Miami-Dade County, Miami, Florida<br>(if different from street address above): | |

01-19048
BKC-AJC

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | | |
|---|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☒ Chapter 11 | ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other _____ | | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ☒ Business | ☒ Full Filing Fee Attached |

**Chapter 11 Small Business** (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

FILED BY
01 AUG 22 AM 9:32
U.S. BANKRUPTCY CT.
S.D. OF FLA.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

08/28/01 TUE 11:25 FAX @005

(Official Form 1) (9/97)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>AMERIJET INTERNATIONAL, INC. | FORM B1, Page 2 |
|---|---|---|
| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) |||
| Location<br>Where Filed:   NONE | Case Number: | Date Filed: |
| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |||
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Debtor

X  **Not Applicable**
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

X _____
Signature of Attorney for Debtor(s)

Michael D. Seese, Esquire, 997323
Printed Name of Attorney for Debtor(s) / Bar No.

Kluger, Peretz, Kaplan & Berlin, P.A.
Firm Name

17th Floor, Miami Center  201 South Biscayne Boulevard
Address

Miami, FL 33131

305-379-9000 ; (fax) 305-379-3428
Telephone Number

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☒ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.
X _____
Signature of Attorney for Debtor(s)     Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**DAVID G. BASSETT**
Printed Name of Authorized Individual

**President/Sole Director**
Title of Authorized Individual

_____
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.