UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / SNOW

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/

**NIGHT BOX**
**FILED**

OCT 3 1 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL MEDIATION

Defendant, AMERIJET INTERNATIONAL, INC., hereby files this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Compel Mediation, and states:

1.    In his Response, Plaintiff admits he will decline reinstatement and that any monetary remedy available is limited to the declining balance of the Employment Practices Liability Insurance Policy and the distribution to unsecured claims of creditors.

2.    Accordingly, neither an award nor a settlement satisfied by Defendant will deplete Defendant's assets.  Nor will the amount affect Defendant's financial statements.

3.    Defendant respectfully submits that if it would avoid a five (5) to seven (7) day jury trial, a court ordered mediation before a Magistrate is an efficient use of time and resources.

93522_2.DOC              1

4.      This is especially so when coupled with the fact that a trial may result in the exhaustion of the remaining balance of the Employment Practices Liability Insurance Policy, and when the reorganization plan is of a limited duration.[1]

5.      Therefore, in light of the above, Defendant seeks Court ordered mediation of this case to resolve this dispute without incurring the additional costs and attorney's fees of trial.

## MEMORANDUM OF LAW

Despite Plaintiff's contentions, Defendant's request for a Court ordered mediation or settlement conference is reasonable, in the interest of all parties, and timely.

Plaintiff does not dispute that he has specifically declined reinstatement as a First Officer.  In fact, Plaintiff states that he is already training for a new position.  Accordingly, it remains clear that Plaintiff's remedy in this case is limited to monetary damages.

Plaintiff also does not dispute that there is a declining balance of an Employment Practices Liability Insurance policy and that his recovery is limited to the balance of the policy and the unsecured claims of creditors.  Accordingly, neither an award nor a settlement satisfied by Defendant will deplete Defendant's assets.  Nor will the amount affect Defendant's financial statements.

Defendant respectfully submits that if it would avoid a five (5) to seven (7) day

---

[1] Regarding Plaintiff's allegations of the $500,000 in defense costs, during the litigation of Michaels v. Amerijet International, Inc., Case No. 99-23595, the undersigned counsel did not represent Defendant Amerijet in that matter and the undersigned is not aware of the specifics underlying the fees and costs in that case.  However, public records regarding the award to Michaels and his counsel call into question Plaintiff's allegations.

93522_2.DOC                          2

jury trial, a court ordered mediation before a Magistrate is an efficient use of time and resources. This is especially so when coupled with the fact that a trial may result in the exhaustion of the remaining balance of the Employment Practices Liability Insurance Policy, and when the reorganization plan is of limited duration.

As such, Defendant believes that a Court ordered mediation is necessary in order to resolve this case. This matter has not been mediated since the filing of Defendant's Motion for Summary Judgment two (2) years ago, and the Court's Order granting Defendant's summary judgment as to Plaintiff's promotion claims.

Despite Plaintiff's assertions, Defendant's request is timely. First, this Court ruled on Defendant's Motion for Summary Judgment only three (3) months ago, and this amount of time is reasonable for Defendant's request, and would have been premature before that time. Second, Defendant only recently updated Plaintiff's deposition on September 8, 2003, where he specifically stated that he does not want to be reinstated; therefore, clarifying the fact that Plaintiff's recovery is limited to monetary damages and further necessitating a resolution through mediation. Therefore, Defendant's request for mediation at this stage of the proceedings is timely and appropriate.

Accordingly, in light of the above, Defendant seeks court ordered mediation of this case to resolve this dispute without incurring the additional cost and expense of a trial. Plaintiff does not seek reinstatement as a remedy and is limited in the amount of financial compensation he may recover.

ALLEN, NORTON & BLUE. P.A.
PROFESSIONAL ASSOCIATION

As such, Defendant respectfully requests that this Court grant its Motion to Compel

Mediation/Settlement Conference With A Magistrate.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Zascha Blanco
Florida Bar No. 0614671
Email zblanco@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail, on this 31st day of October, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
   WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

Attorney