UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR CLARIFICATION OF COURT'S ORDER
SUSTAINING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S ORDER**

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1, S.D. Fla. L.R., hereby files this Motion for Clarification of Court's Order sustaining Defendant's objections to the Magistrate's Order and states the following in support thereof:

1.    The Court's Order does not address whether Defendant may discover employment and financial documents directly from his former employers.

2.    Without documents directly from his employers, Defendant is required to "take Plaintiff's word" as to essential information regarding his subsequent employment.

3.    The information sought includes information on Plaintiff's expenses, benefits, life insurance, pension plan, investment plan, health insurance, car allotment, overtime pay, vacation and other information which directly relates to his damages.

4.    Plaintiff himself admits he cannot recall essential information which is relevant to his backpay and other mitigation issues. Likewise, Plaintiff's own economic

expert has conceded he does not have all the current information regarding Plaintiff's damages.

5. Documents from Plaintiff's former employers are essential to the trial of this action because they contain information from his subsequent employers as to his employment terms and conditions, his separation from employment, his salary and benefits and other information which is required to adequately prepare for the trial of this action.

6. Defendant specifically sought these documents directly from Plaintiff's former employers in its Motion For Personnel Records because all the documents relevant to Plaintiff's subsequent employment may not be in his custody, possession or control.[1]

7. In objecting to the Magistrate's Order, Defendant specifically explained that the Magistrate's Order:

> Does not account for the information requested in Defendant's Motion for Personnel Records. This information cannot necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers.

8. Defendant seeks clarification of the Court's Order because the Court's Order sustains Defendant's Objections to the Magistrate's Order, yet does not address Defendant's ability to obtain the requested records directly from Plaintiff's current and former employers.

WHEREFORE, Defendant respectfully requests the Court clarify its Order sustaining Defendant's Objections to the Magistrate's Order.

---

[1] For ease of reference, Defendant's Motion For Personnel Records is attached hereto as Exhibit A.

93307_1.DOC

## Memorandum in Support

The Court's Order requires Plaintiff to produce documents to Defendant no later than November 3, 2003. However, in Defendant's Motion for Personnel Records and Defendant's Objections To Magistrate's Order, Defendant specifically sought documents <u>directly from Plaintiff's subsequent employers</u>. Defendant therefore seeks clarification on the Court's Order as to whether it includes production of documents directly from Plaintiff's subsequent employers since February 2001.

### A. The information sought may not be accessible to Plaintiff and otherwise Defendant would be required to take Plaintiff's word as to issues regarding mitigation.

The information sought by Defendant from Plaintiff's former employers is relevant to this litigation and the issues at trial. The information sought by Defendant includes information which directly relates to any claims for damages including

- Health insurance benefits
- Dental insurance
- Disability benefits
- Leave policies
- Expense accounts
- Car allotments
- Vacation time
- Cellphone expense
- Pension plans
- Overtime
- Vacation benefits

Therefore, the information sought fully complies with Fed. R. Civ. P. 26 which permits discovery of documents relevant to the defense of a party. If not permitted to obtain these documents, Defendant has no option but to rely on Plaintiff alone for essential information required for its defense including information regarding mitigation of damages and entitlement to backpay. In order to obtain this information, Defendant filed its Motion

93307_1.DOC

3

For Personnel Records which sought complete and accurate information from Plaintiff's former employers regarding Plaintiff's job search efforts, attainment of employment and/or income producing endeavors since February 2001, his actual job responsibilities with subsequent employers, his capabilities in the aviation field, his employment evaluations, and the reasons for Plaintiff's separation of employment with those employers. All of this information relates to material changes in Plaintiff's circumstances which will directly affect the issues in the trial of this case. More importantly, this information could not necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers. As such, Plaintiff may not have access to these relevant and material documents.

At his most recent deposition, Plaintiff could not recall essential information which would be contained in these records, and his economic expert James Gilbert concedes he relied upon Plaintiff for much of the information in his report and still did not have the most current information regarding Plaintiff's employment status:

Plaintiff's expert acknowledges:

> Q.. . . So you cant say for certain whether the income accounted for on this exhibit is representative of all the income Mr. Major received during this time period?
>
> A.    **Mr. Major represented all of this income to me as being the total.** If there is something that has been left out it would have been because Mr. Major would have probably omitted it by error.

