UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-GONZALEZ / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES AND BACK PAY AND MOTION TO HOLD PLAINTIFF IN CONTEMPT OF COURT

Defendant, Amerijet International, Inc., by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37 and Local Rule 7.1 for the Southern District of Florida, hereby files the above styled Motion and states as follows:

1.    This Court should strike Plaintiff's claims for damages and back pay and hold Plaintiff in contempt of Court because Plaintiff has failed to comply with this Court's Order by failing to provide his up to date documents, including personnel records.

2.    These documents would include information on Plaintiff's subsequent employers, interim, earnings, his separation from employment, his salary, other income and benefits, expenses, benefits, life insurance, pension plan, investment plan, health insurance, car allotment, overtime pay, vacation and other information directly relevant to

93614_1.DOC    1

damages and back pay and most importantly necessary to adequately prepare for the trial of this action.

3. On October 15, 2003, this Court ordered that Plaintiff produce documents, including personnel records to Defendant's counsel by November 3, 2003. However, despite this Court's Order and repeated requests by Defendant, Plaintiff has not yet provided any of the documents requested, nor has it otherwise provided any response to Defendant.

4. In order to adequately prepare for the trial in this matter, and determine issues relevant to this case including Plaintiff's alleged damages and back pay, and efforts at mitigation, Defendant requires Plaintiff's personnel records and other updated records from his initial deposition up until the trial of this action.

5. Significantly, even Plaintiff's own economic expert has conceded he did not have all the current information regarding Plaintiff's damages in preparing his report or Plaintiff's current financial situation.

6. Accordingly, Defendant remains severely prejudiced by Plaintiff's failure to provide this information.

7. Lastly, Defendant requests an award of attorney's fees and costs for the expenses incurred in bringing the instant Motion.

## **MEMORANDUM OF LAW**

On October 15, 2003, this Court ordered Plaintiff to provide up to date documents, including personnel records to Defendant by November 3, 2003, but Plaintiff has failed to do so. Defendant needs Plaintiff's updated records to determine his entitlement to

damages, mitigation of damages, his entitlement to backpay, his employment history and conduct with other employers, and other relevant employment history in order to adequately prepare its defense to his claim of unlawful discharge. Plaintiff's employment history is directly relevant to the issues in this case and may reveal any terminations, discrimination complaints and/or acrimonious relationships with his employers, which may evidence, have caused or contributed to Plaintiff's discharge from Defendant and other employers.

Indeed, subdivision (b)(2)(B) of Rule 37 authorizes numerous sanctions for failure to make discovery, including "<u>an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence</u> . . . ." (emphasis added). Moreover, Fed. R. Civ. P. 37(2)(b)(D) also specifically provides that "in addition to any other sanction, the Court may also enter an order treating as a contempt of court a party's the failure to obey any previous orders."

It is well established that "under Rule 37 a party who seeks to evade or thwart a full and candid discovery incurs the risk of serious consequences. . . . Rule 37(d) makes clear that the application of sanctions is entrusted to the discretion of the trial judge, and overleniency is to be avoided where it results in inadequate protection of discovery." <u>Diaz v. The Southern Drilling Corp.</u>, 427 F.2d 1118, 1126 (5th Cir. 1970); <u>see also</u> <u>Cine Forty-Second St. Theater v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1068 (2d Cir. 1979) ("[W]here gross professional negligence has been found -- that is, where counsel clearly should have understood his duty to the court -- the full range of sanctions may be

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

marshalled. Indeed, in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions, where, as in this case, they are clearly warranted.").

In cases involving a deliberate failure to answer discovery requests necessary for and/or calculation of damages, courts have not hesitated to enter orders precluding the disobedient parties from submitting evidence of their damages at trial. See American Realty Trust, Inc. v. Matisse Partners, L.L.C., 2002 WL 1489543 (N.D.Tex. 2002); Fashion House, Inc. v. KMart Corp., 892 F.2d 1076, 1082 (1st Cir. 1989); Beau Products, Inc. v. Permagrain Products, Inc., 97 F.R.D. 50, 55 (M.D. Pa. 1983); Michigan Window Cleaning Co. v. Martino, 173 F.2 466, 468 (6th Cir. 1949).

Accordingly, Defendant submits that because trial is set for Monday, November 10, 2003 and despite this Court's Order, to date Plaintiff still has not provided the updated documents which Defendant needs to adequately prepare its case, Plaintiff's claim for damages and for back pay should be stricken. Moreover, Defendant respectfully submits that Plaintiff should be held in contempt of Court for failing to comply with this Court's Order.

I.  **This Court Should Strike Plaintiff's Claim for Damages and Back Pay Because The Records Plaintiff Refuses to Provide Are Necessary to A Determination Of Plaintiff's Claim for Damages Or Back Pay.**

Without the requested updated records, including personnel records, it is impossible for Defendant to determine what damages, if any Plaintiff may be entitled to, whether he has mitigated his damages and what if any backpay he may be entitled to. In Darnell v. City of Jasper, the Eleventh Circuit held that, as a prerequisite to recovering lost back pay,

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). See also, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); *accord*, Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987); Acrey v. American Sheep Industry Ass'n, 981 F.2d 1569, 1576 (10th Cir. 1992); Carden v. Westinghouse Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984).

Moreover, back pay awards are limited to proven economic loss. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). A plaintiff who claims that he was subjected to a discriminatory employment practice has a duty to seek employment "substantially equivalent" to the position or positions that he claims he was terminated from or denied. See, *e.g.*, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991) (plaintiff has obligation to search for comparable employment to mitigate damages); Acrey v. American Sheep Industry Ass'n, 981 F. 2d 1569, 1575 (10th Cir. 1992) (same). If a plaintiff fails to do so, he forfeits his right to damages, not only to back pay but also for front pay. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984); Taylor v. Cent. PA. Drug & Alcohol Serv. Corp., 890 F. Supp. 360, 371 (M.D. Pa. 1995); Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987). Although there is no requirement that an ADEA plaintiff search endlessly for employment in an effort to mitigate damages, some type of a search is required. See Brady v. Thurston Motor

Lines, 753 F.2d 1269, 1273 (4th Cir. 1985)(emphasis supplied). Plaintiff must use reasonable diligence to obtain substantially equivalent employment. Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982).

Despite this Court's Order and despite numerous requests by Defendant, Plaintiff has not updated his records, including personnel records and has not provided any additional information to Defendant regarding his reasons for not complying with the Court's Order. It is clear based on well established law that Defendant cannot adequately defend against Plaintiff's claims for damages and back pay without these updated records regarding Plaintiff's income, finances and/or subsequent employment. This is especially so considering that in order to properly prepare for trial of this case, Defendant needed the records and documents from Defendant regarding his employment and income for the two (2) years subsequent to his original deposition.

Therefore, in light of the above, Plaintiff should be sanctioned for failing to provide his records regarding income, finances and employment to Defendant, even at these late stages of the proceedings, only two (2) days before trial. Defendant simply cannot determine whether he has mitigated his damages and nor whether he has any entitlement to back pay under the law. Without the requested records, Defendant has no way of making this determination and is severely prejudiced by its inability to do so. Accordingly, Defendant respectfully requests that this Court strike Plaintiff's claims for any damages or back pay. See American Realty Trust, Inc., 2002 WL 1489543; Fashion House, Inc. v. KMart Corp., 892 F.2d at 1082; Beau Products, Inc., 97 F.R.D. at 55; Michigan Window Cleaning Co., 173 F.2 at 468.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

II. **This Court Should Strike Plaintiff's Claim for Damages and Back Pay Because The Records Plaintiff Refuses to Provide Are Essential To The Defense In The Trial Of This Case**

The two-year lapse of time between Plaintiff's deposition and the trial of this action is substantial and likely represents a material change in Plaintiff's circumstances and employment history. As such, Plaintiff's updated documents relating to expenses, benefits, any and all income records, life insurance, pension plan, investment plan, health insurance, car allotment, overtime pay, vacation, and any other personnel records and financial records, are essential to the defense in the trial of this case. Most importantly, they are directly related to Plaintiff's alleged claims for damages and back pay.

In addition, because these records would also include performance and employment status documents, and termination letters, such may also be used to test the veracity of Plaintiff's testimony and his conduct with subsequent employers. In fact, instances of other employer misconduct is directly related to credibility or bias. Therefore, the personnel records and any other updated records are extremely relevant and will materially affect the issues of this case, including Defendant's liability, if any for back pay and/or income producing endeavors since February 2001, the reasons for Plaintiff's termination of employment with subsequent employers, and Plaintiff's pay history.

Indeed, at his most recent deposition, Plaintiff could not even recall essential information which would be contained in these records, and even his economic expert James Gilbert concedes he still did not have the most current information regarding Plaintiff's employment and financial status:

> Q. Are you aware that Mr. Major has accepted a position for approximately $55,000 a year?
>
> A. **I was told this morning that he testified as to – I'm not sure if I was told that he had accepted, but I know he was contemplating it as of 15 minutes before sitting down.**
>
> Q. I'm sorry, you know that he – 15 minutes prior to you sitting down here you became aware that he may be contemplating taking this position?
>
> A. Yes. I'm not sure if I was told that he took the position or otherwise, but yes, I was aware that he was considering one based on testimony or something like that.
>
> Q. Okay. **Would him taking this position affect your report?**
>
> A. **Yes.**
>
> Q. What would you need in order to revise your report, if, in fact, he did accept this position?
>
> A. **I would need to consider the amount of pay that he was going to be receiving and any fringe benefits that he would be receiving, if any, and update the report based on this information and some conversations with Mr. Major, how long this is going to last, does he have a contract for this type of pay, whether he's actually taking the job or not.**

Gilbert Dep., p. 32, ll. 16-25; p. 33, ll. 1-15 (emphasis added)

In light of all of the foregoing, it is overwhelmingly clear that if Plaintiff's claims for damages and back pay are not stricken from this case, Defendant will be severely prejudiced. Moreover, Defendant is unable to prepare an adequate defense without this information. The fact that Plaintiff's claim for damages should be stricken by the Court is further supported by the fact that Plaintiff has acted in complete disregard of this Court's

Order and has completely ignored Defendant's request that Plaintiff's comply with the Court's Order.

**III.    Plaintiff's Failure to Comply With the Court's Order Requires That He Be Held In Contempt of Court.**

The Federal Rules of Civil Procedure are clear that a party may be found in contempt of Court for failing to abide by a Court Order. Fed. R. Civ. P. 37(b)(D). Under the circumstances of the instant case, not only should Plaintiff's claims be stricken, but Plaintiff should also be held in contempt of Court. Plaintiff's actions have caused severe prejudice to Defendant by not allowing Defendant to adequately prepare its case. Moreover, Plaintiff has ignored this Court's Order and the Federal Rules of Civil Procedure which specifically provide that:

> A party is under a duty seasonably to amend a prior response to a . . . request for production . . . if the party learns the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Fed. R. Civ. P. 26(e).

Accordingly, Defendant respectfully submits that Plaintiff should be held in contempt of Court for violating this Court's Order by failing to provide the requested documents as specifically ordered by the Court, and by further failing to provide any reason or excuse for such delay, even after numerous requests by Defendant. Such conduct is prejudicial to Defendant especially at these late stages of the proceedings, when trial is set to begin in two days.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Lastly, Defendant requests an award of attorney's fees and costs incurred in bringing this motion as a sanction for Plaintiff's utter failure to make a good-faith effort to comply with the Federal Rules of Civil Procedure and this Court's order. It is well-settled that a court may require a party who fails to respond to discovery requests to pay the opposing party's reasonable attorney's fees associated with moving to compel the non-responsive party's responses. See Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980) (no abuse of discretion in Court award of $2,600.00 in attorney's fees and costs under Rule 37(d) for party's failure to timely answer discovery request); EEOC v. Klockner H&K Machines Inc., 168 FRD 233 (D.C.Wis.1996) (party required to pay attorney's fees incurred by defendant in moving to compel discovery under Rule 37(a)(4) [substantially similar to Rule 37(d)]).

Plaintiff's continuing failure to provide the requested information is simply inexcusable, particularly in light of Defendant's efforts to secure Plaintiff's compliance prior to the filing of this motion. Therefore, Plaintiff's actions warrant the entry of an Order requiring Plaintiff to pay Defendant's attorney's fees and costs incurred in the filing of the instant Motion.

### IV.   Conclusion

Accordingly, in light of the foregoing, Defendant respectfully requests that this Court strike Plaintiff's claim for damages and for back pay. Plaintiff's failure to provide Defendant with up to date personnel documents makes it impossible for Defendant to determine whether Plaintiff mitigated his damages and what if any back pay he may be entitled to and therefore Defendant is precluded for preparing an adequate defense. Defendant is also

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

precluded from testing the veracity of Plaintiff's testimony or otherwise using these records for impeachment purposes.

In addition, Defendant maintains that Plaintiff should be held in contempt of Court for acting in complete disregard of this Court Order on October 15, 2003.

Lastly, Defendant requests an award of fees and costs for the expenses incurred in filing the instant Motion.

WHEREFORE, in light of the foregoing, Defendant respectfully requests that this Honorable Court grant Defendant's Motion to Strike Plaintiff's Claims For Damages And Back Pay And Motion To Hold Plaintiff In Contempt of Court.

Respectfully submitted,

*[signature]*
Susan Potter Norton
Florida Bar No. 0201847
Zascha Blanco
Florida Bar No. 0614671

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
zblanco@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid and facsimile, on this <u>7th</u> day of November, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
  WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney