FILED by WC D.C.
ELECTRONIC

Nov 10 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR, :

Plaintiff, :

vs. :

AMERIJET INTERNATIONAL, INC., :

Defendant. :

_______________________________/

CASE NO. 00-6070-Zloch
Magistrate Judge Lurana S. Snow

## PLAINTIFF'S TRIAL BRIEF

Plaintiff, Patrick Scott Major, submits this brief to survey the legal issues presented by this case.

Procedural Background

This case is before the court on plaintiff's amended complaint served April 25, 2000, and defendant's first amended answer and affirmative defenses, served August 10, 2000. Counts I and II allege violations of the Florida Whistleblower Act. As discussed below, there are two discrete sections of this Act which, plaintiff alleges, Amerijet violated in his termination. Counts IV and VI, respectively, allege violations of the anti-retaliation provision of the Age Discrimination in Employment Act and the Florida Civil Rights Act.[1]

I. Elements of Whistleblower Claims

The Florida Whistleblower Act, sections 448.101 through .105, Florida Statutes (1999), prohibits private sector employers from taking retaliatory personnel action against employees

[1] In its July 2, 2003, order, the Court granted summary judgment in Amerijet's favor as to Counts III and V.



246/mh

who "blow the whistle" on employers who violate the law. The Act provides a civil cause of action. In section 448.102, it provides that an employer may not take any retaliatory personnel action against an employee because the employee has:

> (1) disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that it is in violation of a law, rule, or regulation.
>
> However, the subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employee and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> * * * * *
>
> (3) objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Counts under subsection (1) are called disclosure claims, while claims under subsection (3) are called objection claims. The Golf Channel v. Jenkins, 752 So. 2d 561, 564 (Fla. 2000).

With respect to the disclosure claim, the evidence at trial will establish that in August 1999, Major prepared a report concerning an Amerijet flight which took off overweight: a violation of federal aviation regulations. The Court ruled in its summary judgment order that the subject flight did violate federal aviation regulations. Order of July 2, 2003; p.9. The evidence will show that (1) Major submitted written notice to Amerijet of the violation of law he intended to disclose; (2) Major afforded Amerijet a reasonable opportunity to acknowledge and correct the illegality; (3) Major threatened to disclose, and did disclose, the illegality to an appropriate

governmental agency[2], and (4) Amerijet took adverse employment action against Major by suspending and then firing him immediately after the report.

Retaliation under the Whistleblower Act can be analyzed by the same standard used in Title VII cases. Sierminski v. Trans South Financial Corp., 216 F.3d 945, 950 (11th Cir. 2000). Moreover, as a remedial statute, it is to be liberally construed in favor of granting access to the remedy provided. The Golf Channel, 752 So. 2d at 565-566. The evidence at trial will show that, immediately upon becoming aware of Major's report, Amerijet retained legal counsel to advise on the firing and inform Mr. Major that he was being discharged, after 8-1/2 years as an Amerijet pilot, because it had suddenly lost confidence in his ability as an airman. The jury will decide whether it was the disclosure of the report, rather than the stated reason, that was the substantial motivating factor in Mr. Major's termination.

With respect to an objection claim, Major must demonstrate that he (1) objected to an activity or policy of Amerijet which violated a law, and (2) was subjected to an adverse employment action which was causally related to the whistleblower activity. Plainly, Major did so in his August 18, 1999, report, which characterized the August 17, 1999, takeoff as illegal. Amerijet's reaction to this report was to suspend and then fire Mr. Major. It argues that language in the report prompted the termination, but contends that the making of the report was not a factor. As the Court ruled on summary judgment, Major is not contending that any written policy of Amerijet violated FAA regulations. Rather, Major presented evidence of an **activity** that violated FAA regulations. See July 2, 2003, Order; p.9. Specifically, the August 17, 1999,

[2] The Court ruled in its summary judgment order that in directing his report to the FAA's established reporting system administered by NASA, Major reported to an appropriate governmental entity. See Order of July 2, 2003; p.8.

takeoff of Amerijet flight 827, was found to be illegal. Major will also present evidence that he objected to that takeoff, to no avail.

Missibility of FAA Enforcement Investigation Report

Remedies under the Florida Whistleblower Act are provided in 448.103 (Fla. Stats.). The remedies include compensation for lost wages, benefits, and other remuneration and "any other compensatory damages allowable at law." Pursuant to established Florida law, Mr. Major may seek compensation for: loss of future earnings capacity; out-of-pocket costs and expenses; and intangible losses, such as mental anguish, embarrassment, and humiliation. W. E. Grace & Co. v. Pyke, 661 So. 2d 1301, 1302 (Fla. 3d DCA 1995). Pursuant to section 448.104, a court may award reasonable attorney's fees, court costs, and expenses to the prevailing party. The Whistleblower Act is silent with respect to punitive damages.

II. Whistleblower Act/Retaliation Claims Are Permitted

It is well established that retaliatory discharge of an employee for a combination of illegal reasons, as alleged here, allows recovery under the Whistleblower Act, the ADEA/FCRA anti-retaliation provision, or both. Gray v. Webco General Partnership, 36 F. Supp. 2d 1331, 1335 (M.D. Fla. 1999).

III. Elements of Retaliation Claim

The elements for a retaliation claim under the FCRA and ADEA are identical. (1) The plaintiff engaged in protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. Harper v. Blockbuster

Entertainment Corp., 139 F.3d 1385, 1389-1390 (11th Cir. 1998). The evidence will show that, after Amerijet's president, Dave Bassett, turned him down for a promotion to captain in February 1999, Major filed an EEOC complaint charging age discrimination. It will further show that he had a reasonable, good-faith belief that he was discriminated against. Gupta v. Florida Board of Regents, 212 F.3d 571, 586 (11th Cir. 2000) (plaintiff need not prove underlying claim so long as he had a good faith belief that discrimination existed). He was fired less than six months after the charge made its way to Amerijet. Derry Huff, who was chief pilot and who signed the termination letter, was aware of Mr. Major's pending EEOC charge. Bass v. Board of County Commissioners, 256 F.3d 1095, 1117 (11th Cir. 2001) (plaintiff must show person taking adverse action aware of protected activity).

As the Court acknowledged in its summary judgment order, the only element in dispute is causal connection, or a demonstration that the EEOC charge and Mr. Major's discharge were not wholly unrelated. Simmons v. Camden Co. Bd. of Education, 757 F.2d 1187, 1189 (11th Cir. 1985). A jury can infer causality from temporal proximity. The evidence will show that the climate changed towards Major as a result of his EEOC charge. He was accused of stalking, he was reprimanded, he was lied to when he asked about promotional opportunities, and Amerijet hired counsel to advise it in firing Major. Causality is clearly inferable in such a situation. See, e.g., Mortenson v. City of Ultimar, 54 Supp. 2d 1118, 1124-1125 (M.D. Fla. 1999) (fact questions for firing ten months after claim when individual events occurred between protected activity and termination).

Recoverable damages under the retaliation claims combine the elements of the ADEA and the remedies provided for by the Florida Civil Rights Act. Pursuant to the ADEA, Major is

entitled to back pay. See, e.g., EEOC v. Massey Yardley Chrysler Plymouth, 117 F.3d 1244, 1251-1252 (11th Cir. 1997). While the plaintiff has a duty to mitigate by being reasonably diligent in seeking substantially equivalent employment, the burden of proving lack of diligence is on the employer. Id.; see also Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1527 (11th Cir. 1991).

The Court can award front pay under its equitable powers. EEOC v. W & O, Inc., 213 F.3d 600, 619 (11th Cir. 2000). Plaintiff's proposed jury instructions contain an instruction on this subject due to an apparent practice of submitting this issue to the jury. See O'Malley et al., 3C Federal Jury Practice and Instructions § 173.71 (5th Ed.). While reinstatement is in theory an available option, here, Amerijet never offered it and such would be inconsistent with its stated reason for firing Mr. Major. Moreover, the evidence at trial will be that Mr. Major recently accepted a job out of state.

In the event the jury finds a willful violation, Major is entitled to an amount equal to the back pay award as liquidated damages. 29 USC § 216 (b); 29 USC § 626(b). The availability of this measure displaces the punitive damages provision of the FCRA. Moses v. K-Mart Corp., 905 F. Supp. 1054, 1059 (M.D. Fla. 1995). However, under the FCRA, Major is eligible for compensatory damages, including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries. Fla. Stats. § 760.11(5) (1999).

The Florida Civil Rights Act provides for prevailing party attorney's fees. Fla. Stats. sections 760.11(5).

Plaintiff's proposed jury instructions, submitted even date, incorporate the referenced principles of law.

I hereby certify that a true and correct copy of the foregoing was furnished by hand to **Susan Potter Norton, Esquire** and **Dionne Wilson Blake, Esquire**, this 10th day of November, 2003.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone: 954-527-2800
Facsimile: 954-524-9481

By: s/Valerie Shea
VALERIE SHEA
Florida Bar No. 436800
VShea@heinrichgordon.com
MARK R. BOYD
Florida Bar No. 217492
MBoyd@heinrichgordon.com

CASE NO. 00-6070-Zloch

**SERVICE LIST**

**Susan Potter Norton, Esquire** and
**Dionne Wilson Blake**
Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578
Counsel for Defendant