FILED by _____ D.C.
ELECTRONIC

**Nov 10 2003**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,                    :        CASE NO.  00-6070-Zloch
                                                 Magistrate Judge Lurana S. Snow
      Plaintiff,                       :

vs.                                     :

AMERIJET INTERNATIONAL, INC.,           :

      Defendant.                       :

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Patrick Scott Major, hereby submits his Proposed Jury Instructions.    In accordance with the instruction in the Eleventh Circuit Pattern Jury Instructions, the packet omits those standard instructions which are given in every case.

I hereby certify that a true and correct copy of the foregoing was furnished via hand to Susan **Potter Norton, Esquire** and **Dionne Wilson Blake, Esquire**, this 10th day of November, 2003.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida  33394
Telephone:    954-527-2800
Facsimile:     954-524-9481


By:___ s/Valerie Shea_____
     VALERIE SHEA
     Florida Bar No.  436800
     VShea@heinrichgordon.com
     MARK R. BOYD
     Florida Bar No. 217492
     MBoyd@heinrichgordon.com

247/mh

<u>**TABLE OF CONTENTS**</u>
<u>**PLAINTIFF'S PROPOSED INSTRUCTIONS**</u>

<u>Page</u>

1    Whistleblower Act

3    Retaliation Claim

5    Defendant's Decision

6    Introduction to Damages

7    Backpay & Mitigation

8    Front Pay

9    Compensatory Damages

11    Lost Future Earnings Capacity

12    Liquidated Damages

13    Verdict Form

<u>WHISTLEBLOWER ACT</u>

The first claim of the plaintiff, Patrick Major, arises under the Florida Whistleblower Act. This law prohibits an employer from retaliating against an employee for "blowing the whistle," that is, **either disclosing** illegal conduct by the employer to a governmental agency, **or objecting** to an illegal activity.

In order to prevail on his whistleblower claim, Mr. Major must prove by the preponderance of the evidence:

<u>First</u>:        that he engaged in actions protected under the Whistleblower Act by either disclosing an activity of Amerijet that violated federal aviation regulations to an appropriate governmental agency. The Court has previously found, and I advise you as a matter of law, that Mr. Major's report to NASA was to an appropriate governmental agency.

**<u>or</u>**

that he objected to an activity of Amerijet that violated federal aviation regulations.

**<u>or</u>**

that he did both.

The Court has previously found, and I instruct you as a matter of law, that the August 17, 1999, takeoff of Amerijet Flight 827 did violate federal aviation regulations.

<u>Second</u>:    that an adverse employment action then occurred, that is, Amerijet terminated Mr. Major's employment;

<u>Third</u>:      that Mr. Major's termination was causally related to Mr. Major's activities protected under the Whistleblower Act; and

<u>Fourth</u>:    that Mr. Major suffered damages as a proximate or legal result of being terminated.

For an adverse employment action to be "causally related" to protected activities it must be shown that, but for the protected activity, the adverse employment action would not have

1

occurred.  Or, stated another way, it must be shown that the whistleblowing activity by Mr.

Major was a substantial, motivating cause that made a difference in Amerijet's decision to

terminate his employment.


Authorities

Florida Statutes section 448.102(1), (3) (1999); Sierminski v. Transouth Financial Corp., 216
F.3d 945, 950 (11th Cir. 2000); 11th Cir. Pattern Civ. Jury Inst. 1.9.3 (Retaliation)

Court's Order on Summary Judgment, July 2, 2003

RETALIATION CLAIM
Pattern Civ. Jury Inst. 11th Cir. 1.9.3

The second claim of the plaintiff, Mr. Major, is that the defendant, Amerijet, retaliated, that is, took revenge against the plaintiff because the plaintiff had previously taken steps seeking to enforce the plaintiff's lawful rights under the Age Discrimination in Employment Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, Mr. Major must prove by a preponderance of the evidence:

First:          that he engaged in statutorily protected activity, that is, that he in good faith asserted claims or complaints of discrimination prohibited by federal law. His filing a charge of discrimination with the EEOC was such a protected activity.

Second:     that an adverse employment action then occurred,

Third:        that the adverse employment action was causally related to the plaintiff's statutorily protected activities; and

Fourth:      that the plaintiff suffered damages as a proximate or legal result of such adverse employment action.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the plaintiff was a substantial, motivating cause that made a different in the defendant's decision.

4

<u>DEFENDANT'S DECISION</u>
Pattern Civ. Jury Inst. 11th Cir. 1.9.3

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.  So far as you are concerned in this case, an employer may terminate or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

5

## INTRODUCTION TO DAMAGES

If you find for Amerijet on both of Mr. Major's claims, then your verdict is for the defendant and you will not decide the issue of damages.  But, if you find that Mr. Major has proven one or both of his claims by a preponderance of the evidence, you then must then determine the amount of damages that Mr. Major sustained as a result of his termination.  I will now instruct you on the elements of damages and the factors to be considered in determining the amounts of any damages to be awarded.

## BACKPAY AND MITIGATION

If plaintiff, Mr. Major, proves by a preponderance of the evidence that defendant, Amerijet, wrongfully terminated him, you shall award Mr. Major an amount equal to the pay and benefits Mr. Major would have received from Amerijet had he not been retaliated against due to his whistleblowing activity and/or charge of age discrimination.  Backpay runs from the date of Mr. Major's discharge, on September 1, 1999, until trial.

You should deduct from the backpay award whatever wages Mr. Major obtained from other employment during this period.  Also subtracted from these amounts is the amount of money, if any, which Amerijet proves by a preponderance of the evidence that Mr. Major might have earned had he exercised reasonable diligence in seeking substantially equivalent employment which was actually available, for which he was qualified, and which was similar in nature to the work he performed at Amerijet.  This is called mitigation.  The burden of proving a failure to mitigate damages is on the defendant.  In this case, Amerijet must prove that substantially similar work was available, and that Mr. Major could have obtained that work had he tried.

Authorities

Florida Statutes § 448.103(2)(3); § 760.11(5); EEOC v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1251-1252 (11th Cir. 1991)

## FRONT PAY

If plaintiff, Mr. Major, proves by a preponderance of the evidence that defendant, Amerijet, wrongfully terminated him, you may also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Mr. Major would have earned had Mr. Major not been terminated for the period from the date of your verdict until the date when Mr. Major would have voluntarily resigned or obtained other employment. You may award Mr. Major damages for future lost wages only if you determine that these damages were caused by the defendant's retaliatory termination. If you determine Mr. Major is entitled to future lost wages, you must consider the following in arriving at an amount:

First:          Plaintiff's prospects for another similar job.

Second:      The length of time that it should take Mr. Major to get such a job.

Third:        The number of years remaining before Mr. Major would most probably retire.

You must also reduce any award to its present value by considering the interest that Mr. Major could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Mr. Major if Mr. Major receives it today than if Mr. Major received it in the future, when Mr. Major would otherwise have earned it. It is more valuable because Mr. Major can earn interest on it for the period of time between the date of the award and the date Mr. Major would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Mr. Major can earn on that amount in the future.

Authority

3C Fed. Jury prac. & Instr. § 173.71 (5th ed.)

8

## COMPENSATORY DAMAGES

Mr. Major has alleged that, as a result of Amerijet's intentional discrimination, he has suffered out-of-pocket costs and other expenses. Further, he alleges that he has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, loss of dignity, and humiliation. Mr. Major has the burden of proving any compensatory damages by a preponderance of the evidence.

If you determine that Mr. Major has proven by a preponderance of the evidence that he has experienced costs and expenses, and emotional pain, suffering inconvenience, mental anguish, loss of dignity, and humiliation, you may award him damages for those injuries. No evidence of the monetary value of intangible things such as pain and suffering has been, or need be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation – no more and no less.

When considering the amount of monetary damages to which Mr. Major may be entitled, you should consider the nature, character and seriousness of any pain and suffering, inconvenience, mental anguish, or loss of enjoyment of life Mr. Major experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by Mr. Major since the wrongdoing, to the present time, and even into the future, if you find as fact that the proofs presented justify the conclusion that Mr. Major's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

Remember, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

9

Authorities

*Florida Statutes* § 448.103(2)(3); 760.11(5); 3C Fed. Jury Prac. & Inst. §170.60 (5th Ed) (modified)

## LOSS OF FUTURE EARNINGS CAPACITY

If you find that Mr. Major has proven by a preponderance of the evidence that Amerijet retaliated against Mr. Major when it terminated him, you may award Mr. Major damages for lost future earnings capacity. Damages for lost future earnings are meant to compensate Mr. Major for diminished earnings resulting from the reputational harms he suffered as a result of Amerijet's retaliatory discharge of him. For example, Mr. Major may be negatively affected for the rest of his career concerning what employment he may be able to obtain because his employment record indicates that he was fired.

Damages for lost future earnings capacity are not limited in duration, because the reputational or other injury that causes the diminution in expected earnings can stay with Mr. Major indefinitely. However, any award of damages for lost future earnings capacity may not exceed the diminution (that is, the reduction) in expected earnings in all of Mr. Major's future jobs. That is, you may only award such damages in an amount and for as long as you find that the reputational or other injury may be expected to affect Mr. Major's job prospects.

Authorities

448.103(2)(e); 760.11(5); <u>Williams v. Pharmacia, Inc.</u>, 137 F.3d 944, 953-54 (7th Cir. 1998); <u>W. R. Grace & Co. v. Pyke</u>, 661 So. 2d 1301, 1302 (Fla. 3d DCA 1995)

<u>LIQUIDATED DAMAGES</u>
Pattern Civ. Jury Inst. 11th Cir. 1.4.1

If you find that Amerijet willfully violated the law that prohibits retaliation against an employee who files a complaint of age discrimination, as claimed by the plaintiff, the plaintiff is entitled to double back pay damages. This means that the Court would award the damages you have calculated in the category of back pay plus an equal amount as liquidated damages. If Amerijet knew that discharging Mr. Major was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If the employer did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,                          :          CASE NO.  00-6070-Zloch
                                                        Magistrate Judge Lurana S. Snow
         Plaintiff,                           :
vs.                                           :

AMERIJET INTERNATIONAL, INC.,                 :

         Defendant.                           :
_____/

## **VERDICT**

We, the jury, find the following by the preponderance of the evidence:

I.    Claims under the Whistleblower Act

1.    Did the plaintiff disclose to a governmental agency an activity of defendant which was in violation of a law, rule or regulation?

Answer Yes or No  _____

2.    Did the plaintiff object to an activity of defendant which was in violation of a law, rule or regulation?

Answer Yes or No  _____

3.    If you answered yes to 1 **or** 2, or both 1 **and** 2, was the plaintiff's whistleblowing conduct a substantial or motivating factor that prompted the defendant to terminate his employment?

Answer Yes or No  _____

II.   Claim for Retaliation (for making Age Discrimination Complaint)

4.    Was the plaintiff's complaint of age discrimination a substantial or motivating factor that prompted the defendant to terminate his employment?

Answer Yes or No  _____.

13

If you answered No to all of the above questions, your verdict is for the defendant and you should go no further, except to sign and date this form.

If you answered Yes to one or more of the above questions, your verdict is for the plaintiff and you should answer the following questions:

5.      What is the amount of damages plaintiff should be awarded to compensate for backpay, that is, past lost wages and benefits?

$_____

6.      What is the amount of any damages that plaintiff should be awarded as front pay?

$_____

7.      What is the amount of damages that plaintiff should be awarded to compensate for other specific damages as well as for damages for embarrassment, mental anguish and humiliation?

$_____

8.      What is the amount of damages that the plaintiff should be awarded to compensate him for a loss of future earnings capacity?

$_____

Answer question 9 only if you found for plaintiff on his retaliation claim; that is, you answered Yes to question 4:

9.      Did the defendant, in terminating the plaintiff's employment, willfully violate the law (as that term is explained in the instructions)?

Answer Yes or No _____

DATED on _____, 2003.

_____
as Foreperson.