UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 00-6070-CIV-GONZALEZ / SNOW

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/



## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S CLAIM FOR BACK PAY

Defendant, AMERIJET INTERNATIONAL, INC. by and through undersigned counsel and pursuant to Rules 7.1 of the Local Rules for the Southern District of Florida hereby files this Motion in Limine to Preclude Evidence of Plaintiff's Claim for Back Pay and states:

1.     Plaintiff has failed to mitigate his damages, as required by law, by failing to make a reasonable effort to seek and retain comparable subsequent employment.

2.     Specifically, on July 19, 2001, Plaintiff voluntarily resigned from his employment at Miami Air International.

3.     Accordingly, due to Plaintiff's failure to mitigate his damages as required by law, Plaintiff should be precluded from introducing evidence of back pay damages.

34261

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## MEMORANDUM OF LAW

Plaintiff's claim is based on allegations of retaliation under the ADEA and the FCRA. Back pay awards are limited to proven economic loss. _Darnell v. City of Jasper_, 730 F.2d 653, 656 (11th Cir. 1984). It is uncontested that Plaintiff has a duty to mitigate damages by seeking alternative employment and a continuing duty to _retain_ such subsequent employment. _Sennello v. Reserve Life Ins. Co._, 667 F. Supp. 1498, 1513 (S.D. Fla. 1987), aff'd, 872 F.2d 393 (11th Cir. 1989); _Darnell v. City of Jasper_, 730 F.2d. 653, 656 (11th Cir. 1984). _See also Brady v. Thurston Motor Lines_, 753 F.2d 1269, 1277 (4th Cir. 1985) (plaintiff claiming retaliation must use reasonable diligence to maintain any suitable employment which is secured); _EEOC v. Delight Wholesale Co._, 973 F.2d 664 (8th Cir. 1992).

This duty is deeply rooted in a well established principle of law which requires that

> where one person has committed a . . . legal wrong against another it is incumbent upon the latter the use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage which could thus have been avoided.

_Ford Motor Co. v. EEOC_, 458 U.S. 219, 231 n. 15 (1982) (quoting C. McCormick, _Law of Damages_ 127 (1935)).

Therefore, in addition to having a duty to obtain subsequent employment, a Plaintiff has a corresponding duty to exercise "reasonable diligence" in retaining any subsequent employment he does obtain. Failure to exercise reasonable diligence in retaining subsequent employment will cut off a Plaintiff's entitlement to back pay damages. _See Taylor v. Cent. PA. Drug & Alcohol Serv. Corp._, 890 F. Supp. 360, 371 (M.D. Pa. 1995).

34261

2

"Reasonable diligence" in retaining subsequent employment, for purposes of cutting off entitlement to back pay damages, requires that the Plaintiff conduct himself "reasonably and responsibly in accordance with the employer's rules. Id.

The law in this Circuit is well established that back pay claims are barred where a claimant voluntarily removes himself from the labor market, thereby remaining unavailable for any comparable alternative employment. See Miller v. Marsh, 766 F.2d 490 (11th Cir. 1985)(plaintiff failed to mitigate her damages and was not entitled to back pay award where she voluntarily removed herself from the labor market).

Where a plaintiff voluntarily quits employment, he has not used reasonable diligence and the Court is under no obligation to decide whether suitable positions existed which could have been filled by the plaintiff. See Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269 (4th Cir. 1985).  Therefore, when an employee subsequently finds employment, but then voluntarily quits, an award of back pay is precluded.  Id.

In the instant case, Plaintiff had a duty to use reasonable diligence in seeking and retaining subsequent employment.  Plaintiff, however, failed to take such actions.  Instead, when Plaintiff found similar employment, he voluntarily quit.

Plaintiff was an employee at Miami Air International from August 23, 2000 until July 19, 2001.  (Major Dep. 9/8/03, p. 4)  On July 19, 2001, Plaintiff voluntarily quit his employment with Miami Air International.  (Major Dep., 9/8/03, p. 59).  Thereafter, Plaintiff voluntarily took himself out of the labor market and chose not to begin working full time again until more than a year later, in October  2002 when he began working for Air Florida. (Major Dep. 9/8/03 p. 6).  Undoubtedly, Plaintiff failed to exercise reasonable diligence

34261

3

when he voluntarily removed himself from the job market by quitting his job at Miami Air, especially without diligently seeking subsequent employment. The fact that Plaintiff did not have a comparable job during that time period is due to the fact that *he voluntarily quit* his employment at Miami Air. Plaintiff had a duty not only to find comparable employment, but also to act diligently in keeping it. Accordingly, Plaintiff failed to mitigate his damages as required by law, by failing to make a reasonable effort to seek and *retain* comparable subsequent employment and, thus, he has forfeited his right to recover any back pay.

WHEREFORE, based on the foregoing, Defendant request that the Court grant Defendant's Motion in Limine to Preclude Evidence of Plaintiff's Claim for Back Pay.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Zascha Blanco
Florida Bar No. 0614671

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
zblanco@anblaw.com

34261

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail and hand-delivery, on this 12th day of November, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
    WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

34261

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF'S PRODUCTION OF DOCUMENTS DUCES TECUM

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and Rules 26, 30 and 37 of the Federal Rules of Civil Procedure, hereby files this Motion to Compel Plaintiff's Production of Documents Duces Tecum and in support thereof states the following:

1.     Plaintiff is scheduled to be deposed on September 4, 2003.

2.     ' Pursuant to this Court's Order permitting Plaintiff to be deposed to update his deposition as to post deposition changes or information known to Plaintiff which may materially affect the issues of this case, Defendant has set Plaintiff's deposition and requested he produce documents regarding his employment and finances since his last deposition. See Exhibit A.

92467_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



3.    Plaintiff's counsel has refused to produce any of the documents requested in the Notice of Taking Deposition Duces Tecum. See Exhibit B.[1]

4.    In order to properly prepare for Plaintiff's deposition, Defendant seeks records and documents from Plaintiff regarding his employment and income subsequent for the past two (2) years and subsequent to his deposition, and any of his alleged damages claimed or incurred since his deposition.

5.    The documents requested by Defendant are those which may materially affect the issues of this case including:  Plaintiff's job searches, efforts and attainment of employment and/or income producing endeavors.

6.    Plaintiff's counsel has made it clear she has no intention to produce the documents requested in Defendant's Notice.

7.    In order that Defendant is fully prepared for the deposition of Plaintiff and has all the information required to update his claim since his most recent deposition, Defendant seeks leave of this Court to compel Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

8.    Without the requested documents, Defendant is unable to ascertain Plaintiff's claims for damages and/or any efforts at mitigating his damages since February 2001.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC. respectfully requests this Court to grant its Motion to Compel the Production of Documents Duces Tecum.

---

1  Defendant previously requested by Motion the Court grant leave for Defendant to subpoena Plaintiff's employment records subsequent to his deposition.  At the time of the filing of the Motion, Plaintiff's counsel has not responded. Although Plaintiff's counsel later disclosed they had no objection to the subpoenas, this Court had denied the Defendant's Motion by Order dated August 22, 2003.

92467_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## MEMORANDUM OF LAW

Pursuant to its Notice of Taking Deposition Duces Tecum, Defendant seeks to obtain updated information from Plaintiff relating to his claim, his damages and his efforts at mitigation since his deposition in February, 2001.

Rule 26(e) Federal Rules of Civil Procedure provides:

> A party who has . . .responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court . . . .

Because Plaintiff's Counsel has indicated she will not produce any of the documents requested and Defendant requires these documents to determine Plaintiff's alleged damages and efforts at mitigation, Defendant hereby seeks an order compelling Plaintiff to produce the documents requested in its Notice of Taking Deposition Duces Tecum.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

92467_1

**3**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail, postage prepaid, on this _26th_ day of August, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
    Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

92467_1

**4**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

AO 88 (Rev. 11/91) Subpoena in a Civil Case.

# United States District Court

_____ SOUTHERN _____ DISTRICT OF ___ FLORIDA ___

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendants.

**SUBPOENA FOR VIDEOTAPE DEPOSITION DUCES TECUM IN A CIVIL CASE**

CASE NUMBER: 00-6070-CIV-ZLOCH
Magistrate Judge Snow

TO:  **Patrick Scott Major
1722 West Las Olas Boulevard
Fort Lauderdale, Florida 33**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE, CORAL GABLES, FL 33134** | DATE AND TIME<br>**September 4, 2003<br>10:00 A.M.** |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: See Attachment A.

| PLACE<br>**ALLEN, NORTON AND BLUE, P.A., 121 MAJORCA AVENUE, CORAL GABLES, FL 33134** | DATE AND TIME<br>**September 4, 2003<br>10:00 A.M.** |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*signature*      **Attorney for Defendant** | DATE<br>August 19, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Susan Potter Norton, Esq., Allen, Norton & Blue, P.A. 121 Majorca Avenue,
Coral Gables FL 33134  Tel: 305- 445-7801

92381v1

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)



EXHIBIT

A

**Attachment "A"**
**To Subpoena Duces Tecum**
**For Production Of Documents**

TO:    Patrick Major
         1722 West Las Olas Boulevard
         Ft. Lauderdale, Florida 33

     You are commanded to appear for a deposition on September 4, 2003, at 10:00 A.M. at the law firm of **Allen, Norton & Blue, P.A..** In addition to your appearance, you are also commanded to bring with you to your deposition the following documents:

- Copy of Plaintiff's Logbook from February 2001 to present
- Copy of all Plaintiff's pilot training records since February 2001
- Copy of all Plaintiff's records from the FAA since February 2001
- Any and all of Plaintiff's documents from any employer since February 2001
- Any and all of Plaintiff's current evaluations, letters, articles, memos, instructions, comments or other writings regarding any employer or potential employer since February 2001
- Federal income tax return and supporting documents including W-2s or W-4s from 2001 to present.
- Any and all financial statements prepared since February 2001.
- Any and all W-2 forms since February 2001.
- Any and all calendars, notebooks, and diaries for 2001 through present.
- Any test results since 2001.
- Any communication with any school, training facility pertaining to aviation from 2001 to present, including tests, notes, booklets, applications.
- Correspondence from any school, training facility pertaining to your efforts to obtain level of Captain from 2001 to present.
- Any correspondence between 2001 and present from any organization, including school or training facility, rejecting your application for Captain and/or dismissing you from such organization.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for the years 2001 - present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any and all Federal, State and local income tax, intangible tax and other tax returns for any businesses owned, operated, or participated in by Plaintiff for 2001- to present.
- Any and all documents used to prepare those tax returns identified in the request above.
- Any documents provided to you reflecting, referring to or indicating any assets, liabilities, revenues, expenses, income, or earnings of Plaintiff and any businesses

92381_1

owned, operated or participated in by Plaintiff, during the years 2001- to present.

- Any documents provided to you reflecting, referring to or indicating any stock certificates, bank statements, statements from any account(s) holding money, property, assets, or income of Plaintiff, and any businesses owned, operated, or participated by Plaintiff during the years 2001 – to present.

- Any and all documents reflecting, referring to, or indicating any profits for the years 2001 – to present, or any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting expenses for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting assets for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all documents reflecting revenues for the years 2001 – to present, or any part of those years of any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all balance sheets, profit and loss statements, income statements, and trial balances or any documents used to prepare the aforementioned documents for the years 2001– to present, prepared by or for any part of those years of any businesses owned, operated or participated in by Plaintiff.

- Any and all Articles of Incorporation and By-laws of any businesses owned, operated or participated in by Plaintiff, including any and all prior versions and amendments to said documents since February 2001.

- Any and all correspondence and/or documents of any businesses owned, operated or participated in by Plaintiff filed with or received from the Securities Exchange Commission since February 2001.

- Any and all partnership agreements entered into by any businesses owned, operated or participated in by Plaintiff since February 2001.

- Any and all revenue and/or profit projections for any part of those years of any businesses owned, operated or participated in by Plaintiff which include the year 2001 and/or any year thereafter.

- Any and all agreements or documents reflecting, referring to or pertaining to the compensation and/or payments to be paid to Plaintiff in connection with any businesses owned, operated or participated in by Plaintiff, whether as an employee, director, executive, owner, or shareholder of that company or otherwise since February 2001.

- Any and all documents reflecting Plaintiff's ownership or interest in any businesses owned, operated or participated in by Plaintiff, including but not limited to documents reflecting the number of shares of stock owned by Plaintiff and the right to income or to a share of profits or revenues accorded to Plaintiff since February 2001.

- Any and all records, files, memoranda, or any other documents reflecting, referring or pertaining to any form of compensation or payment to Plaintiff; all employment applications, personnel files and employment contracts of or relating to Plaintiff; all

92381_1

documents referring to any health insurance, life insurance, pension plan, stock options or vacation benefits of or relating to Plaintiff since February 2001.

If any records responsive to any identified request do not exist, you must indicate so in a signed, sworn, and notarized document.

# HEINRICH
# GORDON
# HARGROVE
# WEIHE
# & JAMES

PROFESSIONAL ASSOCIATION
LAW OFFICES

Valerie Shea
Direct No. (954) 519-1524

August 20, 2003

**VIA FACSIMILE**
Susan Potter Norton, Esq.
Dionne Wilson-Blake, Esq.
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 33314

Re:    Major v. Amerijet
       Our File No. 81975.002

Dear Ms. Norton and Ms. Blake:

I am in receipt of your notices of taking deposition of Patrick Major, James Gilbert and Jose Pagan. However, we did not agree they be scheduled to take place in your office in Coral Gables. This case is pending in Ft. Lauderdale, Patrick Major lives in Ft. Lauderdale, Jose Pagan is in Ft. Lauderdale, and Jim Gilbert is in Deerfield Beach. Please re-notice Patrick Major and Jose Pagan's deposition for Ft. Lauderdale. You may use my office for these depositions. Also, please re-notice Jim Gilbert's deposition in his office in Deerfield Beach, or at the very least, in my office.

If you insist on taking plaintiff's experts' depositions outside the Ft. Lauderdale or Deerfield Beach areas, please be advised that their deposition fees are portal to portal. As stated in plaintiff's expert disclosure, Mr. Pagan's fee is $125 per hour, and Mr. Gilbert's fee is $220 per hour. You will need to bring checks at the time of their depositions for whatever time you use; otherwise, the depositions will not go forward. If the experts are to be taken outside this area, please confirm in writing that you will be bringing checks at their depositions paying their deposition fees portal to portal.

I also note that you have subpoenaed Patrick Major duces tecum. Not only is a subpoena duces tecum an improper means in which to obtain documents from a party, it clearly attempts to

**EXHIBIT**

B

August 20, 2003
Page 2

circumvent Rule 34 of the Federal Rules by requesting a party to produce documents in less than 30 days. Your laundry list of documents requested to be produced at my client's deposition is not in accordance with the court's order allowing defendant to take an update deposition, not re-opening discovery of my client. Patrick Major has produced all documents in his possession which are responsive to defendant's first request for production dated February 17, 2000. Therefore, Mr. Major will not be producing these documents at his deposition.

Please provide our office with amended notices of taking deposition.

Very truly yours,

VALERIE SHEA
For the Firm

VS:ddk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF'S PRODUCTION OF DOCUMENTS DUCES TECUM

THIS CAUSE having come to be heard on Defendant's Motion to Compel

Plaintiff's Production of Documents Duces Tecum, for good cause shown and the

Court being duly advised in the premises it is

ORDERED AND ADJUDGED that Defendant's Motion to Compel

Plaintiff's Production of Documents Duces Tecum is hereby

_____.

DONE AND ORDERED in Chambers, in Broward County, Florida on this

_____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

Conformed copies furnished to:
Susan Potter Norton, Esq.
Valerie Shea, Esq.

<u>Patrick Scott Major v. Amerijet International, Inc.</u>
Case No. 00-6070-CIV-ZLOCK / Snow

### <u>Service List</u>

Susan Potter Norton, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue, #300
Coral Gables, Florida  33134
Tel:  (305) 445-7801
Fax: (305) 442-1578
Attorneys for Defendant

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
  Weihe & James, P.A.
500 East Broward Boulevard
Suite 1000
Fort Lauderdale, FL  33394
Tel: (954) 527-2800
Fax: (954) 524-9481
Attorneys for Plaintiff

92470v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR PERSONNEL RECORDS

    COMES NOW, the Defendant, AMERIJET INTERNATIONAL, INC., by and through

the undersigned counsel and pursuant to Rule 7.1 of this Court's Local General Rules, and

Rules 26 and 30 of the Federal Rules of Civil Procedure, hereby files this Motion seeking

Plaintiff's Personnel Records.

    1.  Plaintiff's lawsuit alleges he was discriminatorily and unlawfully discharged from

his employment in 1999.  Plaintiff was deposed in February 2001 and, shortly thereafter,

Defendant's Motion for Summary Judgment was filed.  Defendant's Motion remained

pending for approximately two (2) years until the Court entered its Order denying the

Motion in part and permitting Plaintiff to proceed to trial on claims of retaliatory discharge

and an alleged violation of the Florida Whistleblowers Act.

    2.  During the pendency of Defendant's Motion for Summary Judgment, Plaintiff

presumably obtained replacement employment and continued in his efforts to mitigate his

damages in this matter.  In fact, Plaintiff's expert report indicates he has had a number of

92507_1

**ALLEN, NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

**EXHIBIT**

*tabbies*

*B*

employers and/or business ventures since his deposition in February 2001. At trial, issues regarding Plaintiff's employment history will be directly relevant to his claims of unlawful discrimination and discharge.

3. In order to adequately prepare for the trial in this matter, and determine issues relevant to this case including Plaintiff's damages and efforts at mitigation, Defendant requires the employment records from Plaintiff's employers from his deposition up until the trial of this action.

4. The records sought may necessarily reflect Plaintiff's conduct or misconduct with other employers which may raise issues relevant to this matter. These records may also contain information regarding Plaintiff's work history, the positions held, information regarding his capabilities in the aviation field, his employment evaluations, his representations to other employers, the reason for his separation from employment with any subsequent employers, and/or his earnings and income information from these employers.

5. These records are directly relevant to the issues in this matter, including but not limited to the reason proffered by Defendant for Plaintiff's discharge.

6. Absent the delay in the Order on Defendant's Motion for Summary Judgment, Defendant would have had relatively recent information regarding Plaintiff's subsequent employment. However, the passage of time since the filing of Defendant's Motion has allowed a substantial amount of time for Plaintiff's employment circumstances to change significantly, and Defendant should be permitted access to the information which may reveal any such changes.

92507_1

**2**

7. Counsel for Plaintiff has indicated she had no objection to Defendant's subpoenaing Plaintiff's employment records from the date of his deposition to present.

8. Permitting Defendant to obtain these records will not prejudice any party to this action or delay the trial of this cause.

WHEREFORE, Defendant, AMERIJET INTERNATIONAL, INC., respectfully requests this Court permit it to obtain Plaintiff's personnel records from all employers subsequent to his deposition in February 2001.

## MEMORANDUM OF LAW

In the instant case, Defendant seeks Plaintiff's employment records to determine his mitigation of damages, his entitlement to backpay, his employment history and conduct with other employers, and other relevant employment history in order to adequately prepare its defense to his claim of unlawful discharge.[1]  Plaintiff's employment history is directly relevant to the issues in this case and may reveal any terminations, discrimination complaints and/or acrimonious relationships with his employers, which may evidence, have caused or contributed to Plaintiff's discharge from Defendant and other employers.

The two (2) year lapse of time between Plaintiff's deposition and the trial of this action is substantial and likely represents a material change in Plaintiff's circumstances and employment history.  As such, Defendant should be permitted to obtain Plaintiff's records.

---

[1]  Plaintiff's claims allege violations of the Florida Civil Rights Act, Florida Whistleblower Act and the Age Discrimination in Employment Act.  Federal case law interpreting Title VII and ADEA is applicable to cases arising under the FCRA.  See Caroll v. Neumann, 204 F. Supp. 2d 1344 (S.D. Fla. 2002) citing Florida State University v. Sondel, 685 So. 2d 923 (1st DCA 1996).

92507_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

( )                                    ( )

In Penn v. Heitmeier, 82 FEP Cases 609 (ED La. 2000), the court found evidence that the plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance on this issue "highly relevant" to the defendant's defense. In the instant case, Defendant maintains Plaintiff's subsequent employment records may reflect conduct similar to that for which Defendant discharged him. Therefore, Defendant seeks to obtain Plaintiff's employment records, in part, for purposes similar to those in Penn.

In Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997), the court allowed the Defendant to introduce evidence that the plaintiff had sued three prior employers. The crux of all of the prior suits was that the employer failed to comply with the terms and conditions of employment. Id. Among other reasons for permitting the disclosure, the court stated that the information was relevant to cast doubt on the credibility of Gastineu's claim for damages. See also, Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D. Ore. 1996)(permitting the Defendant in sexual harassment case to subpoena personnel document from Plaintiff's prior employers so that Defendant could discover whether Plaintiff brought similar claims in past and whether her representations regarding her employment history were accurate)

In this case, Amerijet also seeks to obtain the Plaintiff's personnel records, including any performance and employment status records, potentially for purposes of impeachment evidence. For instance, the records are sought to determine whether the Plaintiff has ever complained of other unlawful conduct or retaliation while employed with other employers. Likewise, Defendant also seeks to ascertain whether Plaintiff engaged in any conduct

92507_1

**4**

similar to that for which Defendant maintains he was discharged; that is, conduct which evidenced his lack of judgment as an airman.

In addition, Defendant should be permitted to obtain documents from his other employers because evidence of other conduct in other instances of employment and other complaints of discrimination or employer misconduct is directly related to credibility or bias. Pounds v. Board of Trustees, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)   The Pounds Court permitted evidence of a plaintiff's complaints of discrimination against other employees noting that she had previously attributed others' conduct to discrimination. Id. Pounds demonstrates that information regarding an employee's other complaints of discrimination can be admissible at trial and is reasonably calculated to lead to impeachment evidence.  Here Plaintiff alleges his discharge was directly related to his complaints of allegedly unlawful conduct.  Defendant maintains his conduct displayed poor judgment.  His employment records may substantiate Defendant's position and reveal other instances of poor judgment by Plaintiff.

Additionally, the records sought by Defendant for use in the trial of this action, including performance and employment status documents, may also be used to test the veracity of the Plaintiff's testimony, his conduct with subsequent employers and other information which is reasonably calculated to lead to admissible evidence as to whether his discharge by Defendant was unlawful.

Moreover, Defendant requires Plaintiff's employment records up to the date of the trial in this action in order to adequately and accurately determine his damages.  Back pay awards are limited to proven economic loss.  Darnell v. City of Jasper, 730 F.2d 653, 656

92507_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

( )                                    ( )

(11th Cir. 1984).  As a prerequisite to recovering lost back pay, however, a plaintiff has a

duty to mitigate back pay losses by seeking alternative comparable employment. Id. at 656;

Acrey v. American Sheep Industry Ass'n, 981 F.2d 1569, 1576 (10th Cir. 1992); Carden v.

Westinghouse Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Maxfield v. Sinclair Int'l, 766 F.2d

788 (3d Cir. 1985); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984).

A plaintiff who claims that he was subjected to a discriminatory employment practice has

a duty to seek employment "substantially equivalent" to the position or positions that he

claims she was terminated from or denied.  See, e.g., Weaver v. Casa Gallardo, Inc., 922

F. 2d 1515, 1527 (11th Cir. 1991) (plaintiff has obligation to search for comparable

employment to mitigate damages); Acrey v. American Sheep Industry Ass'n, 981 F. 2d

1569, 1575 (10th Cir. 1992) (same).  If a plaintiff fails to do so, he forfeits his right to

damages, not only to back pay but also for front pay.  Darnell v. City of Jasper, 730 F.2d

653, 656 (11th Cir. 1984); Taylor v. Cent. PA. Drug & Alcohol Serv. Corp., 890 F. Supp.

360, 371 (M.D. Pa. 1995); Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513

(S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987). Although there is no requirement that an

ADEA plaintiff search endlessly for employment in an effort to mitigate damages, some

type of a search is required.  See Brady v. Thurston Motor Lines, 753 F.2d 1269, 1273 (4th

Cir. 1985)(emphasis supplied).  Plaintiff must use reasonable diligence to obtain

substantially equivalent employment.  Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982).

Substantially equivalent employment has been defined as "employment which affords

virtually identical promotional opportunities, compensation, job responsibilities, working

conditions, and status as the position from which the [ADEA] claimant has been

92507_1

**6**

discriminatorily terminated." <u>Sellers v. Delgado College</u>, 902 F. 2d 1189, 1193 (5[th]

Cir.)("<u>Sellers II</u>"), <u>cert. denied</u>, 498 U.S. 987 (1990) (quoting <u>Sellers v. Delgado College</u>,

839 F. 2d 1132, 1139 (5th Cir. 1988) ("<u>Sellers I</u>").

This requirement is also deeply rooted in a well-established principle of law

requiring that:

> Where one person has committed a …legal wrong against another it is incumbent upon the latter to use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage, which could thus have been avoided.

<u>Ford Motor Co. v. EEOC</u>, 458 U.S. 219, 231 n.5 (quoting C. McCormick, *Law of Damages*

127 (1935)).  Defendant requires Plaintiff's employment records in order to determine

whether he has mitigated his damages and his entitlement to backpay under the law.

Without the requested records, Defendant has no way of making this determination and

is severely prejudiced by its inability to do so.

Based on the foregoing, Defendant respectfully requests this Honorable Court grant

its Motion for Personnel Records and permit it to obtain the personnel records for Plaintiff

subsequent to his deposition in February 2001.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

92507_1

**7**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this 29th day of August, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendants.

_____/

## ORDER

THIS CAUSE having come before the Court upon Defendant's Motion for Personnel Records, and for good cause shown, it is

ORDERED and ADJUDGED as follows:

Defendant's Motion for Personnel Records is hereby _____.

DONE and ORDERED in Chambers in Fort Lauderdale, Broward County, Florida, this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT COURT JUDGE

cc:    Susan Potter Norton, Esq.    (Fax)  305.442.1578
       Valerie Shea, Esq.         (Fax)  954.524-9481

Patrick Scott Major v. AmeriJet International, Inc.

CASE NO.: 00-6070-CIV-ZLOCH / Snow

Service List


Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Tel.    (954) 527-2800
Fax:   (954) 524-9481
Counsel for Plaintiff


Susan Potter Norton, Esq.
Dionne Wilson Blake, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:    (305) 445-7801
Fax:   (305) 442-1578
Counsel for Defendant

92535_1

**NIGHT BOX
FILED**

OCT - 8 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

      Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL

Defendant, AMERIJET INTERNATIONAL, INC., pursuant to S.D.Fla.R. Magistrate Judge Rule 4(a)(1), objects to the Magistrate's Order of September 24, 2003 as clearly erroneous:

1.     The Order results in a decision that an employer has no right to discover complete information regarding Plaintiff's job history, interim, earnings, and employment records prior to trial although this information directly affects his entitlement to backpay, reinstatement and other damages.

2.     Further, the Order finds that the Defendant has to accept Plaintiff's statement as to his job history, earnings, employment history and circumstances with no opportunity to confirm the information provided.

3.     The Magistrate's Order contradicts this Court's Omnibus Order, and is also contrary to the law regarding Defendant's discovery of information regarding

93114_1.DOC

**1**

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION


EXHIBIT
C

Plaintiff's back pay and other remedies, as well as Plaintiff's duty to mitigate his damages.

4.    The Order is erroneously premised upon the assumption that Plaintiff has provided responses to the information sought and that Plaintiff's expert provided the responsive documents at his deposition. This is false.  There is nothing in the record to confirm and in fact Plaintiff has not produced documents which were requested by Defendant, nor did the plaintiff's expert produce or even have all the relevant requested documents.[1]

5.    Moreover, during the two (2) year lapse in time between Defendant's Motion for Summary Judgment, and the Court's Order, Defendant has not been able to obtain relevant information of Plaintiff's employment with at least six (6) other employers.  Specifically, neither Plaintiff or his expert has provided information regarding Plaintiff's job search efforts, attainment of employment and/or income producing endeavors since February 2001, his actual job responsibilities with subsequent employers, his capabilities in the aviation field, his employment evaluations, and the reasons for Plaintiff's separation of employment with those employers.  All of this information relates to material changes in Plaintiff's circumstances which should be disclosed per the Court's Order of August 8, 2003.

---

[1]    Indeed, Plaintiff's expert himself conceded the possibility that Plaintiff received income not accounted for *in the expert's report*. Plaintiff's expert also confirmed that his report *did not include* Plaintiff's new position with Republic Airways, and that he would have to obtain documents to revise his report to reflect this new information and revise his calculations accordingly.
93114_1.DOC

2

6.    Further, the Magistrate's Order does not account for the information requested in Defendant's Motion for Personnel Records. This information cannot necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers. As such, Plaintiff and his expert may not have access to these relevant and material documents. The Magistrate's denial of these documents amounts to a ruling that Defendant is not entitled to discovery employment information regarding the two (2) year period prior to trial.

## MEMORANDUM OF LAW

### I.    Objections To Magistrate's Rulings

Pursuant to 28 U.S.C. §636 (b)(1)(A) and Fed.R.Civ.P. 72(a), this Court shall reconsider pretrial matters determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  Further, the District Judge "shall set aside any part of the Magistrate Judge's order found to be clearly erroneous, or contrary to law." S.D. Fla. L.R. Rule 4 (a)(1) Magistrate Judge Rules. In the instant case, Defendant objects to the Magistrate's Order denying Defendant's motion, based on the judge's rulings:

1.    That the discovery sought by Defendant "is beyond the scope permitted by the Court's Order of August 8, 2003," and;

2.    That "[t]he Plaintiff's responses to these motions state that all discovery has been supplemented recently, and much of the requested information would be provided at the deposition of the plaintiff's expert witness."

The aforementioned rulings directly contradict the record below in this case and the representation of counsel for both parties at the Pretrial Conference held in this matter on September 12, 2003.   As such, the ruling is clearly erroneous and should be set aside.

93114_1.DOC

## II.    Federal Rules And Caselaw In Support Of Defendant's Objections

The Magistrate's Order finding that the discovery sought by Defendant "is beyond the scope permitted by the Court's Order of August 8, 2003" is clearly erroneous in light of the plain language and stated purpose of this Court's Omnibus Order.  In addition, the finding is contrary to established law with respect to Defendant's liability for back pay, determination of back pay, and any other applicable remedies, as well as Plaintiff's duty to mitigate his damages.  The Court's Order required Plaintiff to update his information regarding material changes since his February 2001 deposition.  Although Plaintiff attended his deposition, he has absolutely refused to provide the documentation sought to comply with the Court's Order.  Further, Plaintiff's economic expert did not have current information regarding Plaintiff's employment and could not confirm he had received <u>all</u> <u>documents</u> regarding Plaintiff's interim income during the two (2) year period.

Despite his representations otherwise, Plaintiff has not produced the documents sought by Defendant.  These documents have not been provided to Defendant, nor have they been provided to his own economic expert.  Plaintiff's expert acknowledges:

> Q.    . . . So you cant say for certain whether the income accounted for on this exhibit is representative of all the income Mr. Major received during this time period?
>
> A.    **Mr. Major represented all of this income to me as being the total.**  If there is something that has been left out it would have been because Mr. Major would have probably omitted it by error.

Gilbert Dep., p. 23, ll. 22-25; p. 24, ll. 1-3 (emphasis added)

> A.    I don't know.

Gilbert Dep., p. 24, l. 21

93114_1.DOC

Q,      And your calculations were based upon the income Mr. Major would have received as a first officer, correct?

A.      Correct.

Q.      Okay. Do you know why Mr. Major left PanAm?

A.      No, I don't recall offhand. Unless I stated it in the report, I certainly don't recall.

Q.      What about why he left Miami Air?

A.      Same answer.

Q.      Does the reason why he left any of the jobs or any of his positions prior to Air Florida affect your report?

A.      **I'm not aware of any specific reason that affected the report.**

Q.      **Would that reason affect the report, if you knew?**

A.      **I guess it could.**

Gilbert Dep., p. 30, ll. 7-22 (emphasis added)

Q.      Are you aware that Mr. Major has accepted a position for approximately $55,000 a year?

A.      **I was told this morning that he testified as to – I'm not sure if I was told that he had accepted, but I know he was contemplating it as of 15 minutes before sitting down.**

Q.      I'm sorry, you know that he – 15 minutes prior to you sitting down here you became aware that he may be contemplating taking this position?

A.      Yes. I'm not sure if I was told that he took the position or otherwise, but yes, I was aware that he was considering one based on testimony or something like that.

Q.      Okay. **Would him taking this position affect your report?**

A.      **Yes.**

Q.      What would you need in order to revise your report, if, in fact, he did accept this position?

A.      **I would need to consider the amount of pay that he was going to be receiving and any fringe benefits that he would be receiving, if any, and update the report based on this information and some conversations with Mr. Major, how long this is going to last, does he have a contract for this type of pay, whether he's actually taking the job or not.**

Gilbert Dep., p. 32, ll. 16-25; p. 33, ll. 1-15 (emphasis added)

Based on the foregoing, the foundation for the Magistrate's Order is clearly erroneous. Defendant does not have the documents requested from Plaintiff, nor has Plaintiff's expert been provided these documents. As such, Defendant's Motion does not exceed the scope of discovery and should be granted.

Federal Rule of Civil Procedure 72(a) provides:

> [A] party may serve and file objections to the order... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

In <u>Pullman-Standard v. Swint</u>, the Supreme Court defined the "clearly erroneous" standard as follows:

> A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

<u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 285 n. 14 (1982), citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). In the instant case, a mistake has been made because the Magistrate's Order incorrectly assumed Plaintiff has provided the documents sought, his expert has the documents requested by Defendant and provided those to Defendant. This simply is not so.

Not only has Defendant not received the documents sought, Defendant is entitled to the information sought pursuant to the Court's Order of August 8, 2003, and Rule 26(e) Federal Rules of Civil Procedure. Rule 26 provides in part:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter

> acquired if ordered by the court or [to supplement initial disclosures, or amend prior responses to interrogatories, requests for production, and requests for admissions].

Further, in its Omnibus Order of August 8, 2003, this Court specifically instructed the parties:

> [I]t is the basic purpose of the Federal Rule of Civil Procedure 26 that the parties to a civil action obtain, prior to trial, the disclosure of all relevant <u>information</u> in the possession of any person.[2]

Plaintiff's failure to produce the requested documents and the Court's denial of Defendant's Motions directly conflict with Rule 26 and the Court's Order.

This Court's Order granted Defendant leave to update Plaintiff's deposition as to issues or <u>information</u> materially affecting the issues of this case. Pursuant to the Court's Order, Defendant set Plaintiff's deposition and requested he produce documents regarding his employment and finances since his last deposition. Although Plaintiff attended the deposition, Plaintiff's counsel refused to produce any of the documents requested in the Notice of Taking Deposition Duces Tecum. In order to properly prepare for the trial of this case, Defendant sought records and documents from Plaintiff regarding his employment and income for the two (2) years subsequent to his original deposition, and any of his alleged damages claimed or incurred since that deposition. Because Plaintiff's counsel's refused to produce any documentation prior to and at this deposition, in an abundance of caution Defendant moved this Court to compel Plaintiff to produce relevant documents pursuant to its subpoena duces tecum.

---

2 Notably, the Court's Order was not limited to deposition testimony but to relevant "information."
93114_1.DOC

In a separate but related Motion, Defendant also moved for production of Plaintiff's personnel records, primarily for purposes of determining Plaintiff's efforts at mitigation, Plaintiff's conduct or misconduct with other employers which may raise issues relevant to this matter, and other information regarding Plaintiff's work history, positions held, his capabilities in the aviation field, his employment evaluations, his representations to other employers, and the reasons for his separation from employment with any subsequent employers. Defendant sought to obtain this information directly from Plaintiff's employers because these documents may not be in Plaintiff's custody, possession or control. The Magistrate's Order seems to ignore the Defendant's need for information sought in the Motion for Personnel Records when it addresses Plaintiff's production of documents and the documents his expert may have. Thus the Magistrate's Order provides no way for Defendant to obtain these relevant records.

Plaintiff has unambiguously demonstrated that he does not intend to provide the documentation needed to supplement discovery for the two-year period in which this case was pending, in contravention of both the Rules of Civil Procedure and this Court's Omnibus Order. Despite Plaintiff's assertions to the contrary, neither he nor his expert witness has provided the documentary evidence requested by Defendant.

As Defendant previously noted, the requested documents are extremely relevant and will materially affect the issues of this case, including: Defendant's liability, if any, for back pay and other requested relief; Plaintiff's job searches and efforts to obtain employment and/or income producing endeavors since February 2001; and the reasons for Plaintiff's termination of employment with subsequent employers. Plaintiff's pay history and efforts to obtain comparable, subsequent employment is particularly important, as

93114_1.DOC

back pay awards are limited to proven economic loss. The Magistrate's Order denies Defendant access to any of this relevant information and restricts Defendant's ability to fully prepare its defense.

In Darnell v. City of Jasper, the Eleventh Circuit held that, as a prerequisite to recovering lost back pay, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). See also, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); accord, Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987).

With respect to other crucial information that Defendant may only obtain through the requested documentation which Plaintiff has failed to provide or that his former employers possess, the court in Penn v. Heitmeier found that such evidence is highly relevant to an employer's defense. In Penn the Court noted evidence plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance was "highly relevant" to the defendant's defense. Penn v. Heitmeier, 82 FEP Cases 609, 2000 WL 297685 *2 (E.D. La. 2000). See also, Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997)(Court allowed defendant to introduce evidence that the plaintiff had sued three prior employers, as the information was relevant to cast doubt on the credibility of plaintiff's claim for damages); Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D.Ore. 1996)(Permitting defendant in sexual harassment case to subpoena personnel document from plaintiff's prior employers so that defendant could discover whether plaintiff brought similar claims in the past and whether her representations

93114_1.DOC

**10**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

regarding her employment history were accurate); <u>Pounds v. Board of Trustees</u>, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)(Court permitted evidence of a plaintiff's complaints of discrimination against other employees, noting that she had previously attributed others' conduct to discrimination).

WHEREFORE, based on the foregoing, Defendant respectfully appeals the Magistrate Judge's Order of September 24, 2003, and requests that this Court set aside the Magistrate's Order and grant Defendant's Motions to Compel Production of Documents Duces Tecum and for Personnel Records.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:    (305) 445-7801
Fax:    (305) 442-1578

93114_1.DOC

**11**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 8th day of October, 2003, upon:

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY:_____D.C.

2003 OCT 24  PM 1: 04

_COX
_IST. CT.
-FTL.

CASE NO.: 00-6070-CIV-ZLOCH / Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR CLARIFICATION OF COURT'S ORDER
## SUSTAINING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S ORDER

Defendant, AMERIJET INTERNATIONAL, INC., by and through the undersigned counsel and pursuant to Rule 7.1, S.D. Fla. L.R., hereby files this Motion for Clarification of Court's Order sustaining Defendant's objections to the Magistrate's Order and states the following in support thereof:

1.     The Court's Order does not address whether Defendant may discover employment and financial documents directly from his former employers.

2.     Without documents directly from his employers, Defendant is required to "take Plaintiff's word" as to essential information regarding his subsequent employment.

3.     The information sought includes information on Plaintiff's expenses, benefits, life insurance, pension plan, investment plan, health insurance, car allotment, overtime pay, vacation and other information which directly relates to his damages.

4.     Plaintiff himself admits he cannot recall essential information which is relevant to his backpay and other mitigation issues. Likewise, Plaintiff's own economic

93307_1.DOC

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

EXHIBIT
D

expert has conceded he does not have all the current information regarding Plaintiff's damages.

5.    Documents from Plaintiff's former employers are essential to the trial of this action because they contain information from his subsequent employers as to his employment terms and conditions, his separation from employment, his salary and benefits and other information which is required to adequately prepare for the trial of this action.

6.    Defendant specifically sought these documents directly from Plaintiff's former employers in its Motion For Personnel Records because all the documents relevant to Plaintiff's subsequent employment may not be in his custody, possession or control.[1]

7.    In objecting to the Magistrate's Order, Defendant specifically explained that the Magistrate's Order:

> Does not account for the information requested in Defendant's Motion for Personnel Records.  This information cannot necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers.

8.    Defendant seeks clarification of the Court's Order because the Court's Order sustains Defendant's Objections to the Magistrate's Order, yet does not address Defendant's ability to obtain the requested  records directly from Plaintiff's current and former employers.

WHEREFORE, Defendant respectfully requests the Court clarify its Order sustaining Defendant's Objections to the Magistrate's Order.

---

[1]    For ease of reference, Defendant's Motion For Personnel Records is attached hereto as Exhibit A.
93307_1.DOC

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

<u>Patrick Scott Major v. Amerijet International, Inc.</u>

<u>Case No.: 00-6070-Civ-Zloch/Snow</u>

<u>Service List</u>

Susan Potter Norton, Esq.
Dionne Wilson Blake, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel:   305-445-7801
Fax:  305-442-1578
Attorneys for Defendant

Valerie Shea, Esq.
Heinrich, Gordon, Hargrove,
   Weihe & James
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Tel:   954-527-2800
Fax:  954-524-9481
Attorneys for Plaintiff

92226

## Memorandum In Support

The Court's Order requires Plaintiff to produce documents to Defendant no later than November 3, 2003. However, in Defendant's Motion for Personnel Records and Defendant's Objections To Magistrate's Order, Defendant specifically sought documents directly from Plaintiff's subsequent employers. Defendant therefore seeks clarification on the Court's Order as to whether it includes production of documents directly from Plaintiff's subsequent employers since February 2001.

**A.    The information sought may not be accessible to Plaintiff and otherwise Defendant would be required to take Plaintiff's word as to issues regarding mitigation.**

The information sought by Defendant from Plaintiff's former employers is relevant to this litigation and the issues at trial. The information sought by Defendant includes information which directly relates to any claims for damages including

- Health insurance benefits
- Dental insurance
- Disability benefits
- Leave policies
- Expense accounts
- Car allotments
- Vacation time
- Cellphone expense
- Pension plans
- Overtime
- Vacation benefits

Therefore, the information sought fully complies with Fed. R. Civ. P. 26 which permits discovery of documents relevant to the defense of a party. If not permitted to obtain these documents, Defendant has no option but to rely on Plaintiff alone for essential information required for its defense including information regarding mitigation of damages and entitlement to backpay. In order to obtain this information, Defendant filed its Motion

93307_1.DOC

**3**

For Personnel Records which sought complete and accurate information from Plaintiff's former employers regarding Plaintiff's job search efforts, attainment of employment and/or income producing endeavors since February 2001, his actual job responsibilities with subsequent employers, his capabilities in the aviation field, his employment evaluations, and the reasons for Plaintiff's separation of employment with those employers. All of this information relates to material changes in Plaintiff's circumstances which will directly affect the issues in the trial of this case. More importantly, this information could not necessarily be obtained from Plaintiff and is in the custody, control and possession of his former and current employers. As such, Plaintiff may not have access to these relevant and material documents.

At his most recent deposition, Plaintiff could not recall essential information which would be contained in these records, and his economic expert James Gilbert concedes he relied upon Plaintiff for much of the information in his report and still did not have the most current information regarding Plaintiff's employment status:

Plaintiff's expert acknowledges:

Q.. . . So you cant say for certain whether the income accounted for on this exhibit is representative of all the income Mr. Major received during this time period?

A.    **Mr. Major represented all of this income to me as being the total.** If there is something that has been left out it would have been because Mr. Major would have probably omitted it by error.

Gilbert Dep., p. 23, ll. 22-25; p. 24, ll. 1-3 (emphasis added)

A.    I don't know.

Gilbert Dep., p. 24, l. 21

Q.    And your calculations were based upon the income Mr. Major would have received as a first officer, correct?

A.    Correct.

Q.    Okay. Do you know why Mr. Major left PanAm?

A.    No, I don't recall offhand. Unless I stated it in the report, I certainly don't recall.

Q.    What about why he left Miami Air?

A.    Same answer.

Q.    Does the reason why he left any of the jobs or any of his positions prior to Air Florida affect your report?

A.    **I'm not aware of any specific reason that affected the report**.

Q.    **Would that reason affect the report, if you knew?**

A.    **I guess it could**.

Gilbert Dep., p. 30, ll. 7-22 (emphasis added)

Q.    Are you aware that Mr. Major has accepted a position for approximately $55,000 a year?

A.    **I was told this morning that he testified as to – I'm not sure if I was told that he had accepted, but I know he was contemplating it as of 15 minutes before sitting down**.

Q.    I'm sorry, you know that he – 15 minutes prior to you sitting down here you became aware that he may be contemplating taking this position?

A.    Yes. I'm not sure if I was told that he took the position or otherwise, but yes, I was aware that he was considering one based on testimony or something like that.

Q.    Okay. **Would him taking this position affect your report?**

93307_1.DOC

A.    **Yes.**

Q.    What would you need in order to revise your report, if, in fact, he did accept this position?

A.    **I would need to consider the amount of pay that he was going to be receiving and any fringe benefits that he would be receiving, if any, and update the report based on this information and some conversations with Mr. Major, how long this is going to last, does he have a contract for this type of pay, whether he's actually taking the job or not.**

Gilbert Dep., p. 32, II. 16-25; p. 33, II. 1-15 (emphasis added)

**B.    The information sought is essential to the defense in the trial of this action.**

This information is essential to determining Plaintiff's efforts at mitigation, Plaintiff's conduct or misconduct with other employers, information regarding Plaintiff's work history, positions held, his capabilities in the aviation field, his employment evaluations, his representations to other employers, and the reasons for his separation from employment with any subsequent employers. Moreover, the requested documents are extremely relevant and will materially affect the issues of this case, including: Defendant's liability, if any, for back pay and other requested relief; Plaintiff's job searches and efforts to obtain employment and/or income producing endeavors since February 2001; and the reasons for Plaintiff's termination of employment with subsequent employers. Plaintiff's pay history and efforts to obtain comparable, subsequent employment is particularly important, as back pay awards are limited to proven economic loss.  As such, this information is directly relevant to the defense of this action.

**C.    As a matter of law, Defendant is entitled to the records.**

Defendant Amerijet is entitled to obtain the records it seeks directly from Plaintiff's

93307_1.DOC

current and former employers.   The information sought is required to determine Plaintiff's entitlement to backpay and mitigation of damages.

In Darnell v. City of Jasper, the Eleventh Circuit held that, as a prerequisite to recovering lost back pay, a plaintiff has a duty to mitigate back pay losses by seeking alternative comparable employment. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). See also, Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1527 (11th Cir. 1991)(Plaintiff has obligation to search for comparable employment to mitigate damages); accord, Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla.), aff'd, 872 F. 2d 393 (11th Cir. 1987).  Without these documents, it is impossible for Defendant to determine whether Plaintiff has mitigated his damages and what if any backpay he may be entitled to.

With respect to other crucial information that Defendant may only obtain through the requested documentation which his former employers possess, the court in Penn v. Heitmeier found that such evidence is highly relevant to an employer's defense. In Penn the Court noted evidence plaintiff would not navigate a vessel which was a necessary part of his job and evidence of his subsequent performance was "highly relevant" to the defendant's defense. Penn v. Heitmeier, 82 FEP Cases 609, 2000 WL 297685 *2 (E.D. La. 2000).   See also, Gastineau v. Fleet Mortgage Company, 137 F.3d 490 (7th Cir. 1997)(Court allowed defendant to introduce evidence that the plaintiff had sued three prior employers, as the information was relevant to cast doubt on the credibility of plaintiff's claim for damages); Melaski v. Allco Enterprises, Inc., 1996 U.S. Dist. Lexis 1921 (D.Ore. 1996)(Permitting defendant in sexual harassment case to subpoena personnel document from plaintiff's prior employers so that defendant could discover whether plaintiff brought

93307_1.DOC

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

similar claims in the past and whether her representations regarding her employment history were accurate); <u>Pounds v. Board of Trustees</u>, 2000 U.S. App. Lexis 11037 (4th Cir. 2000)(Court permitted evidence of a plaintiff's complaints of discrimination against other employees, noting that she had previously attributed others' conduct to discrimination). As such, Defendant is entitled to the records sought to adequately prepare for the trial in this action.

Based on the foregoing, Defendant seeks clarification of the Court's Order permitting discovery from Plaintiff's current and former employers of his personnel records.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Dionne Wilson Blake
Florida Bar No. 010069
Email dwilson@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578