

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 00-6070-CIV-GONZALEZ / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.

_____/

*Denied*

*11-12-03*

*Jose A. Gonzalez*

### DEFENDANT'S MOTION TO BIFURCATE THE LIABILITY AND DAMAGES PHASES OF THIS TRIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, Amerijet International, Inc. (hereinafter "Defendant"), by and through the undersigned counsel and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, hereby files this Motion to Bifurcate the Liability and Damages Phases of this Trial and states the following in support thereof:

1.    Because Plaintiff has failed to produce documents necessary to the determination of damages and back pay, Defendant requests that this Court Bifurcate the Liability and Damages Phases of this Trial in order that Defendant have additional time to analyze and investigate factual determinations necessary to defend against Plaintiff's claims for damages and back pay.

2.    Defendant cannot adequately prepare its defense to Plaintiff's claims for damages and back pay without Plaintiff's complete updated financial, personnel and employment documents because these documents are directly relevant to the issue of damages.

93684_1.DOC

1



3.    Plaintiff did not produce any documents as required by the Court's Order until the afternoon of November 7, 2003.  Notwithstanding, Plaintiff has still not verified that the documents produced are complete and more documentation could remain to be produced from Plaintiff.  Moreover, Defendant has still not received any documents directly from Plaintiff's subsequent employers, which is also directly relevant to the issue of Plaintiff's mitigation of damages, and damages.

4.    Defendant must evaluate the information in the requested documents, including Plaintiff's subsequent employers, interim, earnings, his separation from employment, his salary, other income and benefits, expenses, life insurance, taxes, pension plan, investment plan, health insurance, car allotment overtime pay, vacation and other information directly relevant to damages and back pay.

5.    Due to Plaintiff's failure to timely provide this information, Defendant has not been allowed sufficient time to depose Plaintiff's subsequent employers and has not had sufficient time to analyze and evaluate Plaintiff's claim for damages and back pay.

6.    Plaintiff's dilatory tactics in not producing any information until the eve of trial, has caused Defendant great prejudice because Defendant cannot adequately investigate at least four or five of Plaintiff's subsequent employers and has not been able to verify any of the information in the documents just provided by Plaintiff.

7.    Defendant is further prejudiced by the fact that the Court did not allow Defendant to conduct further discovery by deposing the subsequent employers of Plaintiff.

8.    Therefore, it is overwhelmingly clear that Defendant is prejudiced because it has not been permitted to adequately prepare against Plaintiff's claim for damages or back pay.

9.    Accordingly, Defendant requests that this Court Bifurcate the Liability and Damages Phases of this Trial in order that if necessary, Defendant have additional time to analyze and investigate factual determinations necessary to defend against Plaintiff's claims for damages and back pay.

## MEMORANDUM OF LAW

Rule 42(b) of the Federal Rules of Civil Procedure states:

> **The court**, in furtherance of convenience or **to avoid prejudice**, or when separate trials will be conducive to expedition and economy, **may order a separate trial** of any claim, cross-claim, counterclaim, or third-party claim, or **of any separate issue**, or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The district court has broad discretion to bifurcate the issues of liability and damages for separate trials under Rule 42(b). Gafford v. General Elec. Co., 997 F.2d 150, 171 (6th Cir. 1993); Brom v. Bozell, Jacobs, Kenyon & Echardt, Inc., 867 F.Supp. 686, 689 (N.D. Ill. 1994).

Liability and damages are separate and distinct issues in this action and the evidence pertaining to liability is wholly independent of the evidence pertaining to damages. Defendant respectfully submits that the parties not be required to introduce testimony or evidence that has no bearing on liability until such time as the jury determines there is liability in this case.

93684_1.DOC

3

Defendant hereby incorporates its Memoranda of Law in Defendant's Objections to Magistrate's Order Denying Defendant's Motions to Compel, Defendant's Motion for Clarification of Court's Order Sustaining Defendant's Objection to the Magistrate's Order, Defendant's Motion for Personnel Records, and Defendant's Motion to Compel Plaintiff's Production of Document Duces Tecum.  For the reasons more fully explained in the above mentioned memoranda, Defendant maintains that it will be severely prejudiced if this Court does not permit Defendant additional time to obtain a complete set of documents regarding Plaintiff's updated financial employment and financial status. (Exhibits A through D).

Plaintiff has had over two years to prepare its claims for damages and back pay while Defendant has had less than a week to evaluate any updated information regarding damages and back pay, and still on the second day of trial lacks complete documents directly relevant and necessary to adequately defend against Plaintiff's claims for damages and back pay.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion to Bifurcate the Liability and Damages Phases of this Trial.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Zascha Blanco
Florida Bar No. 0614671

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

93684_1.DOC                                4

snorton@anblaw.com
zblanco@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail and hand-delivery, on this <u>12th</u> day of November, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
   WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

                Attorney