UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 00-6070-CIV-GONZALEZ / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

*Denied*
*11-12-03*
*[signed] Jose A. Gonzalez*

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S CLAIM FOR BACK PAY

Defendant, AMERIJET INTERNATIONAL, INC. by and through undersigned counsel and pursuant to Rules 7.1 of the Local Rules for the Southern District of Florida hereby files this Motion in Limine to Preclude Evidence of Plaintiff's Claim for Back Pay and states:

1. Plaintiff has failed to mitigate his damages, as required by law, by failing to make a reasonable effort to seek and retain comparable subsequent employment.

2. Specifically, on July 19, 2001, Plaintiff voluntarily resigned from his employment at Miami Air International.

3. Accordingly, due to Plaintiff's failure to mitigate his damages as required by law, Plaintiff should be precluded from introducing evidence of back pay damages.

34261

1

## MEMORANDUM OF LAW

Plaintiff's claim is based on allegations of retaliation under the ADEA and the FCRA. Back pay awards are limited to proven economic loss. Darnell v. City of Jasper, 730 F.2d 653, 656 (11th Cir. 1984). It is uncontested that Plaintiff has a duty to mitigate damages by seeking alternative employment and a continuing duty to *retain* such subsequent employment. Sennello v. Reserve Life Ins. Co., 667 F. Supp. 1498, 1513 (S.D. Fla. 1987), aff'd, 872 F.2d 393 (11th Cir. 1989); Darnell v. City of Jasper, 730 F.2d. 653, 656 (11th Cir. 1984). See also Brady v. Thurston Motor Lines, 753 F.2d 1269, 1277 (4th Cir. 1985) (plaintiff claiming retaliation must use reasonable diligence to maintain any suitable employment which is secured); EEOC v. Delight Wholesale Co., 973 F.2d 664 (8th Cir. 1992).

This duty is deeply rooted in a well established principle of law which requires that

> where one person has committed a . . . legal wrong against another it is incumbent upon the latter the use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage which could thus have been avoided.

Ford Motor Co. v. EEOC, 458 U.S. 219, 231 n. 15 (1982) (quoting C. McCormick, Law of Damages 127 (1935)).

Therefore, in addition to having a duty to obtain subsequent employment, a Plaintiff has a corresponding duty to exercise "reasonable diligence" in retaining any subsequent employment he does obtain. Failure to exercise reasonable diligence in retaining subsequent employment will cut off a Plaintiff's entitlement to back pay damages. See Taylor v. Cent. PA. Drug & Alcohol Serv. Corp., 890 F. Supp. 360, 371 (M.D. Pa. 1995).

"Reasonable diligence" in retaining subsequent employment, for purposes of cutting off entitlement to back pay damages, requires that the Plaintiff conduct himself "reasonably and responsibly in accordance with the employer's rules. Id.

The law in this Circuit is well established that back pay claims are barred where a claimant voluntarily removes himself from the labor market, thereby remaining unavailable for any comparable alternative employment. See Miller v. Marsh, 766 F.2d 490 (11th Cir. 1985)(plaintiff failed to mitigate her damages and was not entitled to back pay award where she voluntarily removed herself from the labor market).

Where a plaintiff voluntarily quits employment, he has not used reasonable diligence and the Court is under no obligation to decide whether suitable positions existed which could have been filled by the plaintiff. See Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269 (4th Cir. 1985). Therefore, when an employee subsequently finds employment, but then voluntarily quits, an award of back pay is precluded. Id.

In the instant case, Plaintiff had a duty to use reasonable diligence in seeking and retaining subsequent employment. Plaintiff, however, failed to take such actions. Instead, when Plaintiff found similar employment, he voluntarily quit.

Plaintiff was an employee at Miami Air International from August 23, 2000 until July 19, 2001. (Major Dep. 9/8/03, p. 4) On July 19, 2001, Plaintiff voluntarily quit his employment with Miami Air International. (Major Dep., 9/8/03, p. 59). Thereafter, Plaintiff voluntarily took himself out of the labor market and chose not to begin working full time again until more than a year later, in October 2002 when he began working for Air Florida. (Major Dep. 9/8/03 p. 6). Undoubtedly, Plaintiff failed to exercise reasonable diligence

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

when he voluntarily removed himself from the job market by quitting his job at Miami Air, especially without diligently seeking subsequent employment. The fact that Plaintiff did not have a comparable job during that time period is due to the fact that *he voluntarily quit* his employment at Miami Air. Plaintiff had a duty not only to find comparable employment, but also to act diligently in keeping it. Accordingly, Plaintiff failed to mitigate his damages as required by law, by failing to make a reasonable effort to seek and *retain* comparable subsequent employment and, thus, he has forfeited his right to recover any back pay.

WHEREFORE, based on the foregoing, Defendant request that the Court grant Defendant's Motion in Limine to Preclude Evidence of Plaintiff's Claim for Back Pay.

Respectfully submitted,

*[signature]*

Susan Potter Norton
Florida Bar No. 0201847
Zascha Blanco
Florida Bar No. 0614671

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
snorton@anblaw.com
zblanco@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail and hand-delivery, on this <u>12th</u> day of November, 2003 upon:

Valerie Shea, Esq.
HEINRICH, GORDON, HARGROVE,
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

_____
Attorney