UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,              :          CASE NO.  00-6070-Zloch
                                             Magistrate Judge Lurana S. Snow
      Plaintiff,               :

vs.                               :

AMERIJET INTERNATIONAL, INC.,     :

      Defendant.               :
_____/

## PLAINTIFF'S NOTICE OF FILING

    Plaintiff, Patrick Scott Major, gives notice of filing the following documents as part of his proffer as to the issue of admissibility of documents generated by the Federal Aviation Administration:

    1.    Defendant's Response to Plaintiff's First Request to Produce to Defendant, dated March 2, 2000.

    2.    Defendant's Response to Plaintiff's Second Set of Interrogatories to Defendant, dated October 31, 2000.

    3.    Defendant's Response to Plaintiff's Request for Admissions, dated October 31, 2000.

    4.    Excerpt of the transcript of the deposition of Derry S. Huff taken November 8, 2000.

    5.    Letter from Susan Potter Norton to Valerie Shea dated January 5, 2001.

    6.    Excerpt of the transcript of the deposition of John W. Washington taken January 8, 2001.



7.    Letter from Susan Potter Norton to Valerie Shea dated January 10, 2001.

8.    Excerpt of the transcript of the deposition of David Bassett taken February 19, 2001.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail to **Susan Potter Norton, Esquire** and **Dionne Wilson Blake, Esquire** at the address more fully set forth on the service list attached, this 13th day of November, 2003.

GORDON HARGROVE & JAMES, P.A.
Attorneys for Plaintiff
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:    954-527-2800
Facsimile:    954-524-9481


By:_____
VALERIE SHEA
Florida Bar No. 436800
VShea@heinrichgordon.com
MARK R. BOYD
Florida Bar No. 217492
MBoyd@heinrichgordon.com

## SERVICE LIST

**Susan Potter Norton, Esquire** and
**Dionne Wilson Blake**
Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, FL  33134
       Telephone:    (305) 445-7801
       Facsimile:    (305) 442-1578
Counsel for Defendant

EXHIBIT 1



3-2-00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICK SCOTT MAJOR,

           Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

           Defendants.

_____/

CASE NO.: 00-6070-CIV-FERGUSON
Magistrate Judge Snow

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "AmeriJet"), by and through undersigned counsel and pursuant to Rule 34, Federal Rules of Civil Procedure. hereby serves the following responses to Plaintiff's First Request to Produce to Defendant:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's definition and instructions to the extent they attempt to impose burdens on Defendant which are not permissible under that Federal Rules of Civil Procedure, and Local Rules for the Southern District of Florida. Accordingly, without waiving the objections, Defendant will respond and/or object to these specific requests for production without regard to Plaintiff's definitions and instructions. Defendant agrees to produce documents subject to the execution of the attached Joint Confidentiality Stipulation. Defendant reserves the right to amend these in the future.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## REQUEST FOR PRODUCTION

1.     Every file or document of any kind maintained by defendant with respect to Patrick Major, including but not limited to:

     a)     his personnel file;
     b)     his complete training records;
     c)     any supervisory file or other file maintained by any manager or executive at Amerijet;
     d)     all performance appraisals;
     e)     any disciplinary records; and
     e)     all proficiency reports.

1.     In response to Request for Production No. 1 Defendant objects on the grounds that the information sought is overly broad and unduly burdensome.    Without waiving any objections, Defendant agrees to produce Plaintiff's personnel file as it is maintained in the regular course of business.

2.     Any and all documentation concerning "stalking" by Major of any Amerijet employee.

2     In response to request for production No. 2, Defendant objects on the ground that this request seeks information protected by the attorney client privilege.    Without waiving the objection, Defendant agrees to produce documentation concerning the stalking incident lodged against Plaintiff.

3.     Any documents setting forth the policies or requirements for filling the position of captain at Amerijet from January 1, 1996 – September 1, 1999.

3.     In response to Request for Production No. 3, Defendant agrees to produce all documents setting forth the policies or requirements to fill the position of Captain at Amerijet between January 1, 1996 and September 1, 1999.

4.     Any documents concerning Major's qualifications or lack of qualifications to be a captain at Amerijet between January 1, 1996 and September 1, 1999.

4.     In response to Request for Production No. 4, Defendant objects on the grounds that this Request is duplicative and unduly burdensome.    Without waiving any objections Defendant agrees to produce documents in its possession, custody or control that are responsive to this request.

9.      All crewmember seniority lists for Amerijet between January 1, 1996 and September 1, 1999.

Case 0:00-cv-06070-WJZ    Document 263    Entered on FLSD Docket 11/17/2003    Page 7 of 35

5.      In response to Request for Production No. 5, Defendant objects on the grounds this Request is overly broad, unduly burdensome, and seeks information that is not relevant or likely to lead to discovery of admissible evidence. Without waiving objections, Defendant will release said documents subject to a joint confidentiality stipulation.

6.      **All documents concerning upgrades of existing employees to the rank of captain between January 1, 1996 and September 1, 1999; including but not limited to all job opportunity bulletins; upgrade bid sheets; all notifications of bid awards; and upgrade bids awarded.** *none ?*

6.      In response to Request for Production No. 6, Defendant has no documents in its possession, custody or control that are responsive to this Request.

7.      The tape, and any transcription of the tape, of the meeting between Major, Huff and John Washington, Jr. on September 1, 1999. *we have*

7.      In response to Request for Production No. 7, Defendant has previously produced a copy of the tape recording of the meeting on September 1, 1999 between the Plaintiff, Derry Huff and John Washington.

8.      All paperwork for Amerijet Flight 823 on June 8, 1999; including but not limited to:
   a)      the aircraft log;
   b)      flight release form;
   c)      weight and balance record;
   d)      cargo manifest;
   e)      fuel receipts;
   f)      airway bills; and
   g)      freight management reports (FMR).

   Copies are requested of **each** of the three retained versions of the flight log: the white, pink, and yellow.
   This request includes, but is not limited to, records from flight operations, maintenance, aircraft records, and the aircraft.

8.      In response to Request for Production No. 8, Defendant objects on the grounds this request is overly broad, unduly burdensome and seeks information that is not relevant or likely to lead to discovery of admissible evidence. Without waiving the objections, Defendant agrees to produce all paperwork for Amerijet flight 823 on June 8, 1999, as maintained in the regular course of business subject to a joint confidentiality stipulation.

9.    All paperwork for Amerijet Flight 827 on August 17, 1999; including but not limited to:

    a)    the aircraft log;
    b)    flight release form;
    c)    weight and balance record;
    d)    cargo manifest;
    e)    fuel receipts;
    f)    airway bills; and
    g)    freight management reports (FMR).

Copies are requested of **each** of the three retained versions of the flight log: the white, pink, and yellow.

This request includes, but is not limited to, records from flight operations, maintenance, aircraft records, and the aircraft.

9.    In response to Request for Production No. 9, Defendant objects on the grounds this Request is overly broad, unduly burdensome and seeks information that is not relevant or likely to lead to discovery of admissible evidence. Without waiving any of the objections, Defendant will produce all paperwork for Amerijet flight 827 on August 17, 1999, as maintained in the regular course of business subject to a joint confidentiality stipulation.

10.    The excerpt of the then-current Runway Analysis manual, produced by Navtech for Amerijet, which specifies the aircraft performance limitations applicable to the aircraft which was to fly Amerijets's Flight 823 on June 8, 1999; as well as the most recent revision.

10.    In response to Request for Production No. 10. Defendant has no documents responsive to this request in its possession, custody, or control. Defendant agrees to produce the runway analysis in existence on June 8, 1999 for Miami International Airport.

11.    The excerpt of the then-current Runway Analysis manual, produced by Navtech for Amerijet, which specifies the aircraft performance limitations applicable to the aircraft which was to fly Amerijets's Flight 827 on August 17, 1999; as well as the most recent revision.

11.    In response to Request for Production No. 11, Defendant has no documents responsive to this request in its possession, custody, or control. Defendant agrees to produce the runway analysis in existence on August 17, 1999 for Fort Lauderdale International Airport.

12.    Any notes, memoranda, or other documents generated by Derry Huff or John Washington, Jr. before, during, or after their September 1, 1999 meeting with Major or any related events.

12.    In response to Request for Production No. 12, Defendant objects on the grounds that this request seeks information protected by the attorney work product. Without waiving the objection, Defendant agrees to produce the documents in its possession, custody, or control that are responsive to this request and not privileged.

any incident report, memo, or other documentation concerning Major's termination prepared by any person at A rijet.

13. In response to Request for Production No. 13, Defendant objects on the grounds this Request is overly broad, unduly burdensome, duplicative, and seeks information which is protected by the attorney work product privilege. Without waiving the objection, Defendant agrees to produce the documents in its possession, custody, or control that are responsive to this request and not privileged.

14. Any and all documents identified in your answers to interrogatories.

14. In response to Request for Production No. 14, Defendant agrees to produce all documents identified in its Answers to Plaintiff's First Set of Interrogatories.

15. Any documents concerning any follow up to, or investigation of, the June 8, 1999 incident referred to in Major's complaint, including but not limited to any document by or prepared for Captain Brian Steele.

15. In response to Request for Production No. 15, Defendant objects on the grounds that it seeks information protected by the attorney work product privilege. Without waiving the objection, Defendant agrees to produce the documents in its possession, custody, or control that are responsive to this request and not privileged.

16. Any documents concerning any follow up to, or investigation of, the August 17,1999 incident referred to in Major's complaint, including but not limited to any document by, or prepared, for Captain Brian Steele or Alan Jorsey, Sr. and the FAA.

16. In response to Request for Production No. 16, Defendant objects on the grounds this Request is overly broad, unduly burdensome, seeks information that is not relevant or likely to lead to discovery of admissible evidence and seeks information protected by the attorney work product privilege. Without waiving the objections, Defendant agrees to produce documents in its possession, custody, or control that are responsive to this request and not privileged.

17. The complete personnel files and training files of all persons promoted to captain between January 1, 1996 and September 1, 1999.

17. In response to Request for Production No. 17, Defendant objects on the grounds that this Request is overly broad, unduly burdensome and seeks information that is not relevant or likely to lead to discovery of admissible evidence. Without waiving the objections, Defendant agrees to produce documents in its possession, custody, or control that are responsive to this request subject to a joint confidentiality stipulation.

18.    The complete personnel files and training files for all persons who applied but were not promoted to Captain between January 1, 1996 and September 1, 1999.

18.    In response to Request for Production No. 18, Defendant objects on the grounds that this Request is overly broad, unduly burdensome and seeks information that is not relevant or likely to lead to discovery of admissible evidence. Without waiving the objections, Defendant agrees to produce documents in its possession, custody, or control that are responsive to this request subject to a joint confidentiality stipulation to the extent of those identified in Defendant's response to Interrogatory No. 5.

19.    All documents reflecting bids by Major to be a captain at Amerijet.

19.    In response to Request for Production No. 19, Defendant objects on the grounds that this Request is duplicative and unduly burdensome. Without waiving the objections, Defendant refers Plaintiff to response to Request for Production No. 1.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this _____ day of March, 2000 upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR

       Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

       Defendants.

_____/

CASE NO.: 00-6070-CIV-FERGUSON
Magistrate Judge Snow

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## SECOND SET OF INTERROGATORIES TO DEFENDANT

Defendant, by and through its undersigned counsel and pursuant to Rule 33 of the Federal

Rules of Civil Procedure, hereby serves its response to Plaintiff's Second Set of Interrogatories:

Defendant objects to these Interrogatories on the ground that these do not comply with the

parameters set forth in Local Rule 16.1 for the Southern District of Florida.

SECOND SET OF INTERROGATORIES TO DEFENDANT

1.     **Please describe in detail any actions taken against Captain Brian Steele by the
FAA as a result of the August 17, 1999, incident involving Patrick Major.[1]**

ANSWER:

In response to Interrogatory No. 1, Defendant denies that Captain Brian Steele

violated any FAA regulation regarding Flight No. 827 out of Fort Lauderdale International Airport

on August 17, 1999. Furthermore, on December 21, 1999, Captain Brian Steele was absolved of any

---

[1]  The Interrogatories are numbered 12, 13, and 14 on Plaintiff's Second Interrogatories to Defendant. However, Defendant's counsel spoke to Plaintiff's counsel and was told that they were erroneously numbered 12, 13, and 14.

75571_1

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

wrongdoing regarding Flight No. 827. The FAA indicated that their investigation did not establish a violation of the Federal Aviation Regulations.

2. **Please describe in detail any actions taken against Amerijet by the FAA as result of the August 17, 1999, incident involving Patrick Major.**

ANSWER:

In response to Interrogatory No. 2, Defendant directs Plaintiff to its answer in response to Interrogatory No. 1.

3. **Please describe in detail any actions taken against any other individual or entity by the FAA as result of the August 17, 1999, incident involving Patrick Major.**

ANSWER:

In response to Interrogatory No. 3, Defendant directs Plaintiff to its response to Interrogatory No. 1. Furthermore, Defendant states that it is unaware of any actions taken against any other individual or entity by the FAA regarding Flight No. 827 which departed Fort Lauderdale International Airport on August 17, 1999.

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

75571_1

**2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail. on this _31_ day of October 2000. upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
  WEIHE & JAMES
500 East Broward Boulevard. Suite 1000
Ft. Lauderdale, Florida 33394

_____<br>Attorney

## AFFIDAVIT

STATE OF FLORIDA        )
                        ) ss
COUNTY OF BROWARD       )

I, _Derry Huff_ _____. do hereby depose and state that the answers set forth in the foregoing interrogatories are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DERRY HUFF

SWORN AND SUBSCRIBED before me this _26_ day of _October_ , 2000.

_____
NOTARY PUBLIC, State of Florida

My Commission expires: 2/15/2002

| DANIEL E. BRESSLER |
| Notary Public, State of Florida |
| My Comm. Expires 2/15/2002 |
| No. CC 718808 |

Personally known ✓ or produced identification_____
Type of Identification_____ _____

**4**

EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK SCOTT MAJOR

CASE NO.: 00-6070-CIV-FERGUSON
Magistrate Judge Snow

     Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

     Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant, by and through the undersigned counsel and pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, hereby serves its response to Plaintiff's request that Defendant admit the truth of the following matters:

1.    **Captain Brian Steele has been determined to have committed a violation of federal aviation regulations as a result of the August 17, 1999, incident involving Patrick Major.**

    ANSWER:

Defendant denies that Captain Steel has been determined to have committed a violation of the Federal Aviation Regulations regarding Flight No. 827, which departed Fort Lauderdale International Airport on August 17, 1999.

2.    **Amerijet has been determined to have committed a violation of federal aviation regulations as a result of the August 17, 1999, incident involving Patrick Major.**

    ANSWER:

Defendant denies that it has been determined to have committed a violation of Federal Aviation Regulations regarding Flight No. 827, which departed Fort Lauderdale International Airport on August 17, 1999.

75570_1

Respectfully submitted,

Susan Potter Norton
Florida Bar No. 0201847
Stephen P. Santiago
Florida Bar No. 0964425

ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, on this _31_ day of October 2000, upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

Attorney

75570_1

**2**
ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6070-Ferguson/Snow

PATRICK SCOTT MAJOR,                  )    L.T. CASE NO.
                                      )    99-021746-11
            Plaintiff,                )
                                      )
vs.                                   )
                                      )    **ORIGINAL**
AMERIJET INTERNATIONAL, INC.,         )
                                      )
            Defendant.                )
- - - - - - - - - - - - - - - - - - -)

                        337 East Las Olas Boulevard
                        Fort Lauderdale, Florida
                        November 8, 2000
                        10:30 o'clock a.m.

APPEARANCES:

HEINRICH, GORDON, HARGROVE, WEIHE & JAMES, P.A.
BY:  VALERIE SHEA, ESQUIRE
Appearing on behalf of the Plaintiff

ALLEN, NORTON & BLUE, P.A.
BY:  SUSAN POTTER NORTON, ESQUIRE
         - and -
     DANIEL BRESSLER, ESQUIRE
Appearing on behalf of the Defendant


            - - - - - - - - - - - - - - - - - - - - -

                    DEPOSITION

                        OF

                  DERRY S. HUFF

            - - - - - - - - - - - - - - - - - - - - -

```
 1         A.    Of a policy, yes.

 2         Q.    Okay.  So there's no new policy at

 3    Amerijet on runway contamination or runway analysis

 4    as it relates to contaminated runways?

 5         A.    No.

 6         Q.    You've been produced as the person at

 7    Amerijet with the most knowledge of the FAA

 8    investigation and any associated penalties

 9    concerning this incident.

10              But as I understand you, you don't know

11    what, if any, penalties were assessed against

12    Amerijet?

13         A.    That's correct.

14              MS. SHEA:  Miss Norton, do you have anyone

15    else that you might produce that would be able to

16    testify on that subject?

17              MS. NORTON:  Yes.

18              MS. SHEA:  Okay.

19    BY MS. SHEA:

20         Q.    All right.  So as far as you know, Mr.

21    Huff, Mr. Jorsey was cleared, Brian Steele, there's

22    still an open investigation on, and you don't know

23    what happened as it pertains to the air certificate

24    holder itself; is that correct?

25         A.    That's correct.  As far as I know, it's an
```

EXHIBIT 5

LAW OFFICES

## ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 900 | SUITE 100 | HYDE PARK PLAZA, SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 906 NORTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32303 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 850/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1578 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO  Coral Gables

January 5, 2001

**VIA FACSIMILE**
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
    Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394

    Re:    **Major v. AmeriJet International, Inc.**

Dear Valerie:

    I am responding to your letter of December 22, 2000 to Steve Santiago.  As to the first list requesting excerpts from the manual, we are compiling the various sections and it is our intent to have this material for you on Monday, January 8, 2001.

    As to the second list:

    As to paragraph 1, I believe we have previously indicated that upgrade requirements would not have been maintained from 1996.

    As to paragraph 2, any notes taken were apparently informal and were not placed in the personnel folder.  Mr. Steele is no longer at AmeriJet and we are attempting to reach him to see if he has any in his personal possession.  Mr. Huff does not.

    As to paragraphs 3 & 4, the information is attached.  Please be aware these were not the Company's records but were those of Brian Steele.

    As to paragraph 5, although that was previously produced (see bate stamped numbers 000253-255).  I have attached it.

    I was under the impression you have the F.A.A. tape but if we have not copied it for you, we will.  The only transcript I am aware of was prepared for our use with notations and interpretations included and is therefore attorney/client privileged.

76670_1

January 5, 2001
Page 2


I am trying to confirm whether Pete Steele or Juan Morales will be the corporate representative with the most knowledge as to the 1999 EEOC charge and as to hiring practices for the relevant time period. However due to vacations and the holidays, we have been unable to contact either party.

It is my understanding that John Washington can answer questions regarding the state of the 1999 F.A.A. investigation.

Finally, I have been unable to locate any written report by Brian Steele, other than what has been produced. Both he and John Washington are available for depositions after Mr. Huff's deposition.

As you are aware, Steve has been the principal individual responding to discovery requests and you may remember from our correspondence of December 15, 2000 has been on vacation from December 21 through January 8, 2001. It is also difficult to confirm a document does not exist particularly when AmeriJet has had changes in personnel and has relocated its offices. Therefore the above is subject to amendment.

Sincerely,

Susan Potter Norton


SPN:jap
Attachments

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6070-Ferguson/Snow

PATRICK SCOTT MAJOR,                    )   L.T. Case No.
                                        )   99-021746-11
            Plaintiff,                  )
                                        )
vs.                                     )   **ORIGINAL**
                                        )
AMERIJET INTERNATIONAL, INC.,           )
                                        )
            Defendant.                  )
- - - - - - - - - - - - - - - - - - - -)


                        500 East Broward Blvd.
                        Fort Lauderdale, Florida
                        Monday, January 8, 2001
                        3:05 p.m. - 4:04 p.m.


APPEARANCES:

HEINRICH, GORDON, HARGROVE, WEIHE & JAMES, P.A.
BY:  VALERIE SHEA, ESQUIRE
Appearing on behalf of the Plaintiff

ALLEN, NORTON & BLUE, P.A.
BY:  SUSAN POTTER NORTON, ESQUIRE
Appearing on behalf of the Defendant


                -----------------------------

                          DEPOSITION

                             OF

                     JOHN W. WASHINGTON

                -----------------------------

1    really revolves around a lot of this.

2         MS. SHEA:  It seems to me that you have to

3    produce Dave Bassett on the FAA investigation.  So

4    let me know whether you're willing to do that.

5    Because if not, I'm going to have to file some sort

6    of motion on this, because I've gone as far as I can

7    do.  I'm not going to get cooperation on that.

8         MS. NORTON:  I understand.  On the FAA I

9    do agree.  Okay?

10         MS. SHEA:  All right.  Thanks.  Why don't

11    I retain the exhibits, unless you think you need

12    them.

13         THE COURT REPORTER:  Attorney Shea, would

14    you like these transcribed?

15         MS. SHEA:  Yes.

16         THE COURT REPORTER:  Attorney Norton,

17    would you like copies of the transcripts?

18         MS. NORTON:  Yes.

19         THE COURT REPORTER:  And would you like

20    condensed and ASCII?

21         MS. NORTON:  Yes.

22         (Deposition concluded at 4:04 p.m.)

23

24

25

EXHIBIT 7

LAW OFFICES

## ALLEN, NORTON & BLUE

PROFESSIONAL ASSOCIATION

| MIAMI OFFICE | ORLANDO OFFICE | TALLAHASSEE OFFICE | TAMPA OFFICE |
|---|---|---|---|
| SUITE 300 | SIGNATURE PLAZA, SUITE 300 | SUITE 100 | HYDE PARK PLAZA  SUITE 350 |
| 121 MAJORCA | 201 SOUTH ORANGE AVENUE | 906 NORTH MONROE STREET | 324 SOUTH HYDE PARK AVENUE |
| CORAL GABLES, FLORIDA 33134 | ORLANDO, FLORIDA 32801 | TALLAHASSEE, FLORIDA 32303 | TAMPA, FLORIDA 33606 |
| 305/445-7801 | 407/843-0437 | 950/561-3503 | 813/251-1210 |
| FACSIMILE 305/442-1573 | FACSIMILE 407/422-7368 | FACSIMILE 850/561-0332 | FACSIMILE 813/253-2006 |

REPLY TO   Coral Gables

January 10, 2001

*Via Facsimile (954) 524-9481 and U.S. Mail*
Valerie Shea, Esq.
Heinrich, Gordon, Hargrove
    Weihe & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, FL  33394

Re:    Major v. AmeriJet International, Inc.

Dear Valerie:

This is in response to your request for information in the above referenced case. First, you have requested we produce documents of the FAA investigation as it pertains to Captain Brian Steele. You indicated that your client is entitled to the records because AmeriJet has retained an attorney on behalf of Captain Brian Steele and thus, is the "client." We have researched the law regarding the attorney-client privilege and found no cases which would support your position. Furthermore, Florida Regulating Rule 4.1-8(f) specifically allows for an attorney to accept compensation from a third party on behalf of a client provided that (1) the client agrees, (2) that there is no interference with the attorney's independence of professional judgment or **with the attorney-client relationship**, and (3) that information relating to representation of a client **is protected as required by rule 4.1-6** (Confidentiality of Information). Should you find cases to the contrary, please provide us with the same and we will promptly consider them.

With regard to the FAA investigation of AmeriJet, we are in the process of collecting all documents and information held by Mr. Richardson, the attorney hired by AmeriJet to handle the FAA investigation. Quite frankly, there simply is not that much information as the investigation is at a standstill. Moreover, other than Pete Steele who received notice of the investigation and received the Proposed Enforcement of a Penalty from the FAA and possibly Derry Huff, Pete's successor, John Washington and Dave Bassett, who you will depose, no other employee at AmeriJet has any knowledge. In short, because nothing is happening, there is "nothing" to know! Any knowledge that exists regarding the investigation is contained in the documents sent from the FAA to AmeriJet and the written statements forwarded by the crew to the FAA, all of which have been previously forwarded to you and should be in your possession.

76736_1

January 10, 2001
Page 2

We are unable to give you the name of a corporate representative who has the most knowledge regarding the hiring practices of AmeriJet because many of the individuals who may have some knowledge of the hiring practices no longer work for AmeriJet. We believe that Juan Morales, Ed Cook, and Pete Steele, none of whom work for AmeriJet, may have some knowledge of the hiring practices during the relevant time period. In addition, Tracy Dickinson, who is currently employed by AmeriJet may also have limited information on the hiring policies of AmeriJet during the relevant period. Furthermore, Juan Morales is the individual who has the most knowledge of the 1999 EEOC complaint filed by your client.

Lastly, please provide us with anticipated dates in which you would like to depose our experts so that we may coordinate with Mr. Paul Repp, one of our experts, who lives in Atlanta, GA. Also, please confirm your availability on January 29, 2001, the date we previously set for your client's deposition.

Should you have any questions please do not hesitate to call.

Sincerely,

Susan Potter Norton

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

EXHIBIT 8

```
 1          UNITED STATES DISTRICT COURT
 2          SOUTHERN DISTRICT OF FLORIDA
 3
                         CASE NO. 00-6070 FERGUSON/SNOW
 4                       L.T. CASE NO. 99-021746-11
 5
 6   PATRICK SCOTT MAJOR,
 7          Plaintiff,
 8   vs.
 9   AMERIJET INTERNATIONAL, INC.,
10          Defendant.
     _____/
11
```

ORIGINAL

```
14                       One E. Broward Blvd.,
                         Ft. Lauderdale, Florida,
15                       Monday, 10:40 a.m.,
                         February 19, 2001.
16
17
18
19
20              D E P O S I T I O N
21                       of
22             DAVID BASSETT
23        taken on behalf of the Plaintiff
24   pursuant to a Notice of Taking Deposition
25
```



FRIEDMAN, LOMBARDI & OLSON

1  violated.

2      Q.    I just want to make sure I fully explore the basis for

3  that conclusion.

4      A.    Okay.

5      Q.    Any factors that you have not mentioned, that was part

6  of your process in August of 1999?

7           MRS. NORTON:  Object to the form of the question.

8      A.    No.

9      Q.    What is the status of the proposed civil penalty

10  against Amerijet as a result of the August 17th incident?  Has

11  that been paid?

12           MRS. NORTON:  Object to the form of the question.

13      A.    To my knowledge, I haven't.  I am not even aware where

14  it is.  I think it is still in Washington.  I am not sure of the

15  status of that.

16      Q.    Do you know if anyone at Amerijet knows more than you

17  do about that?

18      A.    Maybe our Washington lawyer may know more about it.

19      Q.    You have not been designated as the person most

20  knowledgeable on that subject, so I just want to make sure.  I

21  am making my statement on the record right now.  You will not be

22  presenting anymore evidence?

23           MRS. NORTON:  It depends.  It is pending.

24           MS. SHEA:  You are not testifying.

25           MRS. NORTON:  You looked at me for an answer as to

1   whether we will present anybody more qualified or anybody with

2   additional information.

3         MS. SHEA:  I am saying on the record right now, you

4   will not be presenting at trial another corporate

5   representative?

6         MRS. NORTON:  At this point in time it is still there.

7   I mean there is nothing to say at this point.

8         Q.    (By Ms. Shea:)  Are you the person in Amerijet

9   primarily responsible for responding to and dealing with the FAA

10  on that matter?

11        A.    Well, I get all the letters since I am the General

12  Manager and I am the Safety Officer.  Then I put all that

13  information over in the hands of the Flight Department,

14  specifically Mr. Huff.  When Mr. Steele was there, in his hands.

15  They in turn work through our legal counsel to get back to the

16  FAA and deal with those issues.

17        Q.    So you would defer to Mr. Huff as being the person

18  most knowledgeable at Amerijet on what is going on with that

19  investigation?

20        A.    In this specific case, probably not even Mr. Huff.

21  Probably our attorney.

22        Q.    Who is that?

23        A.    John Richardson.

24        Q.    You do not know whether that matter has been resolved,

25  is pending or what the status of it is from your personal

FRIEDMAN, LOMBARDI & OLSON

1    knowledge?

2        A.    I just heard right here in our discussions that it is

3    still pending.  I have no civil penalty that I am aware of.

4        Q.    You don't know, other than your counsel just

5    interjecting, you could not answer that question?  Is that what

6    you are saying?

7        A.    Not today.

8        Q.    Were you aware that Pat Major filed an EEOC report

9    alleging age discrimination in February of 1999?

10       A.    No, I don't think so.

11       Q.    Have you ever, to this day, been informed that that

12   occurred?

13       A.    Yes.

14       Q.    When did you learn of it?

15       A.    In preparation for this trial.

16       Q.    But at or about the time that it occurred, it did not

17   come to you and you were not made aware of it?

18       A.    Not that I recall.

19       Q.    Do you have any policy or procedure at Amerijet that

20   you would want to know if someone who worked for you had filed a

21   complaint alleging employment discrimination?

22       A.    As I have already testified, I have over 700 people

23   and I have employees filing all kinds of things all the time.

24   It is HR's function.  That's why I employ an HR Department, to

25   take care of these issues.  It is only when it gets to an