UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH /SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## AMERIJET'S PROPOSED JURY INSTRUCTIONS

Defendant, AMERIJET INTERNATIONAL, INC., (hereinafter "AmeriJet") by and through its undersigned counsel, hereby requests that the Court include the following Jury Instructions and Special Verdict Form in its charge to the jury. AmeriJet has provided a diskette of these proposed instructions in WordPerfect 5.1 format to the Court.

Date: November ___, 2003

                                                Respectfully submitted,

                                                _____
                                                Susan Potter Norton
                                                Florida Bar No. 0201847
                                                Email snorton@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
Attorneys for AmeriJet

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Hand Delivery, on this /C/ day of November 2003, upon:

Ms. Valerie Shea, Esq.
HEINRICH GORDON HARGROVE
 WEIHE & JAMES
500 East Broward Boulevard, Suite 1000
Ft. Lauderdale, Florida 33394

_____
Attorney

78523_3.DOC

2

## AMERIJET'S REQUESTED JURY INSTRUCTION NO. 1

### PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the Jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

78523_3.DOC

3

*R*

During the trial, you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by the witness, you should not guess or speculate what the answer might have been nor should you draw any inference or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the Court or judge alone. On some occasions, you may be excused from the Courtroom for the same reason. I will try to limit these interruptions as much

as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to be going slowly.

The order of the trial proceedings will be as follows: In just a moment, the lawyers for each of the parties will be permitted to address you in turn and make what we call "opening statements." Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call Plaintiff's "case in chief." When Plaintiff finishes (by announcing "rest"), AmeriJet will proceed with witnesses and evidence, after which, within certain limitations, Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it

comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority:   Preliminary Instructions Before Trial, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit (2000 Edition) (modified).

Granted:    _____
Denied:     _____
Modified:   _____
Withdrawn:  _____

## AMERIJET'S REQUESTED JURY INSTRUCTION NO. 2

## ADMONITION PRIOR TO COURT'S RECESS

You will not be required to remain together while the Court is in recess. It is important that you obey the following instructions with reference to the recesses of the Court:

First: Do not discuss the case either among yourselves or with anyone else during the course of the trial. In fairness to the parties, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after interchange of views with the other members of the Jury.

Second: Do not permit any person to discuss the case in your presence during the course of the trial, and if anyone does so despite your telling him not to, report that fact to the Court as soon as you are able. You should not, however, discuss with your fellow Jurors either that fact or any other facts that you feel necessary to bring to the attention of the Court.

Third: Though it is a normal tendency to speak with people with whom one is thrown in contact, please do not, during the time you serve on this Jury, speak, whether in or out of the Courtroom, with any of the parties or their attorneys or any witness. By this, I mean do not speak to the parties, witnesses or attorneys at all, even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as Jurors.



Fourth: Do not read about the case in the newspaper, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters which are not proper evidence for your consideration. You must base your verdict solely on what is brought out in Court.

Fifth: Do not do any research or make any investigation about the case on your own.

Sixth: Do not make up your mind about what the verdict should be until after you have gone to the Jury room to decide the case and you and your fellow Jurors have discussed the evidence. Keep an open mind until then.

Authority: § 70.15, Hon. Edward J. Devitt and Hon. Charles B. Blackmar, Federal Jury Practice Instructions (4th Ed. 1987).

Granted: _____
Denied: _____
Modified: _____
Withdrawn: _____

## AMERIJET'S REQUESTED JURY INSTRUCTION NO. 8

### DEPOSITIONS - USE AS EVIDENCE
(TO BE USED ONLY IF DEPOSITION TESTIMONY
IS ADMITTED DURING THE TRIAL)

During the trial of this case, certain testimony has been presented to you by way of depositions, consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration, and otherwise considered by the Jury insofar as possible, in the same way as of the witness had been present, and had testified from the witness stand.

Authority: § 73.02, Hon. Edward J. Devitt and Hon. Charles B. Blackmar, Federal Jury Practice Instructions (4th Ed. 1987), as modified.

Granted: _____
Denied: ___✓___
Modified: _____
Withdrawn: _____

78523_3.DOC

15

## AMERIJET'S REQUESTED JURY INSTRUCTION NO. 10

## <u>RETALIATION UNDER THE ADEA AND FHRA</u>

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under the ADEA and FHRA.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatiatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

1. That he engaged in statutorily protected activity, that is, that he in good faith asserted claims or complaints of discrimination prohibited by federal law;

2. That an adverse employment action then occurred;

78523_3.DOC

17

3. That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

4. That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable in the case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Authority:   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit, Federal Claims Instructions No. 1.9.3 (2000 edition)

Granted: _____
Denied: _____
Modified: _____

78523_3.DOC

18

Withdrawn: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6070-CIV-ZLOCH / SNOW

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

## PROPOSED SPECIAL VERDICT FORM

We, the Jury, return the following verdict:

1.    Based upon the Court's instruction, do you find that the Plaintiff has proven that he disclosed or threatened to disclose a violation of law by Amerijet to an appropriate governmental agency charged with the enforcement of laws, rules, and regulations and that Plaintiff has proven AmeriJet's termination of his employment was substantially motivated by this action?

_____                        _____
Yes                                No

2.    Based upon the Court's instruction, do you find Plaintiff has proven that he objected to the AmeriJet runway analysis policy and that the policy was unlawful and that Plaintiff has proven AmeriJet's termination of his employment was substantially motivated by this action?

_____                        _____
Yes                                No

3.  Based upon the Court's instruction, do you find that Plaintiff has proven by a preponderance of the evidence that Plaintiff's reporting what he reasonably believed was age discrimination was a substantial motivating factor that prompted AmeriJet to discharge Plaintiff?

_____           _____
Yes                  No

If you answered "Yes" to any of questions 1, 2 or 3, then you must answer question 4. If you answered "No" to all of questions 1, 2 and 3, then you are finished and you should not answer the remaining questions.

4.  Based upon the Court's instruction, do you find that Amerijet would have terminated the Plaintiff's employment anyway for a legitimate, non-retaliatory reason even in the absence of any improper motive?

_____           _____
Yes                  No

If you answered "Yes" to any of questions 1, 2 or 3 and "No" to question 4, then you must answer proceed to answer questions 5 through 10. If you answered "No" to all of questions 1, 2 and 3 or if you answered "Yes" to question 4, then you are finished and you should not answer the remaining questions.

5   Based upon the Court's instructions, do you find that back pay damages should be awarded to Plaintiff and against AmeriJet?

_____           _____
Yes                  No

If you answered "Yes" to question 5, then you should proceed to answer question 6. If you answered "No" to question 5, then you should skip question 6 and proceed to answer question 7.

6. What is the total amount of back pay damages, if any, that should be awarded to Plaintiff and against AmeriJet?

$ _____

7. Based on the Court's instructions, do you find that compensatory damages should be awarded to Plaintiff and against AmeriJet?

_____                    _____
Yes                                 No

If you answered "Yes" to question 7, then you should proceed to answer question 8. If you answered "No" to question 7, then you should skip question 8 and proceed to answer question 9.

8. Based on your answer to Question 7, what is the total amount of compensatory damages, if any, that should be awarded to Plaintiff and against AmeriJet?

$ _____

If you answered "Yes" to question 3 and "No" to question 4, then you should answer question 9. If you answered "No" to question 3 or "Yes" to question 4, then you should not answer the remaining question.

9. Based upon the Court's instruction, do you find that the Plaintiff has proven by a preponderance of the evidence that Amerijet's termination of Plaintiff was a willful violation of law?

_____                    _____
Yes                                 No

SO SAY WE ALL.

_____          _____
Foreperson (signature)                   Date

78523_3.DOC