AMERIJET'S REQUESTED JURY INSTRUCTION NO. 1

COURT'S INSTRUCTION TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the Jury room and begin your discussions -- what we call your deliberations.

Authority:    Pattern Jury Instructions No. 1, Civil Cases, U.S. Eleventh Circuit (2000 Edition).

Granted:    _____
Denied:     _____
Modified:   _____
Withdrawn:  _____

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 4

CONSIDERATION OF THE EVIDENCE – DUTY TO FOLLOW INSTRUCTIONS
(CORPORATE PARTY INVOLVED)

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a Court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted into the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have

said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority:    Pattern Jury Instructions No. 2.2, Civil Cases, U.S. Eleventh Circuit (2000 Edition).

Granted:      ___✓___
Denied:       _____
Modified:     _____
Withdrawn:    _____

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 5

<u>CREDIBILITY OF WITNESS</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he/she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witnesses' testimony differ from other testimony or other evidence?

Authority:   <u>Pattern Jury Instructions No. 3, Civil Cases</u>, U.S. Eleventh Circuit (2000 Edition).

Granted: _____✓_____
Denied: _____
Modified: _____
Withdrawn: _____

78523_3.DOC

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 6

IMPEACHMENT OF WITNESS – INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that, at some other time, the witnesses said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he/she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:    Pattern Jury Instructions No. 4.1, Civil Cases, U.S. Eleventh Circuit (2000 Edition).

Granted:      ____✓____
Denied:       _____
Modified:     _____
Withdrawn:    _____

78523_3.DOC

13

AMERIJET'S REQUESTED JURY INSTRUCTION NO.7

<u>BURDEN OF PROOF</u>

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for AmeriJet as to that claim.

Authority:   <u>Pattern Jury Instructions No. 6.1, Civil Cases</u>, U.S. Eleventh Circuit (2000 Edition).

Granted:       _____✓_____
Denied:        _____
Modified:      _____
Withdrawn:     _____

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 9

OVERVIEW OF THE ISSUES

In this case, Plaintiff claims that AmeriJet retaliated against him in violation of the Florida Whistleblower Act, the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). Specifically, Plaintiff alleges that AmeriJet discharged him from employment in retaliation for filing a written report with the National Aviation Space Administration (Aviation Safety Reporting System) ("NASA") ~~and for objecting to AmeriJet's runway analysis policy,~~ and in retaliation for filing a complaint of age discrimination with the Equal Employment Opportunity Commission.

AmeriJet denies these allegations. *Defendant maintains that* Plaintiff was fired after he allowed a plane to takeoff that he believed was dangerous. This caused AmeriJet to lose confidence in his judgment and decision making and it found him to be too great a risk to remain in the cockpit as a First Officer. *Defendant asserts that* Neither Plaintiff's charges nor his letter to NASA had anything to so with AmeriJet's decision.

Authority:    Plaintiff's Complaint, AmeriJet's Dispositive Motion for Summary Judgment; Final Pretrial Stipulation.

Granted:      _____
Denied:       _____
Modified:     ____✓____
Withdrawn:    _____

78523_3.DOC

16

## WHISTLEBLOWER ACT

The first claim of the plaintiff, Patrick Major, arises under the Florida Whistleblower Act. This law prohibits an employer from retaliating against an employee for "blowing the whistle," that is, **either disclosing** illegal conduct by the employer to a governmental agency, **or objecting** to an illegal activity.

In order to prevail on his whistleblower claim, Mr. Major must prove by the preponderance of the evidence: *he in good faith reasonably believed*

First:    that he engaged in actions protected under the Whistleblower Act by either disclosing an activity of Amerijet that violated federal aviation regulations to an appropriate governmental agency. The Court has previously found, and I advise you as a matter of law, that Mr. Major's report to NASA was to an appropriate governmental agency.

**or**

that he objected to an activity of Amerijet that *he in good faith reasonably believed* violated federal aviation regulations.

**or**

*In this regard it is insufficient for the plaintiff to merely allege that his belief was honest and bona fide. The record must also establish by a preponderance of the evidence that the belief, even if mistaken, was objectively reasonable.*

that he did both, ~~The Court has previously found, and I instruct you as a matter of law, that the August 17, 1999, takeoff of Amerijet Flight 827 did violate federal aviation regulations.~~

Second:    that an adverse employment action then occurred, that is, Amerijet terminated Mr. Major's employment;

Third:    that Mr. Major's termination was causally related to Mr. Major's activities protected under the Whistleblower Act; and

Fourth:    that Mr. Major suffered damages as a proximate or legal result of being terminated.

For an adverse employment action to be "causally related" to protected activities it must be shown that, but for the protected activity, the adverse employment action would not have

1

occurred. Or, stated another way, it must be shown that the whistleblowing activity by Mr. Major was a substantial, motivating cause that made a difference in Amerijet's decision to terminate his employment.


Authorities

Florida Statutes section 448.102(1), (3) (1999); Sierminski v. Transouth Financial Corp., 216 F.3d 945, 950 (11th Cir. 2000); 11th Cir. Pattern Civ. Jury Inst. 1.9.3 (Retaliation)

Court's Order on Summary Judgment, July 2, 2003

## RETALIATION CLAIM
Pattern Civ. Jury Inst. 11th Cir. 1.9.3

The second claim of the plaintiff, Mr. Major, is that the defendant, Amerijet, retaliated, that is, took revenge against the plaintiff because the plaintiff had previously taken steps seeking to enforce the plaintiff's lawful rights under the Age Discrimination in Employment Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, Mr. Major must prove by a preponderance of the evidence:

First:    that he engaged in statutorily protected activity, that is, that he in good faith asserted claims or complaints of discrimination prohibited by federal law. His filing a charge of discrimination with the EEOC was such a protected activity.

Second:    that an adverse employment action then occurred,

Third:    that the adverse employment action was causally related to the plaintiff's statutorily protected activities; and

Fourth:    that the plaintiff suffered damages as a proximate or legal result of such adverse employment action.

3

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred.  Or, stated another way, it must be shown that the protected activity by the plaintiff was a substantial, motivating cause that made a different in the defendant's decision.

DEFENDANT'S DECISION
Pattern Civ. Jury Inst. 11th Cir. 1.9.3

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may terminate or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 11

<u>MIXED MOTIVE DEFENSE</u>

If you find by a preponderance of the evidence that Plaintiff has proven that AmeriJet terminated his employment in retaliation for engaging in protected activity, you must then consider whether AmeriJet would have made the same decision even if it had not taken these improper motives into account. That is, you must determine whether AmeriJet would have discharged Plaintiff for legitimate reasons even in the absence of any retaliatory conduct. If you find that AmeriJet would have made the same decision to discharge Plaintiff from his employment even in the absence of any retaliation, you must find in favor of AmeriJet.

Authority:    Federal Employment Jury Instructions, § 2:370 (2000 Edition) (modified);
<u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 252, 258 (1989). <u>Pennington v. City of Huntsville</u>, 261 F 3d 1262, 1269 (11th Cir 2001)(mixed motive finding bars liability in retaliation cases)

Granted:      _____✓_____
Denied:       _____
Modified:     _____
Withdrawn:    _____

AMERIJET'S PROPOSED JURY INSTRUCTION NO. 12

<u>INTRODUCTION TO DAMAGES</u>

In the event you are convinced by the evidence that AmeriJet did not engage in any unlawful retaliatory action when it discharged Plaintiff from his employment, then you need not determine the amount of damages. However, if you are convinced by a preponderance of the evidence that AmeriJet did unlawfully retaliate against Plaintiff, then you must determine the amount of damages, if any, Plaintiff has sustained.

You should not interpret the fact that I have given you instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, be awarded ~~lost wages.~~ *damages)* I am instructing you on damages only so that you will have guidance in the event you decide that AmeriJet is liable and Plaintiff is entitled to recover money from AmeriJet.

You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence to have been the direct result of the alleged conduct in violation of his rights. That is, you may not simply award actual damages for any injury suffered by Plaintiff. Instead, you must award actual damages only for those injuries that are a direct result of actions by AmeriJet and that are a direct result of conduct by AmeriJet which violated Plaintiff's rights, as opposed to being the result of Plaintiff's own choices.

In considering the issue of Plaintiff's damages, you are instructed to assess the amount you find to be justified by a preponderance of the evidence as full, just, and

reasonable compensation for all of Plaintiff's damages, no more and no less, sustained by Plaintiff as a direct consequence of AmeriJet's conduct. Further, in calculating the amount of damages, if any, you shall not include any amount for attorneys' fees, interest, or costs. If appropriate, the Court will calculate those items and include them in any final judgment.

Damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. They must be based on the evidence presented at trial and only on that evidence.

Authority:   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit, Federal Claims Instructions No. 1.4.1 (2000 edition) (modified); ABA Model Jury Instructions, Employment Litigation, Section 1.08(10)(a) (modified); Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435 (11th Cir.), cert. denied, 474 U.S. 1005, 106 S.Ct. 525, 88 L. Ed. 2d 457 (1985) (citing Dean v. American Security Ins. Co., 559 F.2d 1036 (5th Cir. 1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L. Ed. 2d 767 (1978)); Gordon v. Pall Aeropower Corp., 12 Fla. Law W. Fed D21, 1998 U.S. Dist. LEXIS 18602 (M.D. Fla. Sept. 28, 1998).

Granted:      ___✓___
Denied:       _____
Modified:     _____
Withdrawn:    _____

AMERIJET'S PROPOSED JURY INSTRUCTION NO. 13

<u>BACK PAY  DAMAGES</u>

In the event that you are not persuaded by the evidence that AmeriJet retaliated against Plaintiff, you need not consider back pay damages.  However, in the event that you are convinced by the evidence that AmeriJet discharged Plaintiff from employment due to unlawful retaliation, you should consider the following elements of damages for back pay -- to the extent you find them proved by a preponderance of the evidence -- and no others:

If you find Plaintiff was unlawfully discharged, you should consider the difference between any wages which Plaintiff would have earned had he remained employed by AmeriJet <u>up until the present time</u> and the wages he actually earned after his discharge.

You should also consider the difference between any fringe benefits or other job related benefits which Plaintiff would have received or earned up until the present time and the benefits he actually earned after he had allegedly been discriminated against.

In determining damages, you must consider whether the Plaintiff has mitigated his damages.  You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

~~Plaintiff had a duty to remain in his position as an airman and thereby mitigate his damages.~~  Plaintiff had the duty to use reasonable diligence to earn what he could from the time he was no longer working for AmeriJet.  This includes the duty to use

reasonable efforts to immediately seek other ~~comparable~~ employment to remain in the workplace, ~~and to remain in the aviation industry.~~

An employer cannot be held fully responsible for lost back pay that accumulates as a result of a personal decision not to seek ~~immediate comparable~~ employment, including withdrawing from the workplace entirely, returning to school, ~~withdrawing from the aviation market~~ or voluntarily resigning from a subsequent job.

So, if you should find in favor of Plaintiff on the question of liability but also find that Plaintiff failed to seek out, quit or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

These are the only elements of damages with respect to back pay that you may consider. With respect to back pay, damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.


Authority:    American Bar Association, Model Jury Instructions, Employment Litigation, Sections 1.07[1] (modified); Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit Supplemental Damages Instructions No. 1.1 (2000 edition) (modified); Senello v. Reserve Life Ins. Co., 667 F. Supp 1498 (S.D. Fla. 1987) aff'd 872 F.2d 393 (11th Cir. 1987).


Granted:      _____
Denied:       _____
Modified:     __✓_____
Withdrawn:    _____


78523_3.DOC

## FRONT PAY

If plaintiff, Mr. Major, proves by a preponderance of the evidence that defendant, Amerijet, wrongfully terminated him, you may also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Mr. Major would have earned had Mr. Major not been terminated for the period from the date of your verdict until the date when Mr. Major would have voluntarily resigned or obtained other employment. You may award Mr. Major damages for future lost wages only if you determine that these damages were caused by the defendant's retaliatory termination. If you determine Mr. Major is entitled to future lost wages, you must consider the following in arriving at an amount:

First:      Plaintiff's prospects for another similar job.

Second:     The length of time that it should take Mr. Major to get such a job.

Third:      The number of years remaining before Mr. Major would most probably retire.

You must also reduce any award to its present value by considering the interest that Mr. Major could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Mr. Major if Mr. Major receives it today than if Mr. Major received it in the future, when Mr. Major would otherwise have earned it. It is more valuable because Mr. Major can earn interest on it for the period of time between the date of the award and the date Mr. Major would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Mr. Major can earn on that amount in the future.

Authority

3C Fed. Jury prac. & Instr. § 173.71 (5th ed.)

8

AMERIJET'S PROPOSED JURY INSTRUCTION NO. 14

COMPENSATORY DAMAGES

Plaintiff has *also* alleged that, as a result of AmeriJet's allegedly intentional discrimination against him, he has suffered emotional pain and suffering.  These are called compensatory damages.  Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.  If he does not establish by a preponderance of the evidence that he has experienced emotional pain and suffering because of AmeriJet's alleged conduct, then he cannot recover compensatory damages.

If you determine that Plaintiff has proven by a preponderance of the evidence that he experienced emotional pain and suffering, you may, but are not required to, award damages for those injuries.  No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for the elements of damages.  The damages that you award must be fair compensation -- no more and no less.

When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering he allegedly experienced.  You must also consider its extent or duration, as any award you make must cover the damages endured by Plaintiff since the alleged wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that his emotional stress and its

consequences have continued to the present time or can reasonably be expected to continue in the future.

You must also remember that Plaintiff has the burden of proving that the alleged discrimination by AmeriJet with respect to failing to promote him or discharging him from employment reasonably caused the stress that resulted in his alleged emotional harm. You should consider other non-job related stress factors which could have contributed to Plaintiff's mental stress when making this determination, ~~including, but not limited to, his divorce and his familial situation, and any previously-present emotional or mental difficulties.~~ If, in view of the greater weight of all the evidence, Plaintiff does not prove with sufficient certainty that the alleged discrimination by AmeriJet, as opposed to other life stresses, reasonably caused the emotional harm claimed, then he is not entitled to compensatory damages in this case from AmeriJet.

Authority:    American Bar Association, <u>Model Jury Instructions, Employment Litigation</u>, Sections 1.07[3];  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §§ 104.5, 1-4.6, 104A.11 (1987 and Supp. 1993) (modified); <u>Vance v. Southern Bell Telephone and Telegraph Co.</u>, 863 F.2d 1503 (11th Cir. 1989);  <u>Stallworth v. Shuler</u>, 777 F.2d 1431 (11th Cir. 1985); <u>Carey v. Piphus</u>, 435 U.S. 247 (1978).

Granted:    _____
Denied:     _____
Modified:   __✓_____
Withdrawn:  _____

## LOSS OF FUTURE EARNINGS CAPACITY

If you find that Mr. Major has proven by a preponderance of the evidence that Amerijet retaliated against Mr. Major when it terminated him, you may award Mr. Major damages for lost future earnings capacity. Damages for lost future earnings *capacity* are meant to compensate Mr. Major for diminished earnings *capacity* resulting from the reputational harms he suffered as a result of Amerijet's retaliatory discharge of him. For example, Mr. Major may be negatively affected for the rest of his career concerning what employment he may be able to obtain because his employment record indicates that he was fired.

Damages for lost future earnings capacity are not limited in duration, because the reputational or other injury that causes the diminution in expected earnings can stay with Mr. Major indefinitely. However, any award of damages for lost future earnings capacity may not exceed the diminution (that is, the reduction) in expected earnings in all of Mr. Major's future jobs. That is, you may only award such damages in an amount and for as long as you find that the reputational or other injury may be expected to affect Mr. Major's job prospects.

Authorities

448.103(2)(e); 760.11(5); <u>Williams v. Pharmacia, Inc.</u>, 137 F.3d 944, 953-54 (7th Cir. 1998); <u>W. R. Grace & Co. v. Pyke</u>, 661 So. 2d 1301, 1302 (Fla. 3d DCA 1995)

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 15

WILLFULNESS UNDER THE ADEA

If you find that AmeriJet violated the ADEA and FHRA by discharging the Plaintiff because he reported conduct that he reasonably believed was age discrimination, you should consider whether AmeriJet's conduct was "willful," as defined by this instruction. If you find that AmeriJet's conduct was willful, the Court will award money damages in addition to the damages which you may award, if any. If you find that AmeriJet did not act unlawfully when it discharged Plaintiff, you need not consider the issue of willfulness.

If AmeriJet knew that its action in discharging the Plaintiff was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If AmeriJet did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Authority:   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit, Federal Claims Instructions No. 1.4.1 (2000 edition) (modified); ABA Model Jury Instructions, Employment Litigation, No. 1.08(10)(c) (1994 edition) (modified).

Granted:      ___✓___
Denied:       _____
Modified:     _____
Withdrawn:    _____

78523_3.DOC

## LIQUIDATED DAMAGES
Pattern Civ. Jury Inst. 11th Cir. 1.4.1

If you find that Amerijet willfully violated the law that prohibits retaliation against an employee who files a complaint of age discrimination, as claimed by the plaintiff, the plaintiff is entitled to double back pay damages. This means that the Court would award the damages you have calculated in the category of back pay plus an equal amount as liquidated damages. If Amerijet knew that discharging Mr. Major was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If the employer did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 16

DUTY TO DELIBERATE

The fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe Plaintiff should or should not prevail in this case.

Any verdict you reach in the Jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as Jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the Jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that, in a very real way, you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Authority:   Pattern Jury Instructions No. 7.1, Civil Cases, U.S. Eleventh Circuit (2000 Edition).


Granted:       ____✓____
Denied:        _____
Modified:      _____
Withdrawn:     _____


78523_3.DOC

28

AMERIJET'S PROPOSED JURY INSTRUCTION NO. 17

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts and summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that, you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Authority:     § 73.09, Hon. Edward J. Devitt and Hon. Charles B. Blackmar, <u>Federal Jury Practice and Instructions</u>, (4th ed. 1987).

Granted:     _____✓_____
Denied:     _____
Modified:     _____
Withdrawn:     _____

78523_3.DOC

29

AMERIJET'S REQUESTED JURY INSTRUCTION NO. 18

ELECTION OF FOREPERSON – EXPLANATION OF VERDICT FORM(S)

When you go to the Jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

[Explain Verdict Form]

You will take the verdict form to the Jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the Courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshall who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the Courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Authority:    Pattern Jury Instructions No. 8, Civil Cases, U.S. Eleventh Circuit (2000 Edition).

Granted:      _____✓_____
Denied:       _____
Modified:     _____
Withdrawn:    _____

78523_3.DOC