UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6070-CIV-GONZALEZ/Snow

PATRICK SCOTT MAJOR,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____/

NIGHT BOX FILED

DEC 10 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SERVE ITS RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

Defendant, AMERIJET INTERNATIONAL, INC. (hereinafter "Amerijet" or "Defendant") by and through undersigned counsel hereby files Defendant's Motion for Extension of Time to Serve Its Response to Plaintiff's Motion for Attorney's Fees, Costs and Expenses. In support thereof, Defendant states:

1. Plaintiff served its Motion for Attorney's Fees, Costs And Expenses And Supporting Memorandum of Law on November 26, 2003.

2. Defendant's Response to Plaintiff's Motion for Attorney's Fees, Costs and Expenses is due to be served on December 12, 2003.

3. On December 2, 2003, Plaintiff's counsel served upon Defendant's Counsel the attached letter regarding its Motion for Attorney's Fees, Costs, And Expenses. (Exhibit A). Aside from the fact that the letter does not even address Plaintiff's counsel's own fault regarding its allegations, the letter raises allegations for

94109_1

1

which Defendant requires additional time before deciding how to proceed. (Exhibit A & B).

4. A cursory review of the attached letter exemplifies that Defendant's request is made in good faith, in an effort to properly confer with all parties before making a decision on how to proceed, before responding to Plaintiff's Motion. (Exhibit A).

5. Therefore, Defendant respectfully requests an extension of time of thirty (30) days, up to and including January 12, 2004 to serve its Response to Plaintiff's Motion for Attorney's Fees, Costs, And Expenses.

6. Counsel for Defendant contacted Counsel for Plaintiff regarding the requested extension but Counsel for Plaintiff was not available.

7. The requested extension is made in good faith, not made for purposes of delay, and will not prejudice any party to this action.

WHEREFORE, in light of the foregoing, the Defendant respectfully requests that this Honorable Court grant Defendant's Motion for Extension of Time to Serve its Response to Plaintiff's Motion for Attorney's Fees, Costs, And Expenses, up to and including January 12, 2004.

Respectfully submitted,

*/s/ Zascha Blanco*

Susan Potter Norton
Florida Bar No. 0201847
Email snorton@anblaw.com
Zascha Blanco
Florida Bar No. 0614671
Email zblanco@anblaw.com

Allen, Norton & Blue, P.A.<br>
121 Majorca Avenue, Suite 300<br>
Coral Gables, Florida 33134<br>
Tel:  305-445-7801<br>
Fax:  305-442-1578<br>
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, on this <u>10th</u> day of December, 2003 upon:

Valerie Shea, Esq.
Mark R. Boyd, Esq.
Gordon, Hargrove & James, P.A.
500 East Broward Boulevard, Suite 1000
Fort Lauderdale, Florida 33394

*[signature]*
Attorney

# GORDON HARGROVE & JAMES

PROFESSIONAL ASSOCIATION
LAW OFFICES

Mark R. Boyd
Direct No. (954) 519-1560

December 2, 2003

Susan Potter Norton, Esquire
Allen Norton & Blue
121 Majorca Avenue
Coral Gables, FL 33314

Re:  Major v. Amerijet
     Our File No. 81975.002

Dear Ms. Norton:

The jury has now spoken with respect to your client, Amerijet's, liability in the claims brought by our client, Pat Major. The jury returned a verdict in favor of Mr. Major in the amount of $522,120. As you know, we have recently filed our motion for attorneys' fees, costs, and expenses with a supporting memorandum of law. The fees award will range somewhere between $320,000 and $445,000. The firm has incurred $42,000 in costs. Thus Amerijet will be ultimately responsible for judgments totaling in excess of $880,000.

Early on in the litigation my partner, Valerie Shea, had requested a true copy of Amerijet's liability insurance policy, which you forwarded to her attention. While the policy is less than clear, it appears as though the policy is a "defense within limits" or DWL policy – the costs of defense of the litigation, including attorneys' fees, reducing the available policy limits. The amount of policy limits as reflected on the declarations page of the policy indicates an aggregate amount of $1 million. At the time of the *Major* claim, Ms. Shea was also representing Luis Michaels in a separate claim against Amerijet which involved the same policy period. You are aware that Ms. Shea was successful in her lawsuit against Amerijet on behalf of her client, Luis Michaels, and Amerijet's insurance carrier paid $480,000. That left Amerijet's insurance carrier with something slightly less than $520,000 with which to attempt to resolve Mr. Major's claim. Demands were made for the available policy limits several years ago, but no effort was made on the part of Amerijet's insurance carrier to attempt to prudently resolve Mr. Major's claim until approximately a month or so before trial when you advised me at Mr. Major's updated deposition that there was "…approximately $50,000…" remaining under the policy. In short, the carrier expended over half a million dollars of the available policy limits to pay your firm for its

500 East Broward Boulevard, Suite 1000, Fort Lauderdale, Florida 33394
Telephone (954) 527-2800 • Telecopier (954) 524-9481 • www.ghj.com


EXHIBIT A

Susan Potter Norton, Esq.
December 2, 2003
Page 2

defense of Amerijet, leaving virtually nothing remaining to protect the interests of Amerijet in Mr. Major's sizeable claim. Had the carrier acted prudently and reasonably when Ms. Shea made the demand for available policy limits, Amerijet would not have been exposed to a judgment. Had the carrier acted in the best interests of Amerijet, as is its fiduciary duty to do, this litigation which was grossly protracted by your defense schemes would have been timely and efficiently resolved, both to the benefit of Amerijet and our client Mr. Major.

The DWL policy issued by the carrier to Amerijet creates in the first instance an inherent *conflict of interest* between the carrier and Amerijet, as well as a *conflict of interest* between your law firm and your client Amerijet. Every dollar spent by the carrier to your law firm for the defense of Amerijet is a dollar less available for settlement of Mr. Major's claim against Amerijet. The more vigorous the defense, the *less likely* Amerijet's carrier can settle Mr. Major's claim. There is no doubt that your defense was "over the top"; there were 266 docket entries in the District Court file. Your firm was obviously well paid by the carrier – but at what cost to your client Amerijet? Only *your firm* benefited from this scorched earth defense; Amerijet has no benefit under its policy for which it paid significant premium dollars; Mr. Major, while a successful claimant against Amerijet's violative employment practices, will not be compensated in a timely and efficient manner, thus necessitating this letter.

I am enclosing duplicate original letters so that you can provide one directly to Mr. Dave Bassett, president of Amerijet. I urge you to recommend that Mr. Bassett retain *independent counsel* to review this letter and have his independent counsel contact me and attempt to try to resolve Mr. Major's claim against his company. Amerijet's insurance carrier has acted *adversely* to the best interests of its insured by not timely, efficiently, reasonably, and prudently resolving Mr. Major's claim when it could have and should have. Your firm, in utilizing a scorched earth defense, did so with the full knowledge that the policy limits would be diverted to the payment of your firm's legal bills and not to the protection of Amerijet from any adverse judgment.[1]

I want to have the opportunity to speak with Mr. Bassett's independently retained counsel to discuss the possibility of Mr. Major resolving his claims against Amerijet. Unfortunately, you will not be able to advise Mr. Bassett in the anticipated discussions as you and your firm would have a severe conflict of interest in giving Amerijet any legal advice, since it was your firm's actions in undertaking the scorched earth defense that has left Amerijet without any insurance proceeds with which to settle Mr. Major's sizeable claims.

I would appreciate a letter from you advising me that a duplicate copy of this letter has indeed been submitted to Mr. Bassett at Amerijet. Mr. Major has waited a very long time to resolve his claims against Amerijet and the quicker you submit a duplicate copy of this letter to Mr. Bassett for his consideration and his retention of independent counsel, the quicker we may be able to draw the curtain on this horribly protracted, tortured claim.

---

[1] I have used the term "scorched earth" to describe the nature of your pretrial defense of Amerijet; however, *you did not put on a defense at trial; you called no FAA expert; you called no forensic accounting expert to dispute Mr. Major's monetary claims; your final argument was ten minutes.*

Susan Potter Norton, Esq.
December 2, 2003
Page 3

I await your written response.

Very truly yours,

*[signature]*

MARK R. BOYD

MRB:ccj
cc:   Valerie Shea, Esq.
      Patrick Major

81975\002\letters\norton-fees

| ORLANDO OFFICE | LAW OFFICES | TALLAHASSEE OFFICE |
|---|---|---|
| 1477 WEST FAIRBANKS AVENUE<br>SUITE 100<br>WINTER PARK, FL 32789-7113<br>407-571-2152<br>FACSIMILE 407-571-1496 | **ALLEN, NORTON & BLUE**<br>PROFESSIONAL ASSOCIATION<br><br>121 MAJORCA AVE<br>SUITE 300<br>CORAL GABLES, FL 33134-4508<br>305-445-7801<br>FACSIMILE 305-442-1578 | 1669 MAHAN CENTER BLVD.<br>TALLAHASSEE, FL 32308-5454<br>850-942-5522<br>FACSIMILE 850-942-5524 |
| TALLAHASSEE DOWNTOWN<br>906 NORTH MONROE STREET<br>SUITE 100<br>TALLAHASSEE, FL 32303-6143<br>850-561-3503<br>FACSIMILE 850-561-0332 | | TAMPA OFFICE<br>324 SOUTH HYDE PARK AVENUE<br>HYDE PARK PLAZA, SUITE 350<br>TAMPA, FL 33606-4127<br>813-251-1210<br>FACSIMILE 813-253-2006 |

REPLY TO: Coral Gables

December 3, 2003

<u>**Via Facsimile**</u>

Mr. Mark R. Boyd
Gordon Hargrove & James, P.A.
500 East Broward Boulevard
Suite 1000
Fort Lauderdale, Florida 33394

    Re: Major v. Amerijet International, Inc.
        Case No. 00-6070-Zloch

Dear Mr. Boyd:

    I am in receipt of your letter dated December 2, 2003. Although you called on the 1st and 2nd in an allegedly good faith effort to resolve the Motion for Fees and Costs, I note you mailed rather than faxed that letter. Obviously, I need additional time before I in good faith could explore any resolution of your outstanding Motion for Fees and Costs.

                                      Sincerely,

                                        Susan Potter Norton

SPN: emc

93973_1


EXHIBIT B