Gilbert Dep., p. 23, ll. 22-25; p. 24, ll. 1-3 (emphasis added)

> A.    I don't know.

Gilbert Dep., p. 24, l. 21

Q. And your calculations were based upon the income Mr. Major would have received as a first officer, correct?

A. Correct.

Q. Okay. Do you know why Mr. Major left PanAm?

A. No, I don't recall offhand. Unless I stated it in the report, I certainly don't recall.

Q. What about why he left Miami Air?

A. Same answer.

Q. Does the reason why he left any of the jobs or any of his positions prior to Air Florida affect your report?

A. **I'm not aware of any specific reason that affected the report.**

Q. **Would that reason affect the report, if you knew?**

A. **I guess it could**.

Gilbert Dep., p. 30, ll. 7-22 (emphasis added)

Q. Are you aware that Mr. Major has accepted a position for approximately $55,000 a year?

A. **I was told this morning that he testified as to – I'm not sure if I was told that he had accepted, but I know he was contemplating it as of 15 minutes before sitting down**.

Q. I'm sorry, you know that he – 15 minutes prior to you sitting down here you became aware that he may be contemplating taking this position?

A. Yes. I'm not sure if I was told that he took the position or otherwise, but yes, I was aware that he was considering one based on testimony or something like that.

Q. Okay. **Would him taking this position affect your report?**

> A.   **Yes.**
>
> Q.   What would you need in order to revise your report, if, in fact, he did accept this position?
>
> A.   **I would need to consider the amount of pay that he was going to be receiving and any fringe benefits that he would be receiving, if any, and update the report based on this information and some conversations with Mr. Major, how long this is going to last, does he have a contract for this type of pay, whether he's actually taking the job or not.**

Gilbert Dep., p. 32, ll. 16-25; p. 33, ll. 1-15 (emphasis added)

### B. The information sought is essential to the defense in the trial of this action.

This information is essential to determining Plaintiff's efforts at mitigation, Plaintiff's conduct or misconduct with other employers, information regarding Plaintiff's work history, positions held, his capabilities in the aviation field, his employment evaluations, his representations to other employers, and the reasons for his separation from employment with any subsequent employers. Moreover, the requested documents are extremely relevant and will materially affect the issues of this case, including: Defendant's liability, if any, for back pay and other requested relief; Plaintiff's job searches and efforts to obtain employment and/or income producing endeavors since February 2001; and the reasons for Plaintiff's termination of employment with subsequent employers. Plaintiff's pay history and efforts to obtain comparable, subsequent employment is particularly important, as back pay awards are limited to proven economic loss. As such, this information is directly relevant to the defense of this action.

### C. As a matter of law, Defendant is entitled to the records.

Defendant Amerijet is entitled to obtain the records it seeks directly from Plaintiff's

current and former employers. The information sought is required to determine Plaintiff's entitlement to backpay and mitigation of damages.

In Darnell v. City of Jasper, the Eleventh Circuit held that, as a prerequisite to recovering lost back pay, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). See also, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); accord, Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987). Without these documents, it is impossible for Defendant to determine whether Plaintiff has mitigated his damages and what if any backpay he may be entitled to.

With respect to other crucial information that Defendant may only obtain through the requested documentation which his former employers possess, the court in Penn v. Heitmeier found that such evidence is highly relevant to an employer's defense. In Penn the Court noted evidence plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance was "highly relevant" to the defendant's defense. Penn v. Heitmeier, 82 FEP Cases 609, 2000 WL 297685 *2 (E.D. La. 2000). See also, Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997)(Court allowed defendant to introduce evidence that the plaintiff had sued three prior employers, as the information was relevant to cast doubt on the credibility of plaintiff's claim for damages); Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D.Ore. 1996)(Permitting defendant in sexual harassment case to subpoena personnel document from plaintiff's prior employers so that defendant could discover whether plaintiff brought

similar claims in the past and whether her representations regarding her employment history were accurate); <u>Pounds v. Board of Trustees</u>, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)(Court permitted evidence of a plaintiff's complaints of discrimination against other employees, noting that she had previously attributed others' conduct to discrimination). As such, Defendant is entitled to the records sought to adequately prepare for the trial in this action.

Based on the foregoing, Defendant seeks clarification of the Court's Order permitting discovery from Plaintiff's current and former employers of his personnel records.

Respectfully submitted,

*(signature)*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 24th day of October, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